```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                 :

          -v.-                           :
                                                    POST-COMPLAINT
ALL RIGHT, TITLE, AND INTEREST OF ASSA   :          PROTECTIVE ORDER
CORPORATION, ASSA COMPANY LIMITED, AND              PURSUANT TO
BANK MELLI IRAN IN 650 FIFTH AVENUE      :          18 U.S.C. § 983(j)(1)
COMPANY, INCLUDING BUT NOT LIMITED TO THE
REAL PROPERTY AND APPURTENANCES LOCATED AT :
650 FIFTH AVENUE, NEW YORK, NEW YORK, WITH          08 Civ. 10934 (RJH)
ALL IMPROVEMENTS AND ATTACHMENTS THEREON, :

ALL FUNDS FORMERLY ON DEPOSIT AT CITIBANK, :
N.A., NEW YORK, NEW YORK, IN ACCOUNT
NUMBER 78429712, IN THE NAME OF ASSA     :
CORPORATION, AND ALL FUNDS TRACEABLE
THERETO,                                 :

ALL FUNDS FORMERLY ON DEPOSIT AT CITIBANK, :
N.A., NEW YORK, NEW YORK, IN ACCOUNT
NUMBER 8881654552, IN THE NAME OF ASSA   :
CORPORATION, AND ALL FUNDS TRACEABLE
THERETO,                                 :

ALL FUNDS FORMERLY ON DEPOSIT AT JPMORGAN :
CHASE BANK, N.A., BATON ROUGE, LOUISIANA,
IN ACCOUNT NUMBER 2724409590, IN THE NAME :
OF ASSA CORPORATION, AND ALL FUNDS
TRACEABLE THERETO, AND                   :

ALL FUNDS FORMERLY ON DEPOSIT AT JPMORGAN :
CHASE BANK, N.A., BATON ROUGE, LOUISIANA,
IN ACCOUNT NUMBER 725700280, IN THE NAME :
OF ASSA CORPORATION, AND ALL FUNDS
TRACEABLE THERETO,                       :

          Defendants in rem.             :
- - - - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/08

WHEREAS, on December 17, 2008, the United States commenced this action, upon the filing of a verified complaint (the "Complaint"), seeking forfeiture of the above-captioned properties, which include but are not limited to:

> All right, title, and interest of Assa Corporation, Assa Company Limited, and Bank Melli Iran in 650 Fifth Avenue Company, including but not limited to the real property and

appurtenances located at 650 Fifth Avenue, New York, New York, with all improvements and attachments thereon (the "Defendant Property");

WHEREAS, the Complaint alleges, in part, that 650 Fifth Avenue Company (the "Fifth Avenue Company") is a partnership between the Alavi Foundation of New York (the "Alavi Foundation") and Assa Corporation; that the Alavi Foundation and Assa Corporation own 60% and 40%, respectively, of the Fifth Avenue Company; and that Assa Corporation and its parent, Assa Company Ltd., are straw companies owned and controlled by Bank Melli Iran ("Bank Melli");

WHEREAS, the Complaint further alleges that the Fifth Avenue Company owns the real property and appurtenances located at 650 Fifth Avenue, New York, New York (the "Building");

WHEREAS, the Complaint further alleges that Assa Corporation has been exporting and/or supplying services to Bank Melli in violation of Executive orders issued pursuant to regulations promulgated under the International Emergency Economic Powers Act ("IEEPA") and regulations issued by the United States Department of Treasury, Office of Foreign Assets Control ("OFAC"), and that the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering and attempted money laundering transactions, in violation of 18 U.S.C. §§ 1956 and 1957;

WHEREAS, on December 17, 2008, OFAC designated Assa Corporation "for being an entity controlled by, and for acting for or on behalf of, Bank Melli, and for having provided financial support for, or services in support of, Bank Melli";

WHEREAS, the Building is currently being managed by Jones,

Lang, LaSalle (the "Management Company"); and

WHEREAS, the United States has applied for a protective order to preserve the availability of the Defendant Property for civil forfeiture;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 18 U.S.C. § 983(j)(1)(A), THAT:

### Prohibited Actions

1. All persons and entities having actual knowledge of this Protective Order shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of, the Defendant Property.

2. All persons and entities having actual knowledge of this Protective Order shall not, directly or indirectly, destroy any documents relating in any manner or part to the allegations in the Complaint, including but not limited to the books and records of the Fifth Avenue Company, the Pahlavi Foundation, the Mostazafan Foundation, the Alavi Foundation, Assa Corporation, Assa Company Ltd., and/or Bank Melli.

### Maintaining the Property

3. The Management Company and the Fifth Avenue Company shall maintain all books and records in their possession, custody and/or control, that relate in any manner or part to the Fifth Avenue Company, the Pahlavi Foundation, the Mostazafan Foundation,

-3-

the Alavi Foundation, Assa Corporation, Assa Company Ltd., Bank Melli, and/or the allegations in the Complaint.

4. The Fifth Avenue Company shall provide to the United States, or its designee, within twenty (20) days of this Protective Order, the following:

(i) a complete list of the Fifth Avenue Company's assets, including but not limited to any real properties, personal properties, bank accounts, and/or investment accounts; and

(ii) a report of monthly income and expenses from December 2007 through the Present, including an accounting of disbursements to Assa Corporation and the Alavi Foundation.

5. The Management Company shall provide to the United States, or its designee, within twenty (20) days of this Protective Order, the following:

(i) a copy of the Management Company's agreement(s) with the Fifth Avenue Company, the Alavi Foundation, and/or Assa Corporation;

(ii) a complete list of the Building's tenants and rent rolls; and

(iii) a report of monthly income and expenses for the Building from December 2007 through the Present.

6. The Fifth Avenue Company and the Management Company shall make available for inspection to the United States, or its designee, the books and records of the Fifth Avenue Company.

7. The Management Company shall continue to comply with

-4-

the terms of its agreement(s) with the Fifth Avenue Company, unless such terms are prohibited by this Protective Order or otherwise prohibited by law (including any prohibitions arising from OFAC's designation of Assa Corporation).

8. The Management Company and/or Fifth Avenue Company shall, within twenty (20) days of the issuance of this Protective Order, provide an accounting of all income and/or disbursements due and owing to Assa Corporation from the Fifth Avenue Company.

9. The Management Company and/or Fifth Avenue Company shall transfer all income and/or other disbursements due and owing to Assa Corporation from the Fifth Avenue Company to a bank account (the "Designated Account") to be provided by the United States within ten (10) days of this Protective Order, in accordance with any licenses issued by OFAC.

10. The Management Company shall provide to the United States, or its designee, on a monthly basis, a report of the income and expenses for the Building.

11. The Fifth Avenue Company shall provide to the United States, or its designee, on a monthly basis, a report of the income and expenses for the Fifth Avenue Company.

12. Nothing in this Protective Order shall be construed as prohibiting any debtors, creditors, or tenants from complying with the terms of their agreement(s) with the Fifth Avenue Company and/or the Management Company.

13. Nothing in this Protective Order shall be construed as affecting in any way the rights of any part under Section 201 of the Terrorism Risk Insurance Act of 2002.

SO ORDERED this
17 day of December 2008:

_____
HONORABLE RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK