Daniel S. Ruzumna (DR-2105)
Krista Caner (KC-7358)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

*Attorneys for Claimant 650 Fifth Avenue Company*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| ALL RIGHT, TITLE, AND INTEREST OF ASSA CORPORATION, ASSA COMPANY LIMITED, AND BANK MELLI IRAN IN 650 FIFTH AVENUE COMPANY, INCLUDING BUT NOT LIMITED TO THE REAL PROPERTY AND APPURTENANCES LOCATED AT 650 FIFTH AVENUE, NEW YORK, NEW YORK, WITH ALL IMPROVEMENTS AND ATTACHMENTS THEREON, *ET AL.*, | : : : : : Civil Action No. 08 Civ. 10934 (RJH) |
| Defendants *in rem*. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### 650 FIFTH AVENUE COMPANY'S VERIFIED CLAIM AND STATEMENT OF INTEREST IN DEFENDANT PROPERTIES

PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
212-336-2000

Petitioner 650 Fifth Avenue Company, a duly authorized partnership organized under the laws of New York with its only place of business in New York, New York (the "Fifth Avenue Company" or the "Partnership"), hereby makes this formal claim and asserts its interest in certain of the Defendant Properties (collectively referred to as the "Contested Fifth Avenue Company Properties"). The Fifth Avenue Company claims and asserts an interest in:

- The premises known and described as 650 Fifth Avenue, New York, New York ("650 Fifth Avenue" or the "Building);

- The funds on deposit at JP Morgan Chase Bank, N.Y., account number 230484468 ("C68 Account");

- The funds on deposit at JP Morgan Chase Bank, N.A., account number 230484476 ("C76 Account");

For the reasons set forth below, the Court should order that a hearing be held to adjudicate the validity of its claims and, after the hearing is concluded, hold that the Petitioner has superior right, title and interest in each and every one of the Contested Fifth Avenue Company Properties as compared to the Government.

## Relevant Background

1.    On or about October 31, 1989, the Alavi Foundation (the "Foundation") transferred its ownership interest in the Building at 650 Fifth Avenue to the newly-formed Fifth Avenue Company in exchange for a 65% partnership interest in the Fifth Avenue Company. On or about the same date, Assa Corporation ("Assa"), a New York corporation that was purportedly owned by a Channel Islands corporation called Assa Company Limited, transferred approximately $44,800,000 to the Fifth Avenue Company in exchange for a 35% interest in the Partnership. The Partnership used the $44,800,000 and approximately $1,077,077 from the Foundation to pay in full the outstanding principal and accrued interest of the mortgage on 650 Fifth Avenue held by Bank Melli. These transactions were completed with all necessary notice

1

and approval by the Internal Revenue Service, the New York Attorney General's Office, and the Supreme Court of New York. Since October 1989, the Fifth Avenue Company has been the sole owner of the building at 650 Fifth Avenue.

2. In August 1994, Assa Corporation purchased an additional 5% interest in the Fifth Avenue Company from the Foundation for $5,000,000. Since 1994, the Foundation has held a 60% interest and Assa Corporation has held a 40% interest in the Fifth Avenue Company.

3. Since its inception, the Fifth Avenue Company (the "Partnership") has filed Form 1065, U.S. Return of Partnership Income, annually reporting, among other things, the Partnership's income and loss for the year and any distributions made to the Foundation and Assa.

4. Since its inception, the Foundation has been the managing partner of the Fifth Avenue Company. As the managing partner of the Fifth Avenue Company, the Foundation has worked with the outside property management companies retained by the Partnership to manage and operate the Building. Assa Corporation has not actively participated in the management or operations of the Fifth Avenue Company or any of its assets. The Fifth Avenue Company has never been managed by the Iranian Government.

5. The Fifth Avenue Company maintains its own bank accounts and, with the aid of the Fifth Avenue Company's managing partner, the Foundation, prepares its own accounting and financial information. The Fifth Avenue Company pays its own salaries and expenses. There is no commingling of funds between the Fifth Avenue Company and the Iranian Government. The Fifth Avenue Company is responsible for its own debts and the Iranian Government has not guaranteed the Fifth Avenue Company's debts. The Fifth Avenue Company

does not share offices with Assa or the Iranian Government or any agency or representative thereof.

### Interests in the Contested Fifth Avenue Company Properties

6.      The Fifth Avenue Company has valid claims to and superior right, title and interest in the Contested Fifth Avenue Company Properties because they do not constitute and are not derived from proceeds of a violation of the International Emergency Economic Powers Act ("IEEPA") or the proceeds of a violation of any other statute, and were not involved in a transaction or attempted transaction in violation of the money laundering statutes, nor traceable to such property.

### A.    650 Fifth Avenue

7.      The Fifth Avenue Company's interest in 650 Fifth Avenue and any Fifth Avenue Company assets arose in and has remained since October 1989, *i.e.*, years before any of the alleged conduct that purportedly gives rise to forfeiture. The Fifth Avenue Company's interest in 650 Fifth Avenue and any Fifth Avenue Company assets are not subject to forfeiture because they do not constitute and are not derived from proceeds of an IEEPA violation or a violation of any other statute, and were not involved in a transaction or attempted transaction in violation of the money laundering statutes, nor traceable to such property.

### B.    Bank Accounts

8.      The Defendant Property JP Morgan Chase Bank accounts, numbered 230484468 (the "C68 Account") and 230484476 (the "C76 Account" or, collectively, the "Chase Accounts"), were opened in the name of the Fifth Avenue Company, in or about 2007. The Chase Accounts were funded through legitimate rental payments from 650 Fifth Avenue. In the year preceding the filing of the amended civil forfeiture complaint (or original civil forfeiture complaint), no owner distributions or any funds whatsoever were transferred from the Chase

3

Accounts to Assa Corporation. Additionally, no management fees were paid from the Chase Accounts to the Foundation in the year preceding the filing of the amended civil forfeiture complaint.

9.     The Chase Accounts, and the funds contained therein, are not subject to forfeiture because they do not constitute and are not derived from proceeds of an IEEPA violation or a violation of any other statute, and were not involved in a transaction or attempted transaction in violation of the money laundering statutes, nor traceable to such property.

*     *     *     *     *

10.     For the properties and accounts listed above, and for the reasons stated above, the Fifth Avenue Company has superior right, title, and interest in the Fifth Avenue Contested Properties than the United States Government.

Executed on:   December 17, 2009
                      New York, New York

Respectfully submitted,

PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
212-336-2000

By:_____

Daniel S. Ruzumna (DR-2105)
Krista Caner (KC-7358)

*Attorneys for Claimant 650 Fifth Avenue Company*

4

## <u>VERIFICATION OF CLAIM</u>

11.    I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on:   December 17, 2009
              New York, New York

Dr. Houshang Ahmadi,
President and Treasurer of
Alavi Foundation, on behalf of
650 Fifth Avenue Company

5