

EXHIBIT 10A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EDWENA R. HEGNA,
Executrix of the Estate of Charles Hegna,
Late of Sterling, Virginia, individually, and
STEVEN A. HEGNA, CRAIG M. HEGNA,
LYNN MARIE HEGNA MOORE, and
PAUL B. HEGNA,
          Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN
    And
THE IRANIAN MINISTRY OF
INFORMATION AND SECURITY,
          Defendants.

------------------------------------------------------------X

Case No. 18 MS 0302
(Judgment No. 02-2472)

AFFIDAVIT OF
RALPH P. DUPONT

March 25, 209

STATE OF CONNECTICUT   )
                                   ): ss. STAMFORD
COUNTY OF FAIRFIELD     )

        RALPH P. DUPONT, being duly sworn, deposes and says:

        1.    I am a member of the bar of the State of Connecticut and of this Honorable Court. I am thoroughly familiar with all matters filed in this Court to date in pending, related proceedings assigned to, and currently scheduled for a Pre-trial Conference on April 3, 2009 at 11:00 A.M. before, the Hon. Richard J. Holwell, United States District Judge. I am co-counsel for the plaintiffs, judgment

creditors of the Islamic Republic of Iran ("Iran") and its Ministry of Information and Security ("MOIS").

2. I make this affidavit in support of the motion of plaintiff-Hegna judgment creditors seeking the immediate entry of a show cause order directing defendant judgment debtors herein, and any other party claiming an interest in the premises at 650 Fifth Avenue, New York, NY, to show cause why an order of attachment in aid of execution of judgment by judicial sale herein should not issue forthwith, in respect of said property pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002, P.L. 107-297, 116 Stat. 2322 (November 26, 2002) ("TRIA"); and Fed. R. Civ. P. 69; 28 U.S.C. §§ 1962, 2001 -2002; New York CPLR §§5203, 5225 and 5236, and applicable federal and state procedural law as fully set forth in the Motion For A Show Cause Order and the Proposed Order and accompanying Memorandum of Law, with annexed exhibits, filed simultaneously herewith. I prepared or directed the preparation of those documents and I am thoroughly familiar with their contents. According to the best of my knowledge, information and belief, the factual assertions contained therein are correct.

## BACKGROUND FACTS

3. On or about December 4, 1984, Charles Hegna, an American diplomat, while a passenger held hostage on board a Kuwaiti Airlines flight from Dubai to Karachi, was brutally murdered by Hezbollah terrorists who hijacked the

airplane over the Gulf of Oman and forced the pilot to fly to Tehran, Islamic Republic of Iran. Mr. Hegna was the first American to be murdered by Hezbollah terrorists in an airline hijacking. Hezbollah (variously, Hizbollah) is a terrorist organization sponsored by the Islamic Republic of Iran ("Iran") and, among others, by the Iranian Ministry of Information and Security ("MOIS"). *See* Memorandum Decision of Judge Henry H. Kennedy, Jr., United States District Court Judge, United States District Court, District of Columbia, dated January 22, 2002, appended hereto as Exhibit A (hereinafter "Mem. Dec.").

## PRIOR PROCEEDINGS

4. On April 3, 2000, Edwena R. Hegna, Charles' wife, and their children, Steven, Craig, Lynn and Paul (variously, the "Hegna plaintiffs" or the "Hegna judgment creditors"), commenced suit in the United States District Court, District of Columbia (CA 00-00716 HHK) pursuant to FSIA § 1605(a)(7), demanding judgment against Iran and MOIS for their roles in events culminating in Mr. Hegna's death.

5. On or about January 22, 2002, judgment was entered in the United States District Court for the District of Columbia in favor of the Hegna plaintiffs, and against defendants Iran and MOIS, which, as amended *nun pro tunc* to January 22, 2002 by Order and Judgment entered on February 7, 2002, was in the aggregate amount of $375,000,000.00, of which $42,000,000.00 represented

3

compensatory damages. See Exhibits ## 1 & 1-A appended to the Hegna-Movants' Memorandum In Support Of Their Motion to Show Cause Why Orders For Attachment, Execution And Turn Over Should Not Issue Forthwith ("Mem.") accompanying this affidavit.

