

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/13
```

August 28, 2013

**BY E-MAIL (ForrestNYSDChambers@nysd.uscourts.gov)**
The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, NY 10007

Re:   **In Re: 650 Fifth Avenue and Related Properties,**
      **08 Civ. 10934 (KBF)**

Dear Judge Forrest:

      As the Court is aware, the Judgment Creditors indicated by letter dated August 27, 2013, that they intend to raise during today's conference call the issue relating to whether the Judgment Creditors should be examining witnesses in the presence of the jury given that their case will be tried by the Court. As this issue relates to the bifurcation requested by the Alavi Foundation and 650 Fifth Avenue Claimants, the Government respectfully submits the enclosed excerpt to our opposition to Claimants' request for bifurcation in the event the Court desires to hear the Government's view on the matter and in the event this issue is discussed today.

      Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:   */s/ Carolina A. Fornos*
      Sharon Cohen Levin
      Michael D. Lockard
      Martin S. Bell
      Carolina A. Fornos
      Assistant United States Attorneys
      Anand Sithian
      Special Assistant United States Attorney
      (212) 637-1060/2193/2463/2740/1085

Enclosure
cc:   Counsel of Record (via e-mail)

# ARGUMENT

A. **Opposition to Claimant's Motion to Bifurcate the Government's Forfeiture Case into a Forfeitability Phase and an Innocent Owner Phase of Trial, and to Try the Private Plaintiff's TRIA Claims Outside the Presence of the Jury**

Alavi and 650 Fifth Avenue seek to bifurcate the September 16, 2013 trial into a forfeitability phase and an innocent owner phase because such proposed bifurcation is allegedly "dictated by the Civil Asset Forfeiture Reform Act of 2000" ("CAFRA"), and would "promote efficiency" and prevent the alleged "unfair prejudice" and "inevitable confusion" to Claimants due to Private Plaintiff's claims under the Terrorism Risk Insurance Act ("TRIA"). (Claimants' Mtn. at 3-4). Further, Claimants argue that the claims of Private Plaintiffs – which are actually to be tried by the Court – should not proceed "simultaneously in front of the jury" because (i) the factual circumstances of Private Plaintiffs' wrongful death claims are distinct from one another and from the facts underlying the Government's forfeiture action, and (ii) the legal issues in the Government's forfeiture action and the enforcement actions are distinct. (Claimants' Mtn. at 5-6). Claimants also maintain that allowing Creditor Claimants to prove their innocent owner claims would unfairly prejudice Claimants due to evidence on terrorism-related judgments. All of these arguments – which are not even properly raised as a motion *in limine* – wholly lack merit and, at most, the only bifurcation that is warranted is the "innocent owner" defense of the Judgment Creditors.

1. **A Motion To Bifurcate Is Not Proper As a Motion *in Limine***

As a preliminary matter, Claimants have improperly filed this motion to bifurcate as a motion *in limine*. It is well established that "[t]he purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or

interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005); *see generally* Fed. R. Evid. 104. By contrast, a motion to bifurcate a trial is governed by Rule 42(b) of the Federal Rules of Civil Procedure. That rule, in turn, provides that "[f]or convenience, to avoid prejudice, or to expedite and economize," the Court may order a separate trial on one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). In this case, Claimants cannot meet the standards of Rule 42(b) because in these consolidated proceedings, one trial would promote efficiency without prejudice to Claimants due to the overlapping nature of the facts and legal issues in this case. *See* Section A.3., *infra*.[1]

2. **Nothing in CAFRA "Dictates" Bifurcation**

In support of their motion to bifurcate, Claimants summarily assert that CAFRA mandates bifurcation, citing 18 U.S.C. § 983(c)(1). (Claimant's Mtn. at 4). Claimants are wrong and are simply overreaching. Nothing in Section 983(c)(1) or any other section of CAFRA "dictates" bifurcation. Rather, Section 983(c)(1) simply sets forth that "the burden of proof is on the Government." *Id.* Further, Section 983(d) thereafter provides for an affirmative defense: "[a]n innocent owner's interest in property shall not be forfeited" and claimant has the burden of proof by a preponderance of the evidence. *See* 18 U.S.C. § 983(d). Claims and affirmative defenses are often part of the same trial and the existence of an affirmative defense does not mandate bifurcation. Rather, as set forth in Section A.1, *supra*, the standard is "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Nothing in CAFRA

---

[1] The Government herein responds to all of the issues raised by Claimants with respect to bifurcation. To the extent the Court desires additional briefing pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the Government is prepared to more fully address why bifurcation in this action is not warranted.

