UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

                                          :
                                          :
IN RE 650 FIFTH AVENUE AND                :
RELATED PROPERTIES                        :
                                          :
                                          :
                                          :
                                          :
---------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **SEP 0 3 2013**

08 Civ. 10934 (KBF)
and all member and
related cases

ORDER

KATHERINE B. FORREST, District Judge:

Before the Court is the letter motion of the Alavi defendant-claimants to preclude the testimony of any witness whose electronic discovery material had not been provided to the parties prior to April 1, 2013. That omnibus motion is denied.

By way of background, on August 21, 2013, the Government submitted a letter (ECF No. 705) seeking clarification of the Court's Order dated February 1, 2013 (ECF No. 348), which, inter alia, stated that "[f]or any witness to be called at trial, the parties shall ensure in good faith that they review and, not later than April 1, 2013, produce all relevant documents relating to that witness." The Government's letter sought clarification that the Government would not be precluded from calling a witness whose documents had not been produced prior to April 1, 2013. Later that day, Alavi responded and moved to preclude the testimony of witnesses with late-disclosed documents. (ECF No. 723.) On August 26, 2013, the Court issued an Order directing the Government to detail on a witness-by-witness basis the dates upon which relevant documents were produced, and whether those productions occurred prior to or after the witness's deposition. (ECF

No. 730.)  The Government responded on August 28, 2013, and Alavi and defendant-claimants Assa Corp. and Assa Co. Ltd. replied by letters dated on August 30, 2013.

The Alavi reply requests that the testimony of three witnesses in particular be precluded.  It asserts that material relating to the manner in which IRS Special Agent Dan McWilliams and the FBI conducted the investigation into Alavi was withheld.  It states that the Government possessed the documents of witness Gholamreza Rahi since October 2007 but failed to produce them, even though they were not privileged or classified.  Finally, Alavi argues that witness Shaukat Jafri should be precluded because he was first disclosed as a potential trial witness on August 25, 2013.  This disclosure came long after the Court's deadline of April 1, 2013, for the Government to provide its list of witnesses had expired; even when the Government did produce its list under court order, Jafri's name did not appear.

The Court notes that this matter has a long and complex history of discovery. The Court has spent countless hours on discovery matters and all parties – including the Government – have engaged in lengthy document reviews and depositions.  The causes of action underlying this discovery present special complexities for civil litigation, raising issues including law enforcement and deliberative process privileges and national security classification.

Despite these complexities, files from the FBI have been requested, reviewed, redacted, and produced with respect to numerous relevant topics.  These files have undergone what the Government has characterized as the largest FBI

2

declassification process for a civil litigation ever undertaken. While – as in any civil litigation – there have been some difficulties in producing documents on time and in complete form (not surprising given the massive scope and complexity of the relevant investigations), what was necessary to accomplish for this litigation has, in fact, been accomplished. Where issues have arisen as to late-produced discovery, the Court has reopened depositions and issued orders providing other relief to the requesting parties.

In its review of Alavi's omnibus motion to preclude, the Court finds no prejudice that would warrant preclusion.[1] The Government's analysis and the Alavi reply are in agreement that in no instance has the Court denied a request to reopen a deposition with respect to a witness whose documents were produced after that witness's deposition. All parties have had an adequate opportunity to examine witnesses on the documents. The Court's February 1, 2013, Order did not state, nor did it intend, that witnesses whose documents were not produced prior to April 1 would automatically be precluded from testifying at trial. The Court has enforced its Order by providing relief proportional to the potential prejudice demonstrated. No preclusion is warranted, with the possible exception of Shaukat Jafri. Not later than Wednesday, September 4, 2013, the Government is directed, pursuant to the Court's February 1, 2013, Order, to submit a letter demonstrating very good cause

---

[1] The Court notes that it considered separately the Alavi claimants' letter motion of August 14, 2013, which sought to preclude the testimony of a Government cooperating witness or, in the alternative, to compel the production of additional documents withheld on the basis of privilege assertions. (ECF No. 643.) The Court granted that request in part, ordering the production of documents relating to payments made by the Government to that witness. (ECF No. 761.)

as to why Jafri was not disclosed on its witness lists.  Claimants' letter motion to

preclude is otherwise denied.

      SO ORDERED.

Dated:      New York, New York
               September __3__, 2013

                                  KATHERINE B. FORREST
                              United States District Judge