# STROOCK

By ECF

September 9, 2013

James L. Bernard
Direct Dial: 212-806-5684
Fax: 212-806-2684
jbernard@stroock.com

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Room 730
New York, NY 10007-1312

Re:   *In Re 650 Fifth Avenue and Related Properties*
      Case No. 08 Civ. 10934 (KBF) and All Member and Related Cases

Dear Judge Forrest:

This letter is submitted on behalf of the Greenbaum, Acosta, Beer, and Kirschenbaum Judgment Creditors and all other parties who joined in the Judgment Creditors' Response in Opposition to Assa Corp. and Assa Limited's (together, the "Assa Defendants") Motions in Limine, dated August 28, 2013 (ECF Doc. No. 746) (the "Opposition")

During the final pretrial conference held in these proceedings on September 4, 2013, and by subsequent Order, dated September 6, 2013 (ECF Doc. No. 810), the Court ruled that: (1) the Assa Defendants' motion to preclude documents (and testimony based on such documents) offered by the Government and private plaintiffs, which documents were produced after the Court-mandated deadlines, is held in abeyance; and (2) any party that had not yet responded to the Government's request to admit certain documents produced after the April 1, 2013, deadline shall submit a letter to the Court so responding on the subject, not later than September 9, 2013.

The Honorable Katherine B. Forrest
September 9, 2013
Page 2

In their above-referenced Opposition to the Assa Defendants' motions in limine, the Judgment Creditors joined in, and incorporated by reference, the Government's opposition to the Assa Defendants' motion. *See* Opposition at 4. Significantly, the Judgment Creditors also opposed that motion on the additional grounds that it would be unduly prejudicial and wholly improper to penalize the Judgment Creditors based on alleged acts and omissions of the Government. *Id.* at 4-5. As discussed in the Opposition, Fed. R. Civ. P. 37, pursuant to which the Assa defendants make their motion, is designed to sanction and penalize a party that has failed to meet its discovery obligations. The Assa Defendants have not alleged, nor could they allege, that the private plaintiffs played any role in the alleged violation of discovery obligations. *Id.* It follows that the motion should be denied as to all parties, but – at the very least – it should be denied as to the private plaintiffs.

Accordingly, we respectfully submit that the Court should permit the Government to offer into evidence documents (and testimony based on such documents) produced by the Government after the April 1 deadline. However, in the event that the Court determines that the Government should be precluded from offering any such evidence at trial, we respectfully submit that any such preclusion order be limited in its application to the *Government* and in no way impede the *private plaintiffs'* ability to introduce or rely upon such evidence at trial.

Respectfully submitted,

/s/ James L. Bernard

James L. Bernard

cc:   All Counsel of Record (by ECF)