# THE DUPONT LAW FIRM, LLP
## ATTORNEYS AND COUNSELLORS AT LAW



BARBARA J. DUPONT
RALPH P. DUPONT

**BY EMAIL**

September 8, 2013

(ForrestNYSDChambers@nysd.uscourts.gov)
Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, New York 10007.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 0 9 2013
```

**Re: In re 650 Fifth Avenue and Related Properties,
08 Civ.10934 (KBF)**

Dear Judge Forrest

    The Hegna Lienor-Claimants in the above-captioned forfeiture action respectfully write that they join in the Government's requested jury instruction respecting Assa Corp. and Assa Company Limited with minor exceptions relating to factual statements concerning Mr. Tafti's activities on behalf of Bank Melli, Iran, the true owner with the Alavi Foundation of 40% of the office building at 650 Fifth Avenue.

    We believe the phrases "to conduct business on behalf of Assa Corporation . . . ." ; and "regularly providing reports to Bank Melli Iran about Assa Corporation' business dealings" are likely to undermine the proofs at trial showing that Assa Corp conducted no business and was merely a straw entity with an office on a law firm's book shelf.

    In that connection, we also believe that a slight modification of the facts set out in the Proposed Instruction is in order, subject to change, of course, on what the evidence shows at trial and the impact, if any, on the allegations of the Hegnas' Affirmative Defenses, in particular the "Thirteenth Affirmative Defense" (¶ 170).

    That Defense is an "innocent owner defense", pursuant to 18 U.S.C. § 983(d)(2)(A)(I) (lien interest in existence before the specific conduct giving rise to forfeiture occurred). (The "bona fide purchaser defenses" alleged in ¶¶ 171 and 172 are not impacted by the Proposed Instruction.)

    Our concern is merely that the jury will hear evidence on the allegations of the Amended Complaint (which focuses mainly on Mr. Tafti's activities after he entered the United States on an H-1B Visa in January 2003 (Amended Complaint ¶ 114). Thereafter, the Amended Complaint details "Bank Melli's Control of Assa Corp.

ONE STAMFORD PLAZA   263 TRESSER BOULEVARD   P.O. BOX 3325   STAMFORD, CT 06905
(203) 965-8355   RADLAW1@ATT.NET

through Tafti", commencing on or about June 12, 2003 through May 17, 2006 (Amended Complaint ¶ 117).

Various banking transactions are detailed in the Amended Complaint ¶¶ 121-123 (commencing with one transaction on April 15 for the year 2002 and ending several years later with a transaction on April 3, 2008). There is no claim that the April 15, 2002 transaction constituted specific conduct giving rise to forfeiture. There are no allegations, moreover, regarding any conduct by Mr. Tafti giving rise to forfeiture that occurred earlier than November 27, 2002.

The reference in the Proposed Instruction to Mr. Tafti's employment by Assa Corp. as early 1996 might cause confusion for the jury, in light of the Hegnas' Affirmative Defenses. The Hegnas believe that the Government's proofs at trial will show that conduct giving rise to forfeiture occurred after November 27, 2002, the date they acquired their real property lien on 650 Fifth Avenue. Accordingly, the reference to the date Mr. Tafti was first employed by Assa Corp. might be mistaken by a juror as a date when the first conduct giving rise to forfeiture occurred.

Finally, any reference to a "partnership" should be changed to a "relationship" or like description, for the reason that under New York partnership law third parties like the Hegnas are not required to recognize the relationship between Bank Melli, Iran and the Alavi Foundation as a partnership. See NY PTL § 11

We shall also contact the Government respecting our suggestions tomorrow. We have the honor to remain,

Very respectfully,

The Dupont Law Firm, LLP

By /s/ Ralph P. Dupont
Ralph P. Dupont, Esq.

cc: Counsel of record.

---

**ORDERED**

Post on Docket  9/9/13

/s/ K. B. Forrest
Katherine B. Forrest, USDJ

2