

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 9, 2013

**VIA EMAIL (**<u>**ForrestNYSDChambers@nysd.uscourts.gov**</u>**)**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

>       Re:     <u>**In Re: 650 Fifth Avenue and Related Properties,**</u>
>               <u>**08 Civ. 10934 (KBF)**</u>

Dear Judge Forrest:

The Government respectfully submits this letter to ask the Court to reconsider the ruling contained in footnote 5 of its decision denying the motion to suppress filed by the Alavi Foundation and 650 Fifth Avenue Company (collectively, "Alavi").  09/09/2013 Order (D.E. 828).  Specifically, as explained in more detail below, the Government respectfully requests that the Government be allowed to introduce at trial not only documents which were produced by Alavi in discovery, but also documents that *should have been* produced by Alavi in response to the consolidated discovery requests served by the Government and certain groups of Judgment Creditors.  In segregating the documents objected to by Alavi in the Government's trial exhibit list on the grounds that the documents were not produced in discovery, the Government has become aware of the fact that Alavi has withheld responsive documents from the Government.

At the final pretrial conference held on September 4, 2013, the Court requested that the Government separate from its exhibit list, those documents to which Alavi objected and which were not part of discovery produced by Alavi.  In other words, these are documents obtained from the Alavi search executed on December 19, 2008, but which were not produced by Alavi as part of discovery.  Attached as Exhibit A to this letter is that list.

A review of this list reveals that these documents are clearly responsive to document demands.  Specifically, these documents include ██████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████

1

████████████████████████████████████████████

All of the foregoing documents are responsive to document demands numbers 14, 17, 19, and 51, among others.  Thus, Alavi's failure to produce these documents in discovery raises serious concerns for the Government that Alavi has failed to produce a significant number of clearly responsive documents in violation of its discovery obligations.[1]

Further highlighting these concerns is our discovery, just today, that on or about August 7, 2013, Alavi asked Reza Banki, a witness identified by the Government in its pretrial witness list, to sign a five-page declaration. This document, however, was never produced—or even

---

[1] The Government further notes that a subset of these documents are also responsive to the grand jury subpoena served on Farshid Jahedi, President of the Alavi Foundation, and thus, these documents should be independently admissible under the doctrine of inevitable discovery. Indeed, just 9 days ago, the Second Circuit Court of Appeals in *United States* v. *Vilar*, Dkt. Nos. 10-521, 10-580, 10-4639, 2013 WL 4608948 (2d Cir. Aug. 30, 2013), affirmed the district court's decision in *United States* v. *Vilar*, 530 F. Supp. 2d 616 (S.D.N.Y. 2008), which, in turn, denied a motion to suppress documents obtained from a previously determined overly broad search warrant when the Government would have inevitably obtained the documents via a grand jury subpoena.  In affirming the decision, the Second Circuit recognized the following:

> Judge Sullivan, in a careful and clear Memorandum and Order of January 17, 2008, found that (1) the subpoena was not issued on the basis of any information unlawfully seized from Amerindo's New York office; (2) the government was actively investigating Amerindo and inevitably would have conducted a substantial search of the New York office; (3) Amerindo's attorney inevitably would have raised the alternative of a grand jury subpoena; (4) the government inevitably would have issued the grand jury subpoena; and (5) [the defendants] inevitably would have produced the documents requested by the subpoena (which they, in fact, did).

*Vilar*, 2013 WL 4608948, at *15.

As the Court is aware, the facts of the present case have clearly established that Farshid Jahedi was served with a grand jury subpoena for documents on December 18, 2008, *prior to* the execution of the search warrant, as a result of an ongoing criminal investigation and thus, the grand jury subpoena was not issued on the basis of any unlawful information.  Although the *Vilar* decision notes that the Government did in fact obtain the evidence via the grand jury subpoena and thus, obtained "the evidence through alternative means that did not depend on any invalidity of the warrant," the Government in this case also obtained *or should have obtained* the evidence via alternative means that did not depend on any invalidity of the warrant – *i.e.*, as responsive to the grand jury subpoena, or, at a minimum, as part of civil discovery.

disclosed—to the Government, further supporting the Government's grave concerns that Alavi has withheld relevant documents from production.[2]  Mr. Banki provided this declaration to the Government today, and it is attached as Exhibit C.  One day after obtaining Mr. Banki's signed declaration, Alavi cancelled Mr. Banki's noticed deposition—without mentioning that Alavi obtained this signed declaration.  *See* Exhibit D.

Accordingly, the Government respectfully requests that it be allowed to use at trial documents which *should have been produced* by Alavi as responsive to discovery demands, but which it did not.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:     */s/ Carolina A. Fornos*
Sharon Cohen Levin
Michael D. Lockard
Martin S. Bell
Carolina A. Fornos
Assistant United States Attorneys
Anand Sithian
Special Assistant United States Attorney
(212) 637-1060/2193/2463/2740/1085

cc:     All counsel (via ECF and Email)

---

[2] Alavi's response to the failure to disclose this declaration to the Government is that the declaration is "work product."  It is not.  Reza Banki is not an employee of Alavi, 650 Fifth Avenue, or their counsel.  Further, disclosure to a third-party witness destroys any purported work product privilege.  Indeed, the declaration was presented to Mr. Banki for the purpose of obtaining his signature and using the declaration at trial.

# EXHIBITS A – D
# Redacted