**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 10, 2013

**BY EMAIL (ForrestNYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

      Re:     **In Re: 650 Fifth Avenue and Related Properties,**
              **08 Civ. 10934 (KBF)**

Dear Judge Forrest:

      The Government respectfully submits this letter to address the arguments raised at the September 4, 2013 Conference by Counsel for the Alavi Foundation ("Alavi") and 650 Fifth Avenue Company (collectively, "Claimants") regarding Claimants purported statute of limitations defense. Transcript of Sept. 4, 2013, Conference ("Tr.") at 36-37. For the following reasons, the Court should enter an order (a) precluding Claimants from offering evidence or argument in support of their proposed statute of limitations defense, or, in the alternative, (b) permitting the Government to introduce evidence and argument concerning matters revealed during the course of the investigation demonstrating that the Government did not discover the offenses alleged in the Amended Complaint until less than five years prior to the filing of the Amended Complaint. Additionally, in the event the Court permits Claimants to raise a statute of limitations defenses the Government respectfully requests that the Court use the attached proposed jury instruction.

**Discussion**

      As the Court is aware, the Government has alleged that the defendants *in rem* are proceeds of substantive violations of the International Emergency Economic Powers Act ("IEEPA") and conspiracy to commit IEEPA violations and property involved in substantive money laundering acts and conspiracy to commit money laundering. *See* Am. Compl. (D.E. 51)

      Title 19, United States Code, Section 1621 provides:

> No suit or action to recover any . . . forfeiture of property accruing
> under the customs laws shall be instituted unless such suit or action
> is commenced within five years after the time when the alleged

1

> offense was discovered, or in the case of forfeiture, within 2 years
> after the time when the involvement of the property in the alleged
> offense was discovered, whichever was later . . . .

Two Courts of Appeal recently addressed the issue of the application of 19 U.S.C. § 1621 to a criminal offense which involves a course of conduct with multiple underlying offenses.  The Seventh Circuit held that "[w]hen there are multiple, distinct underlying crimes that independently could support forfeiture of the same property, nothing in the plain language of § 1621 bars a court from adjudicating a forfeiture action as long as at least one alleged offense is not time-barred, even if the statute of limitations has run on the remainder of the underlying crimes."  *United States v. 5443 Suffield Terrace, Skokie Ill.*, 607 F.3d 504, 508 (7th Cir. 2010).  In *Suffield Terrace*, the Court held the Government's civil forfeiture action was timely because each act of committing a new smuggling event constituted a "'fresh-alleged offense' on which the government could base its civil forfeiture action."

Similarly, the Fourth Circuit earlier this year adopted the Seventh Circuit's reasoning in *United States v. Kivanc*, 714 F.3d 782, 790 (4th Cir. 2013).  In *Kivanc*, the Fourth Circuit held that:

> When there is a continuing course of conduct with multiple,
> distinct underlying crimes that independently could support
> forfeiture of the same property, the limitations period starts afresh
> with each new offense. Thus, a court may adjudicate a forfeiture
> action as long as one underlying offense is not time-barred, even if
> the statute of limitations has run on the remaining offenses.

*Kivanc*, 714 F.3d at 790 (citing *Suffield Terrace*, 607 F.3d at 508).

Claimants ignore the applicable case law and instead erroneously rely on a Sixth Circuit case from 1998, *United States v. $515,060.42 in United States Currency*, 152 F.3d 491 (6th Cir. 1998) ("*$515,060.42*") — which is wholly inapposite.  First, *$515,060.42* predates the passage of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA").  Second, the facts of *$515,060.42* are distinguishable from the facts in this case. In *United States v. $515,060.42* the Government filed a forfeiture complaint six years after testimony relevant to the forfeiture of the property was presented to a grand jury.  *See Suffield Terrace*, 607 F.3d at 508 (analyzing the facts of *$515,060.42*).  Claimants assert that the statute of limitations bars this forfeiture action notwithstanding the fact that there are multiple distinct underlying criminal offenses that independently could support forfeiture of the same property.  In doing so, Claimants ignore that two recent appellate Courts, the Seventh Circuit in 2010 in *Suffield Terrace* and the Fourth Circuit in 2013 in *Kivanc*, rejected *$515,060.42*.  The facts and holding from *$515,060.42* are inapplicable to the instant case.

The IEEPA and money laundering offenses in the instant action involved a course of conduct with multiple, distinct underlying offenses that independently support the forfeiture of the defendant properties.  First, each time Claimants generated rental income which was then distributed to Assa Corp. and Assa Co. Limited ("Assa") constituted a separate IEEPA offense, *i.e.*, providing a service to Bank Melli, a bank wholly owned by the Iranian Government.  The

IEEPA violations continued at least until December 17, 2008, the date Assa was designated by the United States Department of Treasury, Office of Foreign Assets Control.

