# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

September 10, 2013

By Email

Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 730
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 11 2013

Daniel S. Ruzumna
Partner
(212) 336-2034
Direct Fax (212) 336-1205
druzumna@pbwt.com

Re:   **In re 650 Fifth Avenue and Related Properties,
      08 Civ. 10934 (KBF)**

Dear Judge Forrest:

We respectfully submit this letter on behalf of the Alavi Foundation (the "Foundation") and the 650 Fifth Avenue Company (the "Fifth Avenue Company" and, collectively, "Claimants") in response to the Government's September 9, 2013 letter motion for reconsideration of the Court's decision denying the Government permission to use documents obtained from the search of the Foundation that were not produced in discovery, which the Court has deemed a motion to compel.

Every document to which the Claimants have objected on the basis that it was part of the search of the Foundation that was not produced by Claimants falls into one of three categories: (1) documents that are not responsive to the document requests served on Claimants in discovery; (2) documents that are duplicative of other documents produced by Claimants in this action; and (3) privileged documents. The Government has agreed to remove the privileged documents from its exhibit list, so this letter focuses on the first two categories of documents above. For the reasons below, the Government's request for reconsideration should be denied.

We have determined that many of the documents at Exhibit A to the Government's letter motion are duplicates of documents that were in fact produced by Claimants in this action. This includes those documents in category (ii) and (iii) of the Government's letter: "650 bank records and ledgers" and "Jones Lang Lasalle Reports."[1] For example, GX2011

---

[1] As the Government is aware, many of these duplicates were likely created by the Government itself. When Claimants first received scanned images of documents from the Government with SDNY bates numbers containing apparent duplicates, we worked diligently with the Government to determine which documents were, in fact, duplicates of other documents. Over the course of these conversations and the parties' attempts to minimize duplicative work, we learned that the Government produced many boxes of documents with two sets of identical images of documents contained in those boxes. We also learned that

Hon. Katherine B. Forrest
September 10, 2013
Page 2

(SDNY-0091156) was produced at ALV_00019104, SDNY-0195958 and SDNY-0197140. In light of the fact that these documents were produced by Claimants (albeit at other bates numbers), Claimants withdraw their earlier objection to the use of these specific documents during trial.[2] Nonetheless, Claimants remain concerned that the Government's trial team continues to review documents outside of the production database given that many privileged documents were seized and scanned by the Government.

    The Government next complains that the Foundation's telephone bills were not produced. These documents were not produced for the simple reason that telephone records were not the subject of a document request.[3] Any suggestion by the Government that Claimants were obligated to review every single phone number Claimants dialed over the last thirty years in an effort to determine which particular numbers might be considered responsive to the Government's request for documents should be summarily rejected; these records were simply not called for.

    With respect to the remaining two documents, neither document would have been produced in response to a reasonable search for responsive documents in this action. The first, the "letterhead with a Zarif check (Zarif is the former Iranian Ambassador to the United Nations)" is described in a deceptive manner. This check is among thousands of checks that the Foundation received as a donation in exchange for copies of a Persian calendar that the Foundation produces on an annual basis. Each year, approximately 10,000 of these calendars are mailed to recipients across the country. In exchange, the Foundation requests a nominal donation to cover the cost of the calendar's production. In the past, the Foundation sent letters to recipients of the calendars thanking them for their donations. The "letterhead" referenced by the Government is simply a form letter, of which there are hundreds, that was attached to the check that the Foundation maintained as a part of its records. Moreover, the check has a 1992 date-- which is a decade before Mr. Zarif became the Ambassador to the Iranian Mission at the United Nations. The Government has no document request that goes to calendar donations generally, and it would have been unduly burdensome for the Foundation to review every single Farsi form letter to identify the recipient of each letter and to then determine whether that individual was ever affiliated with the Iranian Mission. The Foundation also objects to the inclusion of this particular document on the Government's exhibit list as irrelevant (Fed. R. Evid. 401) and unfairly prejudicial (Fed.R. Evid. 403). Should the Court determine that this document is responsive and admissible, the Foundation requests permission to amend its exhibit list to include the bulk of the Farsi form letters and checks that were in the Foundation's records in order to provide the necessary context for this particular "letterhead with a Zarif check."

