

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 12, 2019

**BY ECF**

Hon. Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:   **In re 650 Fifth Avenue and Related Properties,**
           **08 Civ. 10934 (LAP)**

Dear Judge Preska,

    The Government respectfully submits this letter to request the immediate entry of the attached proposed Trustee and Protective Order (*see* Ex. A) following the issuance of the mandate. As explained below, the immediate entry of an order is essential to preserve the value and ongoing operations of the defendant properties in this matter. The Trustee and counsel for the Judgment Creditors have reviewed the terms of the proposed order and have no objections.

    The Trustee, former U.S. Magistrate Judge Kathleen A. Roberts, has served as either Monitor or Trustee over the defendant properties for more than nine years, and her role has been essential in preserving the value and availability of the assets pending the resolution of this action, especially the 36-story commercial building located at 650 Fifth Avenue in Manhattan (the "Building"). Judge Roberts' responsibilities as Trustee were continued most recently in the Court of Appeals' orders for a stay pending appeal, copies of which are attached hereto as Exhibits B and C. Today, the Court of Appeals issued the mandate. (Dkt. Entry No. 2160.)[1] Accordingly, the immediate entry of an order by this Court is essential in order to ensure that the Trustee's authorities and responsibilities are continued without interruption. The Building is an ongoing, complex commercial operation, and any lapse in the Trustee's authorities and responsibilities could have a substantial, detrimental impact. For that reason, we respectfully request that the proposed Trustee and Protective Order be entered immediately. As discussed below, the terms of the proposed order mirror those of the Court of Appeals' orders, with the addition of certain clarifying language that is requested by the Trustee and which reflects the actual implementation of the Court of Appeals' orders.

---

[1] The mandate in Assa Corp. and Assa Co. Ltd.'s appeal issued on September 30, 2019. (Dkt. Entry No. 2128.)

The Government is aware that claimants the Alavi Foundation of New York ("Alavi") and the 650 Fifth Avenue Company (the "Partnership") oppose some of the terms of the proposed order, and previously filed a motion with the Court of Appeals to modify the terms of the stay pending appeal. The Court of Appeals denied that motion today, without prejudice to raising the matter with this Court. Because of the pressing need for continuity, the Government requests that the proposed order be entered promptly to maintain the *status quo*, with the understanding that the parties may file briefing on disputed terms for the Court's resolution.

**A. Background**

On June 29, 2017, following a five-week trial, the jury returned a unanimous verdict of forfeiture. The verdict found that (1) Alavi's interest in the Partnership is forfeitable in its entirety as proceeds of violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-07, and as property involved in and traceable to money laundering; (2) the Building is forfeitable in its entirety as property involved in and traceable to money laundering, and also partially proceeds of violations of the IEEPA; and (3) various other pieces of real estate owned by Alavi and certain Alavi bank accounts are also forfeitable in whole or in part as proceeds of IEEPA violations and as property traceable to property involved in money laundering. (Dkt. Entry No. 1896.)

After the verdict was returned, the District Court entered a September 27, 2017 protective order, *inter alia*, appointing Judge Roberts as Trustee over all of the real estate Defendant Properties, prohibiting disbursements to Alavi from the Partnership except for allowable outstanding bills as of the date of the order (to be paid from future income rather than cash reserves), and allowing income from the Partnership to be used for upkeep or preservation of the other real properties. (Dkt. Entry No. 2078.) At the time of the order, Judge Roberts already had served as Monitor or Trustee of the Building for more than seven years. Judgment was entered on October 4, 2017. (Dkt. Entry No. 2089.)

Alavi and the Partnership moved for a stay pending appeal, which the Court of Appeals granted in an order dated November 16, 2017. (*See* Ex. B.) The November 16, 2017 order prohibited actions to transfer, encumber, or diminish the value of the Defendant Properties and appointed Judge Roberts as Trustee over them. *Id.* at 2. The Trustee was authorized to use rental income of the Building to pay, *inter alia*, Alavi's minimal operations, Alavi's and the Partnership's continued legal defense, and necessary safety or maintenance repairs for the Defendant Properties. *Id.* at 3.

