

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 19, 2013

**BY ECF AND E-MAIL (ForrestNYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

      Re:    <u>**In Re: 650 Fifth Avenue and Related Properties**</u>,
              08 Civ. 10934 (KBF)

Dear Judge Forrest:

      The Government respectfully submits this letter in response to the letter submitted earlier today by the Alavi Foundation ("Alavi") regarding distributions of funds derived from the building located at 650 Fifth Avenue, New York, New York (the "Building"). *See* 11/19/2013 Letter to Hon. Katherine B. Forrest from Daniel S. Ruzumna (ECF D.E. 1013).

      The Court's decision granting summary judgment in favor of the Government, forfeiting Alavi's interest in the 650 Fifth Avenue Company, the Building, and related bank accounts, has changed the posture of this litigation. Notably, at the time the Court entered the Consent Order for Appointment of Monitor Pursuant to 18 U.S.C. § 983(j) (the "Monitor Order") (ECF D.E. 136), there had been no judicial finding that the Building and related bank accounts were forfeitable as property involved in money laundering and proceeds of violations of the International Emergency Economic Powers Act ("IEEPA"). The Court has since made such a finding, concluding that Alavi's interest in 650 Fifth Avenue Company, the Building, and related bank accounts is forfeitable to the United States.

      Based on the Court's decision, funds derived from the Building, *i.e.*, rental income, constitute property traceable to money laundering and IEEPA violations. Accordingly, as set forth in the Government's Motion to Amend the Protective Order and Monitor Order (ECF D.E. 911), the Court found that Alavi's interest in the Building and the related bank accounts is forfeitable, and thus, any income derived from the Building is also forfeitable.

The Court's summary judgment decision was limited in that it only addressed Alavi's, 650 Fifth Avenue Company's, Assa Corp.'s and Assa Co Limited's interests in the forfeited assets. Indeed, there remain in this civil forfeiture action numerous third-party claims to, among other things, the Building and the funds generated from the Building. Alavi ignores the fact that third-party claims remain to the Building, the rental income from the Building, and the related bank accounts. If rental income is distributed to Alavi, as Alavi concedes, those funds will be dissipated, and therefore will be unavailable for forfeiture or for the third-party claimants whose claims remain unresolved.

Finally, contrary to Alavi's assertions, the Monitor Order is not self-executing. Alavi must submit documented requests to the Monitor and the Monitor must independently determine whether to approve any distributions. Consistent with the Monitor's past practice, the Monitor has submitted Alavi's requests for distributions to the Government so that the Government may object to any proposed distributions. The Government has advised the Monitor that in light of the Court's summary judgment decision and the Government's pending Motion to Amend the Protective Order and Monitor Order, the Government cannot consent to any further distributions to Alavi at this time.

Accordingly, the Government respectfully requests that the Court grant the Government's Motion to Amend the Protective Order and Monitor Order.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:   */s/ Anand Sithian*
Sharon Cohen Levin
Michael D. Lockard
Martin S. Bell
Carolina A. Fornos
Assistant United States Attorneys
Anand Sithian
Special Assistant United States Attorney
(212) 637-1060/2193/2463/2740/1085

cc:   Counsel of Record