**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE 650 FIFTH AVENUE AND RELATED PROPERTIES | Case No. 08 Civ. 10934 (KBF) and All Member and Related Cases |

**BLAND, BROWN, VALORE, BOTVIN  JUDGMENT CREDITORS'**
**JOINT MEMORANDUM OF LAW IN OPPOSITION TO HEGNA PLAINTIFFS'**
**MOTION FOR  RECONSIDERATION**

Noel J. Nudelman
HEIDEMAN NUDELMAN & KALIK, P.C.
1146 19th Street, N.W., 5th floor
Washington, DC  20036
Telephone:  202-463-1818
Telefax:  202-463-2999

*Attorney for the Bland, Brown and*
*Botvin Judgment Creditors*

Keith M. Fleischman
FLEISCHMAN LAW FIRM PLLC
565 Fifth Avenue, 7th Floor
New York, New York  10017
Telephone:  212-880-9571

*Attorney for Valore Judgment Creditors*

The private judgment creditors known in these consolidated proceedings as the Bland, Brown, Valore and Botvin Judgment Creditors (collectively, the "BBVB Judgment Creditors") respectfully submit this joint memorandum of law in opposition to private plaintiffs-claimants Edwena Hegna, *et al*.'s (the "Hegnas") Motion for Reconsideration ("Hegna Motion") this Court's May 15, 2014 Opinion and Order, ECF No. 1142, (the "Opinion"), denying the Hegnas' motion for summary judgment on their on their innocent owner claims to the interests of Assa Corporation, Assa Company Limited (together, "Assa"), Alavi Foundation ("Alavi") and 650 Fifth Avenue Company ("650 Fifth Ave. Co." or the "Partnership") (collectively, "Defendants") in the *in rem* defendant real property located at 650 Fifth Avenue, New York, New York (the "Building"), and granting the Government's motion to strike the Hegnas' claims or for summary judgment.

## PRELIMINARY STATEMENT

The BBVB Judgment Creditors join in and adopt the arguments by the Greenbaum, Acosta, Beer and Kirschenbaum Plaintiffs (GABK Plaintiffs) as set forth in their Memorandum in Opposition to the Hegna Motion.  As a matter of law, and as set forth by the GABK Plaintiffs in their Memorandum in Opposition, the Hegnas cannot point to an intervening change or overlooked material law or fact, and this Court will not "correct a clear error or prevent manifest injustice" by granting the Hegnas relief to which they are not entitled.  The Hegnas merely repeat contentions that this Court expressly considered and rejected and then improperly raise two new and meritless arguments.  The Hegnas' total failure to demonstrate any grounds for reconsideration warrants denial of their motion outright.   Moreover, if the Court were to reconsider the merits of the Hegna's motion for summary judgment, the Court should again find the Hegnas do not qualify as "innocent owners" of the Building (or, for that matter, any other *in rem* defendant property at issue in these proceedings) under either of the two statutory innocent

owner provisions available under  18 U.S.C. §§ 983(d)(2) and (3), because the Hegnas cannot

meet their threshold burden of demonstrating that they possess an enforceable, recognizable and

specific ownership interest in any of the *in rem* defendant properties beyond that of a general

unsecured creditor.

Finally, the Court should also deny the Hegnas' improper request for a "clarification" of

the Opinion that would, in essence, upend the Stipulation and Order of Settlement previously

entered by the Court by which the judgment creditor claimants herein (other than the Hegnas)

settled their competing claims to the defendant properties with the Government.

 For all of the foregoing reasons, and as discussed in more detail in the Opposition filed

by the GABK Plaintiffs, the Hegnas are not innocent owners of the Building and their Motion for

Reconsideration should therefore be denied.

## ARGUMENT

## POINT I

### THE HEGNAS DO NOT MEET
### THE STRICT STANDARD FOR RECONSIDERATION

The BBVB Judgment Creditors join the GABK Plaintiffs in their arguments at Point I of

their Memorandum and incorporate them by reference herein.

## POINT II

### EVEN IF RECONSIDERATION IS GRANTED,
### THE OPINION SHOULD STAND

The BBVB Judgment Creditors join the GABK Plaintiffs in their arguments at Point II of

their Memorandum and incorporate them by reference herein.

## POINT III

## THE HEGNAS' IMPROPER REQUEST FOR "CLARIFICATION" OF THE OPINION SHOULD BE DENIED

The BBVB Judgment Creditors join the GABK Plaintiffs in their arguments at Point III

of their Memorandum and incorporate them by reference herein.

## CONCLUSION

For all of the foregoing reasons, and for those set forth in the GABK Plaintiffs

Opposition to the Hegna Motion, the Court should deny the Hegnas' Motion for Reconsideration

in its entirety.


Dated:   Washington, D.C.                     HEIDEMAN NUDELMAN & KALIK, P.C.
       July 11, 2014

                                         By:   /s/
                                             Noel J. Nudelman


                                       *Attorney for the Bland, Brown and Botvin*
                                       *Judgment Creditors*
Dated:   New York, New York                   FLEISCHMAN LAW FIRM, PLLC.
       July 11, 2014

                                         By:   /s/
                                             Keith Fleischman

                                       *Attorney for the Valore Judgment Creditors*