# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

December 13, 2016

Daniel S. Ruzumna
Partner
(212) 336-2034
Direct Fax  (212) 336-1205
druzumna@pbwt.com

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *In re 650 Fifth Avenue and Related Prop.*,
       No. 08 Civ 10934 (KBF)

Dear Judge Forrest:

At the November 18, 2016 conference and in an Order dated November 21, 2016, Your Honor requested that the parties submit either a joint letter or separate letters outlining the parties' proposal(s) with respect to an appropriate schedule and process for litigating the Alavi Foundation's and the 650 Fifth Avenue Company's ("Claimants") statute-of-limitations defense (the "Affirmative Defense").  We submit this letter only on behalf of Claimants.  We understand that the Government will be submitting a separate letter setting forth its position.

At the November 18 conference, the Court indicated that it would bifurcate the litigation of this forfeiture action into a first phase, which would address primarily Alavi's knowledge of Bank Melli's ownership of its partner, Assa Corporation ("Assa"), after 1995; and a second phase, which would address Claimants' Affirmative Defense.  After the parties agreed that this approach would lead to an efficient resolution of the issues to be tried, the Court ordered that the first phase would be tried starting on May 30, 2017.  The second phase would be tried only if the Government were to prevail in first phase.

Claimants supported the Court's proposed approach in large part because the relevant factual and legal issues involved in litigating the Affirmative Defense are simply not relevant to the first phase of the litigation and would necessarily result in a substantial delay of the first phase.  Specifically, the first-phase trial will involve the presentation of evidence addressing primarily whether *Claimants* were aware that Bank Melli maintained an ownership interest in Assa after 1995; whether *Claimants* provided unlawful services to Assa; and if so, what were the proceeds of those services.  The second phase—*i.e.*, the statute of limitations phase—will involve the presentation of evidence (largely by Claimants, who bear the burden to prove their Affirmative Defense) intended to show that the *Government* knew or should have known of the allegations purporting to give rise to forfeiture as early as the mid-1990s, if not earlier.  Based on the witness lists exchanged in September 2013, we do not believe a single witness who will testify in the first-phase trial will be called to testify in any second-phase trial.

December 13, 2016
Page 2

Indeed, any information learned or evidence gathered by federal agents within the limitations period is not relevant to what federal agents knew or should have known in the years earlier.

The Government has informed us that it now will likely oppose a separate trial on Claimant's Affirmative Defense.  The Government may believe that some of the evidence that will be presented in the first phase of trial will have to be presented again in the second phase.  We do not agree.  The evidence that will be presented in the first phase will deal with *Claimants'* knowledge regarding Assa's ownerhip.  The evidence that will be presented in the second phase will address what the *Government* knew or shown have known in the period outside of the statute of limitations period.  These are completely separate inquiries.

From an efficiency perspective, bifurcation in this case makes sense, as the Court has recognized.  Despite Claimants' discovery requests, the Government did not provide discovery to allow Claimants to develop their Affirmative Defense; in fact, a protective order was entered preventing Claimants from obtaining certain critical information to support the Affirmative Defense.  The Court of Appeals recognized the lack of discovery in footnote 28 of its July 20, 2016 decision.  As this Court recognized at the November 18, 2016 conference, the provision of discovery as to the Affirmative Defense—discovery that would be focused on Government investigations before the limitations period—could take time to complete because the Government may again wish to review the materials for classification or privilege.  Through bifurcation, discovery could proceed simultaneously with the preparation for the first-phase trial without delaying that trial.  If the Court were to conduct a single trial, Claimants necessarily would request a substantial delay in the trial date to allow for discovery on the Affirmative Defense to be completed.  Further, if Claimants were to prevail in the first-phase trial, a trial on the Affirmative Defense would not be necessary.  Accordingly, the plan outlined by the Court at the November 18, 2016 conference and in the November 21, 2016 Order is the most efficient and sensible way of resolving this matter.

The schedule proposed below allows discovery on the Affirmative Defense to proceed while the parties prepare for the first-phase trial.  Claimants expect to make specific requests for discovery related to the Affirmative Defense.  Since Claimants expects to be able to identify the Government's prior investigations by case number or other identifiers—which Claimants have been able to glean based on public information and review of discovery produced by the Government—the Government should be able to identify the relevant universe of documents without tremendous difficulty.  Claimants believe that the schedule set forth below provides a reasonable amount of time to complete Affirmative Defense-related discovery and resolve motion practice, and to allow the trial on the Affirmative Defense to occur in the fall of 2017.

Set forth below is Claimants' proposed schedule:

- January 6, 2017:  Claimants serve discovery requests on the Government related to the Affirmative Defense.

December 13, 2016
Page 3

- February 3, 2017:  The Government responds to Claimants' discovery requests, identifying any objection to the requests.

- April 3, 2017:  The parties complete production of all Affirmative Defense-related documents.

- April 28, 2017:  The parties complete all Affirmative Defense-related fact discovery.

- May 12, 2017:  The parties serve opening expert report(s), if any.

- June 12, 2017:  The parties serve responsive expert report(s), if any.

- July 12, 2017:  The parties complete expert discovery.

- July 21, 2017:  The parties file any summary judgment motions.

- August 11, 2017:  The parties file responses to any summary judgment motions.

- August 18, 2017:  The parties file replies in support of any summary judgment motions.

Claimants believe that this proposal is consistent with the Court's directives at the November 18, 2016 conference and would allow a statute of limitations trial, if one is necessary, within approximately three months of the end of the first "knowledge" phase of the litigation.  We are available for a conference if the Court deems it necessary.

Respectfully,

Daniel S. Ruzumna