# ATTACHMENT E

**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas New York, NY 10036-6710 212.336.2000 fax 212.336.2222 www.pbwt.com

December 23, 2016

Daniel S. Ruzumna
Partner
(212) 336-2034
Direct Fax (212) 336-1205
druzumna@pbwt.com

**By Email**

Michael D. Lockard
Martin S. Bell
Daniel Tracer
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

**Re:** ***In re 650 Fifth Avenue and Related Prop.*, No. 08 Civ 10934 (KBF)**

Dear Michael, Martin, and Daniel:

I write on behalf of the Alavi Foundation and the 650 Fifth Avenue Company (collectively "Claimants") pursuant to the schedule set out in our joint letter to the Court, dated December 7, 2016 and so-ordered by Judge Forrest on December 8, 2016, related to Claimants' request for discovery related to their statute-of-limitations defense. Claimants hereby request that the Government produce documents responsive to the requests provided below.[1] Please note that these requests represent a substantial narrowing of what we sought in Claimants' First Requests for Production of Documents and Things to the United States, dated May 26, 2011.

1. Records, reports, memoranda, correspondence, notes, and other documents evidencing and/or related to allegations that Claimants and/or Assa were controlled or influenced by, providing services to, or acting as a front for Iran and/or Bank Melli, directly or indirectly, contained in Government[2] investigative files for which the investigation began on or before November 12, 2004, including but not limited to documents contained in the following investigative files and their related or cross-referenced files:

    a. FBI File No. 199-NY-3128;

    b. FBI File No. 220A-WF-190944;

---

[1] Unless otherwise indicated, these requests relate to the time period from 1979 to the present.

[2] "Government" means the United States of America, including but not limited to the Department of Justice ("DOJ") and the Department of Treasury ("DOT"); joint federal-state task forces or investigative entities; and all successors and predecessors.

c. FBI File No. 62F-HQ-C1488649;

d. FBI File No. 220A-NY-89;

e. FBI File No. 220A-NY-268771;

f. FBI File No. 315D-LA-226946;

g. FBI File No. 220C-CV-63956;

h. FBI File No. 220Q-SD-66700;

i. FBI File No. 315N-NY-280350-IN;

j. FBI File No. 220C-NH-24789;

k. FBI File No. 220C-SA-41278;

l. FBI File No. 320L-CC-C122838-FCL.

m. Investigation files relating to:

   i. The FBI and/or OFAC investigation referenced in the April 30, 1996 Letterhead Memorandum authored by Bernard J. Whalen to the attention of Wayne Zaideman, describing "a 3/22/96 meeting at FBIHQ with OFAC representative Mark Roberts regarding possible legal action instituted by OFAC against AFNY for acting outside the scope of its non-profit corporation charter" (*see* attachment A);

   ii. The FBI and/or IRS investigations referenced in the May 19, 2008 report prepared by Eric M. DiVincenzo to the attention of Whitney R. Rogers, et al., including the "FBI's investigation of the FOUNDATION in New York City as of 07/02/1991" (*see* attachment B); and

   iii. The FBI, OFAC, and/or IRS investigations referenced in the FBI memorandum regarding the Alavi Foundation dated March 5, 2007, drafted by Laurie Giordano to the attention of George Ennis, et al. (*see* attachment C), advising that "in the mid-1990s, financial

> information obtained in the investigation was provided to the IRS and OFAC to determine if any potential criminal violations existed."

2. Records, reports, memoranda, correspondence, notes, or other documents exchanged among the Government, on the one hand, and New York State or other state authorities, on the other hand, in connection with investigations of allegations that Claimants and/or Assa were controlled or influenced by, providing services to, or acting as a front for Iran and/or Bank Melli, directly or indirectly, including but not limited to documents to and from:

    a. The New York Office of the Attorney General;

    b. The New York City Police Department; or

    c. The District Attorney's Office for New York County

    These records should include but not be limited to documents relating to the investigations involving NYPD Deputy Commissioner David Cohen (*see, e.g.*, March 5, 2007 FBI memorandum by Laurie Giordano (*see* attachment C); and correspondence related to *Handschu v. Special Services Division*, Docket Number 71-Civ-2203 (CSH) (SDNY).

3. Records, reports, memoranda, correspondence, notes, or other documents reflecting or relating to communications between Government agents or employees and the journalists who authored the articles listed below, and all documents identifying or relating to investigative steps or other efforts taken in response to the following articles or the allegations raised in them:

    a. Kathleen Teltsch, *Iran Helps Pay Creditors of Pahlavi Building on Fifth Avenue*, N.Y. Times, April 4, 1980 (*see* attachment D);

    b. Knut Royce and Kevin McCoy, *Militants Build on Iranian Foundation*, New York Newsday, May 28, 1995 (*see* attachment E);

    c. John Mintz, *U.S. Keeps Close Tabs on Muslim Cleric*, The Washington Post, January 1, 2003 (*see* attachment F);

    d. Stanley Penn, *Pro-Khomeini Iranians Run Foundation In Manhattan, Backing Students, Mosque*, The Wall Street Journal, August 18, 1989 (*see* attachment

G);

e. *U.S. Prevents Compensation to Terrorist Victims*, The Iran Brief, October 4, 1999 (*see* attachment H);

f. *Murderous Charity*, Penthouse, June 1993 (*see* attachment I);

g. Kenneth R. Timmerman, including:

  i. *The Bonyad System: Corruption, Terror, and Mass Destruction*, The Middle East Data Project, Inc., October 18, 1995 (*see* attachment J);

  ii. *Islamic Iran's American Base*, The American Spectator, December 1995 (*see* attachment K); and

  iii. *Clinton Mischief*, Insight in the News, February 26, 2001 (*see* attachment L).

If you would like to discuss, please let us know. Additionally, please let us know the methodology by which the Government intends to identify records responsive to these requests; it is imperative that we be in a position to consider whether the Government's methodology is adequate to identify the relevant materials.

Best regards,

Daniel S. Ruzumna