UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KIRSCHENBAUM, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>ASSA CORPORATION and ASSA COMPANY LIMITED,<br><br>       Defendants. | 08-cv-10934 (LAP)<br>09-cv-00165 (LAP)<br>09-cv-00166 (LAP)<br>09-cv-553 (LAP)<br>09-cv-564 (LAP)<br>10-cv-1627 (LAP)<br>10-cv-2464 (LAP)<br>11-cv-3761 (LAP)<br>12-mc-19 (LAP)<br>12-mc-20 (LAP)<br>12-mc-21 (LAP)<br>12-mc-22 (LAP)<br>13-mc-71 (LAP)<br>13-cv-1825 (LAP)<br>13-cv-1848 (LAP) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE JUDGMENT CREDITORS' ORDER TO SHOW CAUSE FOR ENTRY OF A CPLR 5234(c) <u>EXTENSION ORDER</u>**

The Judgment Creditors respectfully submit this reply memorandum of law in further support of their Order to Show Cause for entry of a CPLR 5234(c) Extension Order, filed on October 11, 2019 at 08-cv-10934, Dkts. 2134-2138.[1]  For the following reasons and those set forth in their opening memorandum of law (08-cv-10934, Dkt. 2135), the Judgment Creditors respectfully request that the Court enter the requested CPLR 5234(c) Extension Order on or before October 29, 2019, in a form substantially similar to the [Proposed] CPLR 5234(c) Extension Order filed at 08-cv-10934, Dkt. 2137.

## ARGUMENT

The Judgment provides that the Assa Property "shall be *delivered, transferred, or paid* to the Acosta, Beer, Greenbaum, Havlish, Hegna, Heiser, Kirschenbaum, Peterson, Rubin, and Miller Judgment Creditors."  (08-cv-10934, Dkt. 2136-1, ¶ 9(a), (e)-(h) (emphasis added).)  CPLR 5234(c) states: "Where personal property . . . has been ordered *delivered, transferred or paid* . . . and the order is filed before the property . . . is levied upon, the rights of the judgment creditor who secured the order are superior to those of the judgment creditor entitled to the proceeds of the levy."  (Emphasis added.)  CPLR 5234(c) further provides, however, "[w]here delivery, transfer, or payment to the judgment creditor . . . is not completed within sixty days after an order is filed, the judgment creditor who secured the order is *divested of priority*, unless otherwise specified in the order *or in an extension order filed within the sixty days*."  (Emphasis added.)  Accordingly, the Judgment Creditors received a priority interest under CPLR 5234(c) that will expire on October 29, 2019, unless the Court enters the requested CPLR 5234(c) Extension Order by that date.  (*See* 08-cv-10934, Dkt. 2135 at 1-3.)

---

[1] Capitalized terms used herein have the same meaning given to them in the Memorandum of Law in Support of the Judgment Creditors' Order to Show Cause for Entry of a CPLR 5234(c) Extension Order (08-cv-10934, Dkt. 2135).

1

Only Assa (08-cv-10934, Dkt. 2141) and Jeremy and Lucille Levin (08-cv-10934, Dkts. 2142-2143) filed responses to the Order to Show Cause.  Nothing in either response challenges these undisputed facts or the points made in the Judgment Creditors' opening memorandum of law.  The Court should, therefore, grant the Judgment Creditors' requested CPLR 5234(c) Extension Order to preserve the priority granted to them by the Judgment.

A.   Assa's Response

Assa's current counsel states only that he "forwarded to Assa Corporation and Assa Company Limited the Order to Show Cause with respect to the relief requested by the Plaintiffs in this matter for an extension order pursuant to CPLR 5234(c)," and that he "received no objection from the clients with respect to the relief requested."  (08-cv-10934, Dkt. 2141.)  In fact, Assa cannot have any grounds to object for the basic reason that the Judgment extinguished "[a]ll right, title, and interest of Assa Corporation and Assa Company Limited in the Assa Property."  (08-cv-10934, Dkt. 2136-1, ¶ 4.)  The requested CPLR 5234(c) Extension Order cannot have any impact on Assa's now-extinguished rights.

