# **Exhibit 2**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 1 6 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          x
                                       :
                                       :   STIPULATION AND ORDER OF
                                       :   SETTLEMENT BETWEEN THE
In Re 650 Fifth Avenue and Related Properties   :   UNITED STATES AND CERTAIN
                                       :   THIRD-PARTY CLAIMANTS
                                       :
                                       :   08 Civ. 10934 (KBF)
                                       x

**WHEREAS**, the United States of America, by and through its counsel, Preet

Bharara, United States Attorney for the Southern District of New York, commenced the instant

action by filing a verified complaint (the "Complaint") seeking forfeiture of, *inter alia*, all right,

title, and interest of Assa Corporation, Assa Company Limited, and Bank Melli Iran, including,

but not limited to, the real property and appurtenances located at 650 Fifth Avenue, New York,

New York, with all improvements and attachments thereon, and all property traceable thereto

(the "Building");

**WHEREAS**, on November 12, 2009, the United States filed an amended

complaint (the "Amended Complaint"), verified by Special Agent George J. Ennis Jr., of the

Federal Bureau of Investigation, alleging that the following properties, and others, are subject to

seizure and civil forfeiture:

    a.    All right, title, and interest of Assa Corporation, Assa Company Limited,
        Bank Melli Iran, and the Alavi Foundation in 650 Fifth Avenue Company,
        including but not limited to the real property and appurtenances located at
        650 Fifth Avenue, New York, New York, with all improvements and
        attachments thereon, and all property traceable thereto;

    b.    The Building;

    c.    All right, title, and interest in the real property and appurtenances located
        at 2313 South Voss Road, Houston, Texas 77057, with all improvements
        and attachments thereon (the "Defendant Real Property-1");

1

d.     All right, title, and interest in the real property and appurtenances located at 55-11 Queens Boulevard, Queens, New York 11377, Block 1325 Lots 1, 6, 7, and 8, with all improvements and attachments thereon (the "Defendant Real Property-2");

e.     All right, title, and interest in the real property and appurtenances located at 4836 Marconi Avenue, Carmichael, California 95608, with all improvements and attachments thereon (the "Defendant Real Property-3");

f.     All right, title, and interest in the real property and appurtenances located at 4204 Aldie Road, Catharpin, Virginia 20143-1133, with all improvements and attachments thereon (the "Defendant Real Property-4");

g.     All right, title, and interest in the real property and appurtenances located at 4300 Aldie Road, Catharpin, Virginia 20143-1133, with all improvements and attachments thereon (the "Defendant Real Property-5");

h.     All right, title, and interest in the real property and appurtenances located at 7917 Montrose Road, Rockville, Maryland 20854, with all improvements and attachments thereon (the "Defendant Real Property-6");

i.     All right, title, and interest in the real property and appurtenances located at 8100 Jeb Stuart Road, Rockville, Maryland 20854, with all improvements and attachments thereon (the "Defendant Real Property-7");

j.     All funds formerly on deposit in Account Number 78429712, at Citibank, N.A., New York, New York ("Defendant Account-1");

k.     All funds formerly on deposit in Account Number 8881654552, at Citibank, N.A., New York, New York ("Defendant Account-2");

l.     All funds formerly on deposit in Account Number 2724409590, at JPMorgan Chase Bank, N.A., Baton Rouge, Louisiana ("Defendant Account-3");

m.     All funds formerly on deposit in Account Number 725700280, at JPMorgan Chase Bank, N.A., Baton Rouge, Louisiana ("Defendant Account-4");

n.     All funds on deposit at JPMorgan Chase Bank, N.A., in account number 230484468, held in the name of 650 Fifth Avenue Company, and all funds traceable thereto ("Defendant Account-5");

  o.  All funds on deposit at JPMorgan Chase Bank, N.A., in account number 230484476, held in the name of 650 Fifth Avenue Company, and all funds traceable thereto ("Defendant Account-6");

  p.  All funds on deposit at Sterling National Bank in account number 3802032216, held in the name of Alavi Foundation, and all funds traceable thereto ("Defendant Account-7");

  q.  All funds on deposit at Sterling National Bank in account number 3802032201, held in the name of Alavi Foundation, and all funds traceable thereto ("Defendant Account-8"); and

  r.  All funds on deposit at Sterling National Bank in account number 3852524414, held in the name of Alavi Foundation, and all funds traceable thereto ("Defendant Account-9");

