USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-12-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                     :
IN RE 650 FIFTH AVENUE AND RELATED   :
PROPERTIES                                  :
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PROTECTIVE ORDER AND TRUSTEE ORDER**

08 Civ. 10934 (LAP)

        WHEREAS, the United States of America, by and through its counsel, the United States Attorney for the Southern District of New York, commenced the instant action by filing a verified complaint (the "Complaint") seeking forfeiture of, *inter alia*, all right, title, and interest of Assa Corporation, Assa Company Limited, and Bank Melli Iran, including, but not limited to, the real property and appurtenances located at 650 Fifth Avenue, New York, New York, with all improvements and attachments thereon, and all property traceable thereto (the "Building");

        WHEREAS, on November 12, 2009, the United States filed a verified amended complaint (the "Amended Complaint"), alleging that the following properties, and others, are subject to seizure and civil forfeiture:

    a. All right, title, and interest of Assa Corporation, Assa Company Limited, Bank Melli Iran, and the Alavi Foundation in 650 Fifth Avenue Company (the "Partnership"), including but not limited to the real property and appurtenances located at 650 Fifth Avenue, New York, New York (the "Building"), with all improvements and attachments thereon, and all property traceable thereto;

    b. All right, title, and interest in the real property and appurtenances located at 2313 South Voss Road, Houston, Texas 77057, with all improvements and attachments thereon (the "Defendant Real Property-1");

    c. All right, title, and interest in the real property and appurtenances located at 55-11 Queens Boulevard, Queens, New York 11377, Block 1325 Lots 1, 6, 7, and 8, with all improvements and attachments thereon (the "Defendant Real Property-2");

    d. All right, title, and interest in the real property and appurtenances located at 4836 Marconi Avenue, Carmichael, California 95608, with all improvements and attachments thereon (the "Defendant Real Property-3");

e. All right, title, and interest in the real property and appurtenances located at 4204 Aldie Road, Catharpin, Virginia 20143-1133, with all improvements and attachments thereon (the "Defendant Real Property-4");

f. All right, title, and interest in the real property and appurtenances located at 4300 Aldie Road, Catharpin, Virginia 20143-1133, with all improvements and attachments thereon (the "Defendant Real Property-5");

g. All right, title, and interest in the real property and appurtenances located at 7917 Montrose Road, Rockville, Maryland 20854, with all improvements and attachments thereon (the "Defendant Real Property-6");

h. All right, title, and interest in the real property and appurtenances located at 8100 Jeb Stuart Road, Rockville, Maryland 20854, with all improvements and attachments thereon (the "Defendant Real Property-7");

i. All funds formerly on deposit in Account Number 78429712, at Citibank, N.A., New York, New York ("Defendant Account-1");

j. All funds formerly on deposit in Account Number 8881654552, at Citibank, N.A., New York, New York ("Defendant Account-2");

k. All funds formerly on deposit in Account Number 2724409590, at JPMorgan Chase Bank, N.A., Baton Rouge, Louisiana ("Defendant Account-3");

l. All funds formerly on deposit in Account Number 725700280, at JPMorgan Chase Bank, N.A., Baton Rouge, Louisiana ("Defendant Account-4");

m. All funds on deposit at JPMorgan Chase Bank, N.A., in account number 230484468, held in the name of 650 Fifth Avenue Company, and all funds traceable thereto ("Defendant Account-5");

n. All funds on deposit at JPMorgan Chase Bank, N.A., in account number 230484476, held in the name of 650 Fifth Avenue Company, and all funds traceable thereto ("Defendant Account-6");

o. All funds on deposit at Sterling National Bank in account number 3802032216, held in the name of Alavi Foundation, and all funds traceable thereto ("Defendant Account-7");

p. All funds on deposit at Sterling National Bank in account number 3802032201, held in the name of Alavi Foundation, and all funds traceable thereto ("Defendant Account-8"); and

q. All funds on deposit at Sterling National Bank in account number 3852524414, held in the name of Alavi Foundation, and all funds traceable thereto ("Defendant Account-9");

(collectively, the "Defendant Properties");

WHEREAS, on December 17, 2009, the Alavi Foundation of New York (the "Alavi Foundation") and the 650 Fifth Avenue Company filed claims to certain of the Defendant Properties, and on April 13, 2011, filed an Answer to the Amended Complaint (*see* Dkt. Entry Nos. 54, 56 & 167);

WHEREAS, on January 20, 2009 and April 1, 2010, Assa Corp. and Assa Co. Ltd. filed claims to certain of the Defendant Properties and on June 15, 2011, filed an Answer to the Amended Complaint (*see* Dkt. Entry Nos. 5, 120, 121 & 182);

