UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-6-20

IN RE: 650 FIFTH AVENUE AND
RELATED PROPERTIES

08 Civ. 10934 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is the motion of Plaintiffs Carlos Acosta, et al.; Anna Beer, et al.; Steven M. Greenbaum, et al.; Fiona Havlish, et al.; Edwena R. Hegna, et al.; the Estate of Michal Heiser, et al.; Jason Kirschenbaum, et al.; Deborah Peterson, et al.; Jenny Rubin, et al.; and Daniel Miller, et al. (collectively, the "Judgment Creditors"), to vacate the order dated September 17, 2019 (17-cv-959, dkt. no. 168) granting Jeremy and Lucille Levins' motion to "consolidate and coordinate the Levins' action with the Havlish action and the Kirschenbaum actions."  The Judgment Creditors argue that the order should be reversed because 1) it was issued ex parte, and 2) consolidation would complicate their settlement agreement with the Government and undermine their years of litigation.  The motion is GRANTED on both grounds.

To put the present motion in context, some background on this decade-old litigation is required.

I.  The Government's Civil Forfeiture Action and The Judgment Creditors' Actions

On December 17, 2008, the Government commenced a forfeiture action against property owned by Assa Corporation, Assa Company Limited (collectively, "Assa"), and Bank Melli Iran, which sought forfeiture of funds that were formerly on deposit in various bank accounts and Assa's 40% interest in the 650 Fifth Avenue Company (the "Fifth Avenue Company"), a New York partnership between Assa and the Alavi Foundation ("Alavi"). (See 08-cv-10934, dkt. no. 1.)  Beginning on December 24, 2008, and continuing until May 23, 2013, the Judgment Creditors all commenced actions against Assa, Alavi, and the Fifth Avenue Company seeking turnover of all property owned by those entities in partial satisfaction of their outstanding judgments entered against the Islamic Republic of Iran. (See 09-cv-553, dkt. no. 827 at App'x A.)  On November 16, 2009, the Government filed an amended complaint adding forfeiture claims against Alavi and the Fifth Avenue Company's property. (See 08-cv-10934, dkt. no. 51.) In 2010, the Court consolidated the Government's civil forfeiture action with the Judgment Creditors' actions "for pre-trial purposes," and, in 2013, it consolidated the actions for

trial. (See 08-cv-10934, dkt. no. 108; see also 08-cv-10934, dkt. no. 370.)

In 2010, Assa, Alavi, and the Fifth Avenue Company moved to dismiss the Government's civil forfeiture complaint, and, in 2012, Alavi and the Fifth Avenue Company likewise moved to dismiss certain of the Judgment Creditors' individual complaints. In two separate opinions, the Court denied both motions. See In re 650 Fifth Ave. & Related Props., 777 F. Supp. 2d 529 (S.D.N.Y. 2011); In re 650 Fifth Ave. & Related Props., 881 F. Supp. 2d 533 (S.D.N.Y. 2012). All consolidated cases proceeded to full discovery on the merits.

II.   Summary Judgment, The Settlement Agreement, and The First Appeal

In 2013, near the end of discovery, the Judgment Creditors obtained partial summary judgment on the issue of whether Assa's property was "blocked" within the meaning of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322 (2002) (reproduced as a note to 28 U.S.C. § 1610). See In re 650 Fifth Ave. & Related Props., 08-cv-10934, 2013 WL 2451067 (S.D.N.Y. June 6, 2013). Thereafter, the Government and the Judgment Creditors filed motions for summary judgment on their claims against Assa, Alavi, and the Fifth Avenue Company. In two decisions, the Court granted the motions. See In re 650 Fifth Ave. & Related Props., 08-cv-10934, 2013 WL 5178677, at *6-16

3

(S.D.N.Y. Sept. 16, 2013); In re 650 Fifth Ave. & Related Props., 08-cv-10934, 2014 WL 1516328 (S.D.N.Y. Apr. 18, 2014). Alavi and the Fifth Avenue Company also filed their own motion for summary judgment against the Judgment Creditors, which the Court denied. (08-cv-10934, dkt. no. 851.)

