UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIRSCHENBAUM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASSA CORPORATION and ASSA COMPANY LIMITED,<br><br>Defendants. | 08-cv-10934 (LAP)<br><br>THIS DOCUMENT RELATES TO:<br>09-cv-00165 (LAP)<br>09-cv-00166 (LAP)<br>09-cv-553 (LAP)<br>09-cv-564 (LAP)<br>10-cv-1627 (LAP)<br>10-cv-2464 (LAP)<br>11-cv-3761 (LAP)<br>12-mc-19 (LAP)<br>12-mc-20 (LAP)<br>12-mc-21 (LAP)<br>12-mc-22 (LAP)<br>13-mc-71 (LAP)<br>13-mc-1825 (LAP)<br>13-mc-1848 (LAP)<br>17-cv-00959 (LAP) |

# **LEVIN JUDGMENT CREDITORS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REARGUMENT**

HOWARTH & SMITH
523 West Sixth Street, Suite 728
Los Angeles, California 90014
(213) 955-9400

*Attorneys for Plaintiffs*
*Mr. Jeremy Levin and Dr. Lucille Levin*

# TABLE OF CONTENTS

**Page(s)**

I. LEGAL STANDARD FOR MOTION FOR REARGUMENT/RECONSIDERATION... 4

II. ERRORS OF FACT ... 5

A. The Levins Are Not Part of the Government Forfeiture Action and Have No Ability to Affect the Distribution of Any Collection Under the Settlement Agreement as the Second Circuit Has Affirmed... 5

B. The Assa Defendants Answered the Levins' Complaint and There Is a Summary Judgment Motion Fully Briefed and Pending ... 7

C. The Levins Did Not Sit Back and Wait ... 9

D. Manifest Injustice Will Result from Denial of Consolidation ... 12

III. ERRORS OF LAW ... 13

A. The Court's Prior Findings Regarding the Levins' Unsuccessful Motion to Intervene Are Inapplicable... 13

B. The Court Would Not Be Called Upon to Make Independent Rulings as to the Levins... 15

IV. CONCLUSION... 16

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Beef & Bison Breeders, Inc. v. Capitol Refrigeration Co.*,
105 Misc. 2d 275 (N.Y. Sup. Ct. 1980) ........ 8

*Bifolck v. Philip Morris USA Inc.*,
936 F.3d 74 (2d Cir. 2019)........ 10, 15

*Borel v. Fibreboard Paper Prod. Corp.*,
493 F.2d 1076 (5th Cir. 1973) ........ 10

*Brady v. Top Ships Inc.*,
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ........ 14

*Caleb & Co. v. E.I. DuPont De Nemours & Co.*,
624 F. Supp. 747 (S.D.N.Y. 1985)........ 4

*CSX Transportation, Inc. v. Island Rail Terminal, Inc.*,
879 F.3d 462 (2d Cir. 2018)........ 7, 8

*Esso Standard Oil Co. v. Steamship Kaposia*,
1957 WL 87462 (S.D.N.Y. Mar. 29, 1957) ........ 4

*Havlish v. 650 Fifth Ave. Co.*,
934 F.3d 174 (2d Cir. 2019)........ 6, 9, 11

*Heiser v. Islamic Republic of Iran*,
807 F. Supp. 2d 9 (D.D.C. 2011) ........ 12

*In re 650 Fifth Ave. & Related Properties*,
934 F.3d 147 (2d Cir. 2019)........ 6, 7, 9, 11

*In re 650 Fifth Ave. & Related Properties*,
No. 08 CIV. 10934 (KBF), 2014 WL 12778253 (S.D.N.Y. May 27, 2014) ........ 7

*In re 650 Fifth Ave. & Related Properties*,
No. 08 CIV. 10934 (KBF), 2015 WL 13700951 (S.D.N.Y. Mar. 12, 2015)........ 6, 14

*In re Islamic Republic of Iran Terrorism Litig.*,
659 F. Supp. 2d 31 (D.D.C. 2009) ........ 12

*In re Tobacco Litig.*,
192 F.R.D. 90 (E.D.N.Y. 2000) ........ 10

*In re Tower Auto., Inc.*,
No. 05-01407, 2005 WL 3789428 (Bankr. S.D.N.Y. Nov. 9, 2005) .................................. 4, 12

*Karjala v. Johns-Manville Prod. Corp.*,
523 F.2d 155 (8th Cir. 1975) ........................................................................................ 10

