UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                         :

                                         :      08 Civ. 10934 (LAP)

In re: 650 Fifth Avenue and Related Properties  :

                                         :      **MONITORSHIP, BUILDING**
                                         :      **MANAGEMENT, AND**
                                         :      **PROTECTIVE ORDER**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        WHEREAS, on December 17, 2008, the United States commenced this civil action seeking forfeiture of all Assa Corporation, Assa Company Limited, and Bank Melli Iran's right, title, and interest in the 650 Fifth Avenue Company (the "Partnership"), including but not limited to real property and appurtenances located at 650 Fifth Avenue, New York, New York (the "Building"), and related bank accounts;

        WHEREAS, on November 12, 2009, the United States filed an amended civil forfeiture complaint also seeking forfeiture of, among other properties, all right, title, and interest of the Alavi Foundation of New York ("Alavi") in the Partnership; the Building; certain bank accounts; and certain properties located in New York, Maryland, Virginia, Texas, and California owned by Alavi (the "Alavi Real Properties" and, together with the other defendant properties, the "Defendant Properties");

        WHEREAS, on December 17, 2009, Alavi and the Partnership each filed claims asserting interests in certain of the Defendant Properties;

        WHEREAS, pursuant to various monitorship, trusteeship, and protective orders, the Honorable Kathleen A. Roberts has served as Monitor, Interim Trustee, or Trustee of the Defendant Properties since April 28, 2010 (ECF Nos. 136, 161, 264, 995, 1023, 1408, 1472, 2162, and 2191);

        WHEREAS, on February 13, 2020, the Court entered an Order (ECF No.

2191), among other things, directing the release of rental income generated by the Building since December 12, 2019; and

WHEREAS, the Court now issues this Order to provide additional clarification concerning the management of the Building and the Partnership and the authorities and responsibilities of the Judge Roberts;

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. All persons and entities having actual knowledge of this Order shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of, the Defendant Properties.

2. All persons and entities having actual knowledge of this Order shall not, directly or indirectly, destroy any documents relating in any manner or part to the allegations in the Complaint, including but not limited to the books and records of the Partnership, Alavi, Assa Corporation, Assa Company Ltd., and/or Bank Melli.

3. Kathleen A. Roberts is appointed as the Monitor and Interim Trustee of the Partnership, the Building, and Alavi in order to review and approve the actions of Alavi and the Partnership and to report to the Court as follows.

    a. Alavi shall reassume the responsibilities of the managing partner of the Partnership, subject to the review and approval of the Monitor and Interim Trustee.

    b. The Monitor and Interim Trustee shall be the primary point of contact between tenants and prospective tenants and the Partnership.

c. The Monitor and Interim Trustee shall have the authority to ensure that any decision made by Alavi with respect to the management of the Partnership ("Management Decisions"), including with respect to the Building and related bank accounts, does not diminish the value of the Partnership or the Building, and shall take actions necessary to secure, maintain, and preserve their availability and value.

d. The Monitor and Interim Trustee has the authority to reject a Management Decision of Alavi with respect to the management of the Partnership and the Building on the basis of legal, as well as business and prudential, concerns designed to preserve the value of the Partnership and the Building.

e. In the event the Monitor and Interim Trustee rejects a Management Decision by Alavi regarding management of the Partnership or the Building, the Monitor and Interim Trustee, on the one hand, and Alavi, on the other hand, will consult with one another, and if necessary with outside engineers or management companies, to determine the action most likely to preserve the value of the Partnership and the Building. If the parties are unable to resolve their differences, Alavi shall have the right to appeal the Monitor and Interim Trustee's rejection of a Management Decision to this Court, on notice to the Government.

      f.      Management Decisions made by Alavi that are referenced and subject to review and approval by the Monitor and Interim Trustee include, but are not limited to:

        i.      necessary disbursements for the upkeep or preservation of the Building including, but not limited to, payroll, taxes, distributions to tenants, broker commissions, capital expenses and improvements

        ii.      proposed leases and subleases for the Building and proposed modifications to existing agreements

        iii.      agreements between the Partnership and third parties, provided, however, that the Monitor and Interim Trustee alone shall have the authority to sign or execute agreements by the Partnership on behalf of the Partnership.  Notwithstanding any other provisions in this Order, the Partnership shall have sole authority to sign and execute agreements between the Partnership and any outside counsel it retains for purposes of defending itself or its assets in the above-captioned litigation, or any litigations related to or consolidated with the above-captioned litigation.

        iv.      employment of personnel necessary to manage the Partnership and maintain the value of the Building.

4.      All prior limitations on Alavi's access to distributions from its interest in the Partnership are vacated except as set forth in this Order.  The Partnership may make distributions to Alavi from the Building's income, subject to the Monitor and Interim Trustee's

review and approval as set forth herein. The Monitor and Interim Trustee shall review and approve disbursements by Alavi from any such distributions, including but not limited to payroll, taxes, distributions to tenants of the Alavi Real Properties and donations, solely to ensure such disbursements are for lawful purposes and consistent with securing, maintaining, and preserving the availability and value of the Alavi Real Properties.

5. The Monitor and Interim Trustee shall continue to report to the Court on a quarterly basis a summary of the actions taken and findings made by the Monitor and Interim Trustee pursuant to this Order.

6. The Monitor and Interim Trustee shall not take any actions to interfere with any ongoing judicial or administrative proceedings.

7. The reasonable costs, fees and expenses of the Monitor and Interim Trustee incurred in connection with the performance of her respective duties described herein shall be paid out of the rental income of the Building. These expenses include but are not limited to, the reasonable costs, fees and expenses of all persons who may be engaged or employed by the Monitor and Interim Trustee to assist her in carrying out her duties and obligations. All applications for costs, fees and expenses of the Trustee and those employed by her shall be made by application to the District Court setting forth in reasonable detail the nature of such costs, fees and expenses.

8. No creditor or claimant against Alavi or the Partnership, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the duties and responsibilities of the Monitor and Interim Trustee.

9. The Monitor and Interim Trustee or her designee shall retain possession of the books and records of the Partnership and maintain them. The Monitor and Interim Trustee

shall make available for full access and inspection to the United States or its designee, and to Alavi or its designee, the books and records of the Partnership.

10. Alavi shall not modify or cancel the existing agreements with Cushman & Wakefield, the Building's Managing Agent; Scopa CRE, the Building's asset advisor; Mitchell & Titus LLP, the tax accountant for the Partnership; or Cyruli Shanks Hart & Zizmor LLP, the landlord/tenant attorneys for the Partnership, without the approval of the Monitor and Interim Trustee.

11. The Monitor and Interim Trustee shall not make any distributions or disbursements to Assa Corporation. To the extent distributions or disbursements are made to Alavi, the Monitor and Interim Trustee or the Managing Agent shall make a pro rata distribution based on the ownership interest formerly held by Assa Corporation ("Assa Funds"), as approved by the Monitor and Interim Trustee, to the United States Marshal Service ("USMS") to be held in the Seized Assets Deposit Fund in connection with this action pending further order of this Court. At least two (2) business days prior to making a payment of Assa Funds to the USMS, the Managing Agent shall notify Assistant United States Attorney Alexander J. Wilson, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

12. The Monitor and Interim Trustee or her designee shall provide to the United States, or its designee, on a monthly basis, a report of the income and expenses for the Partnership.

13. Nothing in this Order shall be construed as prohibiting or excusing any debtors, creditors, or tenants from complying with the terms of their agreement(s) with the Partnership and/or the Managing Agent.

14. Nothing in this Order shall be construed as affecting in any way the rights of any party under Section 201 of the Terrorism Risk Insurance Act of 2002.

15. This Order supersedes the prior Orders at ECF Nos. 2, 136, 161, 264, 995, 1023, 1408, 1472, 2162, and 2191.

Dated: March 30, 2020
       New York, New York

SO ORDERED:

_____
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE