UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIRSCHENBAUM, et al.,<br><br>                             Plaintiffs,<br><br>            v.<br><br>650 FIFTH AVENUE COMPANY, ALAVI FOUNDATION, ASSA CORPORATION, ASSA COMPANY LIMITED,<br><br>                             Defendants. | 08-cv-10934 (LAP)<br>09-cv-00165 (LAP)<br>09-cv-00166 (LAP)<br>09-cv-553 (LAP)<br>09-cv-564 (LAP)<br>10-cv-1627 (LAP)<br>10-cv-2464 (LAP)<br>11-cv-3761 (LAP)<br>12-mc-19 (LAP)<br>12-mc-20 (LAP)<br>12-mc-21 (LAP)<br>12-mc-22 (LAP)<br>13-mc-71 (LAP)<br>13-cv-1825 (LAP)<br>13-cv-1848 (LAP) |

**MEMORANDUM OF LAW IN OPPOSITION TO THE LEVINS' MOTION FOR REARGUMENT**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

BACKGROUND .........................................................................................................................1

ARGUMENT ...............................................................................................................................2

    I.     The Levins Do Not Challenge The Court's Holding That The Consolidation Order Should Have Been Vacated Because It Was Obtained Ex Parte ...................2

    II.    The Levins Have Not Identified Any Errors Of Fact Warranting Reconsideration................................................................................................................3

         A.     The Alleged Factual Errors Relating To The Judgment Creditors' Settlement Do Not Warrant Reconsideration .............................................3

         B.     Alleged Factual Errors Relating To The Levins' Claims Against Assa Do Not Warrant Reconsideration ........................................................5

         C.     The Levins Did Sit Back And Wait ................................................................6

    III.   Denying Consolidation Does Not Result In Manifest Injustice .............................7

    IV.   The Levins Have Not Identified Any Legal Errors Warranting Reconsideration................................................................................................................8

         A.     The Court Applied The Correct Legal Standard .........................................9

         B.     The Court Would Be Called On To Make Independent Rulings As To The Levins.....................................................................................................10

    V.    The Levins' Perfunctory Request For Certification Should Be Denied ...............11

CONCLUSION..........................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

In re 650 Fifth Ave. & Related Props.,
   08-cv-10934, 2015 WL 13700951 (S.D.N.Y. Mar. 12, 2015), aff'd, Levin v.
   United States, 633 F. App'x 69 (2d Cir. 2016) .......................................................................7

In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig.,
   08 M.D.L. No. 1963, 2009 WL 2168767 (S.D.N.Y. Jul. 16, 2009) ..........................................9

Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.,
   233 F.R.D. 355 (S.D.N.Y. 2005) ...............................................................................................8

Drapkin v. Mafco Consol. Group Inc.,
   818 F. Supp. 2d 678 (S.D.N.Y. 2011) ...........................................................................2, 3, 4, 9

Ferring B.V. v. Serenity Pharmaceuticals, LLC,
   391 F. Supp. 3d 265 (S.D.N.Y. 2019) .....................................................................................11

Frederick v. Capital One (USA) N.A.,
   14-CV-5460 (AJN), 2015 WL 8484560 (S.D.N.Y. Dec. 8, 2015) ..........................................10

Kamden-Ouaffo v. Pepsico, Inc.,
   314 F.R.D. 130 (S.D.N.Y. 2016) .............................................................................................11

Kirschenbaum v. Assa Corp.,
   934 F.3d 191 (2d Cir. 2019) .................................................................................................1, 5

Sikhs for Justice v. Nath,
   893 F. Supp. 2d 598 (S.D.N.Y. 2012) ...............................................................................4, 6, 7

United States v. Ben Zvi,
   242 F.3d 89 (2d Cir. 2001) ......................................................................................................11

Westerbeke Corp. v. Daihatsu Motor Co.,
   304 F.3d 200 (2d Cir. 2002) ....................................................................................................11

Plaintiffs Carlos Acosta, et al.; Anna Beer, et al.; Steven M. Greenbaum, et al.; Fiona Havlish, et al.; Edwena R. Hegna, et al.; the Estate of Michal Heiser, et al.; Jason Kirschenbaum, et al.; Deborah Peterson, et al.; Jenny Rubin, et al.; and Daniel Miller, et al. (collectively, the "Judgment Creditors"), submit this memorandum of law in opposition to the motion filed by Jeremy and Lucille Levin seeking reargument of the Court's Memorandum & Order, filed on March 6, 2020, vacating a prior Order that consolidated the Levins' action with the Judgment Creditors' private turnover actions. For the following reasons, the Judgment Creditors respectfully submit that the motion to reargue (Dkt. No. 2210-2211) should be denied.[1]

## BACKGROUND

In a thorough, well-reasoned Memorandum & Order, the Court held that the Levins' action should not be consolidated with the Judgment Creditors' actions against defendants the Alavi Foundation ("Alavi"), the 650 Fifth Avenue Company (the "Fifth Avenue Company"), Assa Corporation, and Assa Company Limited (together, "Assa"). See Dkt. No. 2202. The Court based its decision on three independent grounds. First, the Court held that the initial Order granting consolidation deprived the Judgment Creditors of due process because it was obtained ex parte and, therefore, must be vacated. See Dkt. No. 2202 at 14-15. Second, the Court held that consolidation was inappropriate because it would "prejudice the Judgment Creditors." Id. at 15. Specifically, the Court found that consolidation would jeopardize the Judgment Creditors' settlement with the Government, id. at 17-18, and "would also unfairly exploit the Judgment Creditors' extensive efforts over several years," id. at 19. Finally, the Court held that "[c]onsolidation is also inappropriate because the Judgment Creditors' actions are at a materially different stage from the Levins' action." Ibid.

---

[1] Unless otherwise noted, citations to "Dkt. No. __" are to documents filed on the electronic docket for Case No. 08-cv-10934.

1

The Levins' motion to reargue fails to identify any error of fact or law that could justify reconsideration of any of these three independent grounds for vacatur of the consolidation Order. Their attempt to relitigate issues the Court already resolved against them should be rejected.

## ARGUMENT

Motions for reargument or reconsideration are governed by Local Rule 6.3, which requires the moving party to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Drapkin v. Mafco Consol. Group Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011). The Court should only grant a motion for reargument or reconsideration where it "has overlooked 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." Ibid. (quoting Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000)). Reargument is not an opportunity "to relitigate an issue already decided," or to "advance new facts, issues or arguments not previously presented to the Court." Id. at 695-96.

**I.     The Levins Do Not Challenge The Court's Holding That The Consolidation Order Should Have Been Vacated Because It Was Obtained Ex Parte**

The Court held that the fact that the consolidation Order was obtained ex parte was "sufficient, on its own to warrant vacating the order" because "the Levins' failure to provide the Judgment Creditors with notice of their motion to consolidate 'depriv[ed] the [Judgment Creditors of due process.'" Dkt. No. 2202 at 15. The Levins do not expressly argue that this holding was factually or legally erroneous. See Br. at 5-16.[2] Instead, they merely observe that

---

[2] Citations to "Br. at __" are to the Levin Judgment Creditors' Memorandum of Law in Support of Motion for Reargument, filed at Dkt. No. 2211.

2

(i) the Court had the right to order consolidation sua sponte; and (ii) "the online docket of the Levins' case is available to all interested parties and the Kirschenbaum Judgment Creditors did not claim to not have actual notice of the Levins' motion." Br. at 2-3.

The Levins' first statement was fully litigated on the underlying motion and is irrelevant here because the Court did not act sua sponte; it granted the Levins' ex parte motion. See Dkt. No. 2169 at 14; Dkt. No. 2174 at 10. As for the second statement, on the underlying motion, the Levins never claimed that the Judgment Creditors had actual notice of their motion for consolidation. See Dkt. No. 2169.[3] Accordingly, neither argument is a proper basis for reconsideration. See Drapkin, 818 F. Supp. 2d at 695. And, because the Levins fail to show any factual or legal error in the Court's determination that the grant of an order of consolidation on an ex parte motion was improper, the Court should deny the Levins' motion outright without further considering their other claims. See ibid. (reconsideration only warranted where alleged errors of fact or law "might reasonably have led to a different result").

## II.     The Levins Have Not Identified Any Errors Of Fact Warranting Reconsideration

The Levins identify three alleged errors of fact they claim the Court overlooked in granting the Judgment Creditors' motion to vacate. See Br. at 5-13. None of the alleged errors warrant reconsideration.

### A.     The Alleged Factual Errors Relating To The Judgment Creditors' Settlement Do Not Warrant Reconsideration

The Levins first argue that the Court erred in finding that consolidation of the Levins' action would "reopen the now-settled disputes between the Government and the [other] Judgment Creditors," and "blow up the hard-fought settlement between the Judgment Creditors

---

[3] The Judgment Creditors did not learn about the Levins' motion until their counsel informed counsel for some of the Judgment Creditors that the Court had granted the motion. See Dkt. No. 2153-17.

3

and the Government" because, according to the Levins, they lack a "procedural method" to affect the Judgment Creditors' settlement.  Br. at 5-6 (quoting Dkt. No. 2202 at 18, 22).

As an initial matter, the Levins' reliance on their alleged lack of a "procedural method" is impermissible on a motion for reconsideration because they did not raise this factual issue in opposing the Judgment Creditors' motion to vacate.  See Drapkin, 818 F. Supp. 2d at 695.  Quite the opposite.  In opposing the Judgment Creditors' motion, the Levins argued that the Judgment Creditors "admit that they have amended the settlement once before to include the Hegna Judgment Creditors," and that the Judgment Creditors "offer no explanation as to why the same could not and should not be done for the Levins, now that the first trial result has been reversed and a retrial ordered."  Dkt. No. 2169 at 5-6.  Thus, contrary to their new factual argument on reconsideration, the Levins actively argued that the Judgment Creditors should blow up their settlement to allow the Levins to join.  Having lost this issue on the original motion, the Levins cannot reverse course now and argue that consolidation will not affect the settlement.  See Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 605-06 (S.D.N.Y. 2012) ("Motions for reconsideration 'are not vehicles for taking a second bite at the apple, . . . and [the court] [should] not consider facts not in the record to be facts that the court overlooked.'").

Further, the Levins are incorrect on the facts.  Buried in a footnote, the Levins assert that they "have a separate claim for priority of their TRIA Judgment over any Government Forfeiture Action Judgment."  Br. at 7 n.6.  This was a key issue that the Judgment Creditors settled with the Government.  Injection of the Levins' belated claim of TRIA priority in the litigation would derail that settlement because, under the terms of the settlement, the Judgment Creditors are only permitted to litigate whether TRIA takes priority over the forfeiture action "to the extent

4

necessary to protect [their] interests . . . in connection with any relief sought by the <u>Hegna Judgment Creditors</u>." Dkt. No. 2153-2, ¶ 5 (emphasis added).

      **B.**     **Alleged Factual Errors Relating To The Levins' Claims Against Assa Do Not Warrant Reconsideration**

The Court denied consolidation as to the Levins' claims against Assa, in part, because of its finding that "there is no question that the Judgment Creditors are at a materially different stage from the Levins." Dkt. No. 2202 at 20. Although Assa has filed an answer to the Levins' complaint, a filing the Judgment Creditors erroneously missed in preparing their original motion papers, that one filing does not change the accuracy of the Court's finding. In fact, the Judgment Creditors' claims against Assa are <u>finally resolved</u>. The Second Circuit affirmed the final Judgment entered in favor of the Judgment Creditors and against Assa, and Assa's time to seek further review in the Supreme Court has expired. See <u>Kirschenbaum v. Assa Corp.</u>, 934 F.3d 191 (2d Cir. 2019). Simply put, there are no proceedings with respect to Assa with which to consolidate the Levins' claims.

Again in a footnote, the Levins also argue that the Court erred by finding that "the Judgment obtained by the [Kirschenbaum] Judgment Creditors 'extinguished' all of Assa's 'right, title, and interest' to its property." Br. at 8 n.7. According to the Levins, this was an error because "[t]here was no authority cited as a basis for the Court's finding." <u>Ibid.</u> The Levins are wrong. The Court <u>did</u> cite authority to support its finding. It cited the Judgment itself, which expressly provides: "All right, title, and interest of Assa Corporation and Assa Company Limited in the Assa Property shall be, and the same hereby are, extinguished." 09-cv-553, Dkt. No. 949, ¶ 4; <u>see also</u> Dkt. No. 2202 at 20.

Finally, the Levins argue that the Court erred in analyzing their claims against Alavi because, according to the Levins, "in 2017, the Court accepted without criticism that the Levins

5

did not need any additional discovery," and because "allowing the Levins to be consolidated will not impact any additional discovery needs that are now already going to happen." Br. at 8-9.[4] The Court considered and rejected these arguments in deciding the Judgment Creditors' motion to vacate because "[i]t is unclear how the Levins propose to adopt the voluminous discovery taken to date by the Judgment Creditors," a procedure the Court found was "no doubt easier said than done." See Dkt. No. 2202 at 21. The Levins fail to address these findings, and their attempt to relitigate issues they already lost is not a proper basis for reconsideration. See Sikhs for Justice, 893 F. Supp. 2d at 605-06.

### C. The Levins Did Sit Back And Wait

The Judgment Creditors and the Levins fully litigated the factual issue of whether allowing the Levins to consolidate their claims with the Judgment Creditors would prejudice the Judgment Creditors. The Court agreed with the Judgment Creditors, finding that allowing consolidation would "unfairly exploit the Judgment Creditors' extensive efforts over several years, including significant discovery, preparation for trial, and ultimately winning summary judgment in their favor." Dkt. 2202 at 19. The Levins cannot use reargument to take a second bite at litigating this point. They fail to identify a single material fact overlooked in the Court's decision.

Instead, the Levins ascribe some unstated significance to the fact that they unsuccessfully sought to intervene in the Government's civil forfeiture action in 2015 and then unsuccessfully appealed the denial of their intervention motion. See Br. at 10 (citing Dkt. No. 2202 at 6). Although not clear, the Levins seem to be arguing that consolidation is justified now because the Judgment Creditors successfully defeated intervention in 2015. This makes no sense. The

---

[4] The Levins are silent on their claims against the Fifth Avenue Company, but the same analysis applies equally to those claims.

Judgment Creditors cannot be faulted for successfully opposing the Levins' untimely and prejudicial attempt to intervene in an action more than six years after that action was commenced.  See In re 650 Fifth Ave. & Related Props., 08-cv-10934, 2015 WL 13700951, at *2 (S.D.N.Y. Mar. 12, 2015), aff'd, Levin v. United States, 633 F. App'x 69 (2d Cir. 2016).  And, regardless, the litigation over intervention in 2015 and 2016 provides no excuse for why the Levins made matters even worse by declining to move for consolidation two years later, in 2017, when the Court expressly gave them the opportunity to do so.  See Dkt. No. 1640.

Next, the Levins minimize the time, resources, and efforts the Judgment Creditors have expended litigating their claims over the last ten-plus years in this Court, the Second Circuit, and the Supreme Court, arguing, without any basis whatsoever, "that the Judgment Creditors relied heavily on the litigation efforts of the Government, its witnesses, experts, and documents in proving all the Kirschenbaum Judgment Creditors cases."  Br. at 11.  This new factual argument is irrelevant to whether the Levins' claims should be consolidated with the Judgment Creditors' claims and, because it was not raised previously by the Levins, is not a proper basis for seeking reconsideration.  See Sikhs for Justice, 893 F. Supp. 2d at 605-06.  It is also factually incorrect. The Judgment Creditors detailed their extensive efforts litigating their claims to-date in the prior briefing, details which were then and still remain unchallenged by the Levins.  See, e.g., Dkt. No. 2154 at 2-12.[5]

### III. Denying Consolidation Does Not Result In Manifest Injustice

The Levins argue that manifest injustice will result from denial of consolidation because they "are victims of unthinkable terrorist activities," it is unclear whether "any other recovery

---

[5] The Levins expressly declined to respond to the Judgment Creditors' summary of the "prior history" because, according to them, that history was irrelevant to the motion to vacate.  Dkt. No. 2169 at 1.  The Levins were wrong then and cannot reverse course now.

7

from any other source is even remotely possible," and "[i]f divided pro rata, [their] share of any recovery here would be less than 1% of the total spread among all the other judgment creditors." Br. at 12.  The Court's decision vacated an Order consolidating the Levins' action with the Judgment Creditors' actions.  It did not affect any of the Levins' substantive rights.  As the Levins acknowledge in their brief, they have a pending motion for summary judgment against Assa.[6]  And proceedings on their claims against Alavi and the Fifth Avenue Company are continuing even though the Court vacated the consolidation Order.  See 17-cv-959, Dkt. No. 183-185.  The Levins' arguments about manifest injustice have nothing to do with consolidation and should be rejected.  See Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., 233 F.R.D. 355, 362 (S.D.N.Y. 2005) (denying reconsideration argument based on "interests of justice" where underlying decision denying motion to amend complaint did not affect substantive rights because movant would be able to "assert the proposed counterclaims as affirmative claims in a separate action").

## IV.     The Levins Have Not Identified Any Legal Errors Warranting Reconsideration

The Levins separately argue that reconsideration is required because of two purported legal errors in the Court's analysis.  First, according to the Levins, the Court applied an incorrect standard in assessing the propriety of consolidation.  See Br. at 13-15.  Second, the Levins argue that the Court erred by determining that consolidation would require it to make independent rulings as to the Levins.  See id. at 15-16.

---

[6] For the reasons set forth in the Judgment Creditors' Memorandum of Law in Opposition to the Levin Plaintiffs' Motion for Summary Judgment (08-cv-10934, Dkt. No. 2163), the Levins' motion should be denied because they failed to prove that Assa owns any property subject to their claims.  But that is not a product of the denial of their consolidation motion.  It is a product of the Judgment entered in favor of the Judgment Creditors, which extinguished all of Assa's right, title, and interest in its New York-based property.  See 09-cv-553, Dkt. No. 949, ¶ 4.

Both these issues were fully litigated on the Judgment Creditors' motion to vacate. See Dkt. No. 2154 at 14-17, 19; Dkt. No. 2169 at 10-13; Dkt. No. 2174 at 2-4, 8. The Levins cannot use reconsideration to "reargue . . . issues already considered" just because they do "not like the way the original motion was resolved." In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig., 08 M.D.L. No. 1963, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009). Regardless, the Levins fail to identify any legal error in the Court's decision.

### A.   The Court Applied The Correct Legal Standard

The Court correctly held that, "[u]nder Rule 42(a)(2), 'district courts have broad discretion to determine whether consolidation is appropriate under the particular circumstances presented,'" and that, "[i]n making this determination 'the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation.'" Dkt. No. 2202 at 15-16 (quoting Kamden-Ouaffo v. Pepsico, Inc., 314 F.R.D. 130, 136 (S.D.N.Y. 2016)). Applying this standard, the Court correctly determined that the Levins failed to satisfy their "burden of showing 'that consolidation would promote judicial economy [and] do so without prejudicing the [p]arties.'" Id. (quoting Kamden-Ouaffo, 314 F.R.D. at 137)).

The Levins' argument that the Court's legal determination was in error because "[t]he length of time that passed before [they] sought to join the action is not a factor to be considered in consolidation" (Br. at 14) is meritless because the Court did not specifically rely on the length of time alone in its Memorandum & Order. Rather, it relied on its determination that consolidation would prejudice the Judgment Creditors, a determination that the Court and the Second Circuit had previously made in 2015 and 2016, respectively. See Dkt. No. 2202 at 17-18. The argument is also meritless because the Levins fail to point to any controlling law showing that reliance on timing is legally erroneous. See Drapkin, 818 F. Supp. 2d at 695. No

9

such controlling law exists.  As the Levins acknowledge, courts are required to assess the "<u>specific</u> risks of prejudice" when deciding a motion for consolidation.  Br. at 14 (citing <u>Brady v. Top Ships Inc.</u>, 324 F. Supp. 3d 335, 343 (E.D.N.Y. 2018) (emphasis added)).  The prejudice here flows from, among other things, the timing of the Levins' request for consolidation.  And, as the Court recognized, motions for consolidation are "routinely denied . . . where there is a stark difference in the procedural posture of the actions" because "judicial economy would not be served by consolidating two actions at disparate stages of litigation."  Dkt. No. 2202 at 19.  This necessarily includes consideration of the timing of motions for consolidation because it is the timing that causes the difference in procedural postures.

     **B.**    **The Court Would Be Called On To Make Independent Rulings As To The Levins**

The Court correctly determined that it "has already made a significant number of interlocutory rulings that apply to the Judgment Creditors, Alavi, and the Fifth Avenue Company, but not to the Levins, and which survive <u>Havlish</u>," and that this further counseled against consolidation because "both the Judgment Creditors and Alavi and the Fifth Avenue Company will attempt to take advantage of favorable rulings, but the Court will be called upon to make independent rulings with respect to the Levins and their claims."  Dkt. No. 2202 at 21-22.  The Levins argue that this was legally erroneous because, "[i]f there were any rulings unfavorable to Defendants which they seek to reopen, collateral estoppel would prevent this for the Levins exactly as it would for the Kirschenbaum Judgment Creditors."  Br. at 15.  The Levins did not argue that they could rely on collateral estoppel to put themselves on equal footing with the Judgment Creditors when they opposed the Judgment Creditors' motion to vacate.  <u>See</u> Dkt. No. 2169.  They cannot make that argument now for the first time on reconsideration.  <u>See</u> <u>Frederick v. Capital One (USA) N.A.</u>, 14-CV-5460 (AJN), 2015 WL 8484560, at *2 (S.D.N.Y.

10

Dec. 8, 2015) (party moving for reconsideration cannot "advance new facts, issues or arguments not previously presented to the Court").

The Levin's argument is also wrong.  Collateral estoppel does not necessarily apply to all interlocutory orders, but only those that were "fully litigated" or "firm and stable."  Ferring B.V. v. Serenity Pharmaceuticals, LLC, 391 F. Supp. 3d 265, 286 (S.D.N.Y. 2019).  The Court would need to make this determination as to the Levins on a case-by-case basis.  Unlike the Levins, the Judgment Creditors are not limited to relying on collateral estoppel because they can also rely on general principles of waiver, the law of the case doctrine, and the Mandate rule, none of which apply to the Levins because they were not parties to any of the Judgment Creditors' consolidated proceedings in this Court or on appeal.  See Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 218 (2d Cir. 2002) ("The 'law of the case' doctrine is a rule of practice followed by New York courts that dictates that 'a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation.'") (emphasis added); United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) ("The mandate rule 'compels compliance on remand with the dictates of the superior court . . . .") (emphasis added).

**V.      The Levins' Perfunctory Request For Certification Should Be Denied**

The Levins alternatively ask "the Court [to] certify these issues for interlocutory appeal under 28 U.S.C. § 1292(b)" because they purportedly involve "a controlling question of law, as to which there is substantial ground for different [sic] of opinion" and because "immediate appeal from the order will materially advance the ultimate termination of the cases against Alavi."  Br. at 16 & n.13.  Under no circumstances should the Court delay resolution of the Judgment Creditors' claims against Alavi and the Fifth Avenue Company so the Levins can take a baseless appeal of the Court's discretionary decision denying consolidation.  See Kamden-Ouaffo, 314 F.R.D. at 136 ("[D]istrict courts have broad discretion to determine whether

consolidation is appropriate under the particular circumstances."). And, for the reasons discussed above, the Levins' conclusory argument that there are substantial grounds for a difference of opinion as to whether intervention and consolidation both require a consideration of prejudice to the nonmoving parties is wrong.

## CONCLUSION

For the foregoing reasons, the Judgment Creditors respectfully request that the Court deny the Levins' motion to reargue.

| | |
|---|---|
| Dated: New York, New York<br>April 2, 2020 | /s/ James L. Bernard<br>James L. Bernard<br>Curtis C. Mechling<br>Patrick N. Petrocelli<br>Pamela S. Takefman<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, New York 10038<br>(212) 806-5400<br>*Attorneys for the Acosta, Beer, Greenbaum, and Kirschenbaum Judgment Creditors* |
| Timothy B. Fleming<br>Wiggins Childs Pantazis Fisher<br>  Goldfarb PLLC<br>1211 Connecticut Avenue, NW,<br>  Suite 420<br>Washington, D.C. 20036<br>Telephone: (202) 467-4489<br>*Attorneys for the Havlish Judgment Creditors* | Liviu Vogel<br>Salon Marrow Dyckman Newman & Broudy<br>  LLC<br>10 E. 40th Street, 35th Floor<br>New York, NY 10016<br>Telephone: (646) 843-1909<br>*Attorneys for the Peterson Judgment Creditors* |
| Ralph P. Dupont<br>Dupont Law Firm, LLP<br>700 Canal Street, Suite 1<br>P.O. Box 3325<br>Stamford, CT 06905<br>Tel: (914) 608-2992<br>radlaw2017@gmail.com<br>*Attorneys for the Hegna Judgment Creditors* | Peter R. Kolker<br>Zuckerman Spaeder, LLP<br>1800 M Street, N.W., Suite 1000<br>Washington, D.C. 20036<br>Phone: 202-778-1800<br>pkolker@zuckerman.com<br>*Attorneys for Rubin and Miller Judgment Creditors* |

Dale K. Cathell
Richard M. Kremen
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone: (410) 580-3000
*Attorneys for the Heiser Judgment Creditors*