# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

April 6, 2020

Daniel Ruzumna
(212) 336-2034
druzumna@pbwt.com

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

> **Re:**    ***In re: 650 Fifth Avenue and Related Properties,***
> **08 Civ. 10934 (LAP)**

Dear Judge Preska:

We write on behalf of Claimants Alavi Foundation ("Alavi") and the 650 Fifth Avenue Company (the "Partnership") in light of additional information that Claimants recently received regarding capital expenditures at the building located at 650 Fifth Avenue (the "Building") from December 2019 through February 2020. This information was provided by the Monitor/Trustee on April 3, 2020 and could not be addressed in our opening letter.

As set forth in our earlier letters, Claimants have no objection to the deduction of the Building's necessary operating expenses—including repairs and maintenance, utilities, taxes, insurance, and administrative and leasing fees—in determining the amount of the Building's net rental income to be released for the period in which the Building was unlawfully seized. (Dkt. Nos. 2213, 2222.) Claimants submit, however, that *non-essential* capital expenditures made for the purpose of improving the Building and attracting new tenants should be paid from the Building's abundant capital reserves—consisting of more than ▮▮▮▮▮▮▮ in cash—since Claimants played no part in the decision to "invest" in improving the Building's future value through nearly ▮▮▮▮▮▮ in expenditures on prebuilt space during these three months alone.

On Friday, April 3, the Monitor/Trustee provided the parties with a detailed spreadsheet of the Building's capital expenditures for the months of December 2019, January 2020, and February 2020.[1] The spreadsheet confirms that the vast majority of the Partnership's capital expenditures during this period related to "prebuilt" projects—*i.e.*, preemptive investments in building out vacant floors of the Building with the intent of making the space more attractive to prospective tenants. (April 5, 2020 Letter of M. Lockard to J. Preska ("Gov't Letter") at 2.) While pre-building space may make sense for a property owner seeking to

---

[1] The Monitor/Trustee's spreadsheet is attached to the Government's April 5, 2020 letter to the Court. Prebuilt and new tenant improvements account for nearly ▮▮▮▮▮▮ in expenditures.

11752837

Hon. Loretta A. Preska
April 6, 2020
Page 2

maximize future revenue, it would not necessarily make sense when an owner faces an existential threat and cash flow problems.  Here, however laudable the intent of building out new floors that could later be leased, these discretionary capital expenditures were made without Claimants' input or consent, and they went beyond the Monitor/Trustee's mandate of "preserving" and "maintaining" the value of the Building.

    In its April 5, 2020 letter, the Government stresses that these "investing activities" were conducted pursuant to the Building's 2019-2020 budget.  (Gov't Letter at 2, 4.)  But Claimants had no input into that budget and were not given an opportunity to consent or object to that budget.  Rather, the budget was prepared by the Monitor/Trustee and her real estate team in consultation with the U.S. Marshal Service.  The budget was prepared *without* taking into consideration the existential crisis Claimants face in this litigation and their more immediate cash flow needs.  Indeed, had Claimants been consulted, they would have made known that their present need to fund their legal defense makes it an inappropriate time for them to invest additional funds with the hope of increasing the Building's future revenue.  Given that the non-essential investments in prebuilt projects were made without their authorization, Claimants should not be penalized in the Court's calculation of the net rental income subject to release during the unlawful seizure.

    Finally, the Government's argument that Claimants seek a "double recovery" is misguided.  (Gov't Letter at 5.)  Unless and until the Government proves its forfeiture claims, all rental income from the Building belongs to the Partnership.  There is nothing unfair or illogical about allocating a portion of the Building's ample reserves to pay for the prebuilt space as an investment in the Building's future profitability.  Accordingly, the Court should not deduct these capital expenditures in calculating the Building's net rental income.  Rather, it should order the release of ▮▮▮▮▮▮ in net rental income for the months of December 2019, January 2020, and February 2020.  (*See* Dkt. No. 2222.)

    We appreciate the Court's attention to this matter.

              Respectfully submitted,

              Daniel Ruzumna

Cc.  Government Counsel
   Hon. Kathleen Roberts

11752837