UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWENA R. HEGNA,

Executrix of the Estates of Charles Hegna,
Late of Sterling, Virginia and Paul B. Hegna,
late of Chandler, Arizona and Edwena R.
Hegna individually, and STEVEN A. HEGNA,
CRAIG M. HEGNA, and LYNN MARIE HEGNA
MOORE

                Plaintiffs

V.

ISLAMIC REPUBLIC OF IRAN
         and
THE IRANIAN MINISTRY OF INFORMATION
AND SECURITY,
                Defendants

) THIS DOCUMENT
) RELATES TO
) 08 Civ. 10934 (LAP)
) 09 Civ. 165 (LAP);
) 09 Civ 166 (LAP
) 09 Civ. 553 (LAP);
) 09 Civ. 564 (LAP);
) 09 Civ. 4784 (LAP).
) 10 Civ. 1627 (LAP)
) 10 Civ. 2464 (LAP)
) 13-cv-01825-LAP 1:
) 19-cv-11083-LAP
) 13-cv-01825-LAP
) 19-cv-11083-LAP
) 13-cv-01848-LAP
) 14-cv-08012-KBF
) 14-cv-09652-KBF
) 19-cv-11073-LAP
) 19-cv-11075-LAP
) 19-cv-11076-LAP
) 19-cv-11077-LAP
) 19-cv-11078-LAP
) 19-cv-11079-LAP
) 19-cv-11080-LAP
) 19-cv-11081-LAP
) 19-c-11082-LAP

Dupont Law Firm. LLP
Attorneys for the Hegna-
Claimants

## Introductory

The United States has moved to dismiss Assa Corporation's innocent owner defense to funds earned from the rental of the 650 Fifth Avenue Building, accumulated in the custody of the Court, and deposited in the United States Marshal's Account (the "Account") after the forfeiture action started nearly 12 years ago.

The Government's moving papers are grounded on the claim that the Account is included among the assets awarded to Hegna-Claimants, and their fellow judgment creditors (collectively, the "Judgment Creditors") by the Court's October 4, 2017 judgment. The Government would then forfeit the Account and give the forfeited funds to the Judgment Creditors, pursuant to a certain "Settlement Agreement"[1].

Another judgment creditor family, the Levins, claims a first priority lien on the Account based on delivery of its writs of execution to the United States Marshal at New York, but has yet to provide evidence that the lien was anything more than a temporary lien that expired long ago. Both the Government and the Levins necessarily intend to upend a Hegna personal property lien on Assa's interest in the Account.

In contrast, the Hegnas lien arose on December 30, 2008 by delivery of writs of execution to the United States Marshal at New York. The Marshal levied on the 650 Fifth Avenue Company and its alleged partners, Assa and Alavi Foundation of New York ("Alavi"). Required Notices were provided by the Hegnas and the Clerk of this Court to the judgment debtor, the Islamic Republic of Iran, Bank Melli Iran, the United States and other parties with turn over actions of their own. Thereafter, a show cause

---

[1] An amendment to include the Hegnas in the Settlement Agreement is still in formation awaiting only determination of the assets, if any, that are not governed by the Agreement and the Hegna shares – a very small amount of the total forfeited assets.

order was obtained the accepted equivalent of a New York special proceeding requiring turn over, among other personal property in this case, of funds in the Court's custody now deposited with the U.S. Marshal. The Hegnas have no choice but to act now to protect their lien, especially given that Assa, Bank Melli and Iran have no further interest in this matter, do not oppose the Government's motion to dismiss, and have recently declined to file an opposition to the Government's forfeiture.

*The Hegna Family*. In December of 1984, Charles "Chuck" Hegna was flying on government business with two diplomat friends and colleagues all of them planning to spend the holidays with their families after completing official business. The Kuwait aircraft on which he was flying was hijacked by armed Hezbollah terrorists, supported and sponsored by Iran. The terrorists brutally assaulted and shot Chuck in the stomach and literally threw him out of the plane and onto the airport tarmac in Tehran, Iran. He suffered an agonizing death days later, without medical attention, in the Tehran airport. His widow, Edwena and their children, Steven, Craig, Paul and Lynn were deeply and permanently scarred by the trauma.

**Jurisdictional Statement**

All federal judgments are made liens on property in accordance with applicable state law, pursuant to 28 U.S.C. § 1962, which provides, in pertinent part, as follows:

> ... [e]very judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State....

The Court has jurisdiction over nonjury civil actions pursuant to rere28

USC§ 1963 and 1330(a); and FSIA § 1605A. Jurisdiction is also premised on the Terrorism Risk Insurance Act of 2000, Pub. L. No. 107-297, 116 Stat. 2322 (Nov. 26, 2002) ("TRIA") (codified as FSIA § 1610 Note).

### Brief Summary Of The Issues Involved

*As to the Levins – whether they have a lien* ? The Levin judgment creditors offer no evidence to support anything more than a temporary lien, if that. With the delivery of a proper writ of execution to the United States Marshal, as they claim, they can only obtain a temporary lien. The Hegnas did much more than deliver a writ of execution to a marshal. They complied with New York law and obtained a lien on the funds accumulating from the operation of the 650 Building in the Marshal's Account. To avoid unnecessary duplicative filing, the Hegnas respectively request that the Court notice *In re 650 Fifth Avenue and Related Cases* 08-civ-10934 (Dkt. No. \_\_\_\_) which includes exhibits annexed covering every step required to convert the temporary execution lien into a permanent lien, most of which is not found outside of the Court's paper files.

*As to the Government – they have not identified a crime.* The United States Motion to Dismiss for lack standing would strike Assa's claim and answer in the forfeiture action and then forfeit the deposits in the U.S. Marshal's Account (the "Account") derived by the Defendant-Claimant 650 Fifth Avenue Company (the "Company") by renting commercial office and retail outlet space (the "650 Building") over very roughly a ten-and one-half-year period, commencing with the filing of the Government's December 2008 Forfeiture Complaint and still continuing. That places before the Court again the question as to whether the rents earned by renting the 650 Fifth Avenue Building, first raised by the Hegnas' in ECF Nos. \_\_ and \_\_ in their 2009

3

filings pursuant to the Court's scheduling order on its March 2009 show cause order: are rents earned by the 650 Fifth Avenue building after filing the December 2008 forfeiture complaint, criminal proceeds?

The rents in the custody of the Court have been held in the U.S. Marshal's Account, and a Court appointed Monitor appointed to oversee that the rents are used to pay expenses of maintenance and upkeep of the Building to insure the value of the Building would not be impaired. The excess revenue was distributed to the U.S. Marshal and presumably held in separate accounts for the benefit of Assa and Alavi Foundation of New York, 40% and 60%, respectively representing their ownership interests in the 650 Fifth Avenue Building.

Notably, neither the Complaint nor the Amended Forfeiture Complaint sought to forfeit the substantial sums accumulated in the Account. Nor were those funds specifically turned over to any party nor taken from Assa in the final judgment against Assa  The final judgments specifically identify each asset being forfeited or turned over to the Government. in the forfeiture action, and to the judgment creditors, including the Hegnas, in the turnover actions. These documents are taken up the Statement of Facts.

A  key issue for the Court and the parties at this point is the disposition of funds in the U.S. Marshal's Assa account, when supplemented by accumulations added  by the Monitor equal to  40% of the Building's net revenue over the next several years,  or at least until the end of the pending Alavi and 650 Fifth Avenue  appeals after the conclusion of the likely second trial and appeal.

## Statement of Facts

On December 29, 2008, the Hegnas delivered this Court's writs of

4

execution to the United States Marshal for this District. See Hegna Motion for Summary Judgment filed in all related cases, including *In re 650 Fifth Avenue* Case No. 08-cv-10934, Dkt. Nos. 427-431 and, as will be cited throughout this Memorandum. filed in *Hegna v. Islamic Republic of Iran* Case No.11-civ-03761 Dkt. No. 431 **(Exs. # # 4, 4A & 4B).** That action, as the Levins claim, raised a New York, first priority, tangible and intangible personal property lien on all the assets of Assa, Iran and/or Bank Melli and the remaining Defendants-Claimants in the forfeiture action. We agree that:

> [W]ith the simple act of delivering [a writ of] execution to the sheriff, the creditor secures a lien on the debtor's personal property in the county even though neither the creditor nor the sheriff knows of any. *See* CPLR 5234(b). [APP-40]

DAVID D. SIEGEL, PRACTICE COMMENTARIES, CPLR § 5230.1.

Service of process on the SCO Respondents was completed on all non-appearing, defaulting Respondents. **(Exs. # 14 (Iran); Ex. # 15 ("MOIS"); and Exs. # 16 (Bank Melli)).** The remaining, appearing Respondents consist of (1) Alavi Foundation (the "Foundation"); (2) 650 Fifth Ave. Co.; and (3) Assa Corp. The last three (3) New York juridical entities are garnishees (collectively, the "Lien Enforcement Respondents"). See **Ex. # 9 (the Foundation); Ex. # 10 (650 Fifth Ave. Co.); and Ex. # 11 (Assa).**

5

## ARGUMENT

### The Post 650 Fifth Ave. Rents Are Not Criminal Proceeds

As pointed out in the Hegna' letter brief dated July 17, 2009 appended, Case No. 11-cv-03761, Dkt. No. 38-29 **(Ex. #15)** at pp. 7-8, there is no reason to delay turnover of the Assa share of post- seizure rents, in partial satisfaction of the Hegnas' judgment, because the forfeiture Complaint does not allege the 650 Fifth Avenue building rents are not the proceeds of a crime. See United *States v. All Right Title And Interest In 650 Fifth Avenue, et al,* No. 08 Civ.10934, **(Dkt. No. 122],** *Hegna-Claimant's Answer and Special Defenses, Tenth Special Defense.* The Hegnas' personal property lien against assets not subject to forfeiture, here the Account, entitles them to a turnover order directing that the Account be turned over to them at this time.

## CONCLUSION

1. The United States motion for forfeiture of funds accumulated for Assa in the United States Marshal's Account should be denied. The Account is not the proceeds of a crime, but simply lawful earnings from the rental of 650 Fifth Avenue.

2. The motion to strike Assa's claim and answer and to dismiss should be stayed until the Court receives information that there is no further need to obtain discovery from Assa and/or Bank Melli. and after reasonable notice to all other judgment creditors with actions pending in this Court against the Islamic Republic of Iran, Alavi, 650 Fifth Avenue Company or

6

Assa or any of its alleged owners, including without limitation, Bank Melli Iran; and/or Iran; and/or 650 Fifth Avenue Company; and/or Alavi Foundation.

Dated: May 19, 2020
Stamford, CT.

Respect fully submitted

Edwena R. Hegna,
Executor of the Estates of
Charles A. Hegna and Paul
B. Hegna and individually
and Steven A. Hegna,
Craig M. Hegna and Lynn
Marie Hegna-Moore

/s/_____
Barbara J. Dupont

/s/_____
Ralph P. Dupont