# STROOCK

June 17, 2020

James L. Bernard
Direct Dial: 212.806.5684
Fax: 212.806.6006
jbernard@stroock.com

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, NY  10007

Re:   *In re:  650 Fifth Avenue and Related Properties*
      08 Civ. 10934 (LAP)

Dear Judge Preska:

We represent the Greenbaum, Acosta, Beer and Kirschenbaum Judgment Creditors in the above-captioned action and related actions (the "Turnover Action"), and submit this letter on behalf of all of the Judgment Creditors in the Turnover Action in response to Claimants' letter from June 15.  Claimants' request that the prior stay entered by this Court on June 4, 2020 in the forfeiture action be extended to the consolidated judgment enforcement actions (Dkt. No. 2282 at n.1).  For the reasons set forth below, we object to Claimants' request to broaden the stay, though we are prepared to agree to a voluntary and more limited stay of proceedings in the Turnover Action.

In its decision reviewing the final judgment in the Turnover Action, the Second Circuit vacated the Court's judgment on the Judgment Creditors' TRIA claims citing one sole error; namely, that the Court abused its discretion by precluding the testimony of two former Alavi board members. *Havlish v. 650 Fifth Ave. Co.*, 934 F.3d 174, 183 (2d Cir. 2019).  Former Alavi board members Hassan Hassani and Ali Dabiran had invoked their Fifth Amendment rights during their depositions, but Claimants informed the Court and the Second Circuit that these witnesses were prepared to withdraw their prior Fifth Amendment invocations and testify in both the Turnover Action and the Government's forfeiture case (the "Forfeiture Action").  In its companion decision in the Forfeiture Action, the Second Circuit ruled that the Court erred in precluding Hassani and Dabiran's testimony because, as high-ranking personnel at the relevant time, "[t]heir ability to testify . . . could have been powerful evidence of Alavi's knowledge" concerning "Assa's Iranian ownership after 1995."  *In re 650 Fifth Ave. & Related Properties*, 934 F.3d 147, 171 (2d Cir. 2019).  The Second Circuit also noted that Claimants offered the Government the opportunity to depose both witnesses prior to trial, and that to the extent the Government wishes to depose Hassani and Dabiran before trial, "the court shall ensure that the Claimants make them available."  *Id.* at 168, 174 n.29; *see also Havlish*, 934 F.3d at 184 n.14 ("If

Hon. Loretta A. Preska
June 17, 2020

the Judgment Creditors wish to depose the former board members before trial, the court shall ensure that the Defendants make them available.").

Thus far, in an effort to be efficient and proceed in an orderly fashion, the Judgment Creditors have waited to depose Hassani and Dabiran because both will need to be deposed in the Turnover and Forfeiture Actions. However, given the ongoing proceedings in the Forfeiture Action, and the appeal of this Court's order, we became concerned that the depositions of these witnesses in the Turnover Action were potentially being delayed longer than appropriate, in particular because the only issue, of the many issues briefed on appeal, that the Second Circuit ruled warranted a new trial in the Turnover Action, was the testimony of these two witnesses. Accordingly, we reached out to counsel for these witnesses to discuss service of subpoenas seeking documents only (and we also served a document request upon Alavi concerning the subject matter of these witnesses' expected testimony). Counsel for these witnesses informed us that his clients have *not* made a final decision about whether to testify, and that they cannot do so until the Government completes its document production. But putting aside whether these witnesses testify, we believed it was prudent to move the Turnover Action forward by obtaining documents so that if and when they are prepared to testify, those depositions can proceed without the delay often associated with document productions, in particular from third-parties. The issues and concerns raised by Claimants' June 15 letter do not apply to this requested discovery, other than some minimal legal work that will be required to review the production and which will need to happen in any event at some point.

In sum, the broad stay sought by Claimants would preclude this document discovery by expanding the existing stay both to the Turnover Action and to include all discovery, not just the distribution of funds (which is how we read the existing stay order). At this time, the Judgment Creditors are not seeking to depose these witnesses, but we wish to reserve the right to do so in the event that proceedings in the Forfeiture Action proceed at a pace that might warrant taking such action, and we wish to proceed with document discovery at this time for the reasons set forth above.

Respectfully submitted,

/s/ James L. Bernard

James L. Bernard


cc:     Counsel of Record