UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: 650 FIFTH AVENUE AND
RELATED PROPERTIES

08 Civ. 10934 (LAP)
17 Civ. 959 (LAP)

AMENDED MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is a motion for summary judgment brought by Plaintiffs the late Jeremy Levin and Dr. Lucille Levin ("the Levins") against Defendants Assa Corporation and Assa Company Limited (together, "Assa"). (See Levins' Motion for Summary Judgment, dated December 3, 2019 [dkt. no. 2156 in 08 Civ. 10934, dkt. no. 173 in 17 Civ. 959].)[1] The Levins primarily assert that they are entitled as a matter of law to a ruling making certain property owned by Assa--which has been determined to be blocked assets pursuant to the Terrorism Risk Insurance Act of 2002 (the "TRIA")--available for collection to satisfy the Levins' outstanding judgments against the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian

---

[1] The Court issues this amended order to correct a clerical error in its original order denying the Levins' motion for summary judgment. (Dkt. no. 2296 in 08 Civ. 10934; dkt. no. 196 in 17 Civ. 959.) The original order incorrectly stated in its conclusion that "Defendants'" motion for summary judgment was being denied, rather than "the Levins'" motion for summary judgment. The substance of the original order is otherwise unchanged.

Islamic Revolutionary Guard Corps (collectively, "Iran").  Because the undisputed facts show that Assa's interest in the property at issue has been extinguished, and, alternatively, because there are issues of material fact related to any residual property interest that Assa may have in the relevant property after the satisfaction of outstanding judgments, the Levins' motion is <u>DENIED</u>.

I.   <u>FACTUAL BACKGROUND</u>

The parties are well-versed in the facts underlying the instant motion and in the prolonged history of this litigation. As such, the Court will recount a streamlined version of facts pertinent to the instant motion.

a. <u>Judgment Extinguishing Assa's Interest</u>

On June 6, 2013, this Court granted partial summary judgment, holding that Assa's assets are "'blocked assets' as defined in [Section] 201 of [the] TRIA and . . . constitute 'blocked assets' of Bank Melli, an instrumentality of Iran . . . [which] are subject to execution by judgment creditors in possession of valid terrorism-based judgments against Iran." <u>See</u> <u>In re 650 Fifth Ave.</u> <u>& Related Props.</u>, No. 08 Civ. 10934, 2013 WL 2451067 (KBF), at *7 (S.D.N.Y. June 6, 2013).

Additionally, on October 4, 2017, this Court entered Judgment against Assa and Assa's co-defendant, the Alavi Foundation ("Alavi"), pursuant to Section 201 of the TRIA, section 1608 of

the Foreign Sovereign Immunity Act (the "FSIA"), and other statutes. (See Judgment ("Judgment"), dated October 4, 2017 [dkt. no. 949 in 9 Civ. 553].) That Judgment was entered in favor of Carlos Acosta, et al.; Anna Beer, et al.; Steven M. Greenbaum, et al.; Fiona Havlish, et al.; Edwena R. Hegna, et al.; the Estate of Michal Heiser, et al.; Jason Kirschenbaum, et al.; Deborah Peterson, et al.; Jenny Rubin, et al.; and Daniel Miller, et al. (collectively, the "Judgment Creditors"), for purposes of partially satisfying their default judgments against Iran. Id.[2]

In relevant part, the Judgment "extinguished" Assa's "right, title, and interest" in various assets, including: (1) Assa's 40 percent partnership interest in the 650 Fifth Avenue Company - a

---

[2] On April 16, 2014 this Court entered a Stipulation and Order of Settlement Between the United States and Certain Third-Party Claimants, in which the United States and Judgment Creditors agreed in sum and substance that (1) the net proceeds from the forfeiture of any of the Defendants-in-rem, including Assa, to the United States will be distributed to the Judgment Creditors on a pro rata basis based on the unsatisfied amount of the compensatory damages portions of the Judgment Creditors' judgments against the Government of Iran; (2) the Judgment Creditors would not assert that the TRIA takes precedence over the forfeiture action except as necessary to protect their interests . . . against non-settling judgment creditors; and (3) upon the completion of the distribution of funds to the Judgment Creditors, they will withdraw their claims and answers in the forfeiture action. (See Stipulation and Order of Settlement Between the United States and Certain Third-Party Claimants, dated April 16, 2014 [dkt. no. 1122 in 08 Civ. 10934].) The Hegna Judgment Creditors entered into an agreement on September 29, 2017 with the United States and Judgment Creditors pursuant to which they agreed to be held to the same terms as the Judgment Creditors under the aforementioned Settlement Agreement. (See Judgment, dated October 4, 2017 [dkt. no. 2089 in 08 Civ. 10934].)

partnership with Alavi that owns and manages a building located at 650 Fifth Avenue in New York City ("the Building"); and (2) Assa's interest in funds held in various bank accounts at banks located in the United States (together with the Building, the "Assa Property").   (See Judgment at 5-6, ¶ 4.)   The Judgment further noted that "the outstanding compensatory damage portion of the [Judgment Creditors'] judgments against . . . Iran exceed[ed] the estimated value of the [Assa] Property" and awarded "all right, title, and interest in the Assa Property" to the Judgment Creditors.   (Id. at 4,7.)

Assa timely appealed the Judgment.   (See Assa Notice of Appeal, dated November 3, 2017 [dkt. no. 955 in 9 Civ. 553].)   On appeal, Assa argued that this Court "erroneously exercised subject matter jurisdiction under both [the Foreign Sovereign Immunities Act] and the TRIA."   See Kirschenbaum v. Assa Corp., 934 F.3d 191, 194 (2d Cir. 2019).   On August 9, 2019, the Second Circuit affirmed the Judgment as to Assa and held (1) that the District Court properly had subject matter jurisdiction under the FISA and (2) that the Assa Property was properly considered blocked assets subject to attachment and execution under the TRIA.   See Kirschenbaum v. Assa Corp., 934 F.3d 191, 199-200 (2d Cir. 2019). After the Judgment was affirmed, Assa did not pursue a writ of certiorari from the Supreme Court, and its time to do so expired on November 7, 2019.   (See Assa Memorandum of Law in Opposition to

4

the Levins' Motion for Summary Judgment ("Assa Opp."), dated December 10, 2019 [dkt. no. 2158 in 08 Civ. 10934] at 2; see also Memorandum of Law in Opposition to the Levin Plaintiffs' Motion for Summary Judgment ("Creditor Opp."), dated December 13, 2019 [dkt. no. 2163 in 08 Civ. 10934] at 2.) The Judgment against Assa is final and, thus, non-appealable. See Sup. Ct. R. 13.

   b. The Levins' Action

The Levins hold partially unsatisfied judgments in the amount of $28,807,719.00 against Iran, which have been registered in and renewed by this Court. (See Order Entering Renewal Judgment, Levin v. Islamic Republic of Iran, No. 18 Civ. 11576, dated December 28, 2018 [dkt. no. 18].)  The Levins filed a motion to intervene in the ongoing collection action regarding the Assa Property on February 4, 2015, which the Court denied and the Second Circuit affirmed. See Levin v. United States, 633 F. App'x 69 (2d Cir. 2016). The Levins also sought to lift the stay on their action and to consolidate and coordinate with the Kirschenbaum v. 650 Fifth Ave. proceeding, a motion this Court granted on September 17, 2019. (See Order, Levin v. 650 Fifth Ave. Co., et al., No. 17 Civ. 00959, dated September 17, 2019 [dkt. no. 168].)  Shortly thereafter, the Judgment Creditors filed a motion to vacate the Court's September 17, 2019 Order which, if granted, would eliminate any standing the Levins may have had to assert claims regarding the Judgment Creditors' proceedings. (See Memorandum of Law in

Support of the Judgment Creditors' Motion to Vacate the Levins'
Consolidation Order, dated November 25, 2019 [dkt. no. 2152 in 08
Civ. 10934]; <u>see also</u> Assa Opp. at 1.) The Court granted the
Judgment Creditors' motion on March 6, 2020. (Memorandum & Order,
dated March 6, 2020 [dkt. no. 2202 in 08 Civ. 10934].)

On December 3, 2019 the Levins filed the instant motion for
summary judgment requesting the Court enter final judgment against
Assa as a matter of law and rule that the Assa Property is available
for collection to satisfy the Levins' outstanding TRIA judgments
against Iran.   (See Memorandum of Law in Support of Levin
Plaintiffs' Motion for Summary Judgment ("Levin Motion"), dated
December 3, 2019 [dkt. no. 2157 in 08 Civ. 10934] at 1.)   The
Levins' motion refers to "the Assa assets", the same Assa Property
this Court ordered be surrendered to the Judgment Creditors in
<u>Kirschenbaum v. 650 Fifth Ave.</u>  (See <u>id.</u> at 3.)  Both Assa and the
Judgment Creditors filed oppositions to the Levins' motion for
summary judgment, arguing Assa's interest in the Assa Property has
been extinguished.  Briefing was completed on December 20, 2019,
with the filing of the Levins' reply papers.  (See Reply in Further
Support of the Levins' Motion for Summary Judgment ("Reply Br."),
dated December 20, 2019 [dkt. no. 2171 in 08 Civ. 10934].)

The parties appeared telephonically for oral argument on July 16, 2020 on the Levins' Motion for Summary Judgment. (<u>See</u> Order, dated June 12, 2020 [dkt. no. 195 in 17 Civ. 959].)

II.   <u>LEGAL STANDARDS</u>

a. <u>Federal Rule of Civil Procedure 56(a)</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists when the evidence would allow for a reasonable jury to "return a verdict for the nonmoving party."  <u>See</u> <u>Fincher v. Depository Trust & Clearing Corp.</u>, 604 F.3d 712, 720 (2d Cir. 2010).  A motion for summary judgment may not be defeated on the basis of conclusory allegations, the opposing party must offer an adequate evidentiary basis beyond a "scintilla of evidence."  <u>Id.</u> at 716.

The party asserting that a fact cannot be or is genuinely disputed  must support that assertion by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The Court need only consider cited materials, though it may consider additional materials in the record.  Fed. R. Civ. P. 56(c)(3).

When reviewing a motion for summary judgment the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003)).

b. The Terrorism Risk Insurance Act of 2002

Section 201(a) of the TRIA provides that when a person has "obtained a judgment against a terrorist party . . . the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment" to satisfy the judgment. See Pub. L. No.107-297, § 201(a), 116 Stat. 2322 (Nov. 26, 2002). Blocked assets are defined as "any asset seized or frozen by the United States under Section 5(b) of the Trading With the Enemy Act . . . or under Sections 202 and 203 of the International Emergency Economic Powers Act." TRIA § 201(d)(2), 116 Stat. 2322.

III. DISCUSSION

The Levins correctly assert that Assa's assets are blocked under the TRIA and accordingly assert that they are entitled to a ruling that those assets are subject to attachment and execution. However, the Assa Property cannot be subject to execution by the Levins' because Assa's interest in the Assa Property has been

8

extinguished by this Court and is no longer available to satisfy the Levins' judgments.

      a. <u>The Assa Property Constitutes Blocked Assets Pursuant to the TRIA</u>

The United States Department of Treasury declared the Assa Property to be blocked assets pursuant to Executive Order 13382. (<u>See</u> Additional Designation of Entities Pursuant to Executive Order 13382, 73 Fed. Reg. 80513-03 (Dec. 31, 2008).) This Court affirmed that decision. <u>See</u> <u>In Re 650 Fifth Ave.</u>, 2013 WL 2451067 (KBF), at *7 (S.D.N.Y. June 6, 2013) ("the Assa Defendants' interests in the 650 Properties are subject to execution by judgment creditors in possession of valid terrorism-based judgments against Iran"); <u>see also</u> Exec. Order No. 13599, 77 Fed. Reg. 6659, 6659, §1(a)(Feb. 5, 2012). Further, this Court held that the Assa Defendants' interests in the 650 Properties were "blocked assets" "of" an instrumentality of Iran, making them available for a creditor with a valid terrorism-based judgment against Iran to execute upon. <u>See</u> <u>In Re 650 Fifth Ave.</u> at 4. Moreover, the Court of Appeals affirmed that Assa is "an alter ego and an agency or instrumentality of a terrorist party under [the] TRIA, the property at issue constitutes blocked assets, [and] the district court correctly held that Assa's property is subject to attachment and execution under Section 201." <u>See</u> <u>Kirschenbaum v. Assa Corp.</u>, 934 F.3d 191, 200 (2d Cir. 2019).

b. <u>The TRIA Requires Ownership by the Instrumentality</u>

Section 201 of the TRIA provides that when a person has a judgment against a terrorist party, the blocked assets of that party are made available for satisfaction of such judgment.  TRIA § 201(a), 116 Stat. 2322.  The word "of" in that provision indicates that the terrorist party--or any agency or instrumentality thereof--must maintain some property interest in the blocked assets for any of those assets to be attached for satisfaction of a judgment.  <u>See</u> <u>Hausler v. JP Morgan Chase Bank, N.A.</u>, 770 F.3d 207, 212 (2d Cir. 2014)("Because no terrorist party or agency or instrumentality thereof has a property interest in the EFTs, they are not attachable under TRIA § 201.").  Thus, the Levins may only move against the Assa Property if Assa in fact retains an interest in that property.

c. <u>Assa Defendants Do Not Own the Property as Required by the TRIA</u>

The Court's October 4, 2017 Judgment explicitly extinguished "all right, title, and interest" of Assa Corporation and Assa Company Limited in the Assa Property.  (<u>See</u> Judgment, dated October 4, 2017 [dkt. no. 940 in 9 Civ. 00165].)  Furthermore, pursuant to the New York Civil Practice Law and Rules and Section 201(a) of TRIA this Court "awarded all right, title, and interest in the

[P]roperty" to the Judgment Creditors[3] and stated that the Assa Property "shall be delivered, transferred or paid" to the Judgment Creditors. (Id. at 8-9.) On its face, then, the Judgment eliminated any interest that Assa has in the Assa Property.

The Levins attempt to sidestep this issue with a creative theory. In their reply papers, the Levins note that "there has been no judicial accounting of the Assa assets, some of which are interests in real estate which have not been liquidated." (Reply Br. at 4). The Levins elucidated the significance of this fact at oral argument, contending that, if the Court has not determined "whether all claimants' outstanding judgments can be satisfied from the Assa assets," (id.), there might be a residual after the sale and disbursement of the Assa Property to the Judgment Creditors in which Assa would retain an interest--a hook for overcoming any hurdles presented by the TRIA's requirement that Assa maintain an interest in the Assa Property for the Levins to

---

[3] The Levins contend that the Judgment Creditors do not have standing to oppose the Levins' motion for summary judgment which, they assert, "is directed to [Assa's] rights in the blocked assets, does not assert claims against the [Judgment Creditors], and does not address any issues of priority among judgment creditors." (Reply Br. at 1.) However, at oral argument, the Levins for the first time raised the argument that the Judgment, in extinguishing Assa's right to the Assa Property, was ultra vires. To the extent that the Levins are making an argument that a judgment made in favor of the Judgment Creditors is invalid as part of their request for summary judgment, the Judgment Creditors certainly have standing to contest it. The Court accordingly elects to consider the opposition papers filed by the Judgment Creditors.

obtain summary judgment.   (See supra at 9-10.)   Thus, what the
Levins appear to propose is a Schrödinger's Judgment, i.e., one
that at the same time extinguishes "all right, title, and interest"
that Assa has in the Assa Property and preserves Assa's interest
in any assets potentially leftover after the satisfaction of the
Judgment Creditors' outstanding judgments against Iran.[4]

For purposes of summary judgment, though, this argument fails
for two reasons.   First among them is the plain terms of the
Judgment.   The Judgment explicitly reflects the Court's finding
that the value of the Judgment Creditors' outstanding judgments
against Iran exceeds the value of the Assa Property, indicating
that there is no residual to which Assa could claim an interest.
(Judgment at 4,7.) The Judgment was entered by the Court on the
same day as the judgment against Assa in the forfeiture action[5]

---

[4] At oral argument, the Levins also suggested that the Assa Property
is still available for satisfaction of their judgment because it
remains in the interim possession of the Government and has not
yet been divvied out to the Judgment Creditors.   As far as the
Court can tell, this argument has been considered--and rejected--
by the Court of Appeals.   See Levin v. United States, 774 Fed.
App'x 49 (Mem), 50 (2d Cir. 2019)(affirming this Court's 2019
dismissal of the Levins' claims and finding that Section 201 of
the TRIA did not allow for the Levins to seek a distribution of
property had been seized by the Government).

[5] To the extent that the Levins argue that they never had an
opportunity to object to the Judgment entered in favor of the
Judgment Creditors, those objections have already been priced in
by the judgment in the forfeiture action.   The judgment in the
forfeiture action was entered with input from the parties after

(Footnote continues on following page.)

and subsequently affirmed, as to Assa, by the Second Circuit, solidifying the termination of Assa's ownership interest in the Assa Property and crystallizing the terms of the Judgment.  See Kirschenbaum v. Assa Corporation, 934 F.3d 191 (2d Cir. 2019).[6] The Levins' suggestion that there may be a residual is thus too little, too late.

Second, even aside from the explicit terms of the Judgment, the existence of any residual at this point is, at best, completely speculative. As discussed above, the Levins themselves make a point of the fact that "there has been no judicial accounting of the

---

the Levins unsuccessfully attempted to renew their claims to the blocked assets and to alter the proposed judgment. (See dkt. nos. 1990 (Levins' motion to alter proposed judgment of forfeiture and renew claims against Defendant properties), 2005 (Order of the Court construing Levins' motion as one seeking renewal of claims), 2015 (Judgment Creditors' opposition to Levins' motion for renewal), 2016 (Government's opposition to Levins' motion for renewal), 2062 (Order of the Court dismissing the Levins' claims in the forfeiture action), 2079 (Order of the Court requesting modifications to the proposed judgment) in 08 Civ. 10934.) Critically, in their moving papers the Levins argued that their claim under Section 201 of the TRIA had priority over the Government's forfeiture action and, by extension, over the claims of the settling Judgment Creditors. (See dkt. no. 1991 in 08 Civ. 10934 at 11-16.)  The Court, however, dismissed the Levins' claim in the forfeiture action for: (1) being invalid under the Civil Asset Forfeiture Reform Act or Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; (2) being untimely given the "enormous amounts" of work the other parties had done in the action while the "Levins remained on the sidelines"; and (3) lack of standing. (Dkt. no. 2062 in 08 Civ. 10934 at 3-5.)  The Court of Appeals affirmed that ruling.  See 774 Fed. App'x at 50.
[6] Assa did not seek certiorari from the Supreme Court.  That Judgment is now final and non-appealable.  See Sup. Ct. R. 13.

Assa assets". (<u>See</u> Reply Br. at 4.)  Without such accounting it is impossible to say if there is a residual at all, let alone if Assa has a claim to that residual. Thus, even if the Levins had proffered cognizable evidence as to a residual, a genuine issue of material fact would be presented making a grant of summary judgment inappropriate.  <u>See</u> Fed. R. Civ. P. 56(a).

IV.  <u>CONCLUSION</u>

For the reasons discussed above, the Levins' motion for summary judgment [dkt. no. 2156 in 08 Civ. 10934; dkt. no. 173 in 17 Civ. 959] is <u>DENIED</u>.

**SO ORDERED.**

Dated:     New York, New York
           July 29, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge