UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: 650 FIFTH AVENUE AND
RELATED PROPERTIES

08 Civ. 10934 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are various letters submitted by Claimants the Alavi Foundation of New York ("Alavi") and the 650 Fifth Avenue Company (the "Partnership" and, together, "Claimants") and by the Government concerning an eventual hearing--to be held pursuant to 18 U.S.C. § 985(d)(1)(B)(i)--on whether the Government has probable cause to seize rental income generated by the operation of Claimants' building located at 650 Fifth Avenue (the "Building"). (See Claimants' Letter re: Probable Cause Hearing ("Claimants' July 14 Letter), dated July 14, 2020 [dkt. no. 2293]; Government's Response to Claimants' July 14 Letter ("Govt. July 21 Letter"), dated July 21, 2020 [dkt. no. 2294]; Claimants' Reply to Government's July 21 Letter ("Claimants' July 27 Reply"), dated July 27, 2020 [dkt. no. 2295].)  Both Claimants and the Government agree that such a hearing shall take place, meaning the Court need only determine the scope of that hearing.

1

I.   <u>BACKGROUND</u>

18 U.S.C. § 985(d)(1)(B) describes two mechanisms that the Government may use to effectuate a seizure of real property[1] prior to the entry of an order of forfeiture.  Once the Government notifies the Court that it intends to seize real property prior to trial, <u>see</u> 18 U.S.C. § 985(d)(1)(A), the court may:

> (i)    issue[] a notice of application for warrant, cause[] the notice to be served on the property owner and posted on the property, and conduct[] a hearing in which the property owner has a meaningful opportunity to be heard; or

> (ii)   make[] an <u>ex parte</u> determination that there is probable cause for the forfeiture and that there are exigent circumstances that permit the Government to seize the property without prior notice and an opportunity for the property owner to be heard.

<u>See</u> <u>id.</u> §§ 985(d)(1)(B)(i)-(ii).  Here, the Government originally sought to proceed under subsection (ii) of § 985(d)(1)(B) by submitting to the Court an <u>ex parte</u> application for a restraining order against the Building and the rental income generated by its operation.[2]  After some procedural jockeying, the Court--on the consent of the parties--has elected to consider that application

---

[1] On February 13, 2020, the Court found that the rental income generated by the Building "constitutes an interest in real property subject to the limitations set forth in 18 U.S.C. § 985."  (<u>See</u> dkt. no. 2191.)

[2] The Court converted that application to a motion on notice and provided Claimants an opportunity to respond to the Government's application.  (<u>See</u> dkt. nos. 2196, 2200-01, 2205-06, 2214-15.)

"pursuant to 18 U.S.C. § 985(d)(1)(B)(i)."  (See Order re: Hearing, dated July 28, 2020 [dkt. no. 2292] at ¶ 2.)  The Court thus is required to provide Claimants with a "meaningful opportunity to be heard" prior to ruling on the Government's application.

Naturally, Claimants and the Government have differing conceptions of what a "meaningful opportunity to be heard" entails in this context.  Claimants request an evidentiary hearing that allows them "to challenge the Government's evidence," to "present evidence of their own," to put on witness testimony, and "to present affirmative defenses."  (See Claimants' July 14 Letter at 2.)[3]  In connection with these requests, Claimants have supplied the Court with a list of witnesses that they propose to call at the hearing and a list of Government witnesses that they seek to cross-examine.  (See id. at 3-5.)[4] The Government argues that such

_____

[3] The parties appear to agree on the general purpose of the hearing. As discussed above, subsection (i) of § 985(d)(1)(B) specifically requires that a property owner receive "a meaningful opportunity to be heard" prior to any pretrial seizure of real property.  Here, both parties contemplate that such a "meaningful opportunity" requires that (1) the Government present evidence to establish probable cause and (2) Claimants have an opportunity to dispute that evidence.  (See Claimants' July 14 Letter ("At the upcoming hearing, the Government will bear the burden of establishing probable cause . . ."); see also Govt. July 21 Letter at 1.)  The Government, for its part, is prepared to rest on the evidence and arguments submitted in connection with its original ex parte application for a restraining order.  (See Govt. July 21 Letter at 1.)

[4] Claimants also contend that they are entitled to discovery on a variety of issues, including discovery related to their statute of

(Footnote continues on following page.)

a hearing is not necessary given "[t]he parties already have submitted extensive written briefing, voluminous documentary evidence, and excerpts of testimony in connection with the [the application for a restraining order]." (See Govt. July 21 Letter at 1.)  The Government has no objection to Claimants' supplementing their written submissions opposing the Government's application with affidavits from affirmative witnesses but suggests that live testimony or otherwise permitting the cross-examination of witnesses would "improperly convert proceedings intended to provide Claimants a 'meaningful opportunity' to contest the Government's showing of probable cause . . . into a 'dress-rehearsal for trial.'" (Id. at 2 (quoting United States v. Walsh, 712 F.3d 119, 125 (2d Cir. 2013).)

II.  DISCUSSION

What constitutes a "meaningful opportunity" under 18 U.S.C. § 985(d)(1)(B)(i) is a constitutional question as much as it is a statutory one.  See Mathews v. Eldridge, 424 U.S. 319, 333 (1976)("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'")(quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).

_____

limitations defense that the Court of Appeals has ordered the Government to produce, prior to the hearing. (See, e.g., Claimants' July 14 Letter at 5; Claimants' July 27 Letter at 2.)  Claimants, however, have not provided any precedent supporting the proposition that the parties are required to exchange discovery prior to a judicial determination of probable cause.

4

As a concept, however, "due process is flexible and calls for such procedural protections as the particular situation demands." Francis v. Fiacco, 942 F.3d 126, 141-42 (2d Cir. 2019) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).   Thus, in determining the "specific dictates" of due process the Court considers three factors: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."   Mathews, 424 U.S. at 334-35.

Generally, courts balance the Mathews factors retroactively, i.e., to determine whether procedures already afforded were adequate for due process purposes. Here, however, in light of the parties' disagreement over the scope of the procedures required at the eventual probable cause hearing, the Court will apply them prospectively.   An analysis of all three factors leads the Court to conclude that a more limited hearing is appropriate in this context.

The first factor--the private interest at stake--does not counsel strongly in favor of the more fulsome hearing that Claimants request.   Claimants cite two decisions, the Supreme

Court's ruling in United States v. James Daniel Good, 510 U.S. 43 (1993), and the Eastern District of New York's decision in United States v. Leasehold Interest in 121 Nostrand Ave., Apartment 1-C, Brooklyn, N.Y., 760 F. Supp. 1015 (E.D.N.Y. 1991), for the proposition that the hearing must allow them "to put on evidence, including witness testimony, and to present affirmative defenses." Both James Daniel Good and Nostrand Ave., however, involved the forfeiture of a residence, and for due process purposes a "claimant's freedom from governmental intrusion in his home" has "long been recognized to 'merit[] special constitutional protection.'" U.S. v. 141st Street Corp. by Hersh, 911 F.2d 870, 874-75 (2d Cir. 1990)(quoting U.S. v. Premises and Real Property at 4492 South Livonia Road, Livonia, N.Y., 889 F.2d 1258, 1264 (2d Cir. 1989). By contrast, the instant dispute relates to the seizure of commercial property, most notably rental income generated by the Building. While Claimants' commercial interests are by no means "insubstantial," those interests have "traditionally has not occupied the same privileged place as the home." Id.

The second factor--the risk of erroneous deprivation by a certain set of procedures and the potential value of additional procedure--also does not weigh strongly in favor of a more extensive proceeding. The Court of Appeals has acknowledged that even "an ex parte probable cause determination before a judicial

officer reduces the possibility of an erroneous deprivation." See
Livonia, 889 F.2d at 1265.  18 U.S.C. § 985 recognizes this fact
by permitting the Government to establish probable cause for
forfeiture through an ex parte submission to the Court that also
demonstrates exigent circumstances.   See 18 U.S.C. § 985
(d)(1)(B)(ii).   And indeed, as discussed above, see supra at 2,
the Government sought to demonstrate probable cause through such
an ex parte submission before the Court--operating in part on the
principle that "preseizure notice and an opportunity to be heard
would certainly further minimize [the] risk [of erroneous
deprivation]," Livonia, 889 F.2d at 165--converted the
Government's application to a motion on notice that would give
Claimants an opportunity to be heard in opposition to the
Government's submission prior to any seizure.

     With further respect to the marginal benefit of additional
procedures, Claimants request leave to cross examine various
witnesses on issues that the Court finds "are largely unrelated to
the Government's showing of probable cause" and touch on
"collateral or irrelevant areas."  (Govt. July 21 Letter at 3.)
As the Government points out, "[t]he purpose of the probable-cause
proceedings is much narrower than the purpose of trial," in that
the sole purpose of such a proceeding is for the Government to
demonstrate that "probable cause exists to believe that the
restrained assets are properly forfeitable under the civil

forfeiture statute." (Govt. July 21 Letter at 3 (quoting <u>United States v. Bonventre</u>, 720 F.3d 126, 132 (2d Cir. 2013).)   Here, Claimants seek to cross-examine various witnesses on issues such as their purported anti-Muslim bias, their business dealings with Alavi, their financial interest in the forfeiture action, their degree of exposure to evidence unconstitutionally seized from the Alavi offices, and Claimants' statute of limitations defense--that is, issues that will be important at trial but nonetheless far afield from the narrower issue of probable cause. Thus, the Court finds that the cross-examination requested by Claimants would be of little utility given the nature of the probable cause hearing.[5]

Notwithstanding the above, the Court acknowledges that certain testimony related to Claimants' innocent ownership defense could be probative on probable cause.  Claimants have requested leave to call two witnesses--Hassan Hassani and Ali Dabiran, former Alavi board members--for affirmative testimony to support that defense.  (Claimants' July 14 Letter at 3.)  Claimants will be permitted to submit supplemental affidavits from Mr. Hassani and Mr. Dabiran, and the Government will be permitted to respond. After the Court reviews those affidavits and the Government's

---

[5] The Court also notes that other circuits have found that a traditional "summary judgment hearing before [a] magistrate judge" meets <u>James Daniel Good's</u> requirement of an adversarial hearing prior to seizure of real property.  <u>See</u> <u>United States v. Marsh</u>, 105 F.3d 927, 931 (4th Cir. 1997).

response, the Court will promptly determine whether additional live testimony from those witnesses will be necessary.

The final factor--the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail --weighs against the full-blown evidentiary hearing that Claimants request. Here, Claimants have essentially asked this Court to require the Government to slog through two trials--one to establish probable cause to restrain the Building's rental income and one to prove its claims. While the Court previously ruled that the Government may not "short circuit the requirements of due process" in restraining the Building's rental income without notice and an opportunity to be heard, (dkt. no. 2197 at 18-19), that ruling does not require the pendulum to swing entirely in the opposite direction. Allowing a preliminary determination of probable cause to balloon into a trial-like proceeding would undermine the Government's strong interest in efficient enforcement of the forfeiture laws.[6]

---

[6] The Court of Appeals has previously noted that the Government's interest in obtaining <u>pre-notice</u> seizure of real property is "the narrow one of obtaining pre-notice seizure of a fixed item like a home, not the broad interest of enforcing [laws allowing for forfeiture of property], since the latter will also be served by forfeiture after an adversary proceeding." <u>See</u> <u>U.S. v. All Assets of Statewide Auto Parts, Inc.</u>, 971 F.2d 896, 903 (2d Cir. 1992) (quoting <u>Livonia</u>, 889 F.2d at 1265). Given the parties' agreement

(Footnote continues on following page.)

III. <u>CONCLUSION</u>

For the reasons set forth above, with respect to the probable cause hearing, it is hereby ordered that, pending further order of the Court:

1. The hearing will commence at 10:30 a.m. on October 5, 2020, in Courtroom 12A at 500 Pearl Street, New York, NY, and, if necessary, at 10:00 a.m. on October 6, 2020.

2. At the hearing, the Government may rely on the evidence and arguments submitted in connection with its pending motion for a restraining order concerning the rental income generated by the operation of the Building to establish probable cause. (<u>See</u> dkt. nos. 2200-01, 2214-15.)

3. Claimants may rely on evidence and arguments submitted in connection with their opposition to the Government's application for a restraining order. (<u>See</u> dkt. nos. 2205-06.)

4. In addition, Claimants may submit supplemental affidavits from the two affirmative witnesses discussed in their letters, Hassan Hassani and Ali Dabiran, in support of their innocent owner defense, no later than August 28, 2020. The Government may respond no later than September 4, 2020. The Court will determine promptly whether live testimony from Mr. Hassani and Mr. Dabiran will be permitted at the hearing.

5. The Government will not be required to produce additional discovery related to Claimants' defenses in advance of the hearing. (<u>See</u> <u>supra</u> at 3-4 n.4.)

**SO ORDERED.**

Dated:   New York, New York
         August 12, 2020

---

that such an adversary proceeding will in fact take place, the Government's broader interest in efficient enforcement of the forfeiture laws takes on increased prominence in the Court's <u>Mathews</u> analysis.

_____

LORETTA A. PRESKA
Senior United States District Judge