# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

August 20, 2020

Daniel Ruzumna
(212) 336-2034
druzumna@pbwt.com

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

```
Counsel's request to file the unredacted motion
to withdraw under seal is granted.  SO ORDERED.

                        Loretta A. Preska    8/21/2020
```

Re:   *In re: 650 Fifth Avenue and Related Properties*, 08-cv-10934 (LAP), *Kirschenbaum et al. v. 650 Fifth Avenue and Related Properties*, 09-cv-165 (LAP), 09-cv-166 (LAP), 09-cv-553 (LAP), 09-cv-564 (LAP), 09-cv-4614 (LAP), 09-cv-4784 (LAP), 10-cv-1627 (LAP), 10-cv-2464 (LAP), 11-cv-3761 (LAP), 12-mc-19 (LAP), 12-mc-20 (LAP), 12-mc-21 (LAP), 12-mc-22 (LAP), 13-mc-71 (LAP), 13-cv-1825 (LAP), 13-cv-1848 (LAP); *Levin v. 650 Fifth Avenue Company et al.*, 17-cv-959 (LAP)

Dear Judge Preska:

In accordance with the Court's Individual Rule 2(H)(2), we write to request an order permitting the undersigned counsel to file under seal for *in camera* review an unredacted copy of their August 20, 2020 Motion to Withdraw as Counsel for Claimants Alavi Foundation and 650 Fifth Avenue Company. The redacted sections reflect the amount of unpaid legal fees that Claimants have incurred in the over two-and-a-half years of litigation during which they have been denied access to the rental income generated by their building located at 650 Fifth Avenue (the "Building").

Courts in this district have repeatedly allowed documents in support of motions to withdraw as counsel to be filed under seal for *in camera* review in cases, like this one, where the withdrawal motion relates to unpaid legal fees. *C.D.S. Inc. v. Zetler*, 16-CV-3199 (VM) (JLC), 2017 WL 1103004, at *4 n.2 (S.D.N.Y. Mar. 23, 2017) (noting that it is "typical" for counsel seeking to withdraw to submit a memorandum in support "and any supporting materials *ex parte* given that the attorney-client relationship is implicated in the nature of its application"); *Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426(HB)(JLC), 2012 WL 225924 (S.D.N.Y. Jan. 23, 2012) (allowing papers in support of motion to withdraw as counsel due to a "dispute regarding Defendants' failure to pay their legal bills" to be filed under seal); *Callaway Gold Co. v. Corporate Trade Inc.*, 2011 WL 2899192, at *5 (S.D.N.Y. July 6, 2011) (filing withdrawing counsel's hearing memorandum, declaration and supporting exhibits, copies of retainer agreement, and outstanding invoice under seal); *HSW Enterprises, Inc. v. Woo Lae Oad, Inc.*,

11937837v.1

Hon. Loretta A. Preska
August 20, 2020
Page 2

No. 08 Civ. 8476(LBS), 2010 WL 1630686, at *4 (S.D.N.Y. Apr. 21, 2010) (noting that counsel seeking to be relieved as counsel had submitted an affidavit and "supporting billing documentation" under seal).  This approach helps "preserve the confidentiality of the attorney-client relationship between a party and its counsel," ensuring that withdrawal does not require subjecting the details of a client's representation to public examination.  *Team Obsolete, Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006).

   The undersigned counsel seeks to seal a much more limited set of information than the full memoranda and supporting declarations filed under seal and examined *in camera* in other cases.  The Government, the Iran Creditors, and the Levin Plaintiffs, like the opposing parties in *Thekkek*, have no "legitimate interest in learning the specifics of the fee dispute" between Claimants and their counsel.  2012 WL 225924 at *3; *see also High Crest Functional Medicine, LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, Civil Action No. 15-8876 (MCA) (LDW), 2017 WL 4405064, (D.N.J. Oct. 4, 2017) (denying request to learn fee arrangement information contained in motion to withdraw because "the details of the fee arrangement between plaintiffs and their counsel" were not "relevant to [the opposing party's] counterclaims or defenses").  Accordingly, access to the unredacted copy of the Motion to Withdraw should be limited to moving counsel and this Court.

   Thank you for the Court's attention to this matter.

                Respectfully submitted,

                Daniel Ruzumna

Cc. Counsel of Record

11937837v.1