UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
:
IN RE: 650 FIFTH AVENUE AND RELATED : **JUDGMENT**
PROPERTIES :
: 08 Civ. 10934 (LAP)
:
:
------------------------------------x

## Filing of the Complaint

WHEREAS, on November 12, 2009, a verified amended complaint, 08 Civ. 10934 (the "Complaint") was filed in the United States District Court for the Southern District of New York, pursuant to Title 18, United States Code, Section 981(a)(1)(A) and (a)(1)(C), seeking the forfeiture of, *inter alia*:

> All right, title, and interest of Assa Corporation, Assa Company Limited, Bank Melli Iran, and the Alavi Foundation in 650 Fifth Avenue Company, including but not limited to the real property and appurtenances located at 650 Fifth Avenue, New York, New York, with all improvements and attachments thereon, and all property traceable thereto;
>
> All right, title, and interest in the real property and appurtenances located at 650 Fifth Avenue, New York, New York, with all improvements and attachments thereon, and all property traceable thereto (the "**Defendant Real Property-1**" or the "**Building**");
>
> All funds formerly on deposit in Account Number 78429712, at Citibank, N.A., New York, New York ("**Defendant Account-1**");
>
> All funds formerly on deposit in Account Number 8881654552, at Citibank, N.A., New York, New York ("**Defendant Account-2**");
>
> All funds formerly on deposit in Account Number 2724409590, at JPMorgan Chase Bank, N.A., Baton Rouge, Louisiana ("**Defendant Account-3**"); [and]

>All funds formerly on deposit in Account Number 725700280, at JPMorgan Chase Bank, N.A., Baton Rouge, Louisiana ("**Defendant Account-4**");

(collectively, the "**Defendants-*in-rem***");

## Notice

WHEREAS, notices of the filing of the Complaint dated November 12, 2009 were delivered by commercial carrier to Assa Corp. and Assa Co. Ltd. by their attorneys, to the Alavi Foundation and 650 Fifth Avenue Company by their attorneys, and to the then-managing agent of Defendant Real Property-1;

WHEREAS, beginning on December 1, 2009 and for thirty consecutive days thereafter, pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the plaintiff United States of America posted notice of the Complaint against the Defendants-*in-rem* on www.forfeiture.gov, the government internet site, and proof of publication was filed with the Clerk of the Court on February 5, 2010 (*see* Dkt. Entry No. 61);

WHEREAS, as set forth in Rule G(4)(a)(ii) and Rule G(5)(a)(ii), the notice of forfeiture specified the Defendants-*in-rem* and the intent of the United States to forfeit and dispose of the Defendants-*in-rem*, thereby notifying all third parties of their right to file a claim to adjudicate the validity of their alleged legal interest in the Defendants-*in-rem*, within sixty (60) days from the first day of publication of the notice on the official government internet site;

## Claims

WHEREAS, on January 20, 2009 and April 1, 2010, Assa Corp. and Assa Co. Ltd. filed claims to the Defendants-*in-rem* and on June 15, 2011, filed an Answer to the Complaint (*see* Dkt. Entry Nos. 5, 120, 121 & 182);

WHEREAS, on January 8, 2009, certain individuals holding judgments against, *inter alia*, the Government of Iran in an action captioned *Rubin, et al.* v. *The Islamic Republic of Iran, et al.*, No. 01-1655 (D.D.C.) (the "**Rubin Judgment Creditors**" and the "**Miller Judgment Creditors**") filed complaints asserting an ownership interest in certain of the Defendants-*in-rem*, *Rubin, et al.* v. *Alavi Foundation, et al.*, No. 09-CV-165 (S.D.N.Y.) and *Miller, et al.* v. *Alavi Foundation, et al.*, No. 09-CV-166 (S.D.N.Y.);

WHEREAS, on February 26, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in actions captioned *Heiser, et al.* v. *Islamic Republic of Iran, et al.*, 00-cv-2329 (D.D.C.), and *Campbell, et al.* v. *Islamic Republic of Iran, et al.*, 01-cv-2104 (D.D.C.) (the "**Heiser Judgment Creditors**") filed claims to certain of the Defendants-*in-rem* and on March 19, 2010, filed an answer to the Complaint (*see* Dkt. Entry Nos. 74 & 110);

WHEREAS, on March 1, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in an action captioned *Peterson, et al.* v. *Islamic Republic of Iran, et al.*, 01-CV-02094 (D.D.C.) (the "**Peterson Judgment Creditors**") filed claims to certain of the Defendants-*in-rem* (*see* Dkt. Entry Nos. 77 & 84);

WHEREAS, on March 1, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in an action captioned *Havlish, et al., v. bin Laden, et al.*, 1:03-cv-09848 (GBD) (FM) (S.D.N.Y.) (the "**Havlish Judgment Creditors**") filed a notice of claims to certain of the Defendants-*in-rem* (*see* Dkt. Entry No. 85);

WHEREAS, on March 1, 2010, certain individuals holding judgments against, *inter alia*, the Government of Iran in actions captioned *Higgins* v. *Islamic Republic of Iran, et al.*, 1:99-CV-00377 (D.D.C.), *Holland, et al.* v. *Islamic Republic of Iran, et al.*, 1:01-CV-01924 (D.D.C.), *Campuzano et al.* v. *Islamic Republic of Iran et al.*, 1:00-cv-02328 (D.D.C.), *Blais, et*

*al.* v. *Islamic Republic of Iran, et al.*, 1:02-cv-00285 (D.D.C.), *Stethem, et al.* v. *Islamic Republic of Iran et al.*, 1:00-cv-00159 (D.D.C.), *Brewer, et al.* v. *Islamic Republic of Iran, et al.*, 1:08-cv-00534 (D.D.C.), *Valencia, et al.* v. *Islamic Republic of Iran, et al.*, 1:08-cv-00533 (D.D.C.), and *Welch* v. *Islamic Republic of Iran, et al.*, 1:01-cv-00863 (D.D.C.) (the "**Holland, Campuzano, Blais, Brewer, Valencia, and Welch Judgment Creditors**") filed claims to certain of the Defendants-*in-rem* (*see* Dkt. Entry No. 82);

WHEREAS, on March 16, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in an action captioned *Greenbaum, et al.* v. *Islamic Republic of Iran, et al.*, 02-cv-02148 (D.D.C.) (the "**Greenbaum Judgment Creditors**") filed a notice of claims to certain of the Defendants-*in-rem* (*see* Dkt. Entry No. 100);

WHEREAS, on March 16, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in an action captioned *Acosta, et al.* v. *Islamic Republic of Iran, et al.*, No. 06-cv-00745 (D.D.C.) (the "**Acosta Judgment Creditors**") filed a notice of claims to certain of the Defendants-*in-rem* (*see* Dkt. Entry No. 98);

WHEREAS, on March 16, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in actions captioned *Beer, et al.* v. *Islamic Republic of Iran, et al.*, 06-cv-00473 (D.D.C.), and *Beer, et al.* v. *Islamic Republic of Iran, et al.*, 08-cv-01807 (D.D.C.) (the "**Beer Judgment Creditors**") filed claims to certain of the Defendants-*in-rem* (*see* Dkt. Entry No. 99);

WHEREAS, on March 16, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in actions captioned *Kirschenbaum, et al.* v. *Islamic Republic of Iran, et al.*, 03-cv-01708 (D.D.C.), and *Kirschenbaum, et al.* v. *Islamic Republic of Iran, et al.*,

08-cv-01814 (D.D.C.) (the "**Kirschenbaum Judgment Creditors**") filed a notice of claims to certain of the Defendants-*in-rem* (*see* Dkt. Entry No. 101);

WHEREAS, on April 2, 2010, certain individuals holding judgments against, *inter alia*, the Government of Iran in an action captioned *Ellis, et al.* v. *Islamic Republic of Iran, et al.*, No. 05-cv-00220 (D.D.C.) (the "**Botvin Judgment Creditors**") filed claims to certain of the Defendants-*in-rem* (*see* Dkt. Entry No. 127);

WHEREAS, on April 2, 2010, certain claimants holding judgments against, *inter alia*, the Government of Iran in actions captioned *Estate of Stephen Bland, et al.* v. *Islamic Republic of Iran, et al.*, No. 05-CV-02124-RCL (D.D.C.), *Estate of James Silvia, et al.* v. *Islamic Republic of Iran, et al.*, No. 06-CV-00750-RCL (D.D.C.), *Estate of Anthony K. Brown, et al.* v. *Islamic Republic of Iran, et al.*, No. 08-CV-00531-RCL (D.D.C.), *Valore, et al.* v. *Islamic Republic of Iran, et al.*, 1:03-cv-01959 (D.D.C.), *Arnold, et al.* v. *Islamic Republic of Iran, et al.*, 1:06-cv-00516 (D.D.C.), and *Bonk, et al.* v. *Islamic Republic of Iran*, 1:08-cv-01273 (D.D.C.) (the "**Bland, Brown, and Valore Judgment Creditors**") filed claims to certain of the Defendants-*in-rem* (*see* Dkt. Entry No. 128);

WHEREAS, on May 24, 2010, July 12, 2010, and April 26, 2012, certain individuals holding judgments against, *inter alia*, the Government of Iran in an action captioned *Estate of Siavash Bayani, et al.* v. *Islamic Republic of Iran, et al.*, No. 04-cv-01712-HHK (D.D.C.) (the "**Bayani Judgment Creditors**") filed notices of claims to certain of the Defendants-*in-rem* (*see* Dkt. Entry Nos. 138, 147 & 248);

WHEREAS, on March 12, 2010, certain individuals holding judgments against, *inter alia*, the Government of Iran in an action captioned *Hegna, et al.* v. *Islamic Republic of Iran, et al.*, 00-cv-00716 (D.D.C.) (the "**Hegna Judgment Creditors**") filed claims to certain of

the Defendants-*in-rem* and on April 1, 2010, filed an answer to the Complaint (*see* Dkt. Entry Nos. 39-97 & 122-26);

WHEREAS, on March 2, 2010, March 19, 2010, and April 13, 2012, Anushirvan Djahanbani, Golnar Djahanbani, Farah Djahanbani (the "**Djahanbani Claimants**"), Pari Khoshkish, Bruce Khoshkish f/k/a Behrooz Khoshkish, Shahin Khoshkish (the "**Khoshkish Claimants**"), Nasrollah Khosrowshahi, Susanne Pari Khosrowshahi, Marcene Pari Khosrowshahi, Kevin Khosrowshahi, Cameron Khosrowshahi, Ahmad Khosrowshahi, Jr., Asghar Khosrowshahi, Mansoureh Khosrowshahi, Ozra Khosrowshahi, Khalil Khosrowshahi, Ebrahim Khosrowshahi, Shaheen Khosrowshahi, Javidan Khosrowshahi, Hamid Khosrowshahi, Kazem Khosrowshahi, Said Khosrowshahi, Ezzat Khosrowshahi, Roya Khosrowshahi, Maryam Khosrowshahi, Niloufar Khosrowshahi (the "**Khosrowshahi Claimants**"), and Sohrab Vahabzadeh (the "**Vahabzadeh**") filed claims to certain of the Defendants-*in-rem* and on March 22, 2010 filed answers to the Complaint (*see* Dkt. Entry Nos. 104-06, 109, 111-15, 117, 118, & 237-40);

WHEREAS, on February 4, 2015, certain individuals holding judgments against, *inter alia*, the Government of Iran in an action captioned *Levin, et al.* v. *Islamic Republic of Iran, et al.*, No. 05-2494 (D.D.C.) (the "**Levin Judgment Creditors**") filed a notice of claims to the distribution of proceeds from the forfeiture of certain of the Defendants-*in-rem* and a motion to intervene in this action (*see* Dkt. Entry No.1271); and

WHEREAS, on February 11, 2015, Amir Reza Oveissi ("**Oveissi**"), holder of a judgment against, *inter alia*, the Government of Iran in an action captioned *Oveissi* v. *Islamic Republic of Iran, et al.*, 1:03-cv-01197 (D.D.C.), filed a notice of claim to the distribution of proceeds from the forfeiture of certain of the Defendants-*in-rem* (*see* Dkt. Entry No. 1279);

**Dismissal or Withdrawal of Claims**

WHEREAS, on September 18, 2013, the Court entered an order dismissing the claims filed by the Djahanbani, Khoshkish, Khosrowshahi, and Vahabzadeh Claimants and entering judgment against them (*see* Dkt. Entry No. 877), which order and judgment were affirmed by the United States Court of Appeals for the Second Circuit, *In re 650 Fifth Avenue and Related Properties*, 581 Fed. Appx. 61, 2014 WL 5351802 (2d Cir. Oct. 22, 2014) (unpublished);

WHEREAS, on April 16, 2014, the Court entered a Stipulation and Order of Settlement Between the United States and Certain Third-Party Claimants (as subsequently amended, the "**Settlement Agreement**") in which the United States and the Rubin, Miller, Heiser, Peterson, Havlish, Beer, Greenbaum, Kirschenbaum, Acosta, Bland, Holland, Campuzano, Blais, Brewer, Valencia, Welch, Valore, Brown, Bayani, and Botvin Judgment Creditors (the "**Settling Judgment Creditors**") agreed to resolve the Settling Judgment Creditors' claims and notices of claims to the Defendants-*in-rem* and, among other things, agreed in sum and substance that (1) the net proceeds from the forfeiture of any of the Defendants-*in-rem* to the United States will be distributed to the Settling Judgment Creditors on a pro rata basis based on the unsatisfied amounts of the compensatory damages portions of the Settling Judgment Creditors' judgments against the Government of Iran; (2) the Settling Judgment Creditors would not assert that the Terrorism Risk Insurance Act ("TRIA") takes precedence over this forfeiture action except to the extent necessary to protect the interests of the Settling Judgment Creditors against non-settling judgment creditors; and (3) upon the completion of the distributions of funds to the Settling Judgment Creditors, they will withdraw their claims and answers in this action (*see* Dkt. Entry No. 1122);

WHEREAS, on August 18, 2017, Oveissi voluntarily withdrew his previously filed claim and notice of claim (*see* Dkt. Entry No. 2029);

WHEREAS, on September 1, 2017, the Court dismissed the Levin Judgment Creditors' claim for being legally insufficient, untimely, and for lack of standing (*see* Dkt. Entry No. 2062), which order was affirmed on appeal, *Levin v. United States*, 774 Fed. App'x 49 (2d Cir. 2019);

WHEREAS, on September 29, 2017, the Hegna Judgment Creditors entered into an agreement with the Settling Judgment Creditors and the United States pursuant to which, *inter alia*, the Hegna Judgment Creditors agreed to resolve their claims to the Defendants-*in-rem* on the terms governing Settling Judgment Creditors set forth in the Settlement Agreement, including that (1) the Hegna Judgment Creditors would not assert that TRIA takes precedence over this forfeiture action, except to the extent necessary to protect their interests against certain third parties; and (2) upon completion of the distribution of funds to the Settling Judgment Creditors (including the Hegna Judgment Creditors), the Hegna Judgment Creditors will withdraw their claims and answers in this action;

### **Forfeitability of Interests of Assa Co. Ltd. and Assa Corp.**

WHEREAS, on September 16, 2013, the Court entered an order granting the Government's motion for summary judgment as to the forfeitability of the interests of Assa Corp. and Assa Co. Ltd. in the Defendants-*in-rem* as properties constituting or derived from proceeds traceable to violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1705, and the Iranian Transactions and Sanctions Regulations (the "ITSR"), 31 C.F.R. Part 560, pursuant to 18 U.S.C. § 981(a)(1)(C); and as properties involved in money laundering and traceable to property involved in money laundering, 18 U.S.C. § 1956,

pursuant to 18 U.S.C. § 981(a)(1)(A), and that Assa Corp. and Assa Co. Ltd. are not innocent owners pursuant to 18 U.S.C. § 983(d) (*see* Dkt. Entry No. 865);

WHEREAS, pursuant to the September 16, 2013 order, all right, title, and interest of Assa Corp. and Assa Co. Ltd. in the 650 Fifth Avenue Company, Defendant Real Property-1, and all funds formerly on deposit in Defendant Accounts -1, -2, -3, and -4 are subject to forfeiture to the United States;

WHEREAS, on June 6, 2013 and April 18, 2014, the Court entered Orders granting the Settling Judgment Creditors' motions for partial summary judgment and summary judgment on their claims that all right, title, and interest of Assa Corp. and Assa Co. Ltd. in the 650 Fifth Avenue Company, Defendant Real Property-1, and all funds formerly on deposit in Defendant Accounts -1, -2, -3, and -4 are subject to turnover to the Settling Judgment Creditors pursuant to the Foreign Sovereign Immunities Act ("FSIA") and the Terrorism Risk Insurance Act ("TRIA") (*see* Dkt. Entry Nos. 512 & 1125);

WHEREAS, on or about October 7, 2017, a final judgment of turnover was entered in favor of the Judgment Creditors with respect to Assa's property interests, pursuant to which "All right, title, and interest of Assa Corporation and Assa Company Limited in the Assa Property shall be, and the same hereby are, extinguished;" (*see* No. 09 Civ. 166 (LAP), ECF Dkt. No. 925) (the "Turnover Judgment");

WHEREAS, on or about August 9, 2019, the Court of Appeals for the Second Circuit entered an opinion and order affirming summary judgment as to the forfeitability of Assa Corp. and Assa Co. Ltd.'s interests in the Defendants-*in-rem*, reversing summary judgment as to an affirmative defense, and remanding for further proceedings, *United States v. Assa* Co., 934 F.3d 185 (2d Cir. 2019);

WHEREAS, on the same date, the Court of Appeals for the Second Circuit affirmed the Turnover Judgment with respect to Assa Corp. and Assa Co. Ltd., *see Kirschenbaum v. Assa Corp.*, 934 F.3d 191 (2d Cir. 2019);

WHEREAS, pursuant to the Turnover Judgment, all right, title, and interest of Assa Corp. and Assa Co. Ltd. in the 650 Fifth Avenue Company, Defendant Real Property-1, and all funds formerly on deposit in Defendant Accounts -1, -2, -3, and -4 was extinguished; and

WHEREAS, on March 31, 2021, an order was entered striking Assa Corp. and Assa Co. Ltd.'s claims to the Defendants-*in-rem*, including the 650 Fifth Avenue Company, Defendant Property-1, and Defendant Accounts-1, -2, -3, and -4 (Dkt. No. 2343);

NOW THEREFORE, on the motion of Audrey Strauss, United States Attorney for the Southern District of New York, attorney for the plaintiff United States of America, Michael D. Lockard, Daniel M. Tracer, and Samuel L. Raymond, Assistant United States Attorneys, of counsel,

**IT IS HEREBY ORDERED AND ADJUDGED that:**

1. Plaintiff United States of America shall have a judgment of forfeiture against Assa Corp. and Assa Co. Ltd.'s interests in the Defendants-*in-rem*.

2. All interests of Assa Corp. and Assa Co. Ltd. in the 650 Fifth Avenue Company, including interests in funds allocated for partnership distributions that have been held by the U.S. Marshals Service pursuant to protective orders, shall be, and the same hereby are, forfeited to the United States of America and the interests of the Assa Corp. and Assa Co. Ltd. therein shall be, and the same hereby are, extinguished.

3. All funds formerly on deposit in Defendant Accounts-1, -2, -3, and -4, and all funds traceable thereto, shall be, and same hereby are, forfeited to the plaintiff United States

of America and the interests of Assa Corp. and Assa Co. Ltd. therein shall be, and the same hereby are, extinguished.

4. The United States Marshals Service shall be and hereby is authorized to take possession of and to dispose of the interests of Assa Corp. and Assa Co. Ltd. in the Defendants-*in-rem* according to law and the Settlement Agreement.

Dated: New York, New York
       May 7, 2021

SO ORDERED AND ADJUDGED:

*Loretta A. Preska*
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE