**STROOCK**

Via CM/ECF

May 28, 2021

James L. Bernard<br>
Direct Dial: 212.806.5684<br>
Fax: 212.806.6006<br>
jbernard@stroock.com

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re: 650 Fifth Avenue and Related Properties*, 08-cv-10934-LAP; *Kirschenbaum v. 650 Fifth Avenue Company*, 09-cv-165-LAP, and All Member and Related Cases

Dear Judge Preska:

We represent the Greenbaum, Acosta, Beer, and Kirschenbaum Judgment Creditors in the above-referenced actions. We submit this letter in response to the Court's directive that "[t]he Parties, including the Government, shall confer and propose by letter, not later than May 28, 2021, how they propose to proceed in light of the Court of Appeal's issuance of its Mandate." (Dkt. No. 2363 at 22.[1]) This letter is being filed jointly on behalf of the Greenbaum, Acosta, Beer, Kirschenbaum, Havlish, Hegna, Heiser, Peterson, Rubin, and Miller Judgment Creditors (collectively, the "Judgment Creditors"); the Government; and the Alavi Foundation and 650 Fifth Avenue Company (collectively, "Defendants" or "Claimants").

## 1. Proposal With Respect To The Private Judgment Enforcement Actions

With respect to the Judgment Creditors' private judgment enforcement actions, the Judgment Creditors and Defendants have a pending dispute as to the timeliness and scope of certain discovery requests the Judgment Creditors served on Defendants and two third-party witnesses (Dr. Hassan Hassani and Ali Dabiran). That dispute is fully briefed and awaiting decision from the Court. (*See* Dkt. Nos. 2322, 2324, 2329, 2330, 2331.) The Judgment Creditors and Defendants respectfully submit that resolution of the pending motion will potentially impact their respective positions on timing of any discovery remaining in the private actions and that, therefore, any further proposed deadlines, other than those set forth herein, should be deferred until the Court issues its decision on the motion.

Additionally, Defendants have informed the Judgment Creditors that they intend to serve supplemental disclosures on the Judgment Creditors. They propose to do so no later than July

---

[1] All citations to "Dkt. No." are to documents filed in 08-cv-10934.

**STROOCK & STROOCK & LAVAN LLP** New York • Los Angeles • Miami • Washington, DC
180 Maiden Lane, New York, NY 10038-4982 • T. 212.806.5400 • F. 212.806.6006 • www.stroock.com

The Honorable Loretta A. Preska
May 28, 2021
Page 2

16, 2021. The Judgment Creditors reserve their rights with respect to the supplemental disclosures.

Further, although Court intervention on the following issues is not necessary at this time, the Judgment Creditors and Defendants believe it prudent to inform the Court of potential issues they have discussed and which may ripen into a dispute at some time in the future:

- There is no dispute that the Judgment Creditors are entitled to depose Dr. Hassani and Mr. Dabiran. Defendants' position is that those depositions should be deferred until after the Government completes its pending statute of limitations document productions. The Judgment Creditors take no position on the timing of Dr. Hassani and Mr. Dabiran's depositions at this time and note only that their position will likely be influenced by what, if any, document discovery is permitted in response to the Court's decision on the pending discovery motion and following receipt of Defendants' supplemental disclosures. Development of this issue will inform the Judgment Creditors' position on the timing of these depositions; if timing becomes an issue, it will be raised with the Court.

- Regardless of whether any additional document discovery is permitted, the Judgment Creditors are also assessing whether any depositions in addition to Dr. Hassani and Mr. Dabiran are necessary following Defendants' most recent production of documents in November 2020 and Dr. Hassani and Mr. Dabiran's recent declarations from September 2020. (*See* Dkt. Nos. 2317-1 & 2317-2.) In addition, depending on the nature and scope of the above-referenced supplemental disclosures that Defendants intend to make, there may be additional depositions in light of those disclosures. Defendants have no objection to depositions of any individuals identified in their anticipated supplemental disclosures. Defendants take no position at this time regarding the propriety of depositions of other individuals who the Judgment Creditors have not yet identified, and reserve their rights to object to such depositions.

- Defendants, Dr. Hassani, and Mr. Dabiran have asserted privileges, including common interest privileges, over a number of documents produced to date, and Dr. Hassani and Mr. Dabiran have claimed privilege over certain potential testimonial topics. The Judgment Creditors reserve their rights to challenge those privilege assertions either on the current record or following Dr. Hassani and Mr. Dabiran's depositions, as well as to argue that any privilege assertion has been waived in whole or in part.

- Defendants anticipate filing a summary judgment motion at the appropriate time after the conclusion of the supplemental document productions and depositions. The Judgment Creditors take no position at this time regarding the propriety of any summary judgment motions and reserve their rights to file their own summary judgment motion(s) or to object to Defendants' anticipated motion for summary judgment on any ground.

The Honorable Loretta A. Preska
May 28, 2021
Page 3

In sum, at this time, the Judgment Creditors and Defendants respectfully request that the Court:

1. Decide the motion pending at Dkt. Nos. 2322, 2324, 2329, 2330, 2331; and

2. Set July 16, 2021 as the deadline for the parties to exchange supplemental disclosures, if any.

## 2. Proposal With Respect To The Civil Forfeiture Action

In the forfeiture action, the Government and the Claimants believe that there are several outstanding matters to address in advance of a re-trial on the forfeiture claims.

First, the Second Circuit ordered this Court to "grant the Claimants' motion to compel discovery" regarding their statute-of-limitations defense "and ensure the Government's reasonable compliance." In re 650 Fifth Ave., 934 F.3d 147, 173 (2d Cir. 2019). The Government anticipates being in a position to estimate a timeline for the review and production of responsive records in the coming weeks. The parties are continuing to confer about pertinent issues related to statute-of-limitations discovery and will raise them, if necessary, with the Court at an appropriate time. In addition, Claimants anticipate that they will file a motion for summary judgment with respect to the statute-of-limitations defense at an appropriate time.

Second, the Second Circuit ordered that, "[o]n remand, the court shall require the Government to submit a chart or similar exhibit documenting how it would have obtained each particular piece of evidence that the Claimants challenge" as a result of the unlawful search of Claimants' premises. In re 650 Fifth Ave., 934 F.3d at 173-74 (emphasis in original). As the Court is aware, the Second Circuit had previously found that the search was based upon a constitutionally defective warrant, and accordingly seized materials may only be relied upon based on a showing of inevitable discovery. In light of the Second Circuit's opinion, the parties believe that the Government bears the burden of showing inevitable discovery and must make a submission to the Court demonstrating what evidence it would have inevitably discovered, and how. The parties are conferring regarding their respective positions, and a briefing schedule for the parties to present these materials and make their respective arguments about inevitable discovery to the Court.

Third, the Second Circuit found that the district court had improperly excluded the testimony of two former Alavi board members prior to the 2017 trial. The Government intends to depose these former board members and will provide notices of depositions and other relevant discovery requests to Claimants. To the extent the parties have disputes about the scope and timing of this discovery, the parties will confer prior to raising matters with the Court.

Fourth, the parties are conferring regarding updates to previously exchanged discovery that may be appropriate given the passage of time. To the extent the parties have disputes about the scope and timing of this discovery, the parties will confer prior to raising matters with the Court.

\* \* \*

The Honorable Loretta A. Preska
May 28, 2021
Page 4

We thank the Court for its consideration of these matters.

Respectfully submitted,

/s/ James L. Bernard

James L. Bernard

cc:     All Counsel of Record (via CM/ECF)

**STROOCK & STROOCK & LAVAN LLP**  New York · Los Angeles · Miami · Washington, DC
180 Maiden Lane, New York, NY 10038-4982 · T. 212.806.5400 · F. 212.806.6006 · www.stroock.com