UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                         :

IN RE 650 FIFTH AVENUE                   :        No. 08 Civ. 10934 (LAP)
AND RELATED PROPERTIES            :

                                                         :

                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW IN SUPPORT OF
ALAVI FOUNDATION AND 650 FIFTH AVENUE COMPANY'S
MOTION TO COMPEL THE PRODUCTION OF
<u>STATUTE OF LIMITATIONS DOCUMENTS</u>**

                                             Patterson Belknap Webb & Tyler LLP
                                             1133 Avenue of the Americas
                                             New York, New York 10036
                                             Telephone 212-336-2000

Claimants Alavi Foundation ("Alavi") and the 650 Fifth Avenue Company (the "Fifth Avenue Company") respectfully move the Court for entry of an order compelling the Government to produce documents related to Claimants' statute of limitations defense, as directed by the Second Circuit in its August 9, 2019 decision and subsequent mandate. *In re 650 Fifth Ave. & Related Properties*, 934 F.3d 147, 157–58, 173 (2d Cir. 2019) ("On remand, the court shall grant the Claimants' motion to compel discovery and ensure the Government's reasonable compliance."). In particular, consistent with the Second Circuit's mandate, Claimants seek an order compelling the Government to produce documents that generally relate to the Government's pre-November 12, 2004 investigations into Claimants and/or Assa; the Government's communications with state authorities regarding Claimants and/or Assa; and the Government's awareness of certain pre-November 12, 2004 media reports regarding Claimants. (Dkts. 1439; 1439-5). A Proposed Order to this effect is attached as Exhibit A.

In order to understand the Second Circuit's mandate regarding statute of limitations discovery, it is necessary to briefly revisit the procedural history related to statute of limitations discovery in this case. In 2013, the District Judge presiding over the matter at that time granted summary judgment to the Government on Claimants' statute of limitations defense on a record that was "hardly developed at all," despite Claimants' repeated requests for discovery related to that defense. *In re 650 Fifth Avenue and Related Properties*, 830 F.3d 66, 97 (2d Cir. 2016). Recognizing that "[t]he District Court had repeatedly denied Claimants' attempts to obtain discovery that might show when the Government learned of the Claimants' alleged forfeitable offenses," the Second Circuit concluded that the Court erred in foreclosing Claimants' statute of limitations defense and remanded the case to allow Claimants a "full and fair" opportunity to present evidence as to the applicability of the defense. *Id.* at 97 & n.28.

Upon remand, on December 23, 2016, Claimants again requested that the Government produce documents related to Claimants' statute of limitations defense. (Dkt. 1439-5.) Claimants identified specific categories of documents sought, even identifying particular FBI file and index numbers to allow the Government to search for responsive information. (*Id.*) Rather than developing the record by participating in discovery as directed by the Second Circuit, however, the Government objected to Claimants' requests and categorically refused to produce any documents. (*See, e.g.*, Dkt. 1439-6.) Accordingly, on January 13, 2017, Claimants moved for an order compelling the Government to produce the documents. (Dkt. 1439.) The District Court denied Claimants' motion. (Dkt. 1470.)

On appeal, Claimants sought review of the denial of their motion to compel, arguing that the District Court at the time had abused its discretion by denying Claimants' motion to compel discovery and further that they were entitled to seek discovery from the Government on the topics for which they had propounded requests. The Second Circuit agreed. It explained that the Claimants had been denied "a meaningful opportunity to establish the facts necessary to support [their] claim" and reversed the order denying Claimants' motion to compel. *In re 650 Fifth Ave.*, 934 F.3d at 160. The Second Circuit directed that, on remand, the District Court should "*ensure*" that the Government fulfills its discovery obligations, *id.* (emphasis added), and further directed the District Court to enter an order granting Claimants' motion to compel, *id.* at 173. In so doing, the Second Circuit directed the District Court to enter an order compelling the Government to produce documents in response to the categories identified in Claimants' December 23, 2016 letter. The Second Circuit's mandate issued on December 12, 2019—more than twenty-two months ago. The Government has reported that it is currently assessing its timeline for the review and production of responsive records, but has not yet made a production.

On remand, this Court "must follow the mandate issued by an appellate court" and "has no discretion in carrying out the mandate." *Puricelli v. Argentina*, 77 F.3d 213, 218 (2d Cir. 2015). Here, the scope of the mandate is clear: this Court must grant the motion to compel that Claimants sought in January 2017, which was erroneously denied by the District Judge at the time. The content of this order is also apparent from the face of the opinion; indeed, the Second Circuit quoted, at some length, the specific categories of documents that Claimants had sought in their December 23, 2016 letter to the Government. *In re 650 Fifth Ave.*, 934 F.3d at 157–58. This Court has no discretion other than to enter an order compelling the Government to produce these precise documents as directed. *In re Coudert Bros. LLP*, 809 F.3d 94, 98 (2d Cir. 2015) ("[T]he lower court 'cannot vary [the mandate], or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.'").

At this time, without waiving any right, defense, argument, exception, or objection, Claimants are not asking the Court in this Motion to order the Government to produce materials responsive to the relevant discovery demands and/or this Motion *by a date certain*. Claimants expressly reserve all rights to object and seek further relief from the Court in connection with the Government's already-lengthy delay in producing responsive materials up to today and beyond. But for purposes of this Motion, Claimants are only seeking relief specifically directed by the Second Circuit in its August 2019 decision and subsequent mandate.

Accordingly, this Court should enter the Proposed Order compelling the Government to produce documents related to Claimants' statute of limitations defense.

Dated: October 14, 2021

                                    Respectfully submitted,

                                    */s/ Daniel S. Ruzumna*_____
                                    Daniel S. Ruzumna
                                    PATTERSON BELKNAP WEBB & TYLER LLP
                                    1133 Avenue of the Americas
                                    New York, New York 10036
                                    Telephone 212-336-2000
                                    Facsimile 212-336-2222
                                    druzumna@pbwt.com

                                    *Counsel for Claimants Alavi Foundation and 650 Fifth Avenue Company*