UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                  :

IN RE 650 FIFTH AVENUE AND RELATED
PROPERTIES

------------------------------------------------------------------ x

**[~~PROPOSED~~] ORDER**

No. 08 Civ. 10934 (LAP)

### IT IS HEREBY ORDERED AND DECREED THAT:

The United States of America is hereby ORDERED to produce the following documents[1]:

    1.      Records, reports, memoranda, correspondence, notes, and other documents evidencing and/or related to allegations that Claimants Alavi Foundation and the 650 Fifth Avenue, and/or Assa Co. Ltd. and Assa Corporation, were controlled or influenced by, providing services to, or acting as a front for Iran and/or Bank Melli, directly or indirectly, contained in Government investigative files (including, but not limited to, files from the Department of Justice, the Department of Treasury, and joint federal-state task forces or investigative entities) for which the investigation began on or before November 12, 2004, including but not limited to documents contained in the following investigative files and their related or cross-referenced files:

        (a)     FBI File No. 199-NY-3128;

        (b)     FBI File No. 220A-WF-190944;

        (c)     FBI File No. 62-HQ-C1488649;

---

[1] Unless otherwise indicated, the categories below relate to the time period from 1979 to the present.

(d)     FBI File No. 220A-NY-89;

(e)     FBI File No. 220A-NY-268771;

(f)     FBI File No. 315D-LA-226946;

(g)     FBI File No. 220C-CV-63956;

(h)     FBI File No. 220Q-SD-66700;

(i)     FBI File No. 315N-NY-280350-IN;

(j)     FBI File No. 220C-NH-24789;

(k)     FBI File No. 220C-SA-41278;

(l)     FBI File No. 320L-CC-C122838-FCL.

(m)     Investigation files relating to:

> i. The FBI and/or OFAC investigation referenced in the April 30, 1996 Letterhead Memorandum authored by Bernard J. Whalen to the attention of Wayne Zaideman, describing "a 3/22/96 meeting at FBI HQ with OFAC representative Mark Roberts regarding possible legal action instituted by OFAC against AFNY for acting outside the scope of its non-profit corporation charter";
>
> ii. The FBI and/or IRS investigations referenced in the May 19, 2008 report prepared by Eric M. DiVincenzo to the attention of Whitney R. Rogers, et al., including the "FBI's investigation of the FOUNDATION in New York City as of 07/02/1991"; and
>
> iii. The FBI, OFAC, and/or IRS investigations referenced in the FBI memorandum regarding the Alavi Foundation dated March 5, 2007, drafted by Laurie Giordano to the attention of George Ennis, et al., advising that "in the mid-1990s, financial information obtained in the investigation was provided to the IRS and OFAC to determine if any potential criminal violations existed."

2.      Records, reports, memoranda, correspondence, notes, or other documents exchanged among the Government, on the one hand, and New York State or other state authorities, on the other hand, in connection with investigations of allegations that Claimants Alavi Foundation and the 650 Fifth Avenue, and/or Assa Co. Ltd. and Assa Corporation, were

controlled or influenced by, providing services to, or acting as a front for Iran and/or Bank Melli, directly or indirectly, including but not limited to documents to and from:

    (a)    The New York Office of the Attorney General;

    (b)    The New York City Police Department; or

    (c)    The District Attorney's Office for New York County

These records should include but not be limited to documents relating to the investigations involving NYPD Deputy Commissioner David Cohen (see, e.g., March 5, 2007 FBI memorandum by Laurie Giordano); and correspondence related to *Handschu v. Special Services Division*, Docket Number 71-Civ-2203 (CSH) (SDNY).

    3.    Records, reports, memoranda, correspondence, notes, or other documents reflecting or relating to communications between Government agents or employees and the journalists who authored the articles listed below, and all documents identifying or relating to investigative steps or other efforts taken in response to the following articles or the allegations raised in them:

    (a)    Kathleen Teltsch, *Iran Helps Pay Creditors of Pahlavi Building on Fifth Avenue*, N.Y. Times, April 4, 1980;

    (b)    Knut Royce and Kevin McCoy, *Militants Build on Iranian Foundation*, New York Newsday, May 28, 1995;

    (c)    John Mintz, *U.S. Keeps Close Tabs on Muslim Cleric*, The Washington Post, January 1, 2003;

    (d)    Stanley Penn, *Pro-Khomeini Iranians Run Foundation In Manhattan, Backing Students, Mosque*, The Wall Street Journal, August 18, 1989;

    (e)    *U.S. Prevents Compensation to Terrorist Victims*, The Iran Brief, October 4, 1999;

    (f)    *Murderous Charity*, Penthouse, June 1993;

    (g)    Kenneth R. Timmerman, including:

3

      i. *The Bonyad System: Corruption, Terror, and Mass Destruction*,
        The Middle East Data Project, Inc., October 18, 1995;

      ii. *Islamic Iran's American Base*, The American Spectator,
        December 1995;

      iii. *Clinton Mischief*, Insight in the News, February 26, 2001.

*A privilege log shall be prepared containing information sufficient to demonstrate privilege as to documents withheld on the bases of privilege*

**SO ORDERED:**

_____         _____
Honorable Loretta A. Preska                          DATE   11/18/21
United States District Judge

4