

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 2, 2021

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> Re:    **In Re 650 Fifth Avenue and Related Properties,**
>         **08 Civ. 10934 (LAP)**

Dear Judge Preska:

The Government respectfully writes to request the Court reconsider one portion of its November 18, 2021 Order, Dkt. No. 2389.  In the Court's Order, the Court ordered that "a privilege log shall be prepared containing information sufficient to demonstrate privilege as to documents withheld on the basis of privilege."  The Honorable Katherine B. Forrest previously ordered that the Government was not required to produce a privilege log.  As described below, that order was based on the nature of the production of documents in this matter, the nature of the privileges asserted, and the manner in which those privileges—in particular, the law enforcement privilege— are addressed by the Court.  Because Claimants' motion was expressly limited in scope and did not ask the Court to decide issues related to privilege, the parties did not bring this law of the case to the Court's attention and, accordingly, the Government respectfully submits that the portion of the Court's order directing the production of a privilege log for documents or information withheld on the basis of privilege in response to Claimants' supplemental statute-of-limitations requests should be reconsidered. *See, e.g.*, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

## I.    Prior Litigation Regarding Privilege Log

In this matter, discovery has included, among other things, the production of Federal Bureau of Investigation ("FBI") investigative casefile records from the underlying investigation that led to the filing of the Amended Complaint, as well as electronically stored information ("ESI") related to the underlying investigation maintained by predefined FBI personnel.  Prior to production, those records were reviewed by personnel with the FBI's Civil Litigation Unit as well as its Classification Unit to identify classified and privileged materials, which were redacted from

the productions.  In accordance with FBI discovery practice, each redaction was labeled with one or more "deletion codes," labeled with letters A through S, indicating the basis for the redaction.  Each production also included a legend identifying the reason for redaction corresponding to each code.   Attached hereto is an example of the redaction code legend used with these prior productions.

On April 15, 2013, the Claimants submitted a letter raising "several objections" to the Government's productions at that point.  Dkt. No. 412.  Among their objections was that the Government had not produced a privilege log in compliance with the-then applicable Local Civil Rule 26.2.  *Id.* at 11.  In response, the Government stated its intention to formally assert the law enforcement privilege with respect to certain matters withheld from discovery in accordance with the procedures set forth in *In re City of New York*, 607 F.3d 923 (2d Cir. 2010), and also described that instead of a privilege log, the Government had produced responsive documents with redactions of privilege material, with each redaction labeled with a deletion code which identified the basis or bases for redaction.  Dkt. No. 433.

In Orders dated April 30, 2013, and May 6, 2013, Dkt. Nos. 434 and 441, Judge Forrest ordered the Government submit a short summary statement concerning whether information sought in discovery was developed in connection with this litigation or in connection with other unrelated investigations, as well as the submission of certain materials for *in camera* review in accordance with *City of New York*.  Judge Forrest subsequently approved the Government's proposal to submit the formal law enforcement privilege assertion from the FBI along with a supplemental *ex parte* submission providing an index of the information with respect to which the privilege was asserted in the FBI document production and an un-redacted copy of the FBI production marked to indicate where material had been redacted on the basis of law enforcement privilege.

Accordingly, on May 29, 2013, the Government submitted the declaration of George C. Venizelos, then-Assistant Director-in-Charge ("ADIC") of the New York Field Office of the FBI, and an *ex parte* declaration of Special Agent Jennifer McReynolds.  Then-ADIC Venizelos formally asserted the law enforcement privilege on behalf of the FBI and declared that the information redacted pursuant to certain deletion codes (A, B, G, H, and S) was "sensitive information" the "[d]isclosure of [which] would reveal law enforcement techniques and procedures, undermine the confidentiality of sources, endanger the safety of witnesses and/or law enforcement personnel, interfere with ongoing investigations, and seriously impair the FBI's ability to conduct future investigations."  Venizelos Decl. ¶ 5.  The materials submitted to Judge Forrest for *in camera* review, in accordance with *City of New York* procedures, included a complete copy of discovery produced from the FBI investigative file as of that date, with the redaction boxes drawn around redacted information but without the redactions being applied, so that the underlying information could be reviewed by the Court. With respect to one category of information, the underlying information was also redacted in the documents reviewed *in camera*, but the source of the information was described in the *ex parte* submission.

After additional correspondence, Judge Forrest denied the Claimants' request for a "detailed privilege log" on July 11, 2013.  Dkt. No. 547 ¶ 1.  The Court also held that the Government had satisfied its burden of showing that the law enforcement privilege applies to the

documents in question in this case and that the Claimants had not shown a compelling need for the documents overcoming the privilege. *Id*. In subsequent orders, the Court also upheld the invocation of the law enforcement privilege with respect to certain records maintained by the U.S. Department of the Treasury, Office of Foreign Assets Control. *See, e.g.*, Dkt. No. 757.

## II.    The Court Should Reconsider the Portion of its Order Requiring a Privilege Log

The Government respectfully requests that the Court reconsider the portion of its order requiring the Government to produce a privilege log for documents withheld based on privilege assertions in response to Claimants' supplemental statute-of-limitations requests. First, the Government notes that in their motion to compel, Claimants did not renew their request that the Government provide a privilege log regarding documents withheld under the law enforcement privilege. Instead, "Claimants agree[d]" that "privilege issues need not be decided in connection with this Motion." Dkt. No. 2387 at 8.

Second, the Government submits that the Court may have overlooked Judge Forrest's July 11, 2013 decision rejecting the Claimants' request. That decision is still law of the case. *See, e.g.*, *Rivera v. Mattingly*, No. 06-CV-7077 (LAP), 2021 WL 1292726, at *3 (S.D.N.Y. Apr. 7, 2021) ("the law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"). This prior ruling was, furthermore, correct, because each redaction was labeled with sufficient information to identify the bases for redaction. *See, e.g.*, *Graham v. Mukasey*, 247 F.R.D. 205, 207 (D.D.C. 2008) ("[t]here is also no need, and the federal rules do not require a [party], to create a log that describes the author, the date, the type of document, and so on, when the requesting party can see that information simply by looking at the document."); Local Civil Rule 26.2, Committee Note ("With the advent of electronic discovery and the proliferation of e-mails and e-mail chains, traditional document-by-document privilege logs may be extremely expensive to prepare, and not really informative to opposing counsel and the Court. There is a growing literature in decisions, law reviews, and other publications about the need to handle privilege claims in new and more efficient ways. The Committee wishes to encourage parties to cooperate with each other in developing efficient ways to communicate the information required by Local Civil Rule 26.2 without the need for a traditional privilege log."). In this case, rather than withholding documents on the basis of privilege or other authority, information within particular documents has been redacted and the basis for those redactions identified by one or more of 19 different deletion codes. Accordingly, as in *Graham*, a privilege log is not required because the context of the documents and the deletion codes provide sufficient information. Moreover, with respect to records withheld from discovery pursuant to the law enforcement privilege, those records were reviewed by the Court *in camera* in order to determine that the privilege was lawfully invoked and not overcome by compelling need.[1] *See City of New York*, 607 F.3d at 948-49. The Government will also follow the procedures established by *City of New York* with respect to future invocations of the law enforcement privilege.

---

[1] If helpful to the Court, the Government will provide to chambers for *in camera* review a courtesy copy of the Government's May 29, 2013 law enforcement privilege *ex parte* submission and *ex parte* responses to subsequent Court orders regarding that submission.

The Government therefore respectfully submits that, because the scope of Claimants' motion excluded privilege, neither party addressed the privilege log question or drew Judge Forrest's prior decision rejecting Claimants' request for a privilege log to the Court's attention. Accordingly, the Court should reconsider that portion of its Order on the motion to compel.

Respectfully,

DAMIAN WILLIAMS
United States Attorney


by: /s
    Samuel L. Raymond
    Michael D. Lockard
    Daniel M. Tracer
    Assistant United States Attorneys
    (212) 637-6519

cc: Counsel of record (by ECF)