UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: 650 FIFTH AVENUE AND RELATED PROPERTIES | 08 Civ. 10934 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    On November 18, 2021, the Court granted Claimants' motion to compel the Government to produce certain documents.  (Dkt. no. 2389.)  In its order, the Court directed that "a privilege log shall be prepared containing information sufficient to demonstrate privilege as to documents withheld on the basis of privilege."  (Id. at 4.)

    On December 2, 2021, the Government moved for reconsideration of the portion of the order directing that a privilege log be prepared.  (Dkt. no. 2390.)  The Government points to a July 2013 ruling by Judge Forrest, who formerly presided over this matter, denying Claimants' request for a "detailed privilege log".  (Dkt. No. 547.)  According to the Government, this decision "is still law of the case."  (Dkt. no. 2389 at 3.)

    On December 14, 2021, Claimants responded to the Government's motion.  (Dkt. no. 2393.)  According to Claimants,

1

the Court of Appeals vacated Judge Forrest's prior discovery rulings on the statute of limitations defense.

Motions for reconsideration are "committed to the sound discretion of the district court."  Immigrant Def. Project v. U.S. Immigration and Customs Enf't, No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citation omitted).  Local Civil Rule 6.3 provides that a motion for reconsideration shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked."  A motion for reconsideration should be granted only when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  Thus, "to be entitled to . . . reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion."  Dietrich v. Bauer, 198 F.R.D. 397, 399 (S.D.N.Y. 2001).  The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the court's decision."  Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

Judge Forrest's discovery rulings on the statute of limitations defense, including the July 2013 ruling denying Claimants' request that the Government prepare a privilege log, are not law of the case.  In its 2014 decision on appeal from Judge Forrest's grant of summary judgment to the Government, the Court of Appeals vacated and reversed, noting that the "District Court procedurally erred in sua sponte considering and rejecting Claimants' statute of limitations defense without first affording the parties notice or a reasonable opportunity to be heard."  In re 650 Fifth Ave. & Related Props., 830 F.3d 66, 106 (2d Cir. 2016).  In doing so, the Court of Appeals observed that the record on this issue "was hardly developed at all," in part because the Court "repeatedly denied Claimants' attempts to obtain discovery."  Id. at 97 & n.28.

On remand, Claimants renewed their attempts to obtain discovery relating to their statute of limitations defense, which the Court denied.  (Dkt. no. 1470.)  On May 10, 2017, on the Government's motion, the Court granted summary judgment to the Government, including with respect to the statute of limitations defense.  (Dkt. no. 1664.)  The Court of Appeals again reversed, observing that "the district court disagreed" with the Court of Appeals's finding that Claimants were denied the discovery to which they were entitled.  In re 650 Fifth Ave. & Related Props., 934 F.3d 147, 157 (2d Cir. 2019).  In

concluding that the "district court abused its discretion by denying Claimants' motion to compel discovery," the Court of Appeals reiterated that the "shortcomings" in Claimants' ability to develop the factual record and to be afforded a full and fair opportunity to present evidence "are as real today as they were in 2016." Id. at 158-159.  Because Claimants had been denied "a meaningful opportunity" to litigate their statute of limitations defense, the Court of Appeals reversed, vacated, ordered that "[o]n remand, the district court shall ensure that the Government fulfills its discovery obligations to the extent the law requires." Id. at 160; see also id. at 173 (ordering the district court on remand to "grant the Claimants' motion to compel discovery <u>and ensure the Government's reasonable compliance</u>." (emphasis added)).

The Court of Appeals's decisions clearly vacated the Court's prior rulings on Claimants' motions to obtain discovery on the statute of limitations issue, including the July 2013 ruling denying the preparation of a privilege log.  Thus, these rulings are not law of the case.  See Ling Nan Zheng v. Liberty Apparel Co., 556 F. Supp. 2d 284, 296 (S.D.N.Y. 2008) ("Where a court has vacated an earlier order, the doctrine of the law of the case no longer applies.")  Indeed, the Court of Appeals expressly instructed this Court to "ensure the Government's reasonable compliance" with its discovery obligations "to the

4

extent the law requires." In re 650 Fifth Ave. & Related Props., 934 F.3d at 160, 173. The preparation of a privilege log will help to ensure that Claimants have a "meaningful opportunity" to litigate the statute of limitations defense. Because the Government has identified no controlling decisions which the Court may have overlooked, the motion for reconsideration is DENIED.

**SO ORDERED.**

Dated:    New York, New York
          December 15, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge