**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

May 6, 2022

Daniel Ruzumna
(212) 336-2034
druzumna@pbwt.com

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

      Re:    *Levin v. 650 Fifth Avenue Co., et al.,*
             **08 Civ. 10934 (LAP); 17 Civ. 959 (LAP)**

Dear Judge Preska:

    We write on behalf of our clients, Defendants Alavi Foundation and 650 Fifth Avenue Company (together, the "Alavi Defendants"), Defendants Assa Corporation and Assa Company Limited (together, the "Assa Defendants"), and Plaintiffs Lucille Levin and Suzelle M. Smith, Trustee of the Jeremy Isadore Levin 2012 Revocable Trust (together, the "Levin Plaintiffs") in response to the Court's April 27, 2022 order, directing the parties to confer and inform the Court of the status of the above-captioned action and of the remaining claims and remaining Defendants.

       **1.**      **Remaining Parties**

    The original plaintiffs and defendants currently remain parties to this action. They are the Levin Plaintiffs, the Alavi Defendants, and the Assa Defendants.

       **2.**      **Remaining Claims**

    The only remaining claims are for turnover of assets, under the section 201 of the Terrorist Risk Insurance Act ("TRIA"), a note to the Foreign Sovereign Immunities Act ("FSIA"). The Levin Plaintiffs are not seeking turnover under any other section of the FSIA, other than TRIA, and have so represented to the Alavi Defendants.

       **3.**      **Procedural History and Status of Claims**

    The Levin Plaintiffs filed the Complaint in this action on February 8, 2017. (Dkt. No. 1.) The case was marked as being related to the other pending actions against Defendants (Dkt. No. 3), and therefore was assigned to same District Judge. On March 8, 2017, the Alavi Defendants moved to dismiss the Complaint for lack of jurisdiction and failure to state a claim. (Dkt. No. 51.) On April 3, 2017, the Levin Plaintiffs moved for partial summary judgment against the Assa Defendants. (Dkt. No. 73.) Both motions were fully briefed, but on May 5, 2017, the Court administratively terminated the motions with leave to renew after the other pending

Hon. Loretta A. Preska
May 6, 2022
Page 2

judgment enforcement cases against Defendants were resolved.  (Dkt. No. 122).  The Court stayed the Levin Plaintiffs' action, placing it on the suspense calendar pending resolution of the other actions.  (Dkt. No. 123.)  On September 17, 2019, however, the Court granted Plaintiffs' motion to, among other things, remove the case from the suspense docket.  (Dkt. No. 168.)

### A.     Status of Claims against the Assa Defendants

On December 3, 2019, Plaintiffs again moved for summary judgment against the Assa Defendants.  (Dkt. No. 173.)  The Assa Defendants opposed the motion on December 10, 2019 (Dkt. 176), and Plaintiffs submitted a reply memorandum on December 17, 2019 (Dkt. No. 178, 179).  That motion was denied in an amended Memorandum and Order dated July 29, 2020. (Dkt. 197.)

Levin Plaintiffs' Position:   If necessary, the Levin Plaintiffs will appeal the Court's denial of summary judgment at the appropriate time.  Denial of summary judgment ordinarily is not a final, appealable order.  *Mara v. Rilling*, 921 F.3d 48, 68 (2d Cir. 2019) ("Because the denial of a motion for summary judgment is not a final judgment, it is generally not immediately appealable.")

On March 31, 2021, this Court entered an order in *In Re 650 Fifth Avenue and Related Properties* (Dkt. No. 2343, 08 Civ. 10934 (LAP) ("*In re 650 Fifth Avenue*")) and entered judgment for the United States on the basis that Assa has no property interest in the blocked assets.  The March 31, 2021 Order, and the Judgment based thereon, are being appealed by the Levin Plaintiffs and others, and the issues are fully briefed and pending before the Second Circuit.  The Second Circuit's ruling on the Order and Judgment in *In re 650 Fifth Avenue* may well have a bearing on the denial of summary judgment order entered in this action.

Assa Defendants' Position:  The claims the Levin Plaintiffs have asserted against the Assa Defendants (who remain as defendants in this action) are moot at this point, inasmuch as the assets the Levin Plaintiffs seek to collect by virtue of those claims – *i.e.*, blocked assets under TRIA in which Assa previously claimed a property interest – is property in which the Assa Defendants no longer have a property interest.  Such property interest has been extinguished by virtue of, *inter alia*, the May 7, 2021 Final Judgment of Forfeiture in favor of the United States (Dkt. No. 2357, 08 Civ. 10934 (LAP)) and the various decisions, and findings and conclusions, of this Court and the Second Circuit cited in that judgment.

### B.     Status of Claims against the Alavi Defendants

On March 13, 2020, the Alavi Defendants renewed their motion to dismiss the Complaint for lack of jurisdiction and failure to state a claim.  (Dkt. No. 183.)  Plaintiffs opposed the motion

Hon. Loretta A. Preska
May 6, 2022
Page 3

to dismiss on April 10, 2020 (Dkt. No. 191), and the Alavi Defendants submitted a reply memorandum on April 24, 2020 (Dkt. No. 192).  That motion remains pending.

                Respectfully submitted,

                Daniel S. Ruzumna

Cc.    Counsel of Record

13603627v.4