MANDATE

N.Y.S.D. Case # 08-cv-10934(LAP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 21 2023

21-1116 (L)
*Levin v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-two.

PRESENT: DENNIS JACOBS,
RICHARD C. WESLEY,
JOSEPH F. BIANCO.

*Circuit Judges*.

_____

Lucille Levin, Suzelle M. Smith, Trustee of the Jeremy Isadore Levin 2012 Revocable Trust as Amended,

*Petitioners-Appellants-Cross-Appellees*,

v.                                                                 21-1116, 21-1411, 21-1680, 21-1827

Daniel Miller, Elena Rozenman, Noam Rozenman, Tzvi Rozenman, Deborah Rubin, Jenny Rubin, Daniel Miller, Maria Acosta, Irving Franklin, Stuart E. Hersh, Abraham Mendelson, Renay Frym, Carlos Acosta, on his own behalf and as Fiduciary of the Estate of Maria Acosta), Tova Ettinger, Baruch Kahane, Libby Kahane, on her own behalf and as Administratrix of the Estate of Meir Kahane, Ethel J. Griffin, as Administratrix of the Estate of Binyamin Kahane, Norman Kahane, on his own

MANDATE ISSUED ON 03/21/2023

behalf and as Executor of the Estate of Sonia Kahane, Ciporah Kaplan, Fiona Havlish, individually and on behalf of the Estate of Donald G. Havlish, Jr., Steven M. Greenbaum, on his own behalf and as Administrator of the Estate of Judith (Shoshana) Lilian Greenbaum, Alan D. Hayman, Shirlee Hayman,

                      *Plaintiffs*,

United States of America,

                      *Plaintiff-Appellee*,

                      v.

Steven A. Hegna, Lynn Marie Hegna Moore, Craig H. Hegna, Paul B. Hegna, Edwena R. Hegna, Executrix of the Estate of Charles F. Hegna and in her individual capacity,

                      *Claimants-Appellees-Cross-Appellants*,

Elizabeth Wolf, ASSA Co., Ltd., Richard W. Wood, William Havlish, Herman C. Marthaler, III, Estate of Gary Heiser, Estate of Michael Heiser, Francis Heiser, Leland Timothy Haun, Ibis S. Haun, Milagritos Perez-Dalis, Senator Haun, Estate of Justin R. Wood, Kathleen M. Wood, Shawn M. Wood, Estate of Earl F. Cartrette, Jr., Denise M. Eichstaedt, Anthony W. Cartrette, Lewis W. Cartrette, Estate of Brian McVeigh, Estate of Sandra M. Wetmore, James V. Wetmore, Estate of Millard D. Campbell, Marie R. Campbell, Bessie A. Campbell, Estate of Kevin J. Johnson, Shyrl L. Johnson, Che G. Colson, Kevin Johnson, Jr., Nicholas A. Johnson, Estate of Laura E. Johnson, Bruce Johnson, Estate of Joseph E. Rimkus, Bridget Brooks, James R. Rimkus, Anne M. Rimkus, Estate of Brent E. Marthaler, Katie L. Marthaler, Estate of Sharon Marthaler, Kirk Marthaler, Estate of Thanh Van Nguyen, Christopher R. Nguyen, Estate of Joshua E. Woody, Dawn Woody, George Beekman, Tracey M. Smith, Jonica L. Woody, Timothy Woody, Estate of Peter J. Morgera, Michael

2

Morgera, Thomas Morgera, Estate of Nancy R. Kitson, Estate of Kendall Kitson, Jr., Estate of Kendall K. Kitson, Sr., Steve K. Kitson, Nancy A. Kitson, Estate of Christopher Adams, Catherine Adams, John E. Adams, Patrick D. Adams, Michael T. Adams, Daniel Adams, Mary Young, William Adams, Estate of Christopher Lester, Cecil H. Lester, Judy Lester, Cecil H. Lester, Jr., Jessica F. Lester, Estate of Jeremy A. Taylor, Lawrence E. Taylor, Vicki L. Taylor, Starlina D. Taylor, Estate of Patrick P. Fennig,, Thaddeus C. Fennig, Catherine Fennig, Paul D. Fennig, Mark Fennig, Estate of William R. Higgins, Robin L. Higgins, Avi Elishis, Gregg Salzman, Diana Campuzano, Bonnie Bayani-Christopher, Personal Representative of the Estate of Siavash Bayani, Alavi Foundation, 650 Fifth Avenue Company,

       *Claimants*,

  v.

ASSA Corporation,

       *Defendant*.

---

| | |
|---|---|
| FOR PETITIONERS-APPELLANTS-CROSS-APPELLEES: | SUZELLE M. SMITH, Howarth & Smith, Los Angeles, CA. |
| FOR CLAIMANTS-APPELLEES-CROSS-APPELLANTS: | RALPH DUPONT, The Dupont Law Firm LLP, Stamford, CT. |
| FOR PLAINTIFF-APPELLEE: | SAMUEL L. RAYMOND, Assistant United States Attorney (Michael D. Lockard, Daniel Tracer, and David Abramowicz, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

  Appeal from an order and judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

3

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 31, 2021 order and the May 7, 2021 judgment of the district court are **AFFIRMED**.

In this more than decade-old litigation, two groups of judgment creditors of the Islamic Republic of Iran appeal from the district court's (1) order dismissing the claims of Assa Corporation and Assa Company Limited (collectively, "Assa") that assert interests in certain properties subject to forfeiture, and (2) subsequent judgment of forfeiture with respect to those interests. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

### A. The Forfeiture Action

In December 2008, the United States Government (the "Government") filed a complaint, which was later amended, seeking the civil forfeiture of assets owned by Assa and Bank Melli Iran ("Bank Melli"), including their interests in a commercial skyscraper in Manhattan and a partnership involved in that building's ownership (the "Properties"), as proceeds of violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and money laundering under 18 U.S.C. §§ 1956 and 1957. Assa filed claims with respect to certain Properties in the initial complaint and later filed amended claims with respect to certain Properties in the amended complaint. Assa subsequently filed an answer to the amended complaint contesting the claims of forfeiture and asserting various affirmative defenses.

In September 2013, the district court granted summary judgment for the Government as to Bank Melli's ownership and control of Assa and the forfeitability of Assa's interests in various

4

assets.  *See In re 650 Fifth Ave. & Related Props.*, No. 08-10934, 2013 WL 5178677, at *22 (S.D.N.Y. Sept. 16, 2013).  The district court also *sua sponte* dismissed Assa's statute-of-limitations defense.  *Id*. at *36–38.

Assa appealed, and we affirmed various discovery rulings, *see United States v. Assa Co.*, 774 F. App'x 51, 52 (2d Cir. 2019) (summary order), and the grant of summary judgment as to Bank Melli's ownership and control of Assa, *see United States v. Assa Co.*, 934 F.3d 185, 187 n.2 (2d Cir. 2019) (referencing *Kirschenbaum v. Assa Corp.*, 934 F.3d 191, 197–98 & n.6 (2d Cir. 2019)); *see also In re 650 Fifth Ave. & Related Props.*, 830 F.3d 66, 93 n.25 (2d Cir. 2016).  However, we vacated the district court's order dismissing Assa's statute-of-limitations defense and remanded for further proceedings.  *See Assa Co.*, 934 F.3d at 191.

### B.  The Turnover Actions

After the Government filed its civil forfeiture action, a number of victims of Iranian state-sponsored terrorism with unsatisfied judgments against Iran filed turnover actions seeking, *inter alia*, to execute their judgments against Assa's interests under Section 201(a) of the Terrorism Risk Insurance Act of 2002 (the "TRIA"), Pub. L. No. 107-297, 116 Stat. 2322 (2002) (codified as a note to 28 U.S.C. § 1610), as well as Section 1610(b)(3) of the Foreign Sovereign Immunities Act of 1976, Pub. L. No. 94-583, 90 Stat. 2891 (codified as amended at 28 U.S.C. §§ 1602–11).  In April 2014, finding that Assa was owned and controlled by the government of Iran, the district court held that Assa's property interests were subject to turnover to the judgment creditors.  *See In re 650 Fifth Ave. & Related Props.*, No. 08-10934, 2014 WL 1516328, at *14 (S.D.N.Y. Apr. 18, 2014).  In that same month, the Government and various judgment creditors entered into a stipulation and order of settlement resolving their competing claims to Assa's interests in the Properties.  In 2017, after concluding a bench trial that did not involve Assa, the district court

5

entered a final judgment of turnover in favor of the remaining judgment creditors with respect to Assa's property interests. Assa appealed, and we affirmed the district court's judgment. *See Kirschenbaum*, 934 F.3d at 198.

### C. Proceedings on Remand

In 2020, in the remand of the forfeiture case against Assa, the Government moved to dismiss Assa's claims and enter a judgment of forfeiture, arguing that Assa lacked standing to maintain its claims because the judgment creditors' 2017 turnover judgment had extinguished Assa's interests in the Properties. Assa did not oppose the Government's motion. Two groups of judgment creditors, however, did oppose it: (1) Steven A. Hegna, Lynn Marie Hegna Moore, Craig H. Hegna, Paul B. Hegna, and Edwena R. Hegna, the executrix of the estate of Charles F. Hegna (the "Hegnas"); and (2) Dr. Lucille Levin and Suzelle M. Smith, the trustee of the Jeremy Isadore Levin 2012 revocable trust (the "Levins"). The Hegnas and the Levins, whose forfeiture claims the district court previously dismissed (rulings, as discussed *infra*, that this court affirmed on appeal), asserted priority to certain of Assa's assets over each other and the Government.

The district court granted the Government's motion to dismiss and entered a judgment of forfeiture. *See In re 650 Fifth Ave. & Related Props.*, No. 08-10934, 2021 WL 1226594, at *6 (S.D.N.Y. March 31, 2021). The court rejected the Hegnas' arguments on the grounds that they had entered into a settlement agreement, with the Government and other judgment creditors, that, by its terms, barred the Hegnas from taking a litigation position adverse to the Government. *Id.* at *4–5. The court also found that the Hegnas' claims failed on the merits: contrary to the Hegnas' position that the Government's forfeiture complaint did not reach certain funds, the court ruled that by seeking all of Assa's assets and "all property traceable thereto," the Government's amended complaint did allow for the forfeiture of those funds. *Id.* at *4 (quoting Amended Complaint ¶

6

[1](a) (internal quotation marks and emphasis omitted)).  The court also rejected the Levins' arguments that their claim under the TRIA was superior to the Government's forfeiture judgment, holding that the TRIA did not "trump[] the Government's ability to effect forfeiture . . . ." *Id.* at *5.

The Hegnas and the Levins then filed the instant appeals challenging the district court's dismissal order and judgment, and the Hegnas filed a cross-appeal against the Levins.

## DISCUSSION

On appeal, the Hegnas and the Levins each present distinct arguments.  The Hegnas contend that the settlement agreement they signed with the Government was not enforceable against them and that certain rental income was not subject to forfeiture.  The Levins contend that the district court erred in concluding that our precedent foreclosed their assertion that their claim to Assa's property under the TRIA was superior to the Government's claims under the forfeiture statutes.  However, we do not address these challenges because we conclude, as discussed below, that the Hegnas and Levins lack statutory standing to contest the Government's forfeiture action. *See Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) ("[W]e may affirm on any ground supported by the record.").

"In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court." *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) (internal citations omitted).  "In rem forfeiture actions are governed by Rule G of the Forfeiture Rules and the Civil Asset Forfeiture Reform Act of 2000." *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) (per curiam) (footnote omitted).  Under Rule G(5)(a)(i), "[a] person who asserts an interest in the defendant property may

7

contest the forfeiture by filing a claim in the court where the action is pending." With respect to the "similar requirements of Rule C(6), which also concerns responsive pleadings, we have held that '[s]trict compliance . . . is typically required.'" *Levin v. United States*, 774 F. App'x 49, 50 (2d Cir. 2019) (summary order) (quoting *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993)); *see also United States v. $417,143.48, Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents*, 682 F. App'x 17, 19 (2d Cir. 2017) (summary order) (collecting cases about the need for compliance with the rules).

We previously affirmed the district court's dismissal of the Hegnas' forfeiture claims on multiple independent grounds, *Havlish v. Hegna*, 673 F. App'x 34 (2d Cir. 2016) (summary order), and the Levins' forfeiture claim as untimely, *Levin*, 774 F. App'x at 50. In this appeal, the Government argues that neither the Hegnas nor the Levins have satisfied the statutory standing requirements under the forfeiture rules to contest the Government's action. Indeed, the Hegnas did not even respond to the Government's argument that they lacked statutory standing. The Levins countered the Government's argument by asserting that they have statutory standing under Section 201 of the TRIA. We disagree.

Section 201 states: "[n]otwithstanding any other provision of law, . . . the blocked assets of [a] terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy [a] judgment [against the terrorist party]." TRIA § 201(a). However, we have already determined that Section 201's notwithstanding clause did not extend to allow the Levins to "seek a distribution of property *seized by the Government*." *Levin*, 774 F. App'x at 50. Although the Levins now point to a pending TRIA turnover action they filed in 2017 seeking Assa's assets and their *ex parte* 28 U.S.C. § 1610(c) order issued on December 29, 2016 and related writ—which we did not consider

8

in *Levin*—these developments do not excuse them from complying with the substantive and procedural requirements of civil forfeiture law. *Cf. United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, 783 F.3d 607, 620 (7th Cir. 2015) (finding that the TRIA conferred statutory standing to contest forfeiture action where it was "impossible" both to comply with forfeiture law and execute under TRIA). Here, had the Levins filed a timely claim, they *could* have contested the Government's forfeiture action. In any event, because the Levins lack a TRIA turnover order against Assa, *see Levinson v. Kuwait Fin. House (Malaysia) Berhad*, 44 F.4th 91, 97 (2d Cir. 2022) ("[B]efore ordering assets to be seized under TRIA, a district court must make findings as to whether TRIA indeed permits those assets to be seized."), the TRIA does not require the Government "to maintain . . . funds for future attachment," *Smith ex rel. Est. of Smith v. Fed. Rsrv. Bank of N.Y.*, 346 F.3d 264, 271 (2d Cir. 2003).[1]

Finally, as judgment creditors, neither the Hegnas nor the Levins can step into Assa's shoes. *Cf. Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70, 83 (2d Cir. 2002). In 2017, the district court entered a final judgment establishing that: "[a]ll right, title, and interest of Assa Corporation and Assa Company Limited in the Assa Property shall be . . . extinguished," Levin App'x at 65, which we affirmed with respect to Assa, *see Kirschenbaum*, 934 F.3d at 198 & n.6. Accordingly, the Levins' position that district court's 2017 final judgment was *ultra vires* is meritless.

\* \* \*

---

[1] Although *Smith* involved the president's confiscation authority under IEEPA, and not a civil forfeiture action, that decision makes clear that a pending TRIA claim does not prevent the Government from lawfully taking title to terrorist assets. *See id.*

9

We have considered the Hegnas' and the Levins' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order and judgment of the district court.[2]

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[2] Since the Hegnas' cross-appeal is conditional on reversing the district court's judgment, we dismiss it as moot. *See Weiss v. Natl. Westminster Bank, PLC.*, 993 F.3d 144, 159 (2d Cir. 2021).