

www.pbwt.com

February 3, 2026

Daniel Ruzumna
(212) 336-2034
druzumna@pbwt.com

By ECF

Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

      Re:    **In re 650 Fifth Avenue and Related Properties**
             **08 Civ. 10934 (LAP)**

Dear Judge Preska:

      We write on behalf of Claimants Alavi Foundation ("Alavi") and the 650 Fifth Avenue Company (the "Fifth Avenue Company") to request a conference before Your Honor to discuss Claimants' request for certain monitorship/interim trusteeship records primarily for the periods in which Alavi, the managing partner in the Fifth Avenue Company, was divested of its management responsibilities and all decisions concerning management and operations of the building located at 650 Fifth Avenue (the "Building") were made by former Magistrate Judge Kathleen Roberts, with the assistance of her consultant, Scopa.

      Pursuant to the operative partnership agreement between Alavi and Assa Corporation ("Assa"), Alavi possesses all management responsibilities for the Fifth Avenue Company, a New York partnership in which Alavi holds a 60% interest and Assa previously held a 40% interest. Assa's minority interest was forfeited to the Government and turned over to private parties holding judgments against Iran (the "Judgment Creditors"), and those judgments became final in 2019. The partnership agreement remains valid, however, with the Government and the Judgment Creditors having assumed ownership of Assa's minority interest. Pursuant to an agreement between Alavi and the Government, in April 2010, Judge Roberts of JAMS took on the role as the Court-appointed monitor to ensure, among other things, that Alavi's and the Fifth Avenue Company's management and operation of the Building and other properties sought to be forfeited did not result in a diminution of the properties' value.

      As Your Honor may recall, over two lengthy periods of time, totaling approximately seven years, the Court divested Alavi of its management responsibilities over the Building, the Fifth Avenue Company, and Alavi's other properties, placing those responsibilities with Judge Roberts, who took on the role of interim trustee as well as monitor. Those periods

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

Hon. Loretta A. Preska
Page 2

coincided with orders forfeiting Alavi's and the Fifth Avenue Company's right, title, and interest in the properties—orders that were subsequently were reversed on appeal to the Second Circuit. But during those periods of time—specifically, from November 22, 2013 to March 3, 2017, and from September 29, 2017 through March 30, 2020—Judge Roberts maintained sole management and operational control of the Fifth Avenue Company, the Building, and Alavi's other properties, with the guidance of Scopa (a real estate consultant engaged by Judge Roberts) and an outside property management company. Claimants have very few 650 Fifth Avenue-related documents from these periods and, therefore, seek 650 Fifth-related documents and communications in Judge Roberts' and Scopa's possession from these periods on which Alavi was not copied. We also seek monitorship/interim trusteeship communications with or regarding one specific tenant with whom there may be a leasing dispute for a longer period of time.

Judge Joseph A. Greenaway, Jr., took over monitorship/interim trusteeship responsibilities from Judge Roberts on July 20, 2025. On July 31, 2025, Judge Roberts emailed Claimants and the Government, indicating her intention to delete all 650 Fifth-related documents unless there was an objection:

> Please be advised that as of September 30, 2025, Scopa and I will be destroying/deleting copies of all documents/communications provided by us to the Government, 650 or its agents or provided to us by the Government, 650 and its agents (copies of which should be in the possession of the Government, 650-Alavi or its agents). If the Government or 650-Alavi wishes these documents/communications to be retained we can discuss a procedure for retention at the expense of the Government and/ or 650-Alavi.

After receiving this email, Claimants responded by requesting that all 650 Fifth Avenue and other property records and communications to be retained, and further asking that these documents from the monitorship/interim trusteeship be transferred to Claimants for retention.

Notwithstanding Claimants' request, the monitorship/interim trusteeship documents were not transferred. On October 8, 2025, Judge Roberts asked for specific justification for requested transfer and claimed that certain documents had been made available upon a specific request for the documents in past. In an email, she wrote:

> Please note that at no time during my service was I asked to retain my personal copies of documents pertaining to this matter.
>
> Copies of all official documents, including email communications pertaining to the operation of 650 and the related properties were routinely provided as needed and appropriate to 650 Fifth, the Foundation, counsel for the Foundation and to the Government, as well as the Court.
>
> I am not prepared to respond to such a request without a clear understanding of its purpose, the need for the requested records, including why they cannot be obtained

16228218

Hon. Loretta A. Preska
Page 3

>from other sources, and clear parameters regarding the categories of documents sought and time frame for the request.

Claimants offered to provide search terms that could be used to search for relevant documents from Judge Roberts' and Scopa's files and to pay for their time in assisting with the document collection and transfer. Claimants' counsel also explained the need to have property-related documents, especially for periods in which Judge Roberts alone had management control of the properties.

Claimants' counsel and Judge Roberts spoke about the requested transfer on November 17, 2025, and Judge Roberts asked for additional information. The following day, we emailed the following:

> Following up on our conversation of yesterday, on behalf of 650 Fifth Avenue Company (and its managing partner, the Alavi Foundation), we are formally requesting copies of your emails and other documents related to your work as Court-appointed Monitor, Interim Trustee, and Trustee from the time you began (April 2010) through the time you stepped down. This request is not designed or intended in any way to question or second-guess your admirable work for the Fifth Avenue Company over the last 15 years. Nor is the request intended to impose a major burden on you (or Scopa, to whom we intend to make a similar request). Rather, you served as a critical decisionmaker and/or point of contact for tenants, vendors, property managers, and more, and we do not want to be in a position where important records and communications regarding building operations and management are lost or rendered inaccessible. As you know (and reminded me yesterday), the building has experienced at least one property manager (CBRE) during this time before Cushman & Wakefield, and you have served as Monitor/Trustee during periods when Alavi was not privy to the daily workings, operations, and management decisions of the building based on Court orders. I mentioned one issue (involving [REDACTED]) about which we are wondering whether there had been any discussion between you, Paul Spiegel, the property manager, and/or [REDACTED] over the years in which Alavi was not involved in building management. But we expect that there will be others.
>
> As mentioned, we do not expect that our request will impose a major commitment of your time, and Alavi will compensate you for your time. We would like to propose a set of search terms that would be run through your email accounts (both your JAMS account and gmail account)—to ensure we have building-related documents--and download those to keep for future use as needed. We are happy to include protections that you and/or JAMS reasonably believe are necessary.

After two follow-up emails in late November and mid-December, we proposed addressing the issue at one of the conferences scheduled by the Court. Judge Roberts did not respond or was not available, however, and objected to the issue being discussed without her.

16228218

Hon. Loretta A. Preska
Page 4

On December 19, 2025, Judge Roberts responded by email, refusing to produce 650 Fifth-related documents without a Court order. She wrote:

> This is the latest in a series of recent vague and patently unreasonable oral and email requests that I and the Asset Advisor appointed by me (Scopa CRE) produce the entire universe of emails and hard copy documents pertaining to 15-years of service as Court-appointed Monitor, Interim Trustee and Trustee of 650 Fifth Avenue, which concluded on July 31, 2025.
>
> As I have repeatedly advised you, all documents pertaining to the operation of 650 Fifth Avenue were copied to the Managing and/or Leasing Agents, and the vast majority of such documents were also copied to the Alavi Foundation (including Dr. Yazdi), Counsel for the Alavi Foundation and the Government.
>
> None of your requests has set forth the specific need for the requested documents, nor offered any explanation for your conceded failure to first request the documents in question from Cushman & Wakefield, 650's Managing and Leasing Agent since 2014, which has possession and control of all documents pertaining to the operation of 650 Fifth Avenue and actions taken by me as Monitor/Interim Trustee and Trustee.
>
> I note that neither the Order appointing me as Monitor, nor any subsequent Order pertaining to my role and responsibilities required that I maintain or produce my personal records and work product related to this assignment. Nor was such a provision included in your proposed Order regarding my discharge.
>
> In the absence of a showing of the need for the requested documents and inability to obtain them from sources under your control, I must respectfully decline your request for "Transfer of Monitor/Interim/Trustee/Trustee Documents" without direction from the Court. Should you apply to the Court with the showing described above, I will promptly respond and/or appear before the Court to address this matter.

We wrote to Judge Roberts again on January 5, 2026, requesting available times to appear before Your Honor. As we explained then, "[w]e will be asking Judge Preska to order the production of relevant records in your and Scopa's possession in connection with the Court-ordered monitorship and interim trusteeship of 650 Fifth Avenue. As I mentioned previously, 650 Fifth is willing to pay the cost associated with the collection of these records, including your time in doing so. We will take all appropriate steps to limit the burden, including seeking documents only from the email accounts used in connection with the monitorship/interim trusteeship and using search terms to ensure that non-responsive records are not inadvertently collected. As for hard copy documents, I expect there are very few. But if that's not accurate, we may be willing to forego a collection of hard copy documents if we can get a better understanding of what they include. The goal is to preserve the relevant information with the least inconvenience to you or Paul Spiegel."

16228218

Hon. Loretta A. Preska
Page 5

Judge Roberts has not given dates on which she is available to appear for a video or in-person conference before the Court; rather, on January 30, 2026, she requested "a written statement setting forth with specificity the scope and purpose (definition of "relevant" documents/information) of [Claimants'] request (including proposed search terms) and a proposed Order so that [she] can evaluate and provide a specific, detailed response to [Claimants'] request." Judge Roberts' request is obviously far different from her initial offer and comes months after we offered to provide search terms, potential limitations on sources of documents, and reasonable compensation for her and Scopa's time and explained, with a specific example, the need for documents that are not available elsewhere.

Accordingly, we respectfully request that the Court schedule a conference—in-person or by video—with Claimants, Judge Roberts, and the Government. Judge Roberts has informed us that she will be in "all day mediations February 3-6, in all-day mediations February 9-11, out of state February 12-17, and have mediations scheduled for February 18 and 19," and I will be traveling from February 19 through March 1. Accordingly, the first available date may be the week of March 2, 2026—though we would be amenable to scheduling a video conference outside of regular business hours if that works for the others before February 12. We ask the Court to set a time for a conference and to direct that no documents related to 650 Fifth Avenue or Alavi's other properties be deleted or removed before the conference.

Thank you for your attention to this matter.

Respectfully submitted,

Daniel S. Ruzumna

cc:   Michael Lockard
      Hon. Kathleen Roberts

16228218