# PHILLIPS NIZER LLP

Judith L. Swartz
(212) 841-0585
jswartz@phillipsnizer.com

485 Lexington Ave
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

Continental Plaza
433 Hackensack Avenue
Suite 803
Hackensack, NJ 07601
201.487.3700

www.phillipsnizer.com

New York • New Jersey

March 13, 2026

**VIA ECF**
The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312
Fax: 212-805-7941

      Re: *In re 650 Fifth Avenue and Related Properties*, No. 08-cv-10934
        <u>(LAP) and Consolidated Actions</u>

Dear Judge Preska:

  On behalf of Sylvius von Saucken, as Trustee of the 650 Fifth Settlement Trust (the "Trustee"), we respectfully move, pursuant to Your Honor's Individual Rules, to file under seal, in its entirety, the Order Approving Trustee's First Invoice entered on March 9, 2026 (the "Invoice Approval Order"), and to extend the same sealing treatment prospectively to any future orders approving Trustee invoices without need for further motion practice.

  Good cause exists to seal the Invoice Approval Order in full. The Court previously approved and sealed the parties' Settlement Agreement (approved January 17, 2025), and subsequently, upon the Trustee's letter-motion, sealed the Court's February 24, 2026, Order regarding Trustee and Third-Party Payment Protocols, which implemented the terms of that sealed Settlement Agreement. In the Trustee's prior sealing request, the Trustee explained that orders describing the establishment and administration of the Settlement Trust, including payment and administrative protocols and the submission and approval of Trustee invoices, draw directly from and are integrally connected to the sealed settlement materials; and targeted redactions would be inadequate because the sensitive content is embedded throughout. The Trustee also requested that such orders be sealed not only from the public but from non-settling ECF participants in these consolidated actions, because disclosure to those non-parties would likewise reveal protected settlement information and frustrate the Court's prior sealings.

  Those same considerations apply here. The Invoice Approval Order approves the Trustee's first invoice submitted for in camera review pursuant to the February 24, 2026, Order which set

3979009.3

PHILLIPS NIZER LLP

March 13, 2026
Page 2

forth protocols governing Trustee invoice submission and approval, which are tied to the sealed settlement framework. Public filing whether in whole or with redactions would risk disclosure of confidential settlement-implementing information and undermine the protections afforded by the Court's sealing orders.

    Prospective relief is also warranted to conserve judicial and party resources. The Court has already determined the necessity of in camera review and sealing for settlement-implementing payment protocols; the same logic applies to subsequent routine orders approving Trustee invoices that will be submitted in an identical manner. Accordingly, the Trustee respectfully requests that the Court direct that any future orders approving Trustee invoices, submitted in camera pursuant to the February 24, 2026 protocols, be entered under seal automatically without further motion, with service limited to the parties to the Settlement Agreement. Copies of the sealed Invoice Approval Order and any future sealed invoice-approval orders will still be served on counsel to the parties to the Settlement Agreement, and a certificate of service will be filed on the docket each time.

    We thank the Court for its consideration.

Respectfully Submitted,

/s/ Judith L. Swartz
Judith L. Swartz

CC:    All Counsel of Record (via ECF)

3979009.3