UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
                                :

IN RE: 650 FIFTH AVENUE AND RELATED :     08 Civ. 10934 (LAP)
PROPERTIES.                           :

                                :

                                :

---------------------------------------x

## STIPULATION AND ~~[PROPOSED]~~ ORDER

WHEREAS, on or about November 12, 2009, the Honorable Richard J. Holwell, United States District Judge, issued a warrant (the "Seizure Warrant") to seize all funds on deposit in accounts numbered 3802032216, 3802032201, and 3852524414 ("Alavi Account-1," "Alavi Account-2," and "Alavi Account-3," respectively) held at Sterling National Bank, N.A., in the name of the Alavi Foundation, and all funds traceable thereto;

WHEREAS, pursuant to the Seizure Warrant, the funds then-on deposit in Alavi Account-1, totaling approximately $899,890.62; Alavi Account-2, totaling approximately $448,564.35; and Alavi Account-3, totaling approximately $76,745.35 (collectively, the "Alavi Funds"); were seized and transferred to the U.S. Marshals Service ("USMS");

WHEREAS, on or about February 25, 2010, the Court entered a Stipulation and Order for Release of Property ordering the release of approximately $20,370.92 to Paychex, Inc. from the funds seized from Alavi Account-2 representing reimbursement for payroll disbursements previously paid by Paychex Inc., pursuant to which $20,370.92 was subsequently transferred by the USMS;

WHEREAS, the amount of the Alavi Funds currently held by the USMS is approximately $1,404,829.40, together with interest accrued thereon;

WHEREAS, on January 17, 2025, this Court entered an Order, filed under seal, approving a Settlement Agreement and Release ("Settlement Agreement") dated as of January 13, 2025,

between the United States Attorney's Office for the Southern District of New York (the "Government"), by Edward Y. Kim, Acting United States Attorney for the Southern District of New York; Alavi; the 650 Fifth Avenue Company (the "Fifth Avenue Company"); the Amir Kabir Foundation; the 650 Fifth Avenue Real Estate Holdings LLC; and the parties listed under the Judgment Creditors column in Exhibit A to the Settlement Agreement (the "Judgment Creditors"), who either filed claims seeking right, title, and interest in all or some of the defendant-in-rem properties in the pending Forfeiture Action, *In re 650 Fifth Avenue & Related Properties*, 08-cv-10934 (S.D.N.Y.) (the "Judgment Creditor Claims") and/or brought the civil actions against Alavi or the Fifth Avenue Company listed in Exhibit A to the Settlement Agreement (the "Judgment Enforcement Actions");

WHEREAS, the Settlement Agreement provides that, subject to the satisfaction of certain conditions identified therein, in exchange for the dismissal and release of the claims asserted in the Forfeiture Action and the Judgment Enforcement Actions, a certain settlement payment described therein ("Settlement Payment"), consisting of an initial payment to be made at closing of the settlement ("Initial Payment") and a remainder payment, together with interest, to be made at a later date (the "Remainder Payment"), shall be forfeited to the Government within the meaning of 18 U.S.C. § 981; and in lieu of the Government forfeiting the Settlement Payment, the Settlement Payment, including any interest payments and accrued interest, can be paid directly to a qualified settlement fund;

WHEREAS, the Settlement Agreement further provides that, upon payment of the Initial Payment, the Government will dismiss its forfeiture claims against, *inter alia*, property owned by Alavi or the Fifth Avenue Company;

WHEREAS, on or about March 20, 2026, the Initial Payment was completed;

WHEREAS, on or about March 20, 2026, the Government and the Judgment Creditors (except the Hegna Judgment Creditors) filed a joint motion to dismiss the Enforcement Actions, the Judgment Creditor Claims, and the forfeiture claims against, *inter alia*, property owned by Alavi or the Fifth Avenue Company;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Michael D. Lockard, Assistant United States Attorney, of counsel; and the Alavi Foundation of New York, by its attorney, Daniel Ruzumna, Esq., of Patterson Belknap Webb & Tyler LLP, that:

1.    The Seizure Warrant shall be vacated.

2.    The U.S. Marshals Service is hereby authorized and directed to release the Alavi Funds and any interest thereon to Alavi, payable to an account identified by Alavi.

3.    Each party to this Stipulation shall bear its own costs and attorney's fees.

4.    Alavi is barred from asserting, or assisting others in asserting, any claims against the United States and any and all agents and employees of the United States, including, but not limited to, the Department of Justice ("DOJ"), the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), the Federal Bureau of Investigation ("FBI"), and the USMS, in connection with or arising out of the seizure, restraint, and/or constructive possession of the Alavi Funds; including, but not limited to, any claim that there was not probable cause to seize the Alavi Funds, or that Alavi is a prevailing party;

5.    Alavi represents that it is the sole owner of the Alavi Funds and agrees to hold harmless the United States and any and all agents and employees of the United States, including, but not limited to, DOJ, USAO-SDNY, FBI, and USMS, from all third-party claims of ownership of the Alavi Funds.

6. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Electronic copies shall be treated as originals.

7. The parties hereby waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation.

8. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

9. This Stipulation represents the complete agreement of the parties with respect to the subject matter thereof, and may not be amended except by written consent of the parties.

STIPULATED AND AGREED:

JAY CLAYTON
United States Attorney

By: _____        _3/20/2026_____
Michael D. Lockard                             DATE
Co-Chief, Illicit Finance and
    Money Laundering Unit


ALAVI FOUNDATION OF NEW YORK


By: ___/s/ Daniel Ruzumna_____        _3/20/2026_____
Daniel Ruzumna, Esq.                        DATE
Patterson Belknap Webb & Tyler LLP
*Counsel for the Alavi Foundation of New York*


SO ORDERED.
_____        _March 26, 2026_
HON. LORETTA A. PRESKA                      DATE
UNITED STATES DISTRICT JUDGE