PHILLIPS NIZER LLP

485 Lexington Ave
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

Continental Plaza
433 Hackensack Avenue
Suite 803
Hackensack, NJ 07601
201.487.3700

www.phillipsnizer.com

New York  New Jersey

Judith L. Swartz
(212) 841-0585
jswartz@phillipsnizer.com

August 19, 2026

**VIA ECF**
The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312
Fax: 212-805-7941

Re: *In re 650 Fifth Avenue and Related Properties*, No. 08-cv-10934 (LAP) and Consolidated Actions

Dear Judge Preska:

Pursuant to Your Honor's Individual Rules of Practice, Sylvius von Saucken, as Trustee of the 650 Fifth Settlement Trust (the "Trustee"), respectfully moves to file under seal, in their entirety, the Application of Trustee's Q2 2026 Interim Accounting covering the period of April 1, 2026 through and including June 30, 2026 (the "Application") and the Trust's Q2 2026 Interim Accounting attached thereto as Exhibit A (the "Interim Accounting"). The Trustee further requests that access to these materials be restricted not only from the public, but also from parties who have appeared on ECF in this action and the related actions who are not parties to the Settlement Agreement approved by the Court on January 17, 2025.

Good cause exists to seal the Application and the Interim Accounting in full. Both documents contain confidential, non-public financial and administrative information concerning the 650 Fifth Settlement Trust. The Application describes the Trustee's administration of the Trust during the Q2 2026 accounting period, and the Interim Accounting sets forth the Trust's account balances, deposits, dividend income, tax payments, fiduciary and administrative fees, and disbursements. Public disclosure of this sensitive financial information would expose confidential financial affairs of the Trust and its beneficiaries and it not necessary to the public's understanding of the Court's supervisory role.

Because there are parties who have appeared in this action and the related actions who are not parties to the Settlement Agreement, disclosure of the Application and the Interim Accounting to those parties, like disclosure to the public, would expose the confidential financial information of the Trust to persons with no entitlement to it. Limiting access to the parties to the Settlement Agreement is therefore appropriate given the confidential financial nature of these materials.

Moreover, targeted redactions would not adequately safeguard the confidentiality interests at stake. The sensitive financial information is embedded throughout the Application's description of the Trust's administration and pervades the Interim Accounting's financial reporting, which consists almost entirely of account balances, transaction detail, and payment information. Given the pervasiveness of this content, line-by-line redactions would leave little of substance for the public docket and would risk inadvertent revelation of protected confidential financial information. Sealing the Application and the Interim Accounting in their entirety, and limiting access to the parties to the Settlement Agreement, is therefore narrowly tailored to protect the Trust's confidential financial information while maintaining public access to the remainder of the docket.

The requested relief is also independently supported by Paragraph 9 of the Court's Order Establishing Trustee and Third-Party Payment Protocols, entered February 24, 2026 (the "Order"), which directs that the Trustee "shall provide quarterly reports to the Court and beneficiaries, detailing all payments made to third-party vendors and for Trustee services," as required by Article 1-3 and Article 1-5.1(C) of the Trust Agreement. The Application and the Interim Accounting are submitted in satisfaction of that reporting obligation. Limiting access to the Court and the parties to the Settlement Agreement is consistent with Paragraph 9's contemplation that such quarterly reports be provided to the Court and beneficiaries rather than to the public or to non-settlement parties.

Additionally, the public is not deprived of notice: the docket reflects a publicly filed text entry noting the existence of the Application, and the covered materials are to receive confidential treatment pending the Court's in camera review and decision.

Finally, because the Trustee is required to submit quarterly interim accountings on an ongoing basis, and because each such accounting will contain the same categories of confidential, non-public financial information addressed above, the Trustee respectfully requests that the Court enter an order directing that all future quarterly interim accountings in this matter, together with their supporting exhibits, be filed under seal and that access to them be restricted solely to the parties to the Settlement Agreement, without the need for a separate sealing motion accompanying each filing. Granting prospective sealing relief would promote judicial economy and avoid repeated motion practice on the same grounds, while preserving the Court's continuing supervision over the Trustee's administration and the same limited access the Trustee requests here.

The Court agrees that good cause exists to seal the documents in full because the documents contain privileged and otherwise sensitive nonpublic information relating to the Trustee's administration of the Settlement Trust. However, the Court denies without prejudice the Trustee's prospective request to seal future accounting submissions because the Court is required to make an individualized determination as to each document. See, e.g. Gamerun Inc. v. Insalaco, No. 26-CV-4340 (LJL), 2026 WL 2434653, at *1 (S.D.N.Y. Aug. 19, 2026) (a court considering whether to seal a document "cannot do so blindly . . . [and] must be able to inspect the document at issue" before making a sealing determination). Accordingly, the Trustee shall continue to file sealed documents for individualized review by the Court alongside corresponding motions to seal.

**SO ORDERED.**

Loretta A. Preska
_________________________________

Loretta A. Preska
Senior United States District Judge

August 25, 2026