King & Spalding

King & Spalding LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006
T: +1 202 737 0500
F: +1 202 626 3737
kslaw.com

**Matthew D. McGill**

T: +1 202 626 2644
matthew.mcgill@kslaw.com

September 30, 2026

**VIA CM/ECF**

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Fay v. Rothenberg*, No. 1:25-cv-7613
*Perles v. Rothenberg*, No. 1:25-cv-8219
*Fay and Perles FSIA Litig. P'ship v. Rothenberg*, No. 1:25-cv-8281
*In re 650 Fifth Avenue and Related Properties*, No. 08-cv-10934

Dear Judge Preska:

This firm represents Fay Law Group, P.A. and Thomas Fortune Fay ("Fay Parties) in the above-captioned actions. We write in response to the September 29 Letter of Allen L. Rothenberg, Esq., The Law Firm of Allen L. Rothenberg and The Rothenberg Law Firm LLP ("Rothenberg") purporting to seek "clarification as to the scope of the escrow of disputed funds intended by the Court's September 11, 2026 Order." Dkt. 2549 at 2.[1] The letter also seeks a one-week extension of the October 1 deadline to submit letters pertaining to Rothenberg's charging lien and the pending Arbitration Petitions. *Id*.

Taking the extension request first, Rothenberg was informed several days ago that the Fay Parties (and the Perles Parties) oppose extension of the October 1 deadline, but Rothenberg fails to disclose that in his letter to the Court. The Fay Parties oppose the extension because Rothenberg's charging lien stands as an

[1] All docket references refer to case no. 1:08-cv-10934, unless otherwise indicated.

obstacle to the recovery of the 558 Peterson clients. While Rothenberg states that he "has no objection to distribution of the clients' share of the settlement proceeds pending determination of issues pertaining to the distribution of attorneys' fees," Dkt. 2531 at 3, that is not true. The funds Rothenberg claims as his own through his charging lien comprises part of the "the clients' share" for the 558 Peterson clients who have fired him or never hired him (the "Peterson Clients") but have been identified as individuals from whom Rothenberg claims to be entitled to attorneys' fees. That is because, when Rothenberg was terminated by the Peterson Clients, the Fay & Perles FSIA Litigation Partnership ("Fay & Perles") disclaimed any potential interest in any attorneys' fees that might have flowed to Fay & Perles on account of Rothenberg's termination. Instead, Fay & Perles made clear that any money that was owed to Rothenberg would flow to the Peterson Clients.

This understanding was placed on the record in the Arbitration. *See* Fay Aff. ¶¶ 37, 46 (attached as Ex. 1) ("NEVER did I have any intent or even consider that such funds would be re-allocated to the Fay Law Group, P.A. and the Perles Law Firm, P.A. on a 50/50 distribution"; Rothenberg's allocation "would become the clients' money"). This has long been known to Rothenberg, and it was reaffirmed to Rothenberg's counsel in writing prior to the September 25 meet-and-confer referenced in Rothenberg's letter. While this Court's September 11 order provides that "[t]he Trustee may continue to distribute any shares payable to non-attorney Trust beneficiaries as originally ordered," Dkt. 2543 at 3, that cannot happen as long as Rothenberg's charging lien remains in place.

As will be set forth in the Fay Parties' letter due October 1, there is no legal basis for Rothenberg's charging lien. The Fay Parties' position is that it should be dissolved immediately so that the Peterson clients can receive <u>all</u> the funds to which they are entitled. The extension Rothenberg seeks needlessly delays that resolution.

As for Rothenberg's request for "clarification," that, too, is baseless. The Court's September 11 order is clear: "[t]he Trustee shall retain in the Trust any funds that are the subject of a lien noticed by any attorney, including Rothenberg, unless and until the Court orders otherwise." *Id*. The Court ordered the Trustee to retain "funds that are the subject of a lien noticed by any attorney." *Id*. And the only lien that has been asserted on the docket is the charging lien Rothenberg has asserted under New York Judiciary Law Section 475. *See* Dkt. 2531 at 1. Rothenberg has not asserted any other legally cognizable lien.

Instead, Rothenberg invites clarification on "whether the escrow should also include other disputed funds" to which Rothenberg claims entitlement under the Arbitration Award. Dkt. 2549 at 1. But as the Fay Parties wrote in response to a substantially similar request for relief from Rothenberg in October 2025, "[a]rbitration awards are not self-enforcing. Rather, they must be given force and effect by being converted to judicial orders by courts." *See* Dkt. 24 at 2 (No. 1:25-cv-07613) (quoting *N.Y. City Dist. Council of Carpenters v. Longbow Acoustics L.L.C.*, 2014 WL 6477145, at *2 (S.D.N.Y. Nov. 18, 2014) (cleaned up) (citation omitted)). In seeking to enlarge this Court's order concerning statutory liens to also compel the Trustee to set aside funds that Rothenberg claims under the Award, Rothenberg is seeking, in substance, a prejudgment attachment of the type available under N.Y. C.P.L.R. § 6201, but without any of the CPLR's procedural protections, or the mandatory requirement of an undertaking, *see* N.Y. C.P.L.R. § 6212(b). If Rothenberg wants prejudgment relief against the Fay Parties' interests in property to secure his recovery on the Award, he must seek a prejudgment attachment, or a preliminary injunction. And although Rothenberg apparently has reviewed this Court's November 13, 2025 admonition that "if Rothenberg wishes to stay disbursements, then Rothenberg must seek relief pursuant to the Federal Rules of Civil Procedure and applicable law," he has inexplicably failed to do so here.

The Fay Parties respectfully submit that Rothenberg's request for an extension should be denied, and that his request for clarification likewise should be denied. In the event that the Court is inclined to grant such an extension, the Fay Parties request an opportunity to file a Reply to any newly advanced arguments advanced by Rothenberg and request 10 days from the date of Rothenberg's filing to do so.

Respectfully submitted,

**KING & SPALDING LLP**

By: */s/ Matthew D. McGill*

Matthew D. McGill
1700 Pennsylvania Avenue NW
Suite 900
Washington, DC 20006
(202) 737-0500
matthew.mcgill@kslaw.com

*Attorney for Thomas Fortune Fay,*
*The Fay Law Group, P.A., and*
*The Fay and Perles FSIA*
*Litigation Partnership*