Morrison Cohen

Danielle C. Lesser
Partner & Chair, Business Litigation
(212) 735-8702
dlesser@morrisoncohen.com

September 30, 2026

**BY CM/ECF**
Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Fay v. Rothenberg*, Case No. 1:25-cv-7613
*Perles v. Rothenberg*, Case No. 1:25-cv-8219
*Fay and Perles FSIA Litig. P'ship v. Rothenberg*, Case No. 1:25-cv-08281
*In Re 650 Fifth Avenue*, Case No. 08-cv-10934 ("650 Fifth Action")

Your Honor:

This firm represents Steven R. Perles, Esq. and Perles Law Firm, P.C. (collectively, "Perles"). Perles respectfully submits this letter solely in response to Peter C. Buckley's September 29, 2026 letter ("September 29 Letter") (Dkt. 2549)[1] on behalf of Allen L. Rothenberg, Esq., The Law Firm of Allen L. Rothenberg and The Rothenberg Law Firm LLP (collectively, "Rothenberg"), which seeks clarification of the Court's September 11, 2026 Order ("Order") (Dkt. 2543). Perles apologizes for burdening the Court with an additional submission but believes a response is necessary to prevent confusion regarding the scope of the Order and to correct Rothenberg's mischaracterization of the parties' September 25, 2026 conference concerning disputed attorneys' fees.

As an initial matter, Perles disputes both the validity of Rothenberg's purported charging lien asserted in the 650 Fifth Action and the enforceability of the Sanctions Award and Final Award ("Awards") at issue in Case No. 1:25-cv-07613. However, those issues will be addressed in Perles' forthcoming letter to the Court pursuant to the Order (*see* Dkt. 2543 at p. 4 ¶ 4). This letter does not seek to address the merits of those disputes. Rather, it focuses on the issues raised in the September 29 Letter, including Mr. Buckley's incorrect contention that the Order requires the Trustee to escrow amounts allegedly owed pursuant to the unconfirmed Awards.

---

[1] Unless otherwise indicated, cites to the docket refer to Case No. 08-cv-10934.

Perles seeks to maximize distributions to the Trust beneficiaries and facilitate those distributions as expeditiously as possible. To that end, Rothenberg's asserted charging lien against settlement recoveries of his alleged clients and former clients should be viewed narrowly. The Order directed the Trustee to continue withholding funds subject to any attorney's asserted charging lien and to retain those funds unless and until the Court orders otherwise. (Dkt. 2543 at pp. 2-3, 3 ¶ 1). Perles believes that the Order does not also require the Trustee to escrow amounts allegedly due under the Awards.

The Awards concern a fee dispute among Rothenberg, Perles, and Fay, not the Trustee's administration of the settlement proceeds in the 650 Fifth Action. If confirmed, the Awards would become judgments enforceable against Perles and Fay, and any relief to secure payment must be sought against them—not through the restraint of settlement proceeds in the 650 Fifth Action. As Mr. Buckley acknowledges, the Court has already held that "[i]f Rothenberg wishes to stay disbursements, then Rothenberg must seek relief pursuant to the Federal Rules of Civil Procedure and applicable law." (Dkt. 2549 at 2). The Order does not appear to say otherwise. Rothenberg therefore must seek appropriate relief against Perles and Fay under the Federal Rules. He cannot turn a personal fee dispute into a claim against settlement proceeds held by the Trustee in a separate proceeding.

On September 25, 2026, counsel for Perles, Fay, Rothenberg, and the Trustee conferred regarding the amount of disputed attorneys' fees subject to Rothenberg's purported charging lien. Contrary to the impression conveyed by Mr. Buckley, the parties did not "agree[] that the escrow would include Rothenberg's charging lien 'on the recoveries generated by the 650 Fifth Avenue settlement....'" (*Id.*). Perles and Fay agreed only as to the amount of disputed fees that *Rothenberg* claims is subject to his purported charging lien, while expressly objecting to that amount and to the charging lien's underlying validity and enforceability. Moreover, Mr. Buckley's assertion that Perles and Fay "oppose escrowing ... funds" is untrue (*Id.* at 2). Perles and Fay have already voluntarily escrowed approximately $6.6 million, reflecting the amount awarded to Rothenberg in the Final Award, as well as the costs awarded in connection with the Sanctions Award. They have also escrowed from their clients' recoveries out of the USVSST, the appropriate value of any potentially disputed fees to which Rothenberg has asserted or may attempt to

assert a claim. What Perles and Fay oppose is the Trustee's restraint of additional amounts pursuant to unconfirmed arbitration awards that are unrelated to the Trustee's obligations in connection with the 650 Fifth Action. Rothenberg's request is especially unwarranted because it would restrain funds that largely overlap with amounts already covered by his purported charging lien and Perles' and Fay's voluntary escrow.

In accordance with the Order, on September 29, 2026, the Trustee reported that it had segregated funds representing the fee interest asserted under Rothenberg's purported charging lien. (Dkt. 2548). Accordingly, the Trustee has already done precisely what the Order requires. Based on the foregoing, Perles and Fay oppose Rothenberg's attempt to expand the scope of the Order to require escrowing any additional amounts.

Perles and Fay also oppose Rothenberg's request to extend the Court's October 1, 2026 deadline for submissions by "[a]ny interested party who wishes to be heard on the Arbitration Petitions or on Rothenberg's lien." (Dkt. 2543 at p. 4 ¶ 3). The Court established that deadline more than two weeks ago, and Rothenberg identifies no prejudice arising from compliance with it. Nor is an extension warranted merely because Rothenberg elected to submit an additional letter seeking clarification of issues not presented by the Order.

Respectfully submitted,

**MORRISON COHEN LLP**

By: *<u>/s/ Danielle C. Lesser</u>*

Danielle C. Lesser
909 Third Avenue
New York, NY 10022
(212) 735-8600
dlesser@morrisoncohen.com
*Attorneys for Steven R. Perles, Esq. and the Perles Law Firm, P.C.*