UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS FORTUNE FAY and THE FAY LAW GROUP, P.A.,
Petitioners,
-against-
ALLEN L. ROTHENBERG, ESQ., THE LAW FIRM OF ALLEN L. ROTHENBERG, and THE ROTHENBERG LAW FIRM LLP,
Respondents.

ALLEN L. ROTHENBERG, ESQ., THE LAW FIRM OF ALLEN L. ROTHENBERG, and THE ROTHENBERG LAW FIRM LLP,
Cross-Petitioners,
-against-
THOMAS FORTUNE FAY, THE FAY LAW GROUP, P.A., STEVEN R. PERLES, PERLES LAW FIRM, P.C., and FAY AND PERLES FSIA LITIGATION PARTNERSHIP,
Cross-Petition Respondents.

25-cv-7613 (LAP)
ORDER

STEVEN R. PERLES, ESQ. and PERLES LAW FIRM, P.C.,
Petitioners,
-against-
ALLEN L. ROTHENBERG, ESQ., THE LAW FIRM OF ALLEN L. ROTHENBERG, and THE ROTHENBERG LAW FIRM LLP,
Respondents.

25-cv-8219 (LAP)
ORDER

FAY AND PERLES FSIA LITIGATION PARTNERSHIP,
Petitioner,
-against-
ALLEN L. ROTHENBERG, ESQ., THE LAW FIRM OF ALLEN L. ROTHENBERG, and THE ROTHENBERG LAW FIRM LLP,
Respondents.

25-cv-8281 (LAP)
ORDER

IN RE 650 FIFTH AVENUE AND RELATED PROPERTIES

08-cv-10934 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

The Court will hold a conference on Monday, October 26, 2026 at 11:00 AM to address (i) the status of all pending attorney fee disputes concerning Allen Rothenberg, Thomas Fortune Fay, Steven Perles, and their associated law firms; (ii) the effect of such fee disputes on any funds held by the 650 Fifth Avenue Trustee; (iii) the validity of the charging lien asserted by Rothenberg in the 650 Fifth Avenue matter; and (iv) any interim measures that are necessary to preserve disputed funds pending the Court's adjudication of the Fay and Perles arbitration petitions.[1] All parties and affected nonparties who wish to be heard on such matters must appear in person at the conference unless excused for good cause shown. Furthermore, any attorney claiming a right to funds held by the 650 Fifth Avenue Trustee must appear in person at the conference (regardless of whether that attorney is independently represented by counsel) unless excused for good cause shown.

A. **Meet-and-Confer**

Given the number of parties and nonparties that have filed submissions across these matters, the Court asks counsel for the Fay Parties to coordinate a meet-and-confer via teleconference

[1] The Court will address separately the dispute between counsel for the Havlish Electors and the Government regarding fees deducted from recoveries assigned to the USVSST. Although the Havlish Electors and the Government are welcome to attend the conference, they are by no means required to do so.

with all persons who wish to be heard at the October 26 conference. While the Court does not expect the Fay Parties to contact every individual who wishes to be heard on these matters, at a minimum, the Fay Parties should confer with Rothenberg, Perles, the 650 Fifth Avenue Trustee, and the Peterson judgment creditors.

Any other person who wishes to be heard must contact counsel for the Fay Parties no later than October 12, 2026. The Fay Parties will not be obligated to include any person in the meet-and-confer who fails to contact counsel after that date.

B. **Joint Letter**

Following the meet-and-confer, counsel for the Fay Parties shall, in coordination with the other participants, draft a joint letter listing all issues that must be resolved by the Court at the October 26 conference and summarizing the participants' competing positions for each (not to exceed 500 words). Where multiple participants share the same position, the letter shall so state. Any issue not identified in the joint letter will be deemed waived.

For each issue, the joint letter shall further list all participants who wish to be heard at the October 26 conference and identify counsel for each participant as applicable. The Court asks that the participants consolidate arguments wherever possible

and note where one participant will argue on behalf a collective group.[2]

Finally, to streamline the October 26 conference, the joint letter shall include a comprehensive table of attorneys claiming fees based on recoveries generated by the 650 Fifth Avenue Litigation. The table should identify (i) the attorneys or firms claiming fees; (ii) the clients who were represented; (iii) the percentage fee sought; (iv) the total amount sought; (v) whether the fees are disputed, and if so, with whom.

Counsel for the Fay Parties shall file the joint letter no later than October 21, 2026.

**CONCLUSION**

The Court will hold the conference regarding these fee disputes on October 26, 2026 at 11:00 AM. Any person who fails to participate in the meet-and-confer with the Fay Parties will not be permitted to argue at the October 26 conference. Furthermore, any person who wishes to participate in the meet-and-confer must inform counsel for the Fay Parties no earlier than October 12, 2026.

The Court expects that all participants will confer in good faith to streamline these issues in advance of the October 26 conference. Certainly, the Court welcomes any suggestions from

[2] The Court reminds all nonparty participants who wish to be heard that they must file a notice of appearance on the 650 Fifth Avenue docket, whether in a pro hac vice or pro se capacity.

counsel that will expedite resolution of these fee disputes and avoid further delays in disbursing funds to the victims whose interests all counsel represent.

The Clerk of Court shall docket a copy of this Order in cases 08-CV-10934, 25-CV-7613, 25-CV-8219, and 25-CV-8281.

**SO ORDERED.**

Dated: New York, New York
October 6, 2026

LORETTA A. PRESKA
Senior United States District Judge