PHILLIPS NIZER LLP

485 Lexington Ave
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

Continental Plaza
433 Hackensack Avenue
Suite 803
Hackensack, NJ 07601
201.487.3700

www.phillipsnizer.com

New York • New Jersey

Judith L. Swartz
(212) 841-0585
jswartz@phillipsnizer.com

October 19, 2026

**VIA ECF**
The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007-1312
Fax: 212-805-7941

Re: *In re 650 Fifth Avenue and Related Properties*, No. 08-cv-10934 (LAP) and Consolidated Actions

Dear Judge Preska:

Pursuant to Your Honor's Individual Rules of Practice, Sylvius von Saucken, as Trustee of the 650 Fifth Settlement Trust (the "Trustee") respectfully submits this request to file under seal, in their entirety, three invoices detailing the Trustee's services covering the Trustee's work completed (i) from June 1, 2026 through June 30, 2026 (the "June Invoice"); (ii) from July 1, 2026 through July 31, 2026 (the "July Invoice"); and (iii) from August 1, 2026 through August 31, 2026 (the "August Invoice," and together with the June Invoice and the July Invoice, the "Invoices").

Good cause exists to seal the Invoices in full. Although the Court has unsealed the Settlement Agreement that the Court approved on January 17, 2025, sealing of the Invoices is still warranted because the detailed time-entry narratives and remittance information on each of the Invoices reveal: (1) attorney-client communications and attorney work product, including confidential legal advice, litigation and enforcement strategy, legal reviews and revisions of court submissions (as applicable), and sequencing of legal tasks; (2) nonpublic Trust administration and distribution strategy, including judgment creditor and elector calculations, distribution timing, submissions to the Department of Justice, and payment portal planning; (3) confidential third-party commercial information; (4) sensitive security and financial-account information (including banking coordinates, account identifiers, payment/escrow mechanics) and limited personal identifying information; and (5) a concrete risk of prejudice to ongoing efforts and a chilling effect on third-party cooperation if such information were publicly disclosed.

Line-by-line redactions are impracticable here because sensitive material pervades the time-entry narratives of each of the Invoices. Nearly every line embeds privileged legal advice, work product, strategy, counterparties, or timing, such that revealing even isolated verbs, subjects, or dates would risk exposing protected content or enabling reverse engineering of confidential efforts. Sealing the Invoices in their entirety is therefore narrowly tailored to preserve the confidentiality of the Trust's ongoing administration and distribution process while maintaining public access to the remainder of the docket.

Accordingly, the Trustee respectfully requests that the Court grant leave to file the Invoices under seal.

We thank the Court for its consideration.

Respectfully Submitted,

/s/ Judith L. Swartz
Judith L. Swartz

CC: All Counsel of Record (via ECF)

SO ORDERED.

Loretta A. Preska
Senior United States District Judge

November 9, 2026