6. On November 27, 2002, pursuant to 28 U.S.C. §1963 and TRIA Sec. 201(a), the Hegna judgment was registered as a judgment of the United States District Court for the Southern District of New York. See Mem. Ex. #2. The Hegna-Plaintiff's judgments in the United States District Court for the District of Columbia, and as enrolled in this Court, were served on Iran and MOIS, pursuant to FSIA § 1608(a)(4) in response to my requests upon the United States Department of State. Accordingly, this Court acquired and enjoys continuing jurisdiction over the enforcement of the Hegnas' judgments.

7. On November 27, 2002, a Transcript of Judgment was filed with, and docketed by, the New York Court Clerk. See Mem. Ex. 3.

8. Pursuant to TRIA Sec. 201(a); the Hegna judgment creditors are entitled to an attachment in aid of execution directing the United States Marshal to seize real property owned in part by Bank Melli Iran a/k/a/, Bank elli known as 650 Fifth Avenue, New York, NY, an agency or instrumentality of Iran, and in part by the Alavi Foundation of New York. Title is nominally held in the name of the Fifth Avenue Company. The Hegna judgment creditors are also entitled to an

order of condemnation directing sale of the 650 Fifth Avenue property with turnover to them of that portion of the funds determined to belong to Bank Melli sufficient to pay the unpaid portion of the judgment. The Hegna judgment creditors are also entitled to turn over of all funds properly belonging to Bank Melli or its alter egos and presently in the custody of this Court under the Court's Post-Complaint Protective Order pursuant to 18 U.S.C. §983(j)(1)(A) issued in *United States of America v. All Right Title and Interest of Assa Corporation, Assa Company Limited And Bank Melli Iran In 650 Fifth Avenue Company, Including But Not Limited To The Real Property And Appurtenances Located At 650 Fifth Avenue, New York, New York, With All Improvements And Attachments Thereon* (hereunder, "*U.S. v. All Right Title and Interest in 650 Fifth Avenue*" Case No. 08-cv-10934).

## THE 650 FIFTH AVENUE PREMISES

9. On information and belief, record title to the premises at 650 Fifth Avenue is in the name of 650 Fifth Avenue Company ("Fifth Ave. Co.") as appears from the report of Chicago Title Company ("Title Report") (appended in pertinent part as Ex. "B"). The 650 Fifth Avenue property is described in the Title Report by metes and bounds and no lien or encumbrance appears which is senior to the lien of the Hegna judgment-creditors under NY CPLR §5203.

10. On information and belief, based, in major part on the Verified Complaint in *United States v. All Right Title and Interest in 650 Fifth Avenue*, with accompanying sworn Federal Bureau of Investigation affidavit and alleging certain redacted, e-mail communications of an employee of Assa Corporation, and all of the filings by all parties to date in related cases assigned to the Hon. Richard J. Holwell, United States District Judge, I believe that Bank Melli Iran, a/k/a Bank Melli ("Bank Melli") and the Mostazafan Foundation (now known as Alavi Foundation of New York and formerly known as Pahlavi Foundation) (all foundations are hereinafter referred to as "Alavi" for simplicity) are the actual owners of the 650 Fifth Avenue premises.

11. On information and belief, including the said Verified Complaint and the unchallenged determinations of the United States Treasury Department with respect to Bank Melli and Assa Corporation, as fully appear from the Verified Complaint), Bank Melli is an agency or instrumentality of the defendant, Iran, within the meaning of the Foreign Sovereign Immunities Act ("FSIA") §1603; and Bank Melli and Alavi formed the Fifth Avenue Company in order to disguise the true ownership of the 650 Fifth Avenue property. To that end, Bank Melli, formed and availed itself of two jural entities, namely, Assa Corporation ("Assa"), a New York corporation, wholly owned by Assa Company, Limited ("Assa, Ltd."), an Isle of Jersey, United Kingdom corporation. In fact, however, Bank Melli is now, and

was at all times pertinent hereto, the actual owner, together with Alavi, of the 650 Fifth Avenue Premises.

## ENFORCEMENT AGAINST BANK MELLI

12. Effective November 26, 2002, TRIA, Sec. 201(a) grants judgment creditors with underlying judgments based upon FSIA §1605(a)(7), such as the Hegna judgment creditors (see Ex. "A" annexed), a right of attachment in aid of execution and execution against all "blocked assets" of Iran, a designated sponsor of terrorism, and its agencies and instrumentalities.

13. Bank Melli's interest in 650 Fifth Avenue property is a "blocked asset" of an agency or instrumentality of Iran. TRIA, Sec. 201 defines "blocked assets", in pertinent part as follows:

> "d. Definitions – In this section, the following definitions shall apply:
>
> (1) . . . .
> (2) Blocked Assets – The term "Blocked Asset" means –
>
> (A) any asset seized or frozen by the United Staes under . . . §§ 2002 and 2003 of the International Emergency Economic Powers Act U.S.C. 1701; 1702 ["IEEPA"] . . . .

14. On June 28, 2005, the President issued his Executive Order No. 13382, 70 Fed. Regs. 38567 issued pursuant to the International Economic Powers Act (50 U.S.C. 1701 et seq.) ("IEEPA") and thereby blocked all "property

and interests in property" of entities subsequently designated by the Treasury Department.

15. On October 27, 2007, the Treasury, acting pursuant to Executive Order 13382, so designated Bank Melli. All of Bank Melli's assets within the United States, however titled, are "blocked assets".

16. The Department of the Treasury, Office of Foreign Asset Control ("OFAC") has concluded that the Government of Iran includes "[a]any entity [*i.e.* any corporation, partnership or association] owned or controlled directly or indirectly. . ." by Iran. 31 C.F.R. §§560.304(b), 590.313. OFAC has determined that Bank Melli (including its offices wherever located) is wholly owned by the Government of Iran. 31 C.F.R. Part 560. App. A. See also Verified Complaint ("Complaint"), ¶12, 14. On December 17, 2008 OFAC concluded that Assa is an "entity controlled by, and . . . Acting for or on behalf of, Bank Melli . . . ." *U.S. v. All Right Title and Interest in 650 Fifth Ave.*, Post Complaint Protective Order – 2 [Dkt. #2]. Accordingly, on information and belief, Assa and its parent company, Assa Co., Ltd. Are mere straw companies or shell corporations and, therefore, alter egos of Bank Melli.

17. TRIA Sec. 201(a) provides in pertinent part that "[n]ot withstanding any other provision of law" the "blocked assets" of an agency or instrumentality of Iran are subject to execution in order to satisfy "a judgment . . . Based upon an act

of terrorism, or for which [Iran] is not immune under § 1605(a)(7) of title 28, United States Code . . ." Accordingly, this Court's Protective Order in *United States v. All Right Title and Interest in 650 Fifth Avenue* expressly provides in ¶13:"Nothing in this Protective Order shall be construed as affecting in any way the rights of any part[y] under Section 201 of the Terrorism Risk Insurance Act of 2002."

## NEED FOR PROMPT JUDICIAL SALE

18. On information and belief the United States is attempting to seize and forfeit an interest or interests of Bank Melli and its alter egos in the 650 Fifth Avenue premises. See *United States v. All Right Title and Interest in 650 Fifth Avenue*. Other than that action and this proposed attachment, seizure and judicial sale of the 650 Fifth Avenue premises, no other party presently claims a judgment lien or encumbrance on Bank Melli's interest in the 650 Fifth Avenue property and the aforesaid report of the Chicago Title Company (Ex. "B:") reveals none.

19. The Hegnas are entitled to the expeditious enforcement of their Writ of Execution. See Mem. Exs. 4-A, 4-B, and 4-C and the letter response of Alavi, Mem Ex. 4-B-1.

20. The TRIA Sec. 201(a) real property lien should now be enforced, to the extent of Bank Melli's interest, by ordering a judicial sale of the 650 Fifth Avenue property.

21. Judicial Sale will not harm the interests of the United States or any judgment creditor. Any delay in a judicial sale, on the present record, on the other hand, will more likely than not, impair the value of the lien, especially given the current economic conditions and the nature of the property as commercial real estate. The rights of other judgment creditors of Iran can only benefit from immediate judicial enforcement. The Alavi Foundations' involvement with Bank Melli and Assa in the formation of the Fifth Avenue Company, on the other hand, provides support for the conclusion that a prompt judicial sale of the 650 Fifth Avenue property is a necessity.

                                Ralph P. Dupont, Esq.

Sworn to before me this the
25th day of March, 2009.

Barbara J. Dupont, Esq.
Commissioner of the Superior Court
for the State of Connecticut
No. 071489