2

changes this standard. Indeed, the Government is not aware of any case in which forfeitability and the "innocent owner" defense has been bifurcated for trial.[2]

### 3. One Trial Promotes Efficiency Without Prejudice to Claimants Such That Bifurcation Is Not Warranted Under Rule 42 of the Federal Rules of Civil Procedure

#### a. The Various Parties Have Minimal Distinct Issues

The Government alleges, *inter alia*, that Claimants have knowingly provided services to the Government of Iran in violation of IEEPA such that Claimant's properties are subject to forfeiture. The Government's claims of providing services, in turn, is arguably a subpart (or factor) to be used by the Private Plaintiffs and Judgment Creditors to establish that Claimants are indeed the alter egos, agencies or instrumentalities of Iran such that Private Plaintiffs and Judgment Creditors can enforce their judgments against Claimants under TRIA. Without doubt, the Government, Private Plaintiffs, and Judgment Creditors will rely on the same evidence and witnesses to present their respective cases. Thus, the overlap in these claims strongly contradicts any bifurcation arguments based on these three distinct groups of plaintiffs. And to the extent the underlying facts of the Private Plaintiffs and Judgment Creditors each differ, it has already been established that the factual and legal issues of the Private Plaintiffs must be tried by the Court, thus no prejudice will result to Claimants as factual issues specific to the private litigants can certainly be presented to the Court outside the presence of the jury. (*See* Dkt. No. 691).

In this case, the Court previously consolidated all of the Private Plaintiffs' private actions and the Judgment Creditors' actions with the Government's civil forfeiture action for purposes of

---

[2] The Government does note that pre-CAFRA there are instances of bifurcation of the Government's initial burden of *probable cause* as to forfeitability because, among other things, hearsay is admissible for probable cause determinations. *See, e.g., United States v. One Parcel of Real Estate at 1012 Germantowm Road, Palm Beach County, Florida*, 963 F.2d 1496, 1501 (11 Cir. 1992) (bifurcation of probable cause determination and the forfeitability of assets is appropriate because hearsay is admissible to determine probable cause). This standard was changed with the enactment of CAFRA in 2000.

trial (Order, Doc. No. 370), and it is well-established that "consolidation is a procedural device designed to promote judicial economy." *See Katz* v. *Realty Equities Corp.*, 521 F.2d 1354, 1359 (2d Cir. 1975). In this case, judicial economy would be served by having one trial.

From a logistics perspective, the Government anticipates calling its witnesses, proceeding with cross-examination by Alavi/650 Fifth Avenue and Assa, finishing with redirect and, to the extent any private litigant determines that additional questioning is warranted, such questioning may take place after the jury is excused for a morning break, lunch, afternoon break, or end of the day. From the jury's perspective, it will be seamless, and no prejudice would flow to Claimants from testimony related to claims to be tried only by the Court. The Government proposes this procedure apply for any witness the private litigants intend to call at trial that the Government does not.

### b. The Affirmative Defense of Innocent Owner Is Inextricably Intertwined with Forfeitability

The evidence relating to services for the benefit of the Government of Iran with respect to forfeiture (and Claimants' control by the Government of Iran with respect to enforcement of judgments) is inextricably intertwined with Claimants' alleged "innocent owner" defense. More specifically, to the extent the Government (or Private Plaintiffs) present evidence that, for example, Alavi (and its board members) (i) knew that Bank Melli was Assa; (ii) transferred funds to Bank Melli via Assa; (iii) followed instructions received from Ambassador Kharrazi of the Permanent Mission to Iran regarding charitable donations; (iv) followed instructions received from Ambassador Zarif of the Permanent Mission to Iran as to whether to settle lawsuits (such as *Hanif*); (v) facilitated the creation of shell companies and bank accounts to facilitate distributions of rent rolls, Alavi will be hard-pressed to argue that it was an "innocent owner" unaware of the true identity of Assa (for 20 years) and had no idea that it was providing services

4

for the Government of Iran. Thus, evidence probative of Alavi's knowledge that Assa was Bank Melli and/or that Alavi knew its partner in 650 Fifth Avenue was Bank Melli is critical evidence of providing services to Iran, as well as critical evidence concerning Claimants' innocent owner defense. To have two separate proceedings on this issue would essentially result in repeating the same evidence in two separate proceedings. Thus, as previously noted, Alavi's attempt at bifurcation is simply an attempt to limit the truth finding function of the jury and to hold the "innocent owner" card in its back pocket and attempt the proverbial "second bite at the apple" when the forfeitability of Claimant's property is established.

Nor is there any legal principle that mandates that affirmative defenses be tried in a separate phase of trial – no more so than damages must be tried separately from the merits of a case. In this case more than any other, Alavi's affirmative defense should not be a separate trial.

    c.    **There Is Nothing Inherently Prejudicial In Explaining Terrorism Related Judgments**

Claimants also argue that bifurcation is proper because TRIA claims and terrorism-related judgments would be "incredibly prejudicial." (Claimants' Mtn. at 8). However, there is nothing inherently prejudicial with the admission of certain relevant evidence of terrorist activities by way of context for IEEPA, TRIA, tax regulations, or the context for why the Government of Iran would have created shell companies to mask its ownership of its assets in the United States. By way of relevant background, coupled with limiting instructions, terrorism related evidence is properly admissible and does not warrant bifurcation. *See infra* Section H.

Any such evidence, tempered with neutral jury instructions, are not prejudicial to Claimants. Indeed, the Government's proposed jury instructions on the general background of IEEPA states:

> The Government first charges that the Defendant Properties are forfeitable as proceeds of violations of IEEPA and the ITR. The United States has imposed an embargo, meaning legal restrictions, against trade and transactions involving the Government of Iran, which I'll refer to going forward as "Iran." *The obvious purpose of the embargo is to isolate Iran from trade with the United States, as a sanction against Iran for its policies and actions in the international community.* Among other things, the embargo prohibits providing services to persons in Iran, including assisting in the transfer of money to Iran on behalf of others. IEEPA makes it a crime to willfully violate the trade embargo. I will define the term willfully for you later.

(Gvt. Proposed Jury Instruction at 53, section F) (emphasis added). Thus, bifurcation is not warranted based on the alleged prejudice of the underlying terrorism-related facts in the case of private plaintiffs.

### d. Bifurcation, If Any, Should Be Limited to the Judgment Creditors' Claims of Innocent Owner to Be Tried Before the Jury

The presence of the Judgment Creditors and their "innocent owner" claim also does not warrant bifurcation because the underlying factual issues of the judgments against the Government of Iran are not relevant to the legal issue of whether a lien on the subject property can trump the Government's forfeiture action. Indeed, the Judgment Creditors' claims are an issue of priority and the Court has already held that "all priority issues shall await resolution of the trial on liability." (Dkt. No. 533). Nevertheless, to the extent any bifurcation is warranted, the "innocent owner" claim of the Judgment Creditors could be bifurcated because the issue is not reached *unless* (i) the Government has first established forfeitability of the assets claimed by the Judgment Creditors, and (ii) Alavi/650 Fifth Avenue Company and Assa cannot meet their burden of proof on the issue of innocent owner.

The Government additionally notes that the Judgment Creditors' claim of innocent owner is essentially one of a lien holder against the property. And, the Government has already been in discussions with the majority of the private plaintiffs with respect to out-of-court resolutions of

the priority issues should the Government succeed on its forfeiture claims. Thus, it is feasible that the issue of priority as between TRIA claims and forfeiture claims, as well as other legal issues, could be mooted in the event the Government succeeds at trial. Thus, the innocent owner claims of Judgment Debtors is an additional proceeding that may be rendered unnecessary for the jury.[3]

---

[3] The Government notes that only one set of Judgment Creditors, the *Hegnas*, are seeking a jury determination on the issue of innocent owner. As such, any bifurcation would be limited to the *Hegnas*.