Second, each financial transaction in IEEPA proceeds—funds generated by the building—constitutes a separate substantive money laundering transaction, whether it be funds reinvested in the building (promotional money laundering), funds remitted to Assa Corp. or to the Alavi Foundation (concealment money laundering) and each international wire or check of these funds (international money laundering).  Because the conduct at issue here constitutes both a conspiracy and separate distinct acts, there is no question that the Government has timely instituted this forfeiture action under 19 U.S.C. § 1621.  Accordingly, because no reasonable juror could find that the Government should have instituted its civil forfeiture action prior to 2008, when the last IEEPA and money laundering violations occurred, the Government respectfully requests that the Court not instruct the jury using the proposed jury instruction contained in the Joint Pretrial Order.[1]

In the event the Court permits Claimants to raise a statute of limitations defense, the Government respectfully requests that the Court use the attached proposed jury instruction that properly states what the applicable law is.  Additionally, should the Court permit Claimants to raise a statute of limitations defense, the Government respectfully requests that the Court permit the Government to offer rebuttal evidence to demonstrate: (1) that the alleged offenses continued until at least December 17, 2008; and (2) when the Government discovered the offense, and thus developed a good faith basis to file the instant forfeiture action.  Such facts will include evidence of the civil forfeiture investigation and the related criminal investigation, including the execution of search warrants at the premises of the Claimants and their co-conspirators, Alireza Ebrahimi and the Bank Melli Iran residence; evidence concerning interviews and proffers conducted by law enforcement; and other investigative steps showing the Government's discovery of the offenses upon which forfeiture in this matter is based, and all of which took place within five years of the filing of the Complaint and Amended Complaint

At the September 4 conference, counsel for the Claimants set forth the evidence they contend will establish that the Amended Complaint is time-barred,

---

[1]   The Government submits that the proposed jury instruction regarding the statute of limitations in the Joint Pretrial Order is legally inaccurate for the reasons discussed in this letter.

There are legal and evidentiary flaws in Claimants' reliance on these documents.  First, they are inadmissible as double hearsay—the documents themselves are hearsay, and the statements reflected within are an additional level of hearsay.  No exception applies to either level. ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████  thus leaving the jury unable even to properly evaluate the limitations defense as asserted by Claimants.

## Conclusion

For the foregoing reasons, the Government respectfully requests that the Court preclude Claimants from raising a statute of limitations defense, or in the alternative, permit the Government to put on rebuttal evidence of when the Government discovered the offenses underlying the instant forfeiture action, and that the Court use the attached proposed jury instruction which properly states the law regarding statute of limitations when there are distinct underlying offenses.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:      /s/ Anand Sithian
Sharon Cohen Levin
Michael D. Lockard
Martin S. Bell
Carolina A. Fornos
Assistant United States Attorneys
Anand Sithian
Special Assistant United States Attorney
(212) 637-1060/2193/2463/2740/1085

cc:    Counsel of Record (via e-mail)

## **Proposed Statute of Limitations Instruction (If Necessary)**

Claimants the Alavi Foundation and 650 Fifth Avenue Company assert a defense that the statute of limitations bars the Government's forfeiture action against the Alavi Foundation's and 650 Fifth Avenue Company's interest in the Defendant Properties. A statute of limitations is a law providing that a forfeiture action is barred if the Government does not commence a forfeiture action within five years of discovering the offense or offenses upon which the forfeiture is based.

An alleged offense is considered "discovered" for purposes of the statute of limitations if the Claimants show by a preponderance of the evidence that the Government actually discovered or had the means to discover the alleged IEEPA violations and money laundering offenses more than 5 years before commencing the forfeiture action. For continuing conduct that involves distinct underlying offenses, such as IEEPA and money laundering offenses, the statute of limitations start anew each time a new IEEPA or money laundering offense is committed.

I instruct you that if you find an IEEPA or money laundering offense was committed after November 12, 2004 involving the Alavi Foundation's and 650 Fifth Avenue Company's interest in the Defendant Properties, then the Government's action against the Alavi Foundation's and 650 Fifth Avenue Company's interest in the Defendant Properties is timely.

The statute of limitations is an affirmative defense. Claimants the Alavi Foundation and 650 Fifth Avenue Company have the burden of proving the statute of limitations defense. Claimants the Alavi Foundation and 650 Fifth Avenue Company must prove by a preponderance of the evidence that the Government did not commence the forfeiture action against the Alavi Foundation's and 650 Fifth Avenue Company's interest in the Defendant Properties within the applicable time period.

> 18 U.S.C. § 981(d); 19 U.S.C. § 1621; United States v. 5443 Suffield Terrace, Skokie Ill., 607 F.3d 504, 508 (7th Cir. 2010); United States v. Kivanc, 714 F.3d 782, 790 (4th Cir. 2013); 3 Fed. Jury Prac. & Instruct. § 107:01 (6th Ed.).

1