---

the Government was concerned that its initial scanning of a number of the boxes may have omitted some documents, and so entire boxes were rescanned and both sets were provided to Claimants for review.

[2] These documents include the following GX exhibits: 1571, 1592, 1593, 2010-2012, 2022, and 2134.

[3] The Government states that the requested documents were responsive to requests 14, 17, 19, and 51. These document requests and the Claimants' responses to them are attached as Exhibit A, and are requests for documents related to Assa (14), the Government of Iran (17), the Iranian Mission to the United Nations (19), and documents that the Claimants intend to introduce at trial (51).

The final document is described by the Government as a "<u>wall calendar from Alavi's offices stating 'give money to Assa.'</u>" In fact, the document is a picture of a wall calendar that was taken by the Government. None of the Government's document requests includes a request for these photographs, which were always in the Government's possession. Claimants did produce relevant correspondence related to the distribution of funds to Assa, including all wire requests made by the Fifth Avenue Company to JLL or Cushman & Wakefield, which is the only method by which the Fifth Avenue Company provided funds to Assa for the relevant time period. Documents reflecting these distributions, including wire requests, bank records, and management company reports, have been produced.

Finally, the Government argues that Claimants failed to provide the Government with a declaration of a witness identified on the Government's witness list, Reza Banki, that Claimants prepared in preparation for trial. Counsel's conversations and correspondence with Mr. Banki were undertaken in preparation of Claimants' defense at trial, and are therefore entitled to work product protection. The Government is not entitled to a play-by-play regarding which potential witnesses Claimants have interacted, what subjects were discussed, and what facts Claimants learned. Nor is the Government entitled to an explanation of why Claimants chose—or chose not to—conduct certain depositions. With respect to the Mr. Banki's declaration, the document was properly withheld as work product created and prepared in anticipation of litigation in this matter. *Stokes v. City of New York*, CV-2005-0007 (JFB) (MDG), 2006 U.S. Dist. LEXIS 50480, at * 4 (E.D.N.Y. July 24, 2006) ("Affidavits and other witness statements prepared or obtained in anticipation of litigation are generally entitled to [work product] protection . . . ."); *see also People v. Kozlowski*, 11 N.Y. 3d 223, 245 (2008) (finding witness statements trial preparation materials); *Warren v. NYC Transit Authority*, 34 A.D. 2d 749, 749 (1st Dep't 1970) ("It is clear that statements taken from witnesses to prepare for litigation are attorney's work product and protected.").

The Government's argument with regard to the Banki declaration is just yet another example of the Government believing that it operates under different rules in this civil litigation. Indeed, the Government recently added Shaukat Jafri to its witness list, over two months after receiving notice of his purported relevance. In its September 4, 2013 letter to the Court regarding its disclosure of Mr. Jafri, the Government stated that it was withholding all information from its meetings with Mr. Jafri on the basis that it considered this material to be "privileged attorney work-product and trial preparation material." In light of its position with Mr. Jafri, the Government's attack on Claimant's non-disclosure of a declaration of *one of the Government's own witnesses* is the ultimate of hypocrisy and chutzpah.[4]

---

[4] In a footnote, the Government argues that all of these documents are also admissible given that the Government obtained the documents during a search of the Foundation's property. Claimants' position regarding the invalidity of this search has been fully briefed. (Dkt. Nos. 535-537, 598.) Even if the Court agrees that these documents were properly seized, the Government's possession of them does not render them automatically admissible at trial.

Hon. Katherine B. Forrest
September 10, 2013
Page 4

      For the reasons above, Claimants respectfully request that the Court deny the Government's request for reconsideration, with the exception of the financial documents described above.

                                        Respectfully submitted,

                                        /s/ *Daniel S. Ruzumna*
                                        Daniel S. Ruzumna

cc:    Counsel of Record

---

**Ordered**

With the exception of the telephone bills, the letter-motion to compel (which is how the Court construes the Government's motion) is denied. The Government shall provide support relating to a request that would encompass the telephone records, and set forth information (proffer) as to why role is the case, by 9/12 at 5pm.

                                        /s/ K. B. Forrest
                                            USDJ

9/11/13

# Exhibit A

Daniel S. Ruzumna
Krista D. Caner
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

*Attorneys for Claimants Alavi Foundation
and 650 Fifth Avenue Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x

UNITED STATES OF AMERICA   :

v.   :   No. 08 Civ. 10934

ALL RIGHT, TITLE, AND INTEREST OF ASSA   :
CORPORATION, ASSA COMPANY LIMITED,
AND BANK MELLI IRAN IN 650 FIFTH   **ALAVI FOUNDATION'S AND 650**
AVENUE COMPANY, INCLUDING BUT NOT   **FIFTH AVENUE COMPANY'S**
LIMITED TO THE REAL PROPERTY AND   :   **RESPONSE TO THE FIRST SET OF**
APPURTENANCES LOCATED AT 650 FIFTH   **CONSOLIDATED DOCUMENT**
AVENUE, NEW YORK, NEW YORK, WITH   **REQUESTS**
ALL IMPROVEMENTS AND ATTACHMENTS
THEREON, ET AL.,   :

Defendants *in rem*.

:

----------------------------------- x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Claimants the Alavi Foundation (the "Foundation") and the 650 Fifth Avenue Company (the "Fifth Avenue Company", collectively, the Plaintiffs) by their undersigned attorneys, submit the following

response to the United States of America's (the "Government") and the plaintiffs in the related actions to *In re 650 Fifth Avenue Company*, No. 08 Civ 10934 (the "Private Plaintiffs"), First Set of Consolidated Document Requests to Claimants the Alavi Foundation and 650 Fifth Avenue Company, dated June 24, 2011 (the "Requests"):

## GENERAL OBJECTIONS AND OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

To the extent specified below, all responses to the Requests are made subject to these objections. Any specific objection made by Claimants to an individual request contained in the Requests in no respect limits or modifies these general objections.

1. The Claimants object to the Requests to the extent they seek the production of documents or information protected by an attorney-client privilege, a work-product immunity, or other applicable privilege or immunity. Such information or material will be withheld. The inadvertent production by the Claimants of material covered by any privilege or immunity shall not be deemed a waiver of such protection.

2. The Claimants object to the Requests to the extent they seek to impose upon the Claimants discovery obligations different from or beyond those obligations imposed by the Federal Rules of Civil Procedure and applicable local rules, including, without limitation, discovery requests that seek the production of documents that are not within the Claimants' possession, custody, or control.

3. The Claimants object to the Requests as overbroad and unduly burdensome to the extent they seek production of "all" documents relating to the subject matter of the Requests.

4. The Claimants object to the "Definitions" contained in the Requests to the extent such "Definitions" exceed or conflict with the Federal Rules of Civil Procedure or the

2

applicable local rules. The Claimants undertake to provide responses to the Requests only to the extent required by the Federal Rules of Civil Procedure or the applicable local rules.

5. The Claimants object to the request for documents from 1978 to the present as overly broad and unduly burdensome. The Claimants will produce relevant, non-privileged documents in its possession, custody, or control for the time period from 1978 through December 19, 2008.

6. The Claimants object to the Requests' definition of "subject property" to mean "all right, title, and interest of Assa Corporation, Assa Company Limited, Bank Melli Iran, and the Alavi Foundation in 650 Fifth Avenue Company," and will interpret this portion of the request to mean "all right, title, and interest of Assa Corporation, Assa Company Limited, and the Alavi Foundation in 650 Fifth Avenue Company."

7. The Claimants object to the Requests' definition of "Government of Iran" as vague and ambiguous as to the meaning of "any entity owned or controlled directly or indirectly by the foregoing," and object to the definition as overbroad to the extent it includes "any entity or individual designated by the Department of Treasury, Office of Foreign Assets Control, as one of the foregoing; and further including, but not limited to, the Ayatollah and the Bonyad Mostazafan."

8. The Claimants object to the Requests' definition of "Bonyad Mostazafan" to the extent it includes in its definition "Alinaghi Khamooshi, Rajaiee Martyer, Hossein Mossavi, Moshen Rafighdoost, and Mohammad Forouzandeh."

9. The Claimants object to the Requests' definition of "the Ambassador" as vague and ambiguous.

10. The Claimants object to any request that is vague, ambiguous, or confusing and therefore not susceptible to a clear and definitive answer. Such requests necessarily require interpretation by the Claimants in providing answers thereto. Such interpretation by the Claimants may, in some or all cases, be different from that which the Government and the Private Plaintiffs intended. The Claimants hereby put the Government and the Private Plaintiffs on notice that such interpretation by the Claimants has necessarily taken place in providing answers to the Requests herein as a result of the Government's and the Private Plaintiffs' imprecise and ambiguous Requests.

11. The Claimants object to these Requests to the extent that either the Requests or the Claimants' responses to them may be construed as admissions by the Claimants that any fact or circumstance alleged in any request occurred or existed. Moreover, the responses provided are not intended to be, and shall not be construed to be, an agreement or concurrence by the Claimants that the Defendants' characterization of any facts or circumstances is correct.

12. The Claimants' statement that responsive documents will be produced does not constitute a representation that such documents exist, but only that a reasonable search for such documents within the Claimants' possession, custody or control has been or will be made and that the Claimant has produced or will produce responsive, non-privileged, non-objectionable documents.

13. The Claimants' investigation is ongoing and the Claimants reserve the right to supplement all responses as information becomes available during the course of discovery, document review and investigation.

4

14. Claimants object to producing documents without an adequate protective order in place designed to protect the large amounts of financial and personal information that are contained in documents responsive to the Requests from being used for purposes other than this litigation. In light of the large number of documents requested by the Requests, including documents in a foreign language, Claimants also object to producing documents without assurances that any inadvertently produced privileged documents will be returned upon discovery. The Claimants will produce relevant, non-privileged documents once an adequate protective order has been entered into by each party to whom documents must be produced. The Claimants object to the instructions in the Requests to the extent they seek to impose upon the Claimants discovery obligations different from or beyond those obligations agreed to in a governing protective order.

15. The Claimants object to any request that calls for a legal conclusion or the mental impression of the Claimants' attorneys, or that purports to require the Claimants and its attorney to form, read, set forth, or perform a legal analysis. The Claimants are only required to provide factual information in responding to any request. To the extent that any request seeks information other than factual information, the Claimants object to such request as improper.

16. The Claimants object to any request that is premature.

17. Nothing in this response is intended to waive the following objections, all of which are expressly reserved: (i) all objections as to competency, relevancy, materiality and admissibility of the subject matter of any document request; (ii) all objections as to vagueness, ambiguity, or undue burden of any document request; (iii) all objections on any ground as to the use at trial of any information provided in response to any document request; and (iv) all

5

objections on any ground to any request for further responses to these or other document Requests.

19. The General Objections asserted herein shall be deemed to be applicable to and continuing with respect to each of the Claimants' responses to the Requests. The General Objections asserted herein are incorporated into each and every response set forth herein. Such objections are not waived, nor in any way limited, by any response to any specific request. The Claimants reserve their right to amend or modify these answers at any time should they discover information that makes the present responses incomplete or inaccurate. By reserving such right, the Claimants do not intend to assume a duty to modify or amend these answers, other than as required by the Federal Rules of Civil Procedure.

19. Because the Requests are broad and may require the production of voluminous pages of documents, any undertaking by the Claimants for the production of documents by the Claimants shall be on a rolling basis, commencing as soon as practicable and reasonable.

## SPECIFIC RESPONSES AND OBJECTIONS TO FIRST SET OF CONSOLIDATED DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All documents and records relating to or reflecting any bank, brokerage, or credit card account and any loan or line of credit held by, in the name of, or under the control of Alavi.

### RESPONSE TO REQUEST NO. 1:

The Claimants object to this request as overly broad and unduly burdensome to the extent it seeks production of "all" documents and records related to or reflecting "any bank, brokerage, or credit card account and any loan or line of credit held by, in the name of, or under

6

**RESPONSE TO REQUEST NO. 13:**

The Claimants object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product immunity, or other applicable privilege or immunity. The Claimants object to this request as overly broad and unduly burdensome to the extent it seeks production of "all" documents. The Claimants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to all foregoing general and specific objections, the Claimants will produce or make available non-privileged documents in their possession, custody or control responsive to this request that are related to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to or referring to Assa, including, but not limited to, documents constituting, reflecting, or relating to communications with Assa.

**RESPONSE TO REQUEST NO. 14:**

The Claimants object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product immunity, or other applicable privilege or immunity. The Claimants object to this request as overly broad and unduly burdensome to the extent it seeks production of "all" documents. The Claimants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 16:**

The Claimants object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product immunity, or other applicable privilege or immunity. The Claimants object to this request as overly broad and unduly burdensome to the extent it seeks production of "all" documents. The Claimants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to all foregoing general and specific objections, the Claimants will produce or make available non-privileged documents in their possession, custody or control responsive to this request that are related to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to or referring to the Government of Iran, including, but not limited to, documents constituting, reflecting, or relating to communications with the Government of Iran.

**RESPONSE TO REQUEST NO. 17:**

The Claimants object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product immunity, or other applicable privilege or immunity. The Claimants object to this request as overly broad and unduly burdensome to the extent it seeks production of "all" documents. The Claimants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to all foregoing general and specific objections, the Claimants will produce or make available non-privileged documents in their possession, custody or control responsive to this request that are related to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to or referring to the Bonyad Mostazafan, including, but not limited to, documents constituting, reflecting, or relating to communications with the Bonyad Mostazafan.

**RESPONSE TO REQUEST NO. 18:**

The Claimants object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product immunity, or other applicable privilege or immunity. The Claimants object to this request as overly broad and unduly burdensome to the extent it seeks production of "all" documents. The Claimants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to all foregoing general and specific objections, the Claimants will produce or make available non-privileged documents in their possession, custody or control responsive to this request that are related to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to or referring to the IMUN, including, but not limited to, documents constituting, reflecting, or relating to communications with the IMUN.

17

**RESPONSE TO REQUEST NO. 19:**

The Claimants object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product immunity, or other applicable privilege or immunity. The Claimants object to this request as overly broad and unduly burdensome to the extent it seeks production of "all" documents. The Claimants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to all foregoing general and specific objections, the Claimants will produce or make available non-privileged documents in their possession, custody or control responsive to this request that are related to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to or referring to Moshen Kakavand, including, but not limited to, any documents constituting, reflecting, or referring to communications with Moshen Kakavand.

**RESPONSE TO REQUEST NO. 20:**

The Claimants object to this request to the extent it seeks the production of documents protected by the attorney-client privilege, work-product immunity, or other applicable privilege or immunity. The Claimants object to this request as overly broad and unduly burdensome to the extent it seeks production of "all" documents. The Claimants further object to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 51:**

All documents you intend to identify, introduce, or rely on at any hearing or trial in the Consolidated Action.

**RESPONSE TO REQUEST NO. 51:**

The Claimants object to this request as premature. Subject to all foregoing general and specific objections, the Claimants will produce or make available non-privileged documents in their possession, custody or control responsive to this request that are related to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 52:**

All documents on which you intend to rely in responding to the following allegations in the Amended Complaint in the Forfeiture Action:

a. ¶¶ 20 - 23;
b. ¶¶ 26 - 30;
c. ¶¶ 31 - 40;
d. ¶¶ 43 - 47;
e. ¶¶ 48 - 61;
f. ¶¶ 62 - 65;
g. ¶¶ 66 - 77;
h. ¶ 81;
i. ¶¶ 83 - 88;
j. ¶¶ 89 - 90;