The Government moved for reconsideration under the Supreme Court's decisions in *United States v. Monsanto*, 491 U.S. 600 (1989), and *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989). Over Alavi and the Partnership's opposition, the Court of Appeals granted the motion and, in an order dated January 5, 2018, amended the stay order to prohibit disbursements from the rental income of the Building to Alavi or the Partnership for any purpose. (*See* Ex. C.) The Court of Appeals cited *Monsanto* and *Caplin & Drysdale* in amending the stay order. *Id.* Alavi and the Partnership moved for rehearing of this order, which the Court of Appeals denied on February 13, 2018. (*See* Ex. D.)

On August 9, 2019, the Court of Appeals decided the appeals in this matter, vacating the judgment and remanding for further proceedings. *In re 650 Fifth Avenue and Related Properties*, 2019 WL 3756033, --- F.3d ---- (2d Cir. 2019), and *United States v. Assa Co. Ltd.*, 2019 WL 3756044 (2d Cir. Aug. 9, 2019). On August 30, 2019, Alavi and the Partnership moved for an order modifying the November 16, 2017 and January 5, 2018 stay orders, seeking an order that, *inter alia*, would permit Alavi to return its role as managing partner of the Partnership subject to monitor review and lift limitations on the expenditures of Partnership income (except for disbursements to Assa Corp.).[2] The Government opposed the motion, arguing principally that *Monsanto* and *Caplin & Drysdale* continued to apply. Alavi and the Partnership filed their reply on September 12, 2019. Today, the Court of Appeals denied the motion and issued the mandate.

**B. The Proposed Order Mirrors the Second Circuit's Orders**

The terms of the proposed order (Ex. A) mirror those of the Court of Appeals' stay orders, with clarifying modifications. The Court of Appeals' November 16, 2017 order required the Trustee to "review and approve expenses and other disbursements necessary for the maintenance and upkeep of the Defendant Properties" and to "take all other actions necessary to preserve the value of the Defendant Properties," including the authority to "[a]uthorize necessary disbursements for the upkeep or preservation of the Building." (Ex. B at 2; *see also* Dkt. Entry No. 2078.) The January 5, 2018 order provided that "The Trustee shall not make disbursements from the rental income of the Building to the Alavi Foundation or 650 Fifth Avenue Company for any purpose." (Ex. C.) With the consent and agreement of the parties, and in order to implement the payment of expenses for the necessary maintenance and upkeep of the Defendant Properties, including the upkeep and preservation of the Building, as well as the collection of income from the Building, the Trustee caused such necessary upkeep and maintenance payments to be made directly from Partnership accounts rather than as partnership distributions. As an accounting matter, disbursements relating to Alavi property interests (for the preservation of properties owned individually by Alavi) were recorded as if they had been disbursed to Alavi, though in fact they were paid directly. The proposed order clarifies and continues this practice. (Ex. A at ¶¶ 3 & 9.)

**C. The Proposed Order Follows *Monsanto* and *Caplin & Drysdale***

The provisions of the Court of Appeals' stay orders prohibiting the dissipation of forfeitable funds, including income from the Building, follow binding Supreme Court precedent and the mandatory provisions of 18 U.S.C. § 983. Forfeiture statutes provide that a court "may" enter orders to prohibit the dissipation of forfeitable property, *see, e.g.*, 18 U.S.C. § 983(j); however, the Supreme Court has observed that such discretion "cannot sensibly be construed to give district court discretion to permit the dissipation" of forfeitable property. *United States v. Monsanto*, 491 U.S. 600, 612-13 (1989) (construing 21 U.S.C. § 853(e)). Rather, a court must take appropriate means to "preserve the availability of property" subject to forfeiture. *Id*. Even a criminal defendant's Sixth Amendment right to counsel does not justify dissipation of forfeitable funds prior to trial. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989); *see also Monsanto*, 491 U.S. at 614; *United States v. Walsh*, 712 F.3d 119, 123 (2d Cir. 2013). In this

---

[2] *See* 2d Cir. Dkt. Entry No. 320. Alavi and the Partnership also filed their motion in the appeals from the Turnover Actions, but the mandate already had issued and the motion was struck.

civil forfeiture actions, where no Sixth Amendment rights are presented, Alavi and the Partnership should be prohibited from dissipating those assets.

The forfeiture provisions governing this action closely track the statutory language applied in *Monsanto* and *Caplin & Drysdale*. Like 21 U.S.C. § 853(e), 18 U.S.C. § 983(j) provides that the court "the court may enter a restraining order or injunction" or take additional steps to "preserve the availability of property" subject to forfeiture. Like § 853(a), which provides that a person convicted of a predicate offense "shall forfeit" "any and all" proceeds of the offense and property used to facilitate the offense, and § 853(c), which provides that "[a]ll right, title, and interest in property [subject to forfeiture] vests in the United States upon the commission of the act giving rise to forfeiture under this section;" § 981(f) provides that "[a]ll right, title, and interest in property [subject to forfeiture] *shall vest* in the United States upon commission of the act giving rise to forfeiture . . . ." (emphasis added). Section 981, similarly, provides that "[a]ny property" involved in a money laundering and "[a]ny property" constituting or derived from proceeds of an IEEPA offense is subject to forfeiture. § 981(a)(1)(A), (a)(1)(C). As the *Monsanto* Court observed with respect to 853(a)'s similar provisions: "Nothing in this all-inclusive listing [of property subject to forfeiture] even hints at the idea that assets to be used to pay an attorney are not 'property' within the statute's meaning." *Monsanto*, 491 U.S. at 607. The Court also reasoned that § 853(c)'s "powerful 'relation-back'" provision (similar to § 981(f)) left "little doubt" that the statute mandates the preservation of forfeitable assets. *Id.* at 613.

The Court of Appeals recognized these principles in the Amended Order, citing both *Monsanto* and *Caplin & Drysdale*. While the forfeiture judgment has been vacated, the terms of the stay orders did not depend on the existence or absence of a judgment. Both *Monsanto* and *Caplin & Drysdale* concerned pretrial restraints of forfeitable assets, *see Monsanto*, 491 U.S. at 613-14; *Caplin & Drysdale*, 491 U.S. at 619-21, and the *Monsanto* Court expressly concluded that "there is no exemption from § 853's forfeiture or pretrial restraining order provisions for assets which a defendant wishes to use for an attorney." 491 U.S. 614. *See also United States v. Walsh*, 712 F.3d 119, 121-22 (2d Cir. 2013) (affirming pretrial restraint of proceeds traceable to defendant's fraud).

Accordingly, the Court of Appeals' stay orders follow the mandatory language of the forfeiture statutes and the Supreme Court's decisions in *Monsanto* and *Caplin & Drysdale*. Moreover, the particular facts of this case, where forfeited proceeds will be distributed to victims of terrorism, highlight the significance of the mandatory statutory language. The victim judgment creditors hold compensatory damages judgments against the Government of Iran for injuries and deaths resulting from terrorist attacks, which collectively exceed of the value of the Defendant Properties. Permitting the claimants to dissipate forfeitable assets would forever put those funds beyond the victim judgment creditors' ability to reach them in just compensation for their injuries.

Indeed, from September 2013 until entry of the Stay Order and Amended Order, tens of millions of dollars of otherwise forfeitable income from the Building already have been dissipated on expenses unrelated to the preserving the value of the Defendant Properties. Since mid-2016, more than $19 million in forfeitable Building income was expended on legal fees, nearly $1 million was donated, and approximately $1 million was spent by Alavi on operations. These are all funds that the victims will never recover.

D. Conclusion

    Accordingly, the Government respectfully requests that the attached proposed order be entered immediately. The proposed order is essential to maintain the continuity of the Trustee's authorities and continues the *status quo* of the Court of Appeals' stay orders – orders that were entered and adhered to following four rounds of briefing, and which apply binding Supreme Court precedent.  Disputes concerning the terms of the stay order can be resolved by this Court following further briefing by the parties.

                        Respectfully submitted,

                        GEOFFREY S. BERMAN
                        United States Attorney

by: _____
      Michael D. Lockard/Martin S. Bell/Daniel M.
      Tracer/Samuel Raymond
      Assistant United States Attorneys
      (212) 637-2193/-2463/-2329/-6519

cc:    Counsel of record (by ECF)