B.   The Levins' Response

The Levins' response is three-fold.  First, the Levins state that they "do not oppose an extension of the October 4, 2017 judgment insofar as it was not reversed by the Second Circuit."  (08-cv-10934, Dkt. 2142 at 1.)  Second, they incorrectly claim that the "Judgment Creditors have inserted into the Order to Show Cause and their supporting memorandum words and findings that are not encompassed by or stated in the October 4, 2017 judgment."  (*Id.*)  Third, they raise a number of superfluous issues with respect to their claim that they "have priority as to the Assa Blocked Funds, over all other Judgment Creditors."  (*Id.* at 2-3.)  The Judgment Creditors respond to the three points raised by the Levins in turn.

2

**First**, the CPLR 5234(c) Extension Order requested by the Judgment Creditors only applies "to the Assa Property." (08-cv-10934, Dkt. 2137, ¶ 1.) It does *not* apply to any property owned by the Alavi Foundation or the 650 Fifth Avenue Company. The Second Circuit affirmed the Judgment insofar as it relates to the Assa Property. *See Kirschenbaum v. Assa Corp.*, 934 F.3d 191 (2d Cir. 2019). Accordingly, the Levins' first argument in response to the Judgment Creditors' requested CPLR 5234(c) Extension Order – that they "do not oppose an extension of the October 4, 2017 judgment insofar as it was not reversed by the Second Circuit" – is not at issue because the Judgment Creditors only seek relief with respect to the Judgment as affirmed by the Second Circuit (*i.e.*, the Judgment Creditors do not seek relief in this Order to Show Cause as to any aspect of the Judgment that was reversed by the Second Circuit).

**Second**, although not clear, the Levins appear to be arguing that the Court should deny the Judgment Creditors' request for a CPLR 5234(c) Extension Order because the proposed order would "extend[] the priority conferred on them by the Judgment," whereas "[t]he word priority is not used anywhere in the . . . [J]udgment." (08-cv-10934, Dkt. 2142 at 1-2.) The Levins' argument misconstrues the basis for the Judgment Creditors' claim to priority and the nature of the relief they request to preserve that priority. As a matter of law, CPLR 5234(c) already grants the Judgment Creditors a priority interest in the Assa Property because the Judgment ordered that the Assa Property be "delivered, transferred, or paid" to the Judgment Creditors. CPLR 5234(c) provides that as to such property, "the rights of the judgment creditor who secured the order are superior to those of the judgment creditor entitled to the proceeds of the levy." The Judgment need not contain the word "priority" because the priority is provided by operation of the CPLR and the Judgment's lack of the word "priority" is, therefore, irrelevant.

**Third**, as to the claim that the Levins have priority over all other Judgment Creditors to the "Assa Blocked Funds," the Judgment Creditors dispute that claim, but in any event, the Court need not resolve that issue at this time. A dispute between the parties concerning priority is not a valid reason for denying the Judgment Creditors' requested CPLR 5234(c) Extension Order. The Judgment conferred certain rights on the Judgment Creditors and, through this Order to Show Cause, the Judgment Creditors merely seek to preserve one of those rights, as provided for in CPLR 5234(c). That this *might* impact the Levins as part of some future proceeding or dispute with the Judgment Creditors (or some other person or entity) is a consequence of the Levins' decision in May 2017 to *not* seek consolidation of their independent action with the Judgment Creditors' actions when invited to do so by the Court. (*See* 17-cv-959, Dkts. 122, 123, 166.) The Levins' decision to *not* participate in these proceedings *prior to* entry of the Judgment should not be wielded by them now to deprive the Judgment Creditors of the full benefits of the Judgment.

## RESERVATION OF RIGHTS

Although not necessary for the Court to decide the Judgment Creditors' request for a CPLR 5234(c) Extension Order, the Judgment Creditors briefly respond to two other points raised in the Levins' response.

First, the Levins claim that they "are party to the above-captioned consolidated proceedings." (08-cv-10934, Dkt. 2142 at 1 n.1.) As the Court is aware, the Judgment Creditors dispute that the Levins' action has been consolidated with their actions and, assuming it has been, that consolidation is appropriate. The Levins' motion seeking consolidation was made in the Levins' action only, and it is undisputed that the Levins did not provide the Judgment Creditors with notice of their motion. (*See, e.g.*, 08-cv-10934, Dkt. 2129 at 1.) The Court's Order granting the Levins' motion (17-cv-959, Dkt. 168) has not been entered in any of the

4

Judgment Creditors' actions. To the extent the Order applies to the Judgment Creditors, it was obtained on an *ex parte* basis. The Judgment Creditors maintain that the Levins should file a properly noticed motion in the Judgment Creditors' actions seeking consolidation, which the Judgment Creditors will oppose, and we will be prepared to discuss this issue and any other issues addressed in the related letters filed at 08-cv-10934, Dkts. 2125, 2126, 2129, 2130, at the hearing on Friday, October 25, 2019, or at any other time directed by the Court.

Second, with respect to the Levins' claim to priority because of their alleged writs of execution, this issue does not need to be addressed at the present time because the relief requested by the Order to Show Cause does not seek a judicial determination of priority as between the Judgment Creditors and the Levins, it only seeks to extend a statutory claim to priority which the CPLR provides. The Judgment Creditors note only that the Levins obtained their alleged writs of execution *before* adjudicating their claims that property owned by Assa, the Alavi Foundation, or the 650 Fifth Avenue Company was, in fact, subject to execution. In 2013, the Court entered a number of Orders ruling that it would *not* issue writs of execution with respect to any of the property at issue in these proceedings until *after* it made a determination that the property is subject to execution. (*See* 08-cv-10934, Dkts. 344, 348, 361 at 48:14-50:20.) And, in 2017, partially in reliance on those Orders from 2013 (among other reasons), the Court rejected an argument that writs of execution obtained in 2009 were a valid means of establishing priority, finding that those writs were "premature" because "there was simply nothing to execute against" at the time they were served. (09-cv-165, Dkt. 937 at 2-3.) Additionally, to the extent the Levins' alleged writs of execution encumbered any of the property at issue in these

proceedings, the Levins violated protective orders entered in these proceedings by obtaining them and causing them to be served.  (*See* 08-cv-10934, Dkts. 2, 1023.[2])

The foregoing is not a full recitation of the histories surrounding these points.  The Judgment Creditors reserve all of their rights to fully litigate these issues if and when they are properly presented for judicial resolution.

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in their opening memorandum of law, the Judgment Creditors respectfully request that the Court enter the requested CPLR 5234(c) Extension Order on or before October 29, 2019, in a form substantially similar to the [Proposed] CPLR 5234(c) Extension Order filed at 08-cv-10934, Dkt. 2137.

Dated:    New York, New York
          October 22, 2019

    /s/ James L. Bernard
James L. Bernard
Curtis C. Mechling
Patrick N. Petrocelli
Pamela S. Takefman
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038
(212) 806-5400

*Attorneys for the Acosta, Beer, Greenbaum, and Kirschenbaum Judgment Creditors*

---

[2] The Levins submitted a declaration signed by their counsel purporting to establish the existence of the alleged writs of execution and the date on which they were allegedly served by the U.S. Marshals Service.  The declaration does not annex any documentation supporting counsel's statements.  The Judgment Creditors do not concede that the Levins obtained valid writs of execution, nor do they concede that those writs of execution were properly served by the U.S. Marshals Service.

Dale K. Cathell
Richard M. Kremen
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone: (410) 580-3000
Facsimile: (410) 580-3001

*Attorneys for the Heiser Judgment Creditors*

Peter R. Kolker
Zuckerman Spaeder, LLP
1800 M Street, N.W., Suite 1000
Washington, D.C.  20036
Phone:  202-778-1800
Fax: (202) 822-8106
pkolker@zuckerman.com

*Attorneys for Rubin and Miller Judgment Creditors*

Ralph P. Dupont
Dupont Law Firm, LLP
700 Canal Street, Suite 1
P.O. Box 3325
Stamford, CT 06905
Tel: (914) 608-2992
radlaw2017@gmail.com

*Attorneys for the Hegna Judgment Creditors*

Liviu Vogel
Salon Marrow Dyckman Newman & Broudy LLC
10 E. 40th Street, 35th Floor
New York, NY 10016
Telephone: (646) 843-1909
Facsimile: (646) 843-1910

*Attorneys for the Peterson Judgment Creditors*

Timothy B. Fleming
Wiggins Childs Pantazis Fisher Goldfarb PLLC
1211 Connecticut Avenue, NW
Suite 420
Washington, D.C. 20036
Telephone: (202) 467-4489
Facsimile: (202) 314-0805

*Attorneys for the Havlish Judgment Creditors*