(collectively, the "Defendant Properties");

  **WHEREAS,** on or about January 20, 2009 and April 1, 2010, Assa Corp. filed a claim in the instant action asserting an ownership interest in the Defendant Properties and subsequently filed an answer on or about June 15, 2011;

  **WHEREAS,** on or about December 17, 2009, the Alavi Foundation filed a claim in the instant action asserting an ownership interest in the Defendant Properties and subsequently filed an answer on or about April 13, 2011;

  **WHEREAS,** on or about December 17, 2009, the 650 Fifth Avenue Company filed a claim in the instant action asserting an ownership interest in the Defendant Properties and subsequently filed an answer on or about April 13, 2011;

  **WHEREAS,** on or about February 26, 2010, the Heiser Judgment Creditors, as defined in Exhibit A attached hereto, filed a claim in the instant action asserting an ownership interest in the Defendant Properties;

  **WHEREAS,** the Heiser Judgment Creditors are family members and the personal representatives of the estates of 17 of the 19 United States Air Force officers and airmen killed in the June 25, 1996 terrorist bombing of the Khobar Towers;

WHEREAS, on or about March 1, 2010, the Peterson Judgment Creditors, as defined in Exhibit B attached hereto, filed a claim in the instant action asserting an ownership interest in the Defendant Properties;

WHEREAS, the Peterson Judgment Creditors are family members and representatives of the estates of United States service persons killed in the October 23, 1983 terrorist bombings of a United States Marine Barrack in Beirut, Lebanon, as well as United States service persons wounded in that attack;

WHEREAS, on or about March 1, 2010, the Havlish Judgment Creditors, as defined in Exhibit C attached hereto, filed a claim in the instant action asserting an ownership interest in the Defendant Properties;

WHEREAS, the Havlish Judgment Creditors are personal representatives and family members of fifty-nine victims of the September 11, 2001 terrorist attacks who brought a civil suit to recover damages against nation states, entities and individuals who provided financial and logistical support to the 9/11 terrorists;

WHEREAS, on or about March 1, 2010, the Holland, Campuzano, Blais, Brewer, Valencia, and Welch Judgment Creditors, as defined in Exhibits D, N, O, P, Q, and R attached hereto, filed a notice of claim in the instant action asserting an ownership interest in the Defendant Properties;

WHEREAS, the Holland, Campuzano, Blais, Brewer, Valencia, and Welch Judgment Creditors are family members and personal representatives of the estates of persons who had been victims of Iranian-sponsored terrorism;

4

**WHEREAS**, on or about March 16, 2010, the Beer Judgment Creditors, as defined in Exhibit E attached hereto, filed a notice of claim in the instant action asserting an ownership interest in the Defendant Properties;

**WHEREAS**, the Beer Judgment Creditors' judgment arises from the June 11, 2003 terrorist bombing of a bus in Jerusalem, Israel, that caused the death of eighteen passengers, including Alan Beer, and wounded more than one hundred other persons;

**WHEREAS**, on or about March 16, 2010, the Greenbaum Judgment Creditors, as defined in Exhibit F attached hereto, filed a notice of claim in the instant action asserting an ownership interest in the Defendant Properties;

**WHEREAS**, the Greenbaum Judgment Creditors' judgment arises from the August 9, 2001 terrorist suicide bombings of a Sbarro's restaurant in Jerusalem, Israel, that caused the death of fifteen people, including Judith Greenbaum, and wounded more than one hundred thirty others;

**WHEREAS**, on or about March 16, 2010, the Kirschenbaum Judgment Creditors, as defined in Exhibit G attached hereto, filed a notice of claim in the instant action asserting an ownership interest in the Defendant Properties;

**WHEREAS**, the Kirschenbaum Judgment Creditors' judgment arise from the December 1, 2001 terrorist bombings of a pedestrian mall in Jerusalem, Israel, that caused the death of nine people and severely wounded over one hundred fifty more, including Jason Kirschenbaum;

**WHEREAS**, on or about March 16, 2010, the Acosta Judgment Creditors, as defined in Exhibit H attached hereto, filed a notice of claim in the instant action asserting an ownership interest in the Defendant Properties;

WHEREAS, the Acosta Judgment Creditors' judgment arises from the November 5, 1990 assassination of Rabbi Meir Kahane, a former Israeli Parliament member and founder of the Jewish Defense League, and the shootings of Irving Franklin and U.S. Postal Police Officer Carlos Acosta;

WHEREAS, on or about April 2, 2010, the Botvin Judgment Creditors, as defined in Exhibit I attached hereto, filed a notice of claim in the instant action asserting an ownership interest in the Defendant Properties;

WHEREAS, the Botvin Judgment Creditors are family members of and personal representatives of the estate of Yael Botvin, a victim of the September 4, 1997 suicide bombing at Jerusalem's Ben Yehudah Mall;

WHEREAS, on or about April 2, 2010, the Bland, Brown, and Valore Judgment Creditors, as defined in Exhibits J, K, and L attached hereto, filed a joint claim in the instant action asserting an ownership interest in the Defendant Properties;

WHEREAS, the Bland, Brown, and Valore Judgment Creditors are United States service persons wounded in the October 23, 1983 terrorist bombing of the United States Marine Barracks in Beirut, Lebanon, representatives of the estates of United States service persons killed in that attack and family members of the victims of that attack;

WHEREAS, on or about May 24, 2010, July 12, 2010, and April 26, 2012, the Bayani Judgment Creditors, as defined in Exhibit M attached hereto, filed claims in the instant action asserting an ownership interest in the Defendant Properties;

WHEREAS, the Bayani Judgment Creditors' judgment arises from the extrajudicial detention, torture, and murder of Siavash Bayani, a naturalized American citizen, by Iran, its Agents and Instrumentalities in Iran in 1997;

6

WHEREAS, on or about January 8, 2009 the Rubin Judgment Creditors, as defined in Exhibit S attached hereto, filed a Complaint asserting an ownership interest in the Defendant Properties arising from certain judgments referenced therein, which Complaint was amended August 13, 2012;

WHEREAS, the Rubin Judgment Creditors' judgments arise from terrorist attacks on facilities in Israel resulting in death and/or serious bodily harm to American citizens giving rise to the actions filed by them;

WHEREAS, on September 11, 2013, the Court granted the Government's motion for summary judgment with respect to the Building and Bank Account-1 through Bank Account-9 finding that the Alavi Foundation, 650 Fifth Avenue Company and Assa Corp. engaged in IEEPA violations and further engaged in promotion, concealment and international money laundering;

WHEREAS, in granting summary judgment the Court held that "[b]ut for Assa's IEEPA violations, the Building would long ago have been forfeited" and it further held that "[i]f it had been known earlier that Alavi was providing . . . services [to the Government of Iran], its interest would have been forfeited;"

WHEREAS, the United States Attorney's Office for the Southern District of New York (the "USAO") and the Heiser, Peterson, Havlish, Beer, Greenbaum, Kirschenbaum, Acosta, Bland, Holland, Campuzano, Blais, Brewer, Valencia, Welch, Valore, Brown, Bayani, and Julie Goldberg-Botvin Judgment Creditors and the Rubin Judgment Creditors (collectively, the "Settling Judgment Creditors"), to avoid further litigation, have agreed to resolve the Settling Judgment Creditors' claims to the Defendant Properties on the terms and conditions set forth below;

7

**WHEREAS**, on or about March 12, 2010, Edwina Hegna, as Executrix of the estate of Charles Hegna, Craig H. Hegna, Lynn M. Hegna Moore, Paul B. Hegna, and Steven A. Hegna (the "Hegna Judgment Creditor"), filed a claim in the instant action asserting an ownership interest in the Defendant Properties;

**WHEREAS**, the Hegna Judgment Creditors have declined to enter into this Stipulation and Order and accordingly, are not included in the proposed distribution of the proceeds of the sale of the Defendant Properties;

**WHEREAS**, the Settling Judgment Creditors and the USAO agree to retain the full amounts of the Hegna Judgment Creditor claims (the "Non-Settlement Proceeds") in the United States Marshals Service Seized Asset Deposit Fund pending resolution of their claims by the Court;

**WHEREAS**, the total amount of the Non-Settlement Proceeds equals $33,612,878.90, excluding post judgment interest, to the extent applicable, and is comprised of the Hegna Judgment Creditors claim of $33,612,878.90, after a partial satisfaction of a judgment, dated January 18, 2002, in the original amount of $42,000,000;

**WHEREAS**, in the event that the Court denies the Hegna Judgment Creditors' claims, the Settling Judgment Creditors and the USAO agree that the Non-Settlement Proceeds shall be distributed on a pro-rata basis to the Settling Judgment Creditors;

**WHEREAS**, the USAO and the Settling Judgment Creditors agree that any of the Defendant Properties forfeited to the United States shall be sold by the United States Marshals Service, the Government's litigation expenses and sales costs be reimbursed from the sale proceeds and the net proceeds of the sales distributed to the Settling Judgment Creditors on a

8

pro-rata basis based upon their unpaid compensatory damages judgments in the following

percentages:

| Judgment Creditor | Pro-rata Distribution | Total Compensatories |
|---|---|---|
| Peterson | 48.70% | $2,656,944,877.00 |
| Havlish | 24.97% | $1,362,277,884.00 |
| Holland | 0.46% | $25,241,486.00 |
| Campuzano | 0.75% | $40,963,607.87 |
| Blais | 0.53% | $28,801,792.00 |
| Brewer | 0.17% | $9,500,000.00 |
| Valencia | 0.28% | $15,500,000.00 |
| Welch | 0.60% | $32,698,304.00 |
| Beer | 0.24% | $13,000,000 |
| Greenbaum | 0.36% | $19,879,023.00 |
| Kirschenbaum | 0.25% | $13,750,000.00 |
| Acosta | 0.92% | $50,172,000.00 |
| Valore | 5.32% | $290,291,092.00 |
| Brown | 3.36% | $183,281,294.00 |
| Bland | 5.09% | $277,805,908.00 |
| Bayani | 1.22% | $66,331,500.00 |
| Heiser | 5.24% | $286,089,966 |
| Botvin | 0.21% | $11,704,457.00 |
| Rubin | 1.31% | $71,500,000.00 |

**WHEREAS**, the USAO and the Settling Judgment Creditors agree that in the

event any of the Settling Judgment Creditors recover any portion of their outstanding judgments

they shall immediately notify the Government and the parties to this Stipulation and Order within

ten business days of such recovery and the parties and the Government shall adjust the above

percentages accordingly;

9

WHEREAS, the Settling Judgment Creditors agree to waive the argument with respect to the Defendant Properties that the Terrorism Risk Insurance Act ("TRIA") takes precedence over the forfeiture action;

**IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1.      The USAO and the Settling Judgment Creditors agree that any of the Defendant Properties forfeited to the United States shall be sold by the United States Marshals Service, the Government's litigation expenses, and sales costs be recovered from the sales proceeds, and the net proceeds of the sales distributed to the Settling Judgment Creditors on a pro-rata basis based upon the following percentages, and that the compensatory portion of the Settling Judgment Creditors' outstanding judgments shall be reduced on that basis:

| Judgment Creditor | Pro-rata Distribution | Total Compensatories |
|---|---|---|
| Peterson | 48.70% | $2,656,944,877.00 |
| Havlish | 24.97% | $1,362,277,884.00 |
| Holland | 0.46% | $25,241,486.00 |
| Campuzano | 0.75% | $40,963,607.87 |
| Blais | 0.53% | $28,801,792.00 |
| Brewer | 0.17% | $9,500,000.00 |
| Valencia | 0.28% | $15,500,000.00 |
| Welch | 0.60% | $32,698,304.00 |
| Beer | 0.24% | $13,000,000 |
| Greenbaum | 0.36% | $19,879,023.00 |
| Kirschenbaum | 0.25% | $13,750,000.00 |
| Acosta | 0.92% | $50,172,000.00 |
| Valore | 5.32% | $290,291,092.00 |
| Brown | 3.36% | $183,281,294.00 |
| Bland | 5.09% | $277,805,908.00 |

| Bayani | 1.22% | $66,331,500.00 |
|--------|-------|-----------------|
| Heiser | 5.24% | $286,089,966 |
| Botvin | 0.21% | $11,704,457.00 |
| Rubin  | 1.31% | $71,500,000.00 |

2.      The USAO and the Settling Judgment Creditors agree that in the event any of the Settling Judgment Creditors recover any portion of their outstanding judgments they shall immediately notify the Government and the parties to this Stipulation and Order within ten business days and the parties and the Government shall adjust the percentages listed in paragraph number one above accordingly.

3.      The Hegna Judgment Creditors, having declined to enter into this Stipulation and Order, are accordingly not included in the distribution of the proceeds of the sale of the Defendant Properties that are forfeited to the United States. The Non-Settlement Proceeds shall be deposited in the United States Marshals Service Seized Asset Deposit Fund pending resolution of their claims by the Court. Except as permitted by further agreement of the USAO and the Settling Judgment Creditors or by a final and non-appealable order of the Court, Non-Settlement Proceeds will not be released to the Hegna Judgment Creditors. Upon entry of a final and non-appealable order which denies the claims of the Hegna Judgment Creditors to all or a portion of the Non-Settlement Proceeds, the amount of the Non-Settlement Proceeds affected by such order shall be distributed on a pro-rata basis to the Settling Judgment Creditors pursuant to the terms of this Agreement.

4.      Upon the date when the last distribution pursuant to the terms of this Agreement is made, the Settling Judgment Creditors hereby agree to withdraw their claims and answers in this action. Upon entry of this Stipulation and Order, the Settling Judgment Creditors shall not take any position in this litigation adverse to the positions taken by the USAO, and the

11

claims and answers shall continue to be filed only to permit the Settling Judgment Creditors to oppose relief sought by the Hegna Judgment Creditors.

5.      The Settling Judgment Creditors agree that they will only raise the argument that the Terrorism Risk Insurance Act ("TRIA") takes precedence over the forfeiture action ("the TRIA Argument") to the extent necessary to protect the interests of the Settling Judgment Creditors in connection with any relief sought by the Hegna Judgment Creditors and that the Settling Judgment Creditors will not otherwise raise the TRIA Argument as against the USAO in this litigation.

6.      The Settling Judgment Creditors hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

7.      The Settling Judgment Creditors hereby agree that effective upon the receipt by them of the net proceeds of sale of the Defendant Properties they shall waive all rights to execute against or attach property currently at issue in claims against the United States before either the Iran US Claims Tribunal or the International Court of Justice, and diplomatic, consular or cultural property that may become the subject of awards rendered by such tribunals against the United States in the future. The Settling Judgment Creditors further agree to waive, effective upon receipt by them of the net proceeds of sale of the Defendant Properties all rights to execute against or attach property that constitutes cultural property as defined in the 1970 UNESCO Convention on the Means of Prohibiting and Preventing the Illicit Import, Export and Transfer of Ownership of Cultural Property. The waiver provisions of this paragraph shall not apply to any litigations pending outside the United States and to the non-exclusive list of litigations set forth in Exhibit T annexed hereto and to Case 03-cv 09370 pending in the U.S. District Court for the

Northern District of Illinois or Case 98-cv-01165-B-DHB pending in the U.S. District Court for the Southern District of California.

        8.      The Settling Judgment Creditors are hereby barred from asserting any claim against the United States of America ("USA"), the Department of Justice ("DOJ"), the U.S. Attorney's Office for the Southern District of New York ("SDNY-USAO"), the USMS, the Federal Bureau of Investigation ("FBI"), Internal Revenue Service ("IRS"), Joint Terrorism Task Force ("JTTF") or any agents, employees, or contractors of the USA, the DOJ, the SDNY-USAO, the USMS, FBI, IRS or the JTTF and are further barred from assisting others in asserting any such claim, in connection with the seizure, possession and/or sale of the Defendant Properties.

        9.      Each Settling Judgment Creditor represents that he/she has a claim to the Defendant Properties and further agrees to hold harmless the USA, the DOJ, the SDNY USAO, the USMS, FBI, IRS and the JTTF, as well as any and all employees, officers, contractors, and agents of the USA, the DOJ, the SDNY USAO, the USMS, FBI, IRS and the JTTF (collectively the "Hold Harmless USA Parties") from any and all claims concerning the seizure and/or possession of the Defendant Properties based upon the alleged gross negligence or willful misconduct of such Settling Judgment Creditor up to the amount any such Settling Judgment Creditor received under the terms of this Agreement. The parties agree that the obligation of any Settling Judgment Creditor to hold harmless the Hold Harmless USA Parties shall be several, and not joint, and that any claim the Hold Harmless USA Parties assert shall be limited to, and against only, the alleged breaching Settling Judgment Creditor(s) under this paragraph and that the liability of any alleged breaching Settling Judgment Creditor(s) under this paragraph shall be limited to the amount that Settling Judgment Creditor received under the terms of this Agreement

13

and that no party who has breached this obligation to hold harmless the USA Parties shall have a right of contribution against any non-breaching party.

10.     This Stipulation and Order shall not constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States and the Settling Judgment Creditors.

11.     Each party shall bear its own costs and attorney's fees.

12.     This Stipulation and Order represents the complete agreement between the parties and cannot be amended, nor can any other parties join this agreement, without the written consent of all the parties.

13.     The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Faxed, emailed and scanned copies shall be treated as originals.

14.     In the event that a Court determines, pursuant to a final, non-appealable Order, that the USAO is not entitled to forfeit the Defendant Properties, this Agreement shall become null and void with regard to the rights and obligations by and between the USAO and the Settling Judgment Creditors, but shall remain binding amongst the Settling Judgment Creditors with regard to their agreement to share on a pro-rata basis in the proceeds from any of the Defendant Properties recovered by any of the Settling Judgment Creditors based upon the compensatory portion of the Settling Judgment Creditors' outstanding judgments as set forth in Paragraph 1 hereof.

**[SPACE INTENTIONALLY LEFT BLANK]**

14

15.    This Court shall retain jurisdiction to adjudicate any disputes or problems

arising from this Stipulation and Order.

AGREED AND CONSENTED TO:

> PREET BHARARA
> United States Attorney for
> the Southern District of New York
> Attorney for Plaintiff

By: _____          _____
> SHARON COHEN LEVIN                           DATE
> MICHAEL D. LOCKARD
> MARTIN S. BELL
> CAROLINA A. FORNOS
> Assistant United States Attorneys
> One St. Andrew's Plaza
> New York, New York 10007
> (212) 637-1060/2193/2463/2740

BAYANI JUDGMENT CREDITORS

By: _____          4/9/14
> ZOHREH MIZRAHI                               DATE
> Manesh & Mizrahi, P.L.C.
> 2049 Century Park East, Suite 2680
> Los Angeles, CA 90067
> (310) 843-9494

BOTVIN, BROWN AND BLAND
        JUDGMENT CREDITORS

By: _____          _____
> NOEL J. NUDELMAN                             DATE
> Heideman Nudelman & Kalik, P.C.
> 1146 19th Street, 5th Floor
> Washington, DC 20036

**[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]**

15

15.     This Court shall retain jurisdiction to adjudicate any disputes or problems

arising from this Stipulation and Order.

AGREED AND CONSENTED TO:

        PREET BHARARA
        United States Attorney for
        the Southern District of New York
        Attorney for Plaintiff


By:     _____          _____
        SHARON COHEN LEVIN                         DATE
        MICHAEL D. LOCKARD
        MARTIN S. BELL
        CAROLINA A. FORNOS
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, New York 10007
        (212) 637-1060/2193/2463/2740


BAYANI JUDGMENT CREDITORS


By:     _____          _____
        ZOHREH MIZRAHI                             DATE
        Manesh & Mizrahi, P.L.C.
        2049 Century Park East, Suite 2680
        Los Angeles, CA 90067
        (310) 843-9494

BOTVIN, BROWN AND BLAND
        JUDGMENT CREDITORS

By:     _____          _4/9/14_____
        NOEL J. NUDELMAN                           DATE
        Heideman Nudelman & Kalik, P.C.
        1146 19th Street, 5th Floor
        Washington, DC 20036

        [ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]


15

VALORE JUDGMENT CREDITORS

By: _____      4/9/14
     KEITH M. FLEISCHMAN                    DATE
     Fleischman Law Firm, PLLC
     565 Fifth Avenue, 7th Floor
     New York, NY 10017
     (212) 880-9571

GREENBAUM, ACOSTA, BEER AND KIRSCHENBAUM
    JUDGMENT CREDITORS

By: _____      _____
     CURTIS C. MECHLING                     DATE
     Stroock & Stroock & Lavan LLP
     180 Maiden Lane
     New York, NY 10038
     (212) 806-5609

HAVLISH JUDGMENT CREDITORS

By: _____      _____
     DENNIS G. PANTAZIS                     DATE
     TIMOTHY B. FLEMING
     Wiggins, Childs, Quinn & Pantazis, LLC
     1850 M Street, N.W., Suite 720
     Washington, D.C. 20036
     (202) 467-4489

HEISER JUDGMENT CREDITORS

By: _____      _____
     RICHARD M. KREMEN                      DATE
     DLA Piper LLP (US)
     6225 Smith Avenue
     Baltimore, MD 21209

**[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]**

16

VALORE JUDGMENT CREDITORS


By: _____          _____
    KEITH M. FLEISCHMAN                    DATE
    Fleischman Law Firm, PLLC
    565 Fifth Avenue, 7th Floor
    New York, NY 10017
    (212) 880-9571

GREENBAUM, ACOSTA, BEER AND KIRSCHENBAUM
    JUDGMENT CREDITORS

By: _____          _____
    CURTIS C. MECHLING                     DATE
    Stroock & Stroock & Lavan LLP
    180 Maiden Lane
    New York, NY 10038
    (212) 806-5609

HAVLISH JUDGMENT CREDITORS


By: _____          _____
    DENNIS G. PANTAZIS                     DATE
    TIMOTHY B. FLEMING
    Wiggins, Childs, Quinn & Pantazis, LLC
    1850 M Street, N.W., Suite 720
    Washington, D.C. 20036
    (202) 467-4489

HEISER JUDGMENT CREDITORS


By: _____          _____
    RICHARD M. KREMEN                      DATE
    DLA Piper LLP (US)
    6225 Smith Avenue
    Baltimore, MD 21209


**[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]**

VALORE JUDGMENT CREDITORS

By: _____          _____
    KEITH M. FLEISCHMAN                DATE
    Fleischman Law Firm, PLLC
    565 Fifth Avenue, 7th Floor
    New York, NY 10017
    (212) 880-9571

GREENBAUM, ACOSTA, BEER AND KIRSCHENBAUM
    JUDGMENT CREDITORS

By: _____          _____
    CURTIS C. MECHLING                 DATE
    Stroock & Stroock & Lavan LLP
    180 Maiden Lane
    New York, NY 10038
    (212) 806-5609

HAVLISH JUDGMENT CREDITORS

By: _____          4/9/14
    DENNIS G. PANTAZIS                 DATE
    TIMOTHY B. FLEMING
    Wiggins, Childs, Quinn & Pantazis, LLC
    1850 M Street, N.W., Suite 720
    Washington, D.C. 20036
    (202) 467-4489

HEISER JUDGMENT CREDITORS

By: _____          _____
    RICHARD M. KREMEN                  DATE
    DLA Piper LLP (US)
    6225 Smith Avenue
    Baltimore, MD 21209

**[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]**

16

VALORE JUDGMENT CREDITORS

By: _____          _____
     KEITH M. FLEISCHMAN                             DATE
     Fleischman Law Firm, PLLC
     565 Fifth Avenue, 7th Floor
     New York, NY 10017
     (212) 880-9571

GREENBAUM, ACOSTA, BEER AND KIRSCHENBAUM
     JUDGMENT CREDITORS

By: _____          _____
     CURTIS C. MECHLING                              DATE
     Stroock & Stroock & Lavan LLP
     180 Maiden Lane
     New York, NY 10038
     (212) 806-5609

HAVLISH JUDGMENT CREDITORS

By: _____          _____
     DENNIS G. PANTAZIS                              DATE
     TIMOTHY B. FLEMING
     Wiggins, Childs, Quinn & Pantazis, LLC
     1850 M Street, N.W., Suite 720
     Washington, D.C. 20036
     (202) 467-4489

HEISER JUDGMENT CREDITORS

By: _____          _____
     RICHARD M. KREMEN                               DATE
     DLA Piper LLP (US)
     6225 Smith Avenue
     Baltimore, MD 21209

**[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]**

16

HOLLAND, CAMPUZANO, BLAIS, BREWER,
    VALENCIA, AND WELCH JUDGMENT
    CREDITORS

By: _____    _____
    NEAL MATTHEW SHER    DATE
    Law Offices of Neal M. Sher
    132 East 43 Street
    New York, NY 10017
    (646) 201-8841

PETERSON JUDGMENT CREDITORS


By: _____    _____
    LIVIU VOGEL    DATE
    Salon Marrow Dyckman Newman
        & Broudy LLP
    292 Madison Avenue
    New York, NY 10017
    (212) 661-7100


By: _____    _____
    THOMAS FORTUNE FAY    DATE
    Fay Kaplan Law, P.A.
    777 Sixth Street N.W., Suite 410
    Washington, DC 20001-2752


By: _____    _____
    JAMES P. BONNER    DATE
    Stone Bonner & Rocco LLP
    260 Madison Avenue, 17th Floor
    New York, NY 10016-2401


By: _____    _____
    STEVEN R. PERLES    DATE
    Perles Law Firm
    1146 19th Street, 5th Floor
    Washington, DC 20036


**[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]**

17

HOLLAND, CAMPUZANO, BLAIS, BREWER,
    VALENCIA, AND WELCH JUDGMENT
    CREDITORS


By:   NEAL MATTHEW SHER                    DATE
      Law Offices of Neal M. Sher
      132 East 43 Street
      New York, NY 10017
      (646) 201-8841



PETERSON JUDGMENT CREDITORS


By:   LIVIU VOGEL                          April 9, 2014
      Salon Marrow Dyckman Newman          DATE
         & Broudy LLP
      292 Madison Avenue
      New York, NY 10017
      (212) 661-7100



By:   THOMAS FORTUNE FAY                   DATE
      Fay Kaplan Law, P.A.
      777 Sixth Street N.W., Suite 410
      Washington, DC 20001-2752



By:   STEVEN R. PERLES                     DATE
      Perles Law Firm
      1146 19th Street, 5th Floor
      Washington, DC  20036


            [ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]


                                17

HOLLAND, CAMPUZANO, BLAIS, BREWER,
    VALENCIA, AND WELCH JUDGMENT
    CREDITORS


By:    NEAL MATTHEW SHER         DATE
       Law Offices of Neal M. Sher
       132 East 43 Street
       New York, NY 10017
       (646) 201-8841


PETERSON JUDGMENT CREDITORS


By:    LIVIU VOGEL                DATE
       Salon Marrow Dyckman Newman
          & Broudy LLP
       292 Madison Avenue
       New York, NY 10017
       (212) 661-7100

                                   4/9/2014
By:    THOMAS FORTUNE FAY      DATE
       Fay Kaplan Law, P.A.
       777 Sixth Street N.W., Suite 410
       Washington, DC 20001-2752


By:    STEVEN R. PERLES         DATE
       Perles Law Firm
       1146 19th Street, 5th Floor
       Washington, DC  20036


**[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]**


17

HOLLAND, CAMPUZANO, BLAIS, BREWER,
    VALENCIA, AND WELCH JUDGMENT
    CREDITORS


By:   _____        _____
      NEAL MATTHEW SHER                    DATE
      Law Offices of Neal M. Sher
      132 East 43 Street
      New York, NY 10017
      (646) 201-8841


PETERSON JUDGMENT CREDITORS


By:   _____        _____
      LIVIU VOGEL                          DATE
      Salon Marrow Dyckman Newman
          & Broudy LLP
      292 Madison Avenue
      New York, NY 10017
      (212) 661-7100


By:   _____        _____
      THOMAS FORTUNE FAY                   DATE
      Fay Kaplan Law, P.A.
      777 Sixth Street N.W., Suite 410
      Washington, DC 20001-2752

By:   _____        9 April 2014
      STEVEN R. PERLES                     DATE
      Perles Law Firm
      1146 19th Street, 5th Floor
      Washington, DC  20036


              [ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]


                                  17

15.     This Court shall retain jurisdiction to adjudicate any disputes or problems

arising from this Stipulation and Order.

AGREED AND CONSENTED TO:

> PREET BHARARA
> United States Attorney for
> the Southern District of New York
> Attorney for Plaintiff

By:  _____                    4/15/14
>    SHARON COHEN LEVIN                            DATE
>    MICHAEL D. LOCKARD
>    MARTIN S. BELL
>    CAROLINA A. FORNOS
>    Assistant United States Attorneys
>    One St. Andrew's Plaza
>    New York, New York 10007
>    (212) 637-1060/2193/2463/2740

BAYANI JUDGMENT CREDITORS

By:  _____                    4/9/14
>    ZOHREH MIZRAHI                                DATE
>    Manesh & Mizrahi, P.L.C.
>    2049 Century Park East, Suite 2680
>    Los Angeles, CA 90067
>    (310) 843-9494

BOTVIN, BROWN AND BLAND
>    JUDGMENT CREDITORS

By:  _____                    _____
>    NOEL J. NUDELMAN                              DATE
>    Heideman Nudelman & Kalik, P.C.
>    1146 19th Street, 5th Floor
>    Washington, DC 20036

**[ADDITIONAL SIGNATURES ON THE FOLLOWING PAGES]**

15

RUBIN JUDGMENT CREDITORS

By: _____          4/14/14
     Aitan D. Goelman                          DATE
     Zuckerman Spaeder LLP
     1800 M Street, N.W.,
     Washington, D.C.  20036
     (202) 778-1996


**SO ORDERED:**

_____          4/16/14
HONORABLE KATHERINE B. FORREST           DATE
United States District Judge
Southern District of New York

18