WHEREAS, on January 8, 2009, certain individuals holding judgments against, *inter alia*, the Government of Iran in an action captioned *Rubin, et al.* v. *The Islamic Republic of Iran, et al.*, No. 01-1655 (D.D.C.) (the "**Rubin Judgment Creditors**" and the "**Miller Judgment Creditors**") filed complaints asserting an ownership interest in certain of the Defendant Properties, *Rubin, et al.* v. *Alavi Foundation, et al.*, No. 09-CV-165 (S.D.N.Y.) and *Miller, et al.* v. *Alavi Foundation, et al.*, No. 09-CV-166 (S.D.N.Y.);

WHEREAS, on February 26, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in actions captioned *Heiser, et al.* v. *Islamic Republic of Iran, et al.*, 00-cv-2329 (D.D.C.), and *Campbell, et al.* v. *Islamic Republic of Iran*, 00-cv-2104 (D.D.C.) (the "**Heiser Judgment Creditors**") filed claims to certain of the Defendant Properties and on March 19, 2010, filed an answer to the Complaint (*see* Dkt. Entry Nos. 74 & 110);

WHEREAS, on March 1, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in an action captioned *Peterson, et al.* v. *Islamic Republic of Iran, et al.*, 01-CV-02094 (D.D.C.) (the "**Peterson Judgment Creditors**") filed claims to certain of the Defendant Properties (*see* Dkt. Entry Nos. 77 & 84);

3

WHEREAS, on March 1, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in an action captioned *Havlish, et al. v. Islamic Republic of Iran, et al.*, 02-cv-00305 (D.D.C.) (the "**Havlish Judgment Creditors**") filed a notice of claims to certain of the Defendant Properties (*see* Dkt. Entry No. 85);

WHEREAS, on March 1, 2010, certain individuals holding judgments against, *inter alia*, the Government of Iran in actions captioned *Higgins v. Islamic Republic of Iran, et al.*, 1:99-CV-00377 (D.D.C.), *Holland, et al. v. Islamic Republic of Iran, et al.*, 1:01-CV-01924 (D.D.C.), *Campuzano et al. v. Islamic Republic of Iran et al.*, 1:00-cv-02328 (D.D.C.), *Blais, et al. v. Islamic Republic of Iran, et al.*, 1:02-cv-00285 (D.D.C.), *Stethem, et al. v. Islamic Republic of Iran et al.*, 1:00-cv-00159 (D.D.C.), *Brewer, et al. v. Islamic Republic of Iran, et al.*, 1:08-cv-00534 (D.D.C.), *Valencia, et al. v. Islamic Republic of Iran, et al.*, 1:08-cv-00533 (D.D.C.), and *Welch v. Islamic Republic of Iran, et al.*, 1:01-cv-00863 (D.D.C.) (the "**Holland, Campuzano, Blais, Brewer, Valencia, and Welch Judgment Creditors**") filed claims to certain of the Defendant Properties (*see* Dkt. Entry No. 82);

WHEREAS, on March 16, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in an action captioned *Greenbaum, et al. v. Islamic Republic of Iran, et al.*, 02-cv-02148 (D.D.C.) (the "**Greenbaum Judgment Creditors**") filed a notice of claims to certain of the Defendant Properties (*see* Dkt. Entry No. 100);

WHEREAS, on March 16, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in an action captioned *Acosta, et al. v. Islamic Republic of Iran, et al.*, No. 06-cv-00745 (D.D.C.) (the "**Acosta Judgment Creditors**") filed a notice of claims to certain of the Defendant Properties (*see* Dkt. Entry No. 98);

WHEREAS, on March 16, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in actions captioned *Beer, et al. v. Islamic Republic of Iran, et al.*, 06-cv-00473 (D.D.C.), and *Beer, et al. v. Islamic Republic of Iran, et al.*, 08-cv-01807 (D.D.C.) (the "**Beer Judgment Creditors**") filed claims to certain of the Defendant Properties (*see* Dkt. Entry No. 99);

WHEREAS, on March 16, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in actions captioned *Kirschenbaum, et al. v. Islamic Republic of Iran, et al.*, 03-cv-01708 (D.D.C.), and *Kirschenbaum, et al. v. Islamic Republic of Iran, et al.*, 08-cv-01814 (D.D.C.) (the "**Kirschenbaum Judgment Creditors**") filed a notice of claims to certain of the Defendant Properties (*see* Dkt. Entry No. 101);

WHEREAS, on April 2, 2010, certain individuals holding judgments against, *inter alia*, the Government of Iran in an action captioned *Ellis, et al. v. Islamic Republic of Iran, et al.*, No. 05-cv-00220 (D.D.C.) (the "**Botvin Judgment Creditors**") filed claims to certain of the Defendant Properties (*see* Dkt. Entry No. 127);

WHEREAS, on April 2, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in actions captioned *Estate of Stephen Bland, et al. v. Islamic Republic of Iran, et al.*, No. 05-CV-02124-RCL (D.D.C.), *Estate of James Silvia, et al. v. Islamic Republic of Iran, et al.*, No. 06-CV-00750-RCL (D.D.C.), *Estate of Anthony K. Brown, et al. v. Islamic Republic of Iran, et al.*, No. 08-CV-00531-RCL (D.D.C.), *Valore, et al. v. Islamic Republic of Iran, et al.*, 1:03-cv-01959 (D.D.C.), *Arnold, et al. v. Islamic Republic of Iran, et al.*, 1:06-cv-00516 (D.D.C.), and *Bonk, et al. v. Islamic Republic of Iran*, 1:08-cv-01273 (D.D.C.) (the "**Bland, Brown, and Valore Judgment Creditors**") filed claims to certain of the Defendant Properties (*see* Dkt. Entry No. 128);

WHEREAS, on May 24, 2010, July 12, 2010, and April 26, 2012, certain individuals holding judgments against, *inter alia*, the Government of Iran in an action captioned *Estate of Siavash Bayani, et al.* v. *Islamic Republic of Iran, et al.*, No. 04-cv-01712-HHK (D.D.C.) (the "**Bayani Judgment Creditors**") filed notices of claims to certain of the Defendant Properties (*see* Dkt. Entry Nos. 138, 147 & 248);

WHEREAS, on March 12, 2010, certain individuals holding judgments against, *inter alia*, the Government of Iran in an action captioned *Hegna, et al.* v. *Islamic Republic of Iran, et al.*, 00-cv-00716 (D.D.C.) (the "**Hegna Judgment Creditors**") filed claims to certain of the Defendant Properties and on April 1, 2010, filed an answer to the Complaint (*see* Dkt. Entry Nos. 39-97 & 122-26);[1]

WHEREAS, on April 16, 2014 and October 4, 2017, a Stipulation and Order of Settlement and subsequent Codicil between the United States and the Judgment Creditors were entered to resolve the Judgment Creditors' claims and notices of claims to the Defendant Properties (*see* Dkt. Entry Nos. 1122 & 2088);

WHEREAS, on September 16, 2013, the Court entered an order granting the Government's motion for summary judgment as to the forfeitabiliy of the interests of Assa Corp. and Assa Co. Ltd. in the Defendant Properties as properties constituting or derived from proceeds traceable to violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705, and the Iranian Transactions and Sanctions Regulations (the

---

[1] The Rubin Judgment Creditors; Miller Judgment Creditors; Heiser Judgment Creditors; Peterson Judgment Creditors; Havlish Judgment Creditors; Holland, Campuzano, Blais, Brewer, Valencia, and Welch Judgment Creditors; Greenbaum Judgment Creditors; Acosta Judgment Creditors; Beer Judgment Creditors; Kirschenbaum Judgment Creditors; Botvin Judgment Creditors; Bland, Brown, and Valore Judgment Creditors; Bayani Judgment Creditors; and Hegna Judgment Creditors, collectively, the "**Judgment Creditors**."

"ITSR"), 31 C.F.R. Part 560, pursuant to 18 U.S.C. § 981(a)(1)(C); and as properties involved in money laundering and traceable to property involved in money laundering, 18 U.S.C. § 1956, pursuant to 18 U.S.C. § 981(a)(1)(A), and that Assa Corp. and Assa Co. Ltd. are not innocent owners pursuant to 18 U.S.C. § 983(d) (*see* Dkt. Entry No. 865);

WHEREAS, on June 6, 2013 and April 18, 2014, the Court entered two Opinions & Orders granting certain of the Judgment Creditors partial summary judgment and summary judgment against Assa Corp. and Assa Co. Ltd. (*see* Dkt. Entry Nos. 512 & 1125);

WHEREAS, beginning on May 30, 2017 and continuing through June 29, 2017, a jury trial was held as to the forfeitability of the Alavi Foundation's and the 650 Fifth Avenue Company's interests in the Defendant Properties;

WHEREAS, on June 29, 2017, the jury returned a verdict finding that the Alavi Foundation's and the 650 Fifth Avenue Company's interests in the Building and the Alavi Foundation's interests in certain other Defendant Properties were subject to forfeiture in whole or in part;

WHEREAS, beginning on May 30, 2017 and continuing through June 29, 2017, a bench trial was held, simultaneously with the jury trial, on claims by the Judgement Creditor Plaintiffs[2] for turnover of certain of the Defendant Properties pursuant to section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322 (2002) (reproduced at 28 U.S.C. § 1610 Note) and section 1610(b)(3) of the Foreign Sovereign

---

[2] The bench trial was held on claims brought in cases docketed under 09-cv-165 (LAP), 09-cv-166 (LAP), 09-cv-553 (LAP), 09-cv-564 (LAP), 10-cv-1627 (LAP), 10-cv-2464 (LAP), 11-cv-3761 (LAP), 12-mc-19 (LAP), 12-mc-20 (LAP), 12-mc-21 (LAP), 12-mc-22 (LAP), 13-mc-71 (LAP), 13-cv-1825 (LAP), and 13-cv-1848 (LAP) (the **"Turnover Actions"**).

Immunities Act of 1976 ("FSIA"), Pub. L. No. 94-583, 90 Stat. 2891 (codified as amended at 28 U.S.C. §§ 1602 *et seq.*);

WHEREAS, on June 29, 2017, the Court entered a Memorandum and Opinion finding that the Judgement Creditor Plaintiffs had proven entitlement to attach and execute upon the Defendant Properties (*see* Dkt. Entry No. 1895);

WHEREAS, on October 4, 2017, a judgment of forfeiture in favor of the United States was entered (the "Forfeiture Judgment") (*see* Dkt. Entry No. 2089);

WHEREAS, on October 4, 2017, a judgment in favor of the Judgment Creditors was entered in the Turnover Actions, which, *inter alia*, extinguished "[a]ll right, title, and interest of Assa Corporation and Assa Company Limited" in certain Defendant Properties identified therein (*see* Case No. 09-cv-553, Dkt. Entry No. 949) (the "Turnover Judgment");

WHEREAS, on October 11, 2017, the 650 Fifth Avenue Company and the Alavi Foundation filed a notice of appeal from the Forfeiture Judgment and certain prior orders (*see* Dkt. Entry No. 2091);

WHEREAS, on October 11, 2017, the 650 Fifth Avenue Company and the Alavi Foundation filed notices of appeal from the Turnover Judgment;

WHEREAS, on November 3, 2017, Assa Corp. and Assa Co. Ltd filed a notice of appeal from the Forfeiture Judgment and certain prior orders (*see* Dkt. Entry No. 2097);

WHEREAS, on November 3, 2017, Assa Corp. and Assa Co. Ltd. Filed notices of appeal from the Turnover Judgment;

WHEREAS, certain protective orders, monitorship orders, and trusteeship orders have been entered to preserve the value of the defendant properties pending the resolution of

these related proceedings (the "Protective Orders") (*see* Dkt. Entry Nos. 2, 136, 161, 264, 995, 1023, 1408, 1472, 2062, and 2078);

WHEREAS, on November 16, 2017 and January 5, 2018, the Court of Appeals for the Second Circuit entered orders staying the Forfeiture Judgment and the Turnover Judgment pending appeal and superseding the Protective Orders (the "Stay Order") (*see In re 650 Fifth Avenue and Related Properties*, 17-3258(L) (2d Cir.), Dkt. Entry Nos. 94 & 115);

WHEREAS, on August 9, 2019, the Court of Appeals for the Second Circuit issued opinions vacating the Forfeiture Judgment and remanding for further proceedings (*see In re 650 Fifth Avenue and Related Properties*, 17-3258(L) (2d Cir.), Dkt Entry No. 303; *United States v. Assa Co. Ltd.*, 17-3658 (2d Cir.), Dkt. Entry Nos. 132 & 135);

WHEREAS, on August 9, 2019, the Court of Appeals for the Second Circuit issued opinions vacating the Turnover Judgment with respect to the Alavi Foundation and the 650 Fifth Avenue Company and remanding for further proceedings, and affirming the Turnover Judgment with respect to Assa Corp. and Assa Co. Ltd. (*see Havlish v. 650 Fifth Avenue Co.*, 17-3278(L) (2d Cir.), Dkt. Entry No. 272; *Kirschenbaum v. Assa Corp.*, 17-3682(L) (2d Cir.), Dkt. Entry No. 117);

WHEREAS, the mandate in the appeals from the Turnover Judgment issued on or about August 30, 2019;

WHEREAS, the mandate in the forfeiture appeals issued on or about December 12, 2019;

WHEREAS, pursuant to the Protective Orders and the Stay Order, Kathleen A. Roberts has acted as Monitor and Trustee for the Building, the Partnership, the Alavi

Foundation, and various Defendant Properties since April 28, 2010, and has secured, maintained, and preserved those properties;

WHEREAS, the Court finds that an order pursuant to Title 18, United States Code, Section 983(j)(1)(A) and Rule G(7)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; *United States v. Monsanto*, 491 U.S. 600 (1989); and *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989), is necessary and appropriate to secure, maintain, and preserve the availability of the Defendant Properties;

**NOW, THEREFORE,** upon the application of Geoffrey S. Berman, United States Attorney, Southern District of New York, Michael D. Lockard, Martin S. Bell, Daniel M. Tracer, and Samuel Raymond, Assistant United States Attorneys, of counsel, **IT IS HEREBY ORDERED THAT:**

1. All persons and entities having actual knowledge of this Order shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of, the Defendant Properties.

2. Kathleen A. Roberts is appointed as the Trustee of the Building and the other Defendant Properties, and shall: (i) review and approve disbursements, agreements, and other activities of 650 Fifth Avenue Company, in order to preserve the value of the Defendant Properties, (ii) review and approve any decisions or other actions taken by the Alavi Foundation pursuant to its obligations under the Partnership Agreement, (iii) review and approve expenses and other disbursements necessary for the maintenance and upkeep of the Defendant Properties,

(iv) review and approve disbursements by the Alavi Foundation, and (v) take all other actions necessary to preserve the value of the Defendant Properties.

       3.      To effectuate the foregoing, the Trustee is empowered to do the following, including using rental income from the Building:

(a) Authorize necessary disbursements for the upkeep or preservation of the Building including, but not limited to, payroll, taxes, distributions to tenants of the Building, broker commissions, capital expenses and improvements. The Trustee may seek judicial intervention if necessary.

(b) Review, approve, and execute proposed leases and subleases for the Building and proposed modifications to existing agreements.

(c) Review, approve, and execute any agreements between 650 Fifth Avenue Company and third parties.

(d) Employ personnel necessary to manage 650 Fifth Avenue Company and maintain the value of the Building. The employment of such personnel shall be done upon the approval of the United States Attorney's Office, Southern District of New York.

(e) Authorize necessary disbursements for the maintenance and upkeep of the Defendant Properties other than the Building, including, if necessary, disbursements of income from the Building. Such disbursements shall be treated as partnership distributions to the Alavi Foundation partnership interest.

(f) Review, approve, and execute any agreements with third parties necessary for the maintenance and upkeep of the Defendant Properties other than the Building.

(g) Report to the District Court, on a quarterly basis, a summary of the actions taken and findings made by the Trustee pursuant to this Order.

4. The Trustee shall not take any actions to interfere with any ongoing judicial or administrative proceedings.

5. The reasonable costs, fees and expenses of the Trustee incurred in connection with the performance of her respective duties described herein shall be paid out of the rental income of the Building. These expenses include but are not limited to, the reasonable costs, fees and expenses of all persons who may be engaged or employed by the Trustee to assist her in carrying out her duties and obligations. All applications for costs, fees and expenses of the Trustee and those employed by her shall be made by application to the District Court setting forth in reasonable detail the nature of such costs, fees and expenses.

6. No creditor or claimant against the Alavi Foundation or 650 Fifth Avenue Company, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the duties and responsibilities of the Trustee.

7. The Trustee or her designee shall take (or retain) possession of the books and records of 650 Fifth Avenue Company and maintain them.

8. The Trustee shall make available for inspection to the United States, or its designee, the books and records of 650 Fifth Avenue Company.

9. The Trustee shall not make disbursements from the rental income of the Building to the Alavi Foundation.

10. The Trustee shall not make disbursements from the rental income of the Building to Assa Corp. The Trustee shall transfer all income or other disbursements due to the partnership interest formerly held by Assa Corp. from the 650 Fifth Avenue Company to the Seized Assets Deposit Fund, maintained by the United States Marshals Service.

11. Nothing in this Order shall be construed as prohibiting or excusing any debtors, creditors, or tenants from complying with the terms of their agreement(s) with the 650 Fifth Avenue Company.

12. Nothing in this Order shall be construed as affecting in any way the rights of any party under Section 201 of the Terrorism Risk Insurance Act of 2002.

**SO ORDERED:**

*Loretta A. Preska*                                                  *December 12, 2019*
HONORABLE LORETTA A. PRESKA                DATE
UNITED STATES DISTRICT JUDGE