From the beginning of these actions, the Judgment Creditors had disputes among themselves as to which of the individual groups, if any, had priority to execute on property owned by Assa, Alavi, and the Fifth Avenue Company. The Judgment Creditors, collectively, had a dispute with the Government as to which party had priority to the same assets. In 2014, the Government and all of the Judgment Creditors except for the Hegnas resolved those disputes in a So-Ordered settlement agreement. (Declaration of James L. Bernard in Support of the Judgment Creditors' Motion to Vacate the Levins' Consolidation Order ("Bernard Decl."), dated November 25, 2019 [dkt. no. 2153] at Ex. 2.)

Shortly after the settlement, Alavi and the Fifth Avenue Company obtained final judgment under Fed. R. Civ. P. 54(b) and appealed. (See 08-cv-10934, dkt. no. 1152.) In two opinions, the Court of Appeals (i) reversed the decision granting the Government's motion for summary judgment; (ii) reversed the decision granting the Judgment Creditors' motion for summary judgment; and (iii) affirmed in part and reversed in part the

4

decision denying Alavi and the Fifth Avenue Company's motion for summary judgment against the Judgment Creditors. See In re 650 Fifth Ave. & Related Props., 830 F.3d 66 (2d Cir. 2016); Kirschenbaum v. 650 Fifth Ave. & Related Props., 830 F.3d 107 (2d Cir. 2016) ("Kirschenbaum I"). With respect to the Judgment Creditors' actions, the Court of Appeals held that there were disputed issues of material fact on the Judgment Creditors' TRIA claims, see Kirschenbaum I, 830 F.3d at 131-42, and that the Judgment Creditors' claims under sections 1610(a)(7) and 1610(g) of the Foreign Sovereign Immunities Act of 1976 ("FSIA"), Pub. L. No. 94-583, 90 Stat. 2891 (codified as amended at 28 U.S.C. §§ 1602 et seq.), failed as a matter of law, see id. at 122-30.

Alavi and the Fifth Avenue Company filed a petition for writ of certiorari, seeking Supreme Court review of Kirschenbaum I's interpretation of TRIA, which the Judgment Creditors opposed. See Petition for Writ of Certiorari, Alavi Foundation v. Kirschenbaum, No. 16-827 (Dec. 22, 2016), available at 2016 WL 7494805; Brief in Opposition, Alavi Foundation v. Kirschenbaum, No. 16-827 (Feb. 10, 2017), available at 2017 WL 604584. The Supreme Court denied the petition. See Alavi Foundation v. Kirschenbaum, 137 S. Ct. 1332 (2017).

III. The Levins' Motion to Intervene

On February 4, 2015, almost one year after the Court had awarded the Government and the Judgment Creditors summary judgment on their claims against Assa, Alavi, and the Fifth Avenue Company, and over eight months after the Court entered the Rule 54(b) Judgment against Alavi and the Fifth Avenue Company, the Levins filed a motion to intervene in these proceedings. (See 08-cv-10934, dkt. nos. 1268-70.) As part of their motion, they submitted a proposed intervenor complaint in which they, among other things, alleged claims for turnover of Assa, Alavi, and the Fifth Avenue Company's property under Fed. R. Civ. P. 69, CPLR 5225(b), CPLR 5227, the FSIA, and TRIA. (See Bernard Decl. Ex. 4 at ¶ 21.) The Judgment Creditors opposed intervention. (See 08-cv-10934, dkt. nos. 1287-88.) The Court denied the Levins' motion to intervene, and the Court of Appeals affirmed the Court's decision. See In re 650 Fifth Ave. & Related Props., 08-cv-10934, 2015 WL 13700951 (S.D.N.Y. Mar. 12, 2015) ("Levin Intervention Order"), aff'd, Levin v. United States, 633 F. App'x 69 (2d Cir. 2016).

As relevant to this motion, the Court found that allowing "the Levins' intervention would prejudice the [Judgment Creditors]" because "[i]ntervention would complicate the current settlement agreement between the [Judgment Creditors] and the Government, under which the settling creditors have agreed to

divide any assets recovered in this litigation on a pro rata basis." Levin Intervention Order, 2015 WL 13700951, at *2. The Court also held that "[t]he Levins' intervention would . . . undermine [the Judgment Creditors'] extensive efforts over several years, including significant discovery, preparation for trial, and ultimately winning summary judgment in their favor." Id.

Affirming the Court's denial of intervention, the Court of Appeals rejected the Levins' argument "that '[t]he district court was led into error when it found that [their] intervention would prejudice the current plaintiffs in that it would complicate the current settlement agreement between the judgment-creditor plaintiffs and the Government.'" Levin, 633 F. App'x at 71. The Court of Appeals found that the Court's finding was based "on well-established Circuit law." Id.

IV.   The Levins' Action and Prior Proceedings Relating To Consolidation

On February 8, 2017, after issuance of Kirschenbaum I, the Levins filed an independent action against Assa, Alavi, and the Fifth Avenue Company. (See 17-cv-00959, dkt. no. 1.) In their complaint, the Levins alleged identical claims to the claims asserted in their proposed intervenor complaint—claims for turnover of Assa, Alavi, and the Fifth Avenue Company's property based on Fed. R. Civ. P. 69, CPLR 5225(b), CPLR 5227, the FSIA,

and TRIA. (Compare Bernard Decl. Ex. 4 at ¶ 21, with Bernard Decl. Ex. 5 at ¶¶ 51, 61, 66, 70.)

After filing their action, on three separate occasions, the Levins represented to the Court that their action had already been consolidated with the Judgment Creditors' actions based on an Order entered on March 17, 2010, which stated that "later filed" actions "that arise out of or are related to the same facts [as the Judgment Creditors' actions] . . . shall be consolidated for pre-trial purposes." (08-cv-10934, dkt. no. 108.) On April 3, 2017. For example, the Levins stated: "By Order of this Court dated March 17, 2010, the Levin Plaintiff action is consolidated with the action captioned In re 650 Fifth Avenue and Related Properties." (08-cv-10934, Bernard Decl. Ex. 6 at 1 n.3; see also 08-cv-10934, dkt. no. 1483-1 at 2, 1503 at 4.) The Judgment Creditors informed the Court that they opposed consolidation. (08-cv-10934, dkt. no. 1484). On April 21, 2017, the Court entered an Order "clarif[ying] that the Levin plaintiffs' instant action, case number 17-cv-959, [was] not currently consolidated or coordinated with the other private turnover actions in Kirschenbaum, et al. v. 650 Fifth Avenue and Related Properties." (dkt. no. 1594 at 2.) The Court advised the Levins that, "[i]f [they] wish[ed] to have the instant action consolidated and coordinated with Kirschenbaum, et al. v. 650

<u>Fifth Avenue and Related Properties</u>, they must file a motion to do so not later than May 1, 2017." (<u>Id</u>.)

The Levins did not file a motion for consolidation on or before May 1, 2017. Alavi and the Fifth Avenue Company, however, filed a letter stating that, although the Court should grant their pending motion to dismiss the Levins' complaint, absent dismissal, they "believe[d] that the Levin action should be consolidated with the actions of the other private creditors, pursuant to Rule 42." (Bernard Decl. Ex. 8.) On May 3, 2017, the Court entered another Order, in which the Court (i) noted that "it [was] unclear whether the Levin plaintiffs [still sought] to renew their prior request for consolidation (or believe[d] that such request [was] still pending)"; (ii) sua sponte raised certain procedural "issues concerning consolidation"; and (iii) invited the Levins to respond to the issues the Court raised. (Bernard Decl. Ex. 9.) The Court also offered the Levins an opportunity to participate in the impending bench trial on the Judgment Creditors' claims. (<u>Id</u>.) The Levins responded that they did not seek consolidation on or before May 1, 2017, because they no longer sought consolidation: "[T]he Levin Plaintiffs did not move for consolidation again by the May 1, 2017 deadline the Court set because the Court had previously denied [their] request and indicated that the Levin Plaintiffs were not consolidated." (<u>Id</u>. Ex. 10 at 1.) Moreover,

the Levins stated that "they [were] not prepared to go forward and participate in the trial on May 30, 2017," and that "it would not be fair" for them to do so because they had not participated in pretrial preparations. (Id. at 2.) The Court, therefore, entered two Orders staying the Levins' action. (Bernard Decl. Exs. 11, 12.)

V.    Post-Remand Proceedings and The First Trial

In March 2017, the Judgment Creditors' actions were remanded to the Court for further proceedings and a trial on their TRIA claims. (See 08-cv-10934, dkt. no. 1499.)

Beginning on May 30, 2017, and continuing until June 22, 2017, the Court conducted a consolidated trial on the Government and the Judgment Creditors' actions. (See 09-cv-553, dkt. no. 827 at 8.)  Under the Court's orders and agreements among the parties, the testimony and exhibits received in the Government's action applied to the Judgment Creditors' actions, and, separately, the Judgment Creditors also conducted additional examinations of multiple witnesses and introduced exhibits that applied only to their actions. (See id. at 8-9.)

On June 29, 2017, the Court issued an Opinion and Order finding that the Judgment Creditors had proven their TRIA claims and ordering the property owned by Alavi and the Fifth Avenue Company turned over to the Judgment Creditors in partial

satisfaction of their outstanding judgments against Iran. (See 09-cv-553, dkt. no. 827.)

   VI.   The Court Enters Judgment Over the Levins' Objections

   On June 30, 2017, one day after the Court entered its Opinion and Order in the Judgment Creditors' actions, the Levins moved to lift the stay of their action so they could renew their motion for summary judgment against Assa and move for summary judgment against Alavi and the Fifth Avenue Company "based on the collateral estoppel effect of the Court's June 29, 2017 Decision." (08-cv-10934, dkt. no. 1901.) The Court denied the Levins' request "as premature" and instructed the Levins to "renew [their] motion once judgment has been entered in" the Government and the Judgment Creditors' actions. (08-cv-10934, dkt. no. 1909.)

   Before the Court could enter Judgment, however there remained several outstanding issues, including the issue of the Hegnas' claim to priority vis-à-vis the Government and the other Judgment Creditors. After a multi-day mediation, the Hegnas, the other Judgment Creditors, and the Government executed a codicil to the 2014 settlement agreement, which the Court So-Ordered. (Bernard Decl. Ex. 3.) Under the terms of the codicil, the Hegnas, the other Judgment Creditors, and the Government resolved their disputes with one another, ending the need for further litigation.  On October 4, 2017, over the

Levins' objections, the Court entered Judgment. (See 09-cv-553, dkt. no. 949.)

VII. The Second Appeal

Alavi, the Fifth Avenue Company, and Assa all appealed the Court's October 4, 2017, Judgment. In two opinions, the Court of Appeals (i) vacated the Judgment as it related to Alavi and the Fifth Avenue Company; and (ii) affirmed the Judgment as it related to Assa. Havlish v. 650 Fifth Ave. Co., 934 F.3d 174 (2d Cir. 2019); Kirschenbaum v. Assa Corp., 934 F.3d 191 (2d Cir. 2019). With respect to Alavi and the Fifth Avenue Company, the Court of Appeals specifically (i) affirmed the Court's decision denying a jury trial;[1] (ii) reversed the Court's pretrial orders precluding two former Alavi board members from testifying and remanded the Judgment Creditors' TRIA claims for a new bench trial; and (iii) reversed the Judgment on the Judgment Creditors' FSIA claims and remanded with instructions that judgment be entered in favor of the Fifth Avenue Company on those claims. Havlish, 934 F.3d at 184-85.

While the appeal was pending, the Levins twice sought to have the stay in their action lifted. First, on October 17, 2017, the Levins filed a response to their own previously-filed

---

[1] The Court of Appeals held that Alavi and the Fifth Avenue Company had no constitutional right to a jury trial. See Havlish, 934 F.3d at 183-84.

12

motion, which the Court described as a "motion for partial summary judgment, consolidation, entry of final judgment, and pro rata distribution." (17-cv-959, dkt. no. 161.) On October 18, 2017, the Court struck the Levins' filing because the Levins' action was "not formally 'related to' or coordinated with the actions listed on the motion" and directed the Levins "to refile their motion referencing and discussing only [their action]." (Id.)

Three months later, the Levins filed a new motion to remove their action from the suspense docket and lift the stay. (17-cv-959, dkt. no. 163.) The Court denied the Levins' motion, finding that "[t]he reasons to continue the stay remain." (Bernard Decl. Ex. 13.) According to the Court, because "entry of final judgment for parties who actively litigated this case through trial has occurred, it would be unfair to reopen proceedings when that fully adjudicated matter is on appeal." (Id.) The Court noted that it "gave [the Levins] the opportunity to participate in the trial and [they] declined" and stated that it would "not entertain any motions or litigation on assets that are the subject of appeal." (Id.)

## DISCUSSION

As noted above, before the Court is the Judgment Creditors' motion to vacate the September 17, 2019 order consolidating the Levins' action with the Havlish and Kirschenbaum actions.

First, because the order was issued ex parte; it is reversed.
As set out in the parties' papers, after the Court of Appeals
issued its mandates in these actions in 2019, the Levins filed a
five-page document in their action only styled "Levin
Plaintiffs' Motion and Notice of Motion to Lift Stay." (Bernard
Decl. Ex. 14.) Although the Levins sought in that motion to
consolidate their actions with the Judgment Creditors' actions,
and notwithstanding the fact that the Judgment Creditors had
previously opposed all of the Levins' prior attempts to
intervene or otherwise participate in their actions, it is
undisputed that the Levins did not provide the Judgment
Creditors with notice of their motion, (id. Exs. 15, 16), and it
was not filed in any of the Judgment Creditors' actions. On
September 17, 2019, four days after the Levins filed their ex
parte motion for consolidation, the Court entered an Order in
the Levins' action only granting "the Levins' motion to lift the
stay and consolidate and coordinate the Levins' action with the
Havlish action and the Kirschenbaum actions." (Id. Ex. 1.)
Thus, the motion was made and granted ex parte.

"[E]x parte motions are permitted only when authorized by a
statute, federal or local rules or a standing order of the
court." City of N.Y. v. FedEx Ground Package Sys., Inc., No. 13-
CV-9173(ER)(KNF), 2015 WL 783363, at *2 (S.D.N.Y. Feb. 24,
2015). The Levins have not identified any such authority and

14

have not otherwise attempted to justify proceeding on an ex
parte basis.  Indeed, they admitted that they "unintentionally
did not serve the Levin Request on all parties in In re 650."
(08-cv-10934, dkt. no. 2129.) While one might question how a
failure to serve could be done "unintentionally," the Levins'
failure to provide the Judgment Creditors with notice of their
motion to consolidate "depriv[ed] the [Judgment Creditors] of
due process," City of N.Y., 2015 WL 783363, at *2, and is
sufficient, on its own, to warrant vacating the order granting
the ex parte motion.

    Second, because consolidation of the Levins' action with
the Judgment Creditors' actions will prejudice the Judgment
Creditors, the order of consolidation is vacated. Consolidation
is governed by Fed. R. Civ. P. 42(a)(2), which provides: "If
actions before the court involve a common question of law or
fact, the court may . . . consolidate the actions." The standard
governing consolidation is substantively identical to the
standard governing intervention, which likewise provides that
"the court may permit anyone to intervene who . . . has a claim
or defense that shares with the main action a common question of
law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added).

    Under Rule 42(a)(2), "district courts have broad discretion
to determine whether consolidation is appropriate under the
particular circumstances presented." Kamden-Ouaffo v. Pepsico,

Inc., 314 F.R.D. 130, 136 (S.D.N.Y. 2016). In making this determination "'the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation.'" Id. Thus, "[b]efore granting consolidation, a court must determine that 'the parties will not be prejudiced' from it.'" Id. "[A]t all times, the burden remains with the moving party to demonstrate that consolidation is appropriate." Id. at 136; see also KGK Jewelry LLC v. ESDNetwork, Nos. 11-CV-9236-LTS-RLE, 12-CV-9130-LTS-RLE, 2014 WL 7333291, at *2 (S.D.N.Y. Dec. 24, 2014) ("[T]he benefits of efficiency [from consolidation] can never be purchased at the cost of fairness"(citations omitted)).

The Levins contend that they "should be allowed to participate in the new trial" because (i) "[t]here is no longer any arguable inefficiency in allowing the Levins to join the Kirschenbaum action and proceed with the other victims in their claims against defendants here"; and (ii) "[t]he Levins do not require any additional discovery or other pre-trial procedures which are different from any the Kirschenbaum plaintiffs will perform." (Bernard Decl. Ex. 14 at 4.) These arguments do not satisfy the Levins' burden of showing "that consolidation would promote judicial economy [and] do so without prejudicing the [p]arties." Kamden-Ouaffo, 314 F.R.D. at 137.

As noted above, in ruling on the Levins' 2015 motion to intervene, the Court specifically found that intervention would prejudice the then-current plaintiffs, now the Judgment Creditors, in that it would complicate their settlement with the Government and undermine their extensive efforts in the litigation over several years. Although the Court of Appeals' affirmance of the District Court's denial of intervention was technically on the ground of untimeliness, the Court of Appeals noted no error in the District Court's finding that intervention would prejudice the Judgment Creditors. The Court of Appeals wrote:

> The Levins argue that "[t]he district court was led into error when it found that [their] intervention would prejudice the current plaintiffs in that it would complicate the current settlement agreement between the judgment-creditor plaintiffs and the Government." Pet'rs' Br. at 27 (alterations and internal quotation marks omitted). But in so finding, the District Court relied on well-established Circuit law. See D'Amato v. Deutsche Bank, 236 F.3d 78, 84 (2d Cir.2001) (affirming district court's denial of motion to intervene "where intervention would jeopardize a settlement between the existing parties"); Pitney Bowes, 25 F.3d at 72 ("[J]eopardizing a settlement agreement causes prejudice to the existing parties to a lawsuit.").

633 Fed. App'x. at 71. Indeed, in affirming the Court's denial of the Levins' intervention motion, the Court of Appeals noted:

> [T]he facts of this case align closely with those underlying In re Holocaust Victim Assets Litigation, 225 F.3d 191 (2d Cir. 2000). In that case, "the parties engaged in extensive negotiations, lasting

17

> more than a year, before reaching an agreement. Once
> the parties submitted the written [s]ettlement . . .
> [,] [the intervenors] waited another eight months
> before moving to intervene." Id. at 198. We affirmed
> the district court's denial of the intervenors' motion
> in large part because "intervention at th[at] late
> stage would [have] prejudice[d] the existing parties
> by destroying their [s]ettlement and sending them back
> to the drawing board."

The same is true here.

With respect to the settlement with the Government, the facts remain the same as they were when the Court of Appeals ruled: consolidation would complicate the current settlement agreement between the Judgment Creditors and the Government and send them back to the drawing board. See United States v. Pitney Bowes, Inc., 25 F.3d at 72, ("[J]eopardizing a settlement agreement causes prejudice to the existing parties to a lawsuit." (citation omitted)). Any effort by the Levins to reopen the now-settled disputes between the Government and the Judgment Creditors will cause further delay in these decade-old actions, making consolidation inappropriate. See In re Sept. 11 Prop. Damage & Business Loss Litig., 21 MC 101 (AKH), 08 Civ. 3719, 08 Civ. 3722, 2010 WL 11595699, at *2 (S.D.N.Y. Sept. 27, 2010) (denying intervention, in part, because allowing intervention would require "new issues . . . to be litigated" and "rais[e] the prospect of added years [of litigation], in addition to the nine years these cases have been pending.").

The Levins' intervention would also unfairly exploit the Judgment Creditors' extensive efforts over several years, including significant discovery, preparation for trial, and ultimately winning summary judgment in their favor. See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Sun, No. 93 Civ. 7170 (LAP), 1994 WL 463009, at *6 (S.D.N.Y. Aug. 25, 1994) (denying intervention where it would "take advantage unfairly of money and effort expended by others"). Numerous issues have been resolved between and among the parties over this decade of litigation. As the Judgment Creditors note, allowing the Levins to join these proceedings would create perverse incentives by allowing plaintiffs in multiparty disputes to "sit back and wait for opportune moments to join in a trial after others have borne the heavy costs, efforts, and time of litigation." (dkt. no. 2154 at 19.)

Consolidation is also inappropriate because the Judgment Creditors' actions are at a materially different stage from the Levins' action. See KGK Jewelry LLC, 2014 WL 7333291, at *2 ("Courts have routinely denied consolidation motions where there is a stark difference in the procedural posture of the actions, finding that judicial economy would not be served by consolidating two actions at disparate stages of litigation."); Ruane v. Cnty. of Suffolk, 923 F. Supp. 2d 454, 461 (E.D.N.Y. 2013) ("[J]udicial economy would not be served through

consolidation as these two actions are at different stages of
the litigation. While no discovery has been conducted in this
action, discovery has been completed and there is a motion for
summary judgment currently pending in the [other] matter."). The
different procedural postures of these actions is an independent
basis for vacating the consolidation order.

With respect to the Judgment Creditors' claims against
Assa, there is no question that the Judgment Creditors are at a
materially different stage from the Levins. The Judgment
Creditors have obtained a final Judgment of turnover against
Assa (09-cv-553, dkt. no. 949), the Court of Appeals affirmed
that decision, and Assa has not sought further review in the
Supreme Court. Apparently, the Judgment Creditors do not
contemplate engaging in any further proceedings with Assa, and
the turnover of Assa's property to the Judgment Creditors is
almost complete. (Id. at ¶ 4.) In contrast, the Levins' claims
against Assa have not yet moved past the complaint stage.
Indeed, Assa has not even filed an answer. Because the Judgment
obtained by the Judgment Creditors "extinguished" all of Assa's
"right, title, and interest" to its property, (id. at ¶ 4), it
is difficult to understand what further proceedings are even
possible. Hence, there is no reason to consolidate the actions
with respect to Assa.

With respect to the Judgment Creditors' claims against Alavi and the Fifth Avenue Company, those claims are far more advanced than the Levins' claims. The procedural history detailed above shows that the Judgment Creditors have been litigating their claims against Alavi and the Fifth Avenue Company for more than ten years. While the Court of Appeals' decision in Havlish will require some additional discovery and a new bench trial, the overwhelming majority of discovery is complete, and numerous legal issues have already been resolved. Again, the Levins have not moved past the complaint stage. In 2017, Alavi and the Fifth Avenue Company filed a motion to dismiss the Levins' complaint, (17-cv-959, dkt. nos. 51-53), which, because the Court stayed the action after the Levins declined to seek consolidation, remains outstanding. (Bernard Decl. Ex. 9.) Apparently, the Levins have not conducted any discovery but instead assert that they "do not require any additional discovery or other pre-trial procedures which are different from any of the Kirschenbaum plaintiffs will perform." (Bernard Decl. Ex. 14 at 4.) This glib response does not solve the problem though. First, it is unclear how the Levins propose to adopt the voluminous discovery taken to date by the Judgment Creditors. It is no doubt easier said than done.

Second, the Court has already made a significant number of interlocutory rulings that apply to the Judgment Creditors,

Alavi, and the Fifth Avenue Company, but not to the Levins, and which survive Havlish. Undoubtedly, both the Judgment Creditors and Alavi and the Fifth Avenue Company will attempt to take advantage of favorable rulings, but the Court will be called upon to make independent rulings with respect to the Levins and their claims. The differing procedural postures of the cases also require reversal of the consolidation order.

Finally, the Levins and Alavi and the Fifth Avenue Company argue that efficiency dictates that the Court hold one trial, not two.[2] But efficiency does not carry the day here because "the benefits of efficiency [from consolidation] can never be purchased at the cost of fairness." KGK Jewelry LLC, 2014 WL 7333291, at *2 (citations omitted). As noted above, consolidation would blow up the hard-fought settlement between the Judgment Creditors and the Government, forcing them back to the drawing board. Whether all these parties could negotiate a new agreement is far from certain, but there is no doubt that attempts to do so will, at the least, cause significant delay.

---

[2] It is worth noting that the Court offered the Levins precisely that in 2017 when it invited the Levins to participate in the trial of the Judgment Creditors' claims. The Levins declined because they had not participated in the pretrial preparations. (08-cv-10934, dkt. no. 1654.) That situation has not changed.

Whether a new agreement can be reached or not, the Judgment Creditors would be severely prejudiced by consolidation.[3]

Finally, to the extent that Alavi and the Fifth Avenue Company argue that they could be prejudiced by "reveal[ing] their trial strategy" (08-cv-10934, dkt. no. 2168 at 8) to the Levins in the earlier trial against the Judgment Creditors, that cat is already out of the bag because they have already tried their case once before. On balance, the Judgment Creditors would be severely prejudiced by consolidation. Accordingly, because the Levins have not carried their burden to demonstrate

---

[3] In contrast, the Court previously found that the Levins would not be prejudiced by a denial of intervention. Specifically, the Court held:

> By contrast, the Levins will not be significantly prejudiced by a denial of intervention. The Levins have made no showing that no other assets could be collected to satisfy their judgment. See Republic of Philippines v. Christie's, No. 98 Civ. 3871 (RPP), 2000 WL 1056300, at *4 (S.D.N.Y. Aug. 1, 2000). In fact, the Levins have already partially satisfied their judgment pursuant to turnover orders issued in Levin v. Bank of New York, No. 1:09-cv-5900 (RPP) (S.D.N.Y.). (See dkt. nos. 412, 936, 944 in 09-cv-5900.) The Levins also stand to collect from an order of turnover in another case when that order becomes non-appealable. See Peterson v. Islamic Republic of Iran, No. 10 Civ. 4518 (KBF), 2013 WL 1155576 (S.D.N.Y. Mar. 13, 2013), recons. denied, No. 10 Civ. 4518 (KBF), 2013 WL 2246790 (S.D.N.Y. May 20, 2013), aff'd, 758 F.3d 185 (2d Cir. 2014).

See 2015 WL 13700951, at *2.

that consolidation is appropriate, Kamden-Ouaffo, supra, 314

F.R.D. at 13, the consolidation order is vacated.

## CONCLUSION

For the reasons set out above, the Judgment Creditors'

motion to vacate the consolidation order [dkt. no. 2152] is

GRANTED.

**SO ORDERED.**

Dated:     New York, New York
           March 6, 2020

_Loretta A. Preska_

LORETTA A. PRESKA
Senior United States District Judge