*Kirschenbaum v. Assa Corp.*,
934 F.3d 191 (2d Cir. 2019)...................................................................................... 1, 2, 8

*Levin v. United States*,
633 F. App'x 69 (2d Cir. 2016) ................................................................................. 6, 13

*Shaw Family Archives Ltd. v. CMG Worldwide, Inc.*,
No. 05 CIV. 3939 (CM), 2008 WL 4127830 (S.D.N.Y. Sept. 2, 2008) .................................. 15

*Tazu v. Holder*,
388 F. App'x 12 (2d Cir. 2010) ........................................................................................ 3

*Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*,
358 F. Supp. 2d 347 (S.D.N.Y. 2005).......................................................................... 16

**Other Authorities**

Jennifer K. Elsea,
Cong. Research Serv., RL31258, Suits Against Terrorist States by Victims of Terrorism
(2008) ......................................................................................................................... 1

## I. INTRODUCTION

Plaintiffs and Iranian Judgment Creditors are Mr. Jeremy Levin and Dr. Lucille Levin (the "Levins"). Mr. Levin, while CNN bureau chief, was himself a direct victim of Iranian state sponsored terrorism when he was held hostage and tortured by Hezbollah in Lebanon in 1984-1985. Dr. Levin, his wife, was left alone in Beirut not knowing if her husband was alive or dead. Dr. Levin herself was in personal danger from the terrorists. While this Motion was pending, Mr. Levin died on February 6, 2020, after a prolonged illness.

The Levins, like all the other judgment creditor parties to this suit, have judgments against Iran. *See Kirschenbaum v. Assa Corp.*, 934 F.3d 191, 194 (2d Cir. 2019). Like all the other judgment creditor parties to this suit, the Levins have not been able to collect their full judgments and have only partially satisfied their judgments against Iran. *Levin v. 650 Fifth Ave. Co.*, 17-cv-959, dkt.1, ¶ 7.[1]

After their motion to intervene in the government forfeiture action was denied, the Levins filed their complaint against Defendants Assa Corporation, Assa Company Limited (together, "Assa"), the Alavi Foundation, and 650 Fifth Avenue Company (together with the Alavi Foundation, "Alavi"), on February 8, 2017. *Id.* On May 5, 2017, their action was stayed by this Court. *Id.*, dkts. 122, 123. After the Levins were denied leave to intervene and their cases were stayed, of course, they were not able to take any steps to advance their own case, including participation in discovery.

---

[1] *See also* JENNIFER K. ELSEA, CONG. RESEARCH SERV., RL31258, SUITS AGAINST TERRORIST STATES BY VICTIMS OF TERRORISM 2 (2008) ("U.S. courts have awarded victims of terrorism more than $19 billion against State sponsors of terrorism and their officials, most of which remains uncollected. The scarcity of assets within U.S. jurisdiction that belong to States subject to economic sanctions has made judgments against terrorist States difficult to enforce. . . . The total amount of judgments against terrorist States far exceeds the assets of debtor States known to exist within the jurisdiction of U.S. courts.").

On September 13, 2019, following the Second Circuit's reversal of the judgment entered in *Kirschenbaum v. 650 Fifth Ave. Co* in favor of the consolidated judgment creditors (the "Kirschenbaum Judgment Creditors"), Judgment Creditors Jeremy Levin and Dr. Lucille Levin (the "Levins") , based on the changed circumstances, filed a motion to lift the stay on their individual action and consolidate that action with the remanded and consolidated judgment creditor actions. *See Levin v. 650 Fifth Ave Co.*, 17-cv-959, dkt. 167. The Levins previously had been ordered by this Court to file only in the Levin matter and not *In re 650 Fifth Ave. Co.*, as consolidation based on the then existing facts had been denied. *Levin v. 650 Fifth Ave. Co.*, 17-cv-959, dkt. 161 at 1 (order striking the Levins' Motion filed on October 17, 2017, stating that the Levins' case was "not formally 'related to' or coordinated with the [coordinated] actions" and the motion should not be filed there, and directing the Levins "to refile their motion referencing and discussing only the above-captioned [individual] matter.").[2] However, the online docket of the Levins' case is available to all interested parties and the Kirschenbaum Judgement Creditors did not claim to not have actual notice of the Levins' motion.[3] The Levin Judgment Creditors and most of the groups of judgment creditors within the Kirschenbaum Judgment Creditors collective have cooperated in other cases involving agencies and instrumentalities of Iran, and have shared recoveries in such actions. *See, e.g.*, *Peterson v. Islamic Republic of Iran*, 10-cv-4518; *Levin v. Bank of New York*, 9-cv-5900. Unlike the Levins, some of the Kirschenbaum Judgment Creditors are indirect victims of Iranian sponsored terrorism. *Kirschenbaum*, 934 F.3d at 194 ("The Judgment Creditors are direct and indirect victims of terrorist attacks linked to the Islamic Republic of Iran."); *see also In re Terrorist*

[2] *See also In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2129 at 1 n.1 (October 1, 2019 Letter response in opposition to the Kirschenbaum Judgment Creditors' September 27, 2019 Letter asking the Court to vacate its September 17, 2019 order consolidating the Levin' action).

[3] *See In re 650 Fifth Ave. Co.*, 8-cv-10934, dkts. 2126, 2154, 2174.

*Attacks on September 11, 2001*, 3-md-1570, dkt. 2259 at 36 ("Plaintiff Chrislan Fuller Manuel is a resident of the State of Michigan and is the surviving aunt of Meta L. Walker, a decedent who was killed as a result of the terrorist attack on the Pentagon on September 11, 2011.").

On September 17, 2019, the Court ordered the lifting of the stay and consolidation only four days after the Levins filed their motion and ten days before any opposition papers were due. *Levin v. 650 Fifth Ave. Co.*, 17-cv-959, dkt. 168; Local Civil Rule 6.1(b)(2). The Court had the right to issue its Order *sua sponte*. *Tazu v. Holder*, 388 F. App'x 12, 13 n.1 (2d Cir. 2010) ("Because these petitions involve common issues of law and fact, we *sua sponte* consolidate the cases for disposition and designate Docket Number 09-2520-ag as the lead petition."). Even if the Levins had filed their motion in *Kirschenbaum v. 650 Fifth Ave. Co.* as well as *Levin v. 650 Fifth Ave. Co.*, the Kirschenbaum Judgment Creditors would not have had an opportunity to oppose the Motion before the Court's Order was entered. Defendants Assa, Alavi, and Fifth Avenue Company, who are parties to both *Levin* and *Kirschenbaum*, were not given time to respond before the Court entered its Order.

On November 25, 2019, the Kirschenbaum Judgment Creditors filed a motion to vacate the Court's September 17, 2019 order. *Kirschenbaum v. 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2152. The Levins opposed on the merits, and did not assert that they should be given any procedural benefit from the existence of the order itself. *See id.*, dkt. 2169.

On March 6, 2020, the Court granted the Kirschenbaum Judgment Creditors' motion to vacate the September 17, 2019 order on the grounds that: "1) it was issued ex parte, and 2) consolidation would complicate [the Kirschenbaum Judgment Creditors'] settlement agreement with the Government and undermine their years of litigation." *Id.*, dkt. 2202. Led into error by the Kirschenbaum Judgment Creditors, the Court relied on a number of incorrect facts which

seem to be adopted from the Kirschenbaum Judgment Creditors' papers. Further, the Court did not address the issue of stay. For the reasons stated herein, the Levins respectfully request the Court to correct the facts which formed the basis of its Order and, once the facts are corrected, to deny the Motion to Vacate.[4]

## II. LEGAL STANDARD FOR MOTION FOR REARGUMENT / RECONSIDERATION

"Motions for reargument require the movant to show 'that the Court overlooked . . . factual matters "that might materially have influenced its earlier decision."' . . . [or, i]n the alternative, the movant must 'demonstrate the need to correct a clear error or prevent manifest injustice.'" *In re Tower Auto., Inc.*, No. 05-01407, 2005 WL 3789428, at *1 (Bankr. S.D.N.Y. Nov. 9, 2005). Correction of factual errors in the court's opinion is grounds for granting a motion for reargument. *See Esso Standard Oil Co. v. Steamship Kaposia*, 1957 WL 87462, at *1 (S.D.N.Y. Mar. 29, 1957); *see also Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F. Supp. 747, 748 (S.D.N.Y. 1985) ("[Plaintiff] cites no controlling authority which would controvert the court's earlier opinion but instead asserts that the court may have overlooked the terms of the prospectus on which Count Two of the complaint was premised . . . . Since the July 26 opinion

/ / /

[4] The Court's Order vacating consolidation does not mention stay, and the Kirschenbaum Judgment Creditors made no argument that the portion of the Court's order lifting of the stay should be vacated. *See generally Kirschenbaum v. 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2152. In fact, Alavi refiled their previously filed Motion to Dismiss in *Levin v. 650 Fifth Ave. Co.* on March 13, 2020, apparently understanding that the Order did not vacate the part of the Court's prior order lifting the stay. *See Levin v. 650 Fifth Ave. Co.*, 17-cv-959, dkt. 183. So that the Levins are not criticized for failing to understand the Court's Order, the Court should clarify that the *Levin* action is not stayed, and that only the portion of the Court's September 27, 2019 order granting consolidation was vacated. If in fact the Court intended to vacate the lifting of stay on the *Levin* action, the Court should grant reargument on that issue. The Levins need to be able to file their Opposition to the Alavi Motion to Dismiss, which under a previous Court Order is due on April 10, 2020. *Id.*, dkt 182.

does not . . . address the significance of the different language used in the summary of the prospectus, the body thereof, and the press releases, the motion for reargument is granted.").

## III. ERRORS OF FACT

### A. The Levins Are Not Part of the Government Forfeiture Action and Have No Ability to Affect the Distribution of Any Collection Under the Settlement Agreement as the Second Circuit Has Affirmed

As a basis for its ruling, the Court states in its Order that, "the Judgment Creditors had disputes among themselves as to which of the individual groups, if any, had priority to execute on property owned by Assa, Alavi, and the Fifth Avenue Company." *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 4. The Order further states that, in 2017, "the Hegnas, the other Judgment Creditors, and the Government executed a codicil to the 2014 settlement agreement, which the Court So-Ordered," under which "the Hegnas, the other Judgment Creditors, and the Government resolved their disputes with one another, ending the need for further litigation." *Id.* at 11. The Levins of course were not party to this settlement. The Order then states, "consolidation [of the Levins' case] would complicate the current settlement agreement between the Judgment Creditors and the Government and send them back to the drawing board. . . . Any effort by the Levins to reopen the now-settled disputes between the Government and the Judgment Creditors will cause further delay . . . ." *Id.* at 18. The Court states that "consolidation would blow up the hard-fought settlement between the Judgment Creditors and the Government, forcing them back to the drawing board." *Id.* at 22.

The Court has made a material factual error, apparently in reliance on the Kirschenbaum Judgment Creditors' brief. There is no question that the Levins cannot "reopen the now-settled disputes between the Government and the [other] Judgment Creditors . . . ." *Id.* at 18. At the

time of the original denial of their Motion to Intervene in 2015, the Levins were fighting hard to be allowed to participate in less than 1% of any recovery by the Government in its Forfeiture Action, as they were in exactly the same position as most of the other Judgment Creditors and had a better procedural claim than others, to share in any recovery brought to help victims of Iranian state sponsored terrorism collect their unsatisfied decades old judgments. *See In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2019 at 11-12; Opening Brief for Petitioners-Appellants Jeremy Levin and Dr. Lucille Levin in the U.S. Court of Appeals for the Second Circuit, *Levin v. United States*, No. 15-1071. But, in 2016, the Second Circuit held that this Court had not abused its discretion in allowing the Government to cut the Levins out of the forfeiture collection, if any. *Levin v. United States*, 633 F. App'x 69, 71 (2d Cir. 2016).

After the Second Circuit ruled, the Levins are not and could not be part of the Government Forfeiture action.[5] The Levins have no procedural method to "blow up the hard-fought settlement between the Judgment Creditors and the Government . . . ." *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 22. All of the other Judgment Creditors, save the Levins, will share in any collection by the Government in the Forfeiture. *See id.* at 11-12. The Levins only have a TRIA claim against Defendants. *See id.*, dkt. 2168 at 6. The Levins' TRIA claim is entirely different and distinct from any forfeiture claim. *Compare Havlish v. 650 Fifth Ave. Co.*, 934 F.3d 174 (2d Cir. 2019) *with In re 650 Fifth Ave. & Related Properties*, 934 F.3d 147 (2d Cir. 2019). Allowing the Levins' TRIA claim to be consolidated with the other TRIA claims for a new trial in 2020 has nothing to do with the Government's forfeiture action or the order

[5] The Levins were precluded from making any claims on the Government Forfeiture proceeds or being a part of the settlement by order of this Court. *In re 650 Fifth Ave. & Related Properties*, No. 08 CIV. 10934 (KBF), 2015 WL 13700951, at *1 (S.D.N.Y. Mar. 12, 2015), *aff'd sub nom. Levin v. United States*, 633 F. App'x 69 (2d Cir. 2016). The Second Circuit affirmed that order. *Levin v. United States*, 633 F. App'x 69, 71 (2d Cir. 2016).

dividing up any recovery among all the other Judgment Creditors, except the Levins. *See In re 650 Fifth Ave. & Related Properties*, 934 F.3d 147, 156 (2d Cir. 2019). This issue was decided in 2016. The Court basing its Order on this erroneous factual perception that the Levins have or could have anything to do with the Government Forfeiture Settlement, much less a means to "blow it up" or "send everyone back to the drawing board" in 2020, as compared to 2016 when the Levins were seeking to intervene in the forfeiture action, is grounds for granting this Motion.[6]

**B. The Assa Defendants Answered the Levins' Complaint and There Is a Summary Judgment Motion Fully Briefed and Pending**

The Order also states: "Consolidation is also inappropriate because the Judgment Creditors' actions are at a materially different stage from the Levins' action. . . . the Levins' claims against Assa have not yet moved past the complaint stage. Indeed, Assa has not even filed an answer." *Id.* at 19-20.

This finding is also factually in error. Assa Corporation and Assa Company Limited's Answer to the Levin Complaint is filed as docket number 115 on the *Levin v. 650 Fifth Ave. Co.* docket, 17-cv-959. The Levins have a fully briefed motion for summary judgment pending against Assa, including Assa's Opposition and the Levins' Reply. *See Levin v. 650 Fifth Ave. Co.*, 17-cv-959, dkts. 173, 174, 176, 178, 179. The Levins' Motion for Summary Judgment is

[6] The Levins do have a separate claim for priority of their TRIA Judgment over any Government Forfeiture Action Judgment, which is purely a matter of law. *See CSX Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 472 (2d Cir. 2018). But this has nothing to do with the Government Settlement Agreement with the Kirschenbaum Judgment Creditors. The Levins' claim to priority under TRIA has never been decided. In fact, no priority issues have been decided by the Court as to TRIA versus forfeiture actions. The Court stated it would reserve the issue or priority until after entry of final judgment against Defendants. *See In re 650 Fifth Ave. & Related Properties*, No. 08 CIV. 10934 (KBF), 2014 WL 12778253, at *1 (S.D.N.Y. May 27, 2014).

based on the same law and the same facts as the motion for summary judgment against Assa already granted by this Court in favor of the Kirschenbaum Judgment Creditors and affirmed by the Second Circuit. *Kirschenbaum v. Assa Corp.*, 934 F.3d 191, 194 (2d Cir. 2019). The Court made an error of fact regarding the procedural posture of the Levins' claim against Assa, which would justify the granting of this Motion.[7]

The Order also states that, as to Alavi, "[a]gain, the Levins have not moved past the complaint stage. In 2017, Alavi and the Fifth Avenue Company filed a motion to dismiss the Levins' complaint, . . . which, because the Court stayed the action after the Levins declined to seek consolidation, remained outstanding. Apparently, the Levins have not conducted any discovery . . . ." *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 21. The Court stayed the *Levin* matter in 2017 and administratively terminated all open motions, including Alavi's motion to dismiss. *Levin v. 650 Fifth Ave. Co.*, 17-cv-959, dkt. 123. At the time of the first trial in 2017, the Court accepted without criticism that the Levins did not need any additional discovery[8] and

---

[7] The Court also stated that "the Judgment obtained by the [Kirschenbaum] Judgment Creditors 'extinguished' all of Assa's 'right, title, and interest' to its property . . . ." *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 20. There was no authority cited as a basis for the Court's finding. In fact, New York state law controls the questions of property rights in collection cases. *CSX Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 472 (2d Cir. 2018) ("New York has a comprehensive statutory scheme establishing priorities for directing the assets of a judgment debtor to competing judgment creditors. Under C.P.L.R. § 5234, 'the order of priority among judgments is to be determined strictly in accordance with the chronological service of execution levies and the filing of orders for turnover.'"). Under New York law, "If the levy is made under a junior execution and the judgment debtor's property is sold, the judgment creditor who first delivered on execution does not lose his priority." *Beef & Bison Breeders, Inc. v. Capitol Refrigeration Co.*, 105 Misc. 2d 275, 278 (N.Y. Sup. Ct. 1980) (a senior judgment creditor's priority and interest in a judgment debtor's property is not extinguished even when that property is levied under a junior execution and sold).

[8] This Court's new Order calls the Levins' statement that they do not need any additional discovery, "glib." *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 21. Lead trial counsel for the Levins, Don Howarth and Suzelle Smith, are both elected fellows of the American College of Trial Lawyers and the International Academy of Trial Lawyers, among other elected legal organizations. DON HOWARTH, https://www.howarth-smith.com/don-howarth (last visited Mar.

was willing to allow the Levins to be consolidated. *Levin v. 650 Fifth Ave. Co.*, 17-cv-959, dkt. 114. The problem then was that the trial date was set and imminent, lead trial counsel for the Levins had other conflicting professional commitments, and the Court made the offer conditional on the Levins giving up a substantive claim. *See id.*, dkt. 120. The facts now are very different. No trial date is set. It is clear from current Second Circuit opinions that the FSIA claim cannot be sustained, and discovery is reopened. *See Havlish v. 650 Fifth Ave. Co.*, 934 F.3d 174, 182 (2d Cir. 2019); *In re 650 Fifth Ave. & Related Properties*, 934 F.3d 147 (2d Cir. 2019). Obviously, unlike in May 2017, now, in 2020, allowing the Levins to be consolidated will not impact any additional discovery needs that are now already going to happen, even should the Levins have any; the Levins presumably would be part of the decision on setting the trial date, and the Levins have no claims other than TRIA.

**C. The Levins Did Not Sit Back and Wait**

The Order states: "The Levins' intervention would also unfairly exploit the Judgment Creditors' extensive efforts over several years, including significant discovery, preparation for trial, and ultimately winning summary judgment in their favor . . . . allowing the Levins to join these proceedings would create perverse incentives by allowing plaintiffs in multiparty disputes to 'sit back and wait for opportune moments to join in a trial after others have borne the heavy costs, efforts, and time of litigation.'" *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 19.

First, the Levins are not seeking intervention but consolidation and, as discussed further below, it is legal error to conflate the two. Second, in many, many mass cases like the terrorism collection cases, some parties move forward faster than others and other parties may benefit from

---

17, 2019); SUZELLE M. SMITH, https://www.howarth-smith.com/suzelle-m-smith (last visited Mar. 17, 2019). They know how to prepare and try a case with the minimum risk of reversible error.

those efforts. *See, e.g.*, *In re Tobacco Litig.*, 192 F.R.D. 90, 95 (E.D.N.Y. 2000) and the individual actions therein.[9] Indeed, the principle of affirmative nonmutual collateral estoppel is based on an ability to use prior findings against a party by a non-party. *Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 79 (2d Cir. 2019). In other cases, such as the ongoing *Levin v. Bank of New York* action, the Levins bore the laboring oar initially and the Heiser and Acosta Judgment Creditors were allowed to interplead and take advantage of the Levins' discovery of new Iranian assets and prior filings.[10]

Furthermore, the Levins did not sit back. The Levins were prepared to pay their share of costs and assist with their share of the work. They have been trying for years to become part of this action, as the Court recognized in its Order. *See In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 6. It is inconsistent to find that the Levins tried to take advantage of the efforts of others, when it is the efforts of the others that have kept the Levins from participating in the Action. But, the Court of Appeals' reversal of the judgment, requiring a new trial, materially changes the circumstances from those in effect when the Second Circuit affirmed the Order denying intervention (not consolidation) in 2016.[11] Now, at the next trial in 2020 or after, the evidence

[9] The first successful mesothelioma asbestos case, *Borel v. Fibreboard Paper Prod. Corp.*, 493 F.2d 1076 (5th Cir. 1973), was in 1973. Many later suits brought by other plaintiffs' lawyers around the country built on the *Borel* model. *See Karjala v. Johns-Manville Prod. Corp.*, 523 F.2d 155 (8th Cir. 1975).

[10] *See, e.g.*, *Levin v. Bank of New York*, 9-cv-5900, dkts. 447, 455.

[11] The Order also states "the Court . . . invited the Levins to participate in the trial of the Judgment Creditors' claims. The Levins declined because they had not participated in the pretrial preparations. (08-cv-10934, dkt. no. 1654.) That situation has not changed." *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 22 n.2. This is also factually in error. The Levins did not decline to participate in the first trial because they had not participated in pretrial preparations, other than setting the trial date and final pretrial conference dates, which were imminent, and which conflicted with prior litigation and professional commitments of lead trial counsel. The situation has changed. First, the Levins were given only 27 days to prepare for a May 30, 2017 trial. *Levin v. 650 Fifth Ave. Co.*, 17-cv-959, dkt. 120. That is not the case now, as no trial has been set. Also, the Court required as the price of participation in the trial and consolidation that the

must be reevaluated based on the evidentiary rulings of the Court of Appeal for all parties. This must be done with respect to the Kirschenbaum Judgment Creditors and the Defendants whether the Levins are present or not. Also, it is clear that the Judgment Creditors relied heavily on the litigation efforts of the Government, its witnesses, experts, and documents in proving all the Kirschenbaum Judgment Creditors cases. *See Havlish v. 650 Fifth Ave. Co.*, 934 F.3d 174, 181 (2d Cir. 2019) ("Testimony from the [forfeiture] jury trial would also be testimony for the [TRIA] bench trial . . . ."); *In re 650 Fifth Ave. & Related Properties*, 934 F.3d 147, 166 (2d Cir. 2019) ("[T]he district court found that 'there has been extensive sharing of documents and coordination between the Government' and judgment creditors in related cases . . . ."). There is no rational or fair basis to rule that all other Kirschenbaum Judgment Creditors may take advantage of the Government's litigation efforts, but the Levins, who are completely willing to pay their fair share, are to be punished for doing the same thing.

      The Court seems to be finding simultaneously that the Levins would hold back the consolidated judgment creditor case if they conducted additional discovery, while also criticizing the Levins for stating that they do not need additional discovery because of the "voluminous" discovery that has already been done, principally by the Government. However, the Court also states that there will be additional discovery conducted by the other Judgment Creditors and the Government. *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 21. Clearly, as a matter of fact, the Levins' identical claims against Alavi will not delay any trial due to any difference in the

/ / /

---

Levins give up their claim under FSIA § 1610(a). That seemed a high price at the time. However, based on the later rulings of the Second Circuit, it is clear that the Levins should agree to the Court's condition for consolidation and now waived their FSIA claim. *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2168 at 6. The situation has changed materially from the facts before the Court before the first trial in 2017 to after its ultimate reversal in 2019.

procedural posture, which only exists because the Court stopped the Levins from proceeding individually with the imposition of a stay.

**D. Manifest Injustice Will Result from Denial of Consolidation**

A motion for reargument should be granted where to deny would cause manifest injustice. *In re Tower Auto., Inc.*, No. 05-01407, 2005 WL 3789428, at *1 (Bankr. S.D.N.Y. Nov. 9, 2005). The Levins without peradventure are victims of unthinkable terrorist activities, including torture and kidnapping. *Levin v. Islamic Republic of Iran*, 5-cv-2494, dkt. 24 (D.D.C. January 14, 2008). They have been trying to collect their judgment since 2008. Mr. Levin died without fully collecting his compensatory damages. His widow is 88 years old and in ill health. Whether any other recovery from any other source is even remotely possible, is problematic. *See Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 12 (D.D.C. 2011) (describing collection process as an "often-frustrating and always-arduous path shared by countless victims of state-sponsored terrorism . . . ."); *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 125 (D.D.C. 2009) ("The harsh reality is that the promise of relief in these actions—if there ever was one—is more distant and seemingly illusory today than it was when this exercise started more than a decade ago . . . ."). If divided pro rata, the Levins share of any recovery here would be less than 1% of the total spread among all the other judgment creditors, who collectively would receive over 99%, and the Levins have offered and are willing to have their share reduced by any fair allocation of costs being made among the judgment creditors as well as time spent by counsel in the first trial. Weighing these facts against the Levins possibly benefitting from the Government's efforts in its Forfeiture Action and the efforts of the Kirschenbaum Judgment Creditors, when they successfully precluded the Levins from participating actively in the case, it

/ / /

is difficult to see how injustice does not result from denying this motion for reargument and denying the Levins the chance to participate in the next trial.

## IV. ERRORS OF LAW

### A. The Court's Prior Findings Regarding the Levins' Unsuccessful Motion to Intervene Are Inapplicable

The Order states that "The standard governing consolidation is substantively identical to the standard governing intervention . . . ." *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 15. Other than its 2015 order, the Court does not support this statement with any case authority. The Court adopts its earlier 2015 finding "that intervention would prejudice the then-current plaintiffs, now the [Kirschenbaum] Judgment Creditors, in that it would complicate their settlement with the Government and undermine their extensive efforts in the litigation over several years." *Id.* at 17. At that time, the Levins were trying to join in the settlement between the Government and the Kirschenbaum Judgment Creditors because the Levins, like all the other judgment creditors, are victims of Iranian state-sponsored terrorism and, unlike some of the other judgment creditors, the Levins had made a claim in the forfeiture action. *See* Reply Brief for Petitioners-Appellants Jeremy Levin and Dr. Lucille Levin in the U.S. Court of Appeals for the Second Circuit, Levin v. United States, No. 15-1071, dkt. 74 at 21. Had the Levins succeeded in 2015, then the settlement agreement arguably would have had to have been renegotiated to allow each share to be reduced less than 1% to cover the Levins' pro rata share. The Levins fought hard on this legal and factual point, but they lost, and the Second Circuit affirmed. As is set forth above, the Second Circuit ruled that the Levins are not and will not ever be part of any settlement or judgment in the forfeiture action. *Levin v. United States*, 633 F. App'x 69, 71 (2d Cir. 2016).

/ / /

But the Court's 2015 finding, and the Second Circuit affirmance, do not apply to any motion to consolidate now, under the changed circumstances.[12]

Furthermore, consolidation and intervention are not the same. The fact that both consolidation and intervention require a threshold finding that there is "a common question of law or fact," does not mean that the two rules are identical or that their application is always the same, and indeed they are not. *See In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2169 at 16-17; *compare In re 650 Fifth Ave.*, 2015 WL 13700951, at *1 ("Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness.") *with Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 343 (E.D.N.Y. 2018) ("In determining whether consolidation is appropriate, the court must consider: '[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'"). The length of time that passed before the Levins sought to join the action is not a factor to be considered in consolidation, while the burden on parties, witnesses, and judicial resources posed by multiple lawsuits is a factor.

/ / /

/ / /

[12] *See* Section II.A., *supra*.

Accordingly, the Court should grant the Levins' current motion, apply the test for consolidation rather than adopting its prior intervention finding, and deny the Kirschenbaum Judgment Creditors' motion to vacate.

**B. The Court Would Not Be Called Upon to Make Independent Rulings as to the Levins**

The Order states that "the Court has already made a significant number of interlocutory rulings that apply to the Judgment Creditors, Alavi, and the Fifth Avenue Company, but not to the Levins, and which survive *Havlish*. Undoubtedly, both the Judgment Creditors and Alavi and the Fifth Avenue Company will attempt to take advantage of favorable rulings, but the Court will be called upon to make independent rulings with respect to the Levins and their claims." *In re 650 Fifth Ave. Co.*, 8-cv-10934, dkt. 2202 at 21-22. There is no factual basis for this statement. But it is also incorrect as a matter of law. If there were any rulings unfavorable to Defendants which they seek to reopen, collateral estoppel would prevent this for the Levins exactly as it would for the Kirschenbaum Judgment Creditors. *Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 79 (2d Cir. 2019) (nonmutual offensive collateral estoppel); *Shaw Family Archives Ltd. v. CMG Worldwide, Inc.*, No. 05 CIV. 3939 (CM), 2008 WL 4127830, at *18 (S.D.N.Y. Sept. 2, 2008) ("While the doctrine of mutuality previously limited issue preclusion to disputes between the parties to the first litigation, today persons who were not parties to the original action may assert issue preclusion either offensively or defensively."). If collateral estoppel does not apply to an issue, the issue will need to be litigated again whether or not the Levins are involved. As to rulings which are unfavorable as to the Kirschenbaum Judgment Creditors, these may not apply to the Levins, as they were not consolidated, but they will accept any rulings of the Court which are not reopened by the Court as to the other Judgment Creditors. The Court's

prior rulings are obviously very likely to be adopted again. This is a non-issue, and the Levins will stipulate with all parties that any rulings which went against the Judgment Creditors that are not relitigated by them, will not be relitigated by the Levins.

## V. CONCLUSION

For the foregoing reasons, the motion for reargument should be granted. If the Court decides to deny the motion, Plaintiffs request that the Court certify these issues for interlocutory appeal under 28 U.S.C. § 1292(b).[13]

Dated: March 19, 2019

Respectfully submitted,

HOWARTH & SMITH
DON HOWARTH
SUZELLE M. SMITH

By: */s/ Suzelle M. Smith*

Suzelle M. Smith (5376900)
ssmith@howarth-smith.com
523 West Sixth Street, Suite 728
Los Angeles, California 90014
(213) 955-9400

*Attorneys for Plaintiffs*
*Mr. Jeremy Levin and Dr. Lucille Levin*

[13] "[A] court . . . may certify an interlocutory order for appeal if the order '[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005). The Court should certify these issues because it involves the legal standard for consolidation and whether it is "substantively identical" to the standard governing intervention, a controlling question of law, as to which there is substantial ground for different of opinion. Further, immediate appeal from the order will materially advance the ultimate termination